UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

BankUnited Financial Corporation,
a Florida corporation,

  Debtor.

Employer's Tax Identification No.:
65-0377773
_____/

Chapter 11

Case No. 09-19940-LMI

In re:

CRE America Corporation,
a Florida corporation,

  Debtor.

Employer's Tax Identification No.:
65-0770049
_____/

Chapter 11

Case No. 09-19942-RAM

In re:

BankUnited Financial Services, Incorporated,
a Florida corporation,

  Debtor.

Employer's Tax Identification No.:
65-0778335
_____/

Chapter 11

Case No. 09-19941-LMI

**APPLICATION OF DEBTORS-IN-POSSESSION FOR ORDER
AUTHORIZING EMPLOYMENT OF SHUTTS & BOWEN LLP
AS COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO PETITION DATE**

  BankUnited Financial Corporation, CRE America Corporation, and BankUnited Financial Services, Incorporated, debtors and debtors-in-possession (collectively, "Debtors"), file

this *Application of Debtors-in-Possession for Order Authorizing Employment of Shutts & Bowen LLP, as Counsel to the Debtors, Nunc Pro Tunc to Petition Date* ("Application") respectfully requesting the entry of an Order pursuant to §327(a) of the Bankruptcy Code authorizing the employment of Peter H. Levitt, Peter E. Shapiro, Stephen P. Drobny and the law firm of Shutts & Bowen LLP (collectively, "Shutts & Bowen"), as counsel to the Debtors, *nunc pro tunc* to May 22, 2009, the date of the filing of the Debtors' chapter 11 petitions (the "Petition Date"), and state:

1. On the Petition Date, the Debtors filed with this Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtors desire to employ Shutts & Bowen as counsel in these cases because its attorneys are qualified to practice in this Court and are qualified in advising the Debtors on their relations with, and responsibilities to, creditors and other interested parties.

3. The professional services that Shutts & Bowen will render include, but are not limited to, the following:

   a. to advise the Debtors with respect to their powers and duties as debtors-in-possession and the continued management of their operations;

   b. to advise the Debtors with respect to their responsibilities in complying with the U.S. Trustee's Operating Guidelines and Reporting Requirements and with rules of the Court;

   c. to advise the Debtors concerning the administration of their bankruptcy estates;

   d. to prepare motions, pleadings, orders, applications, adversary proceedings and other legal documents necessary or appropriate in the administration of these cases,

provided, however, that Shutts & Bowen will not represent the Debtors in connection with any adversary proceeding, unless a separate engagement agreement is entered into with respect to such adversary proceeding;

  e. to advise the Debtors and represent them in connection with disputes with creditors and in the resolution of creditor claims;

  f. to advise and assist the Debtors with respect to bankruptcy sales and dispositions of assets;

  g. to advise and assist the Debtors in providing information to any committees that may be established and in resolving issues that may be of concern to such committees;

  h. to investigate, assess and evaluate potential avoidance claims and other litigation claims;

  i. to advise and assist the Debtors in connection with the preparation, filing and confirmation of a plan of reorganization or liquidation and with negotiation with creditors concerning any objections to confirmation of the plan; and

  j. to represent the Debtors in connection with all other matters before the Court in these proceedings.

  4. Shutts & Bowen has expertise in banking, bank regulatory matters, securities matters, insurance regulatory matters and other matters that may be important to the successful resolution of these chapter 11 cases.

5. To the best of the Debtors' knowledge, except as disclosed in the *Declaration of Peter H. Levitt on Behalf of Shutts & Bowen LLP, as Proposed Counsel for the Debtor* ("Levitt Declaration"), which is attached hereto, Peter H. Levitt, Peter E. Shapiro, Stephen P. Drobny and Shutts & Bowen do not (a) have any connection with the Debtors, their creditors, other parties, or their respective attorneys; or (b) represent any interest adverse to the Debtors.

6. The Levitt Declaration, which is a verified statement as required under Bankruptcy Rule 2014, demonstrates that Peter H. Levitt, Peter E. Shapiro, Stephen P. Drobny and Shutts & Bowen are disinterested as required by §327(a) of the Bankruptcy Code.

7. As set forth in the Levitt Declaration, Shutts & Bowen has received a retainer for its services in connection with these cases and will apply for compensation and reimbursement of its expenses for services rendered in these cases in accordance with §§330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the local rules of this Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order (a) approving the Debtors' employment of Peter H. Levitt, Peter E. Shapiro, Stephen P. Drobny and Shutts & Bowen, as counsel to the Debtors on a general retainer, *nunc pro tunc* to the Petition Date, pursuant to §§327 and 330 of the Bankruptcy Code and (b) granting such other relief as the Court deems appropriate.

Dated: May 22, 2009

Respectfully submitted,

BANKUNITED FINANCIAL CORPORATION, et al.

By: /s/ Bradley S. Weiss
Name: Bradley S. Weiss
Title: Chief Restructuring Officer
Address: 1840 W. 49th Street, Suite 408
Hialeah, FL 33012
Telephone: 305-828-6061

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have filed a copy of the foregoing document with this Court's CM/ECF System to be served in accordance therewith and that a copy of the foregoing document was served this 22nd day of May, 2009, on the following parties by either court enabled electronic filing or by depositing a copy of same in the United States Mail, postage pre-paid thereon, to be delivered to the addresses set forth below:

| | | |
|---|---|---|
| U.S. Bank<br>Attn: Russell Rokes<br>P.O. Box 960778<br>Boston, MA 02196 | U.S. Bank<br>1555 N. River Center Drive<br>Suite 300<br>Milwaukee, WI 53212 | U.S. Bank<br>Attn: Earl Dennison, Acct. Admin.<br>Goodwin Square, 23rd Floor<br>255 Asylum Street<br>Hartford, CT 06103 |
| U.S. Bank<br>Attn: Yemishi Otuyelu<br>P.O. Box 960778<br>Boston, MA 02196 | Wilmington Trust Co.<br>Corporate Capital Markets<br>Attn: Lori L. Donahue<br>1100 N. Market Street<br>Wilmington, DE 19890 | Wilmington Trust Co.<br>Corporate Capital Markets<br>Attn: Christopher J. Slaybaugh<br>1100 N. Market Street<br>Wilmington, DE 19890 |
| Wells Fargo Delaware Trust Company<br>Attn: Molly A. Breffitt<br>919 N. Market Street<br>Suite 1600<br>Wilmington, DE 19801 | The Bank of New York Mellon<br>Attn: Rafael Miranda, VP<br>101 Barclay St. - 8W<br>New York, NY 10286 | U.S. Bank - Corporate Trust Services<br>Attn: Brian Renelt<br>60 Livingston Ave.<br>St. Paul, MN 55107 |
| Waterford Township General Employees Retirement Sys.<br>c/o Coughlin Stoia, et al.<br>Attn: Jack Reise<br>120 E. Palmetto Park Road<br>Suite 500<br>Boca Raton, FL 33432 | Stearns Weaver<br>Museum Tower<br>150 W. Flagler Street<br>Suite 2200<br>Miami, FL 33130 | Coffey Burlington<br>Office in the Grove<br>Penthouse<br>2699 S. Bayshore Drive<br>Miami, FL 33133 |
| U.S. Trustee<br>Office of the U.S. Trustee<br>51 SW 1st Ave., Ste. 1204<br>Miami, FL 33130 | Internal Revenue Service<br>Special Procedures –<br>Insolvency<br>P.O. Box 17167 Stop 5760<br>Attn: Bankruptcy Unit<br>Fort Lauderdale, FL 3331 | Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114 |
| Internal Revenue Service<br>Department of Treasury<br>227 N. Borough St.<br>Tallahassee, FL 32301 | R. Alexander Acosta<br>U.S. Attorney<br>99 NE Fourth Street<br>Miami, FL 33132 | |

/s/ *Peter Levitt*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

                                                  Chapter 11

BankUnited Financial Corporation,
a Florida corporation,                            Case No. 09-19940-LMI

       Debtor.

Employer's Tax Identification No.:
65-0377773
_____/

In re:

                                                  Chapter 11

CRE America Corporation,
a Florida corporation,                            Case No. 09-19942-RAM

       Debtor.

Employer's Tax Identification No.:
65-0770049
_____/

In re:

                                                  Chapter 11

BankUnited Financial Services, Incorporated,
a Florida corporation,                            Case No. 09-19941-LMI

       Debtor.

Employer's Tax Identification No.:
65-0778335
_____/

**DECLARATION OF PETER H. LEVITT ON BEHALF OF SHUTTS & BOWEN LLP,
AS PROPOSED COUNSEL TO THE DEBTORS-IN-POSSESSION**

       1.       I am an attorney and partner at the law firm of Shutts & Bowen LLP ("Shutts & Bowen"), with offices at 1500 Miami Center, 201 S. Biscayne Blvd., Miami, FL 33131.  I am familiar with the matters set forth herein and make this Declaration in support of the *Application of Debtors-in-Possession for Order Authorizing Employment of Shutts & Bowen LLP, as*

*Counsel to the Debtors, Nunc Pro Tunc to Petition Date* (the "Application"). I am qualified under Local Rule 2090-1(A) to practice in this Court.

2. This Declaration is based upon my personal knowledge, except where otherwise stated.

3. In preparing this Declaration, I have reviewed a list of the Debtors' 20 largest creditors, which was provided by the Debtors. I cross-checked the creditor information from the above sources, together with the names of the Debtors, against the database information within Shutts & Bowen's client and adverse party conflict and records check system (the "Conflict Check").

4. The Conflict Check and other investigation revealed the following:

(a) Shutts & Bowen previously represented a special committee of the Board of Directors of one of the Debtors, Bank United Financial Corporation ("BUFC"), in connection with issues of Florida law relating to classes of equity security interests and amendment of by-laws;

(b) Shutts & Bowen previously represented BUFC and non-debtor Bank United, F.S.B. ("BUFSB"), an affiliate of BUFC, in connection with issues relating to the retirement of two senior officers;

(c) Shutts & Bowen previously represented BUFSB with respect to various extensions of credit including Eximbank insured and guaranteed loans, commercial lines of credit and first mortgage loans secured by commercial real estate;

(d) Several of the large creditors of BUFC are institutions that serve as trustees for note holders or debenture holders. Shutts & Bowen has represented these institutions or their affiliates in completely unrelated matters and not in their capacities as trustees for the note holders or bond holders of BUFC;

(e) Shutts & Bowen also provided pre-petition services to BUFC in connection with securities, regulatory and corporate matters; and

(f) Shutts & Bowen currently represents Crew Financial. The Debtors' Chief Recovery Officer, Bradley Weiss, is a principal of Crew. The work being performed by Shutts & Bowen for Crew relates to a residential foreclosure in Orlando.

5. To the best of my knowledge and belief, and based on my conversations with the attorneys involved in matters where Shutts & Bowen represented either one of the Debtors or

2

BUFSB, Shutts & Bowen is not currently representing the Debtors or BUFSB in any matters other than those that are directly or indirectly related to the bankruptcy cases. Further, the Debtors do not owe any fees or other amounts to Shutts & Bowen as of the Petition Date.

6. Based upon the results of the Conflict Check, my conversations with other attorneys at Shutts & Bowen, and review of firm records, to the best of my knowledge and belief, Shutts & Bowen does not represent any entity in a matter which would constitute a conflict of interest, the firm is disinterested persons as required by Section 327(a) of the Bankruptcy Code, and it does not hold or represent any interest adverse to the Debtors' estates. Specifically, (a) Shutts & Bowen is not a creditor, an equity security holder, or insider of the Debtors, (b) no Shutts & Bowen attorney is (or was within two years before the Petition Date) a director, officer or employee of the Debtors, and (c) neither Shutts & Bowen nor any of its attorneys has an interest materially adverse to the interests of the estates herein by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

7. Except for the proposed continuing representation of the Debtors in these cases, neither Shutts & Bowen nor I has represented, or will represent, any other entity in connection with these cases and we will not accept any fee from any other party or parties in this case, except the Debtors in accordance with the provisions of the Bankruptcy Code.

8. At the present time, Shutts & Bowen is holding a retainer in the amount of $75,000 which was received by Shutts & Bowen for its services as bankruptcy counsel for the Debtors.[1]

9. The current hourly rates for the Shutts & Bowen professionals who are anticipated to devote time to the Debtors' cases, range from $300 to $495 for partners, $175 to $285 for associates and $110 to $165 for paralegals. Shutts & Bowen typically adjusts its hourly rates on an annual basis, effective as of January 1.

10. No agreement exists, other than the firm's partnership agreement, for the sharing of any compensation to be paid by the Debtors to Shutts & Bowen.

11. Except as disclosed herein, to the best of my knowledge and belief, neither Shutts & Bowen nor I has any connection with the Debtors, the creditors of the Debtors, any other

---

[1] In addition, a check in the amount of $75,000 was received by Shutts & Bowen on May 22, 2009, the Petition Date. This check was intended as additional retainer funds. However, this check has not yet cleared.

3

known party in interest, the United States Trustee, or any person employed in the office of the United States trustee.

12. This concludes my Declaration.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: May 22, 2009

                                                            /s/ *Peter H. Levitt*
                                                           Peter H. Levitt

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

BankUnited Financial Corporation, *et al.*,[1]

      Debtors.
_____/

Chapter 11

Case No. 09-19940-LMI

(Joint Administration)

**ORDER AUTHORIZING EMPLOYMENT OF
SHUTTS & BOWEN LLP, AS COUNSEL TO THE DEBTORS,
*NUNC PRO TUNC* TO PETITION DATE**

**THIS CAUSE** came on before the Court upon the application of BankUnited Financial Corporation, CRE America Corporation, and BankUnited Financial Services, Incorporated, debtors and debtors-in-possession (collectively, the "Debtors"), entitled *Debtors' Application for Order Authorizing Employment of Shutts & Bowen LLP, as Counsel to the Debtors, Nunc Pro Tunc to Petition Date* (the "Application"), and upon the *Declaration of Peter H. Levitt on Behalf*

---

[1] The Debtors are the following 3 entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773), CRE America Corporation (0049), a Florida corporation, and BankUnited Financial Services, Incorporated (8335), a Florida corporation. The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

*of Shutts & Bowen LLP, as Proposed Counsel for the Debtors*. Upon the representations that Peter H. Levitt, Peter E. Shapiro and Stephen P. Drobny are duly qualified under Local Rule 2090-1(A) to practice in this Court, that the foregoing attorneys and Shutts & Bowen LLP ("Shutts & Bowen") hold no interest adverse to the estate in the matters upon which they are engaged, and that the foregoing attorneys and Shutts & Bowen are disinterested persons as required by 11 U.S.C. § 327(a), and have disclosed any connections with parties set forth in Bankruptcy Rule 2014, and their employment by the Debtors is necessary and would be in the best interests of the Debtors' estates, it is

**ORDERED** that the Debtors are authorized to retain Peter H. Levitt, Peter S. Shapiro, Stephen P. Drobny and the law firm of Shutts & Bowen LLP, on a general retainer, pursuant to 11 U.S.C. §§ 327 and 330, *nunc pro tunc* to the date of the filing of the Debtors' chapter 11 petitions.

###

Submitted by:

SHUTTS & BOWEN LLP
Stephen P. Drobny, Esq.
*Proposed Attorneys for the Debtors*
1500 Miami Center
201 S. Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 358-6300
Facsimile: (305) 381-9982

Copies to:

Stephen P. Drobny
(Attorney Drobny shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service)