UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.,*[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| Debtors. | / | (Jointly Administered) |

**EMERGENCY APPLICATION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING THE EMPLOYMENT AND RETENTION OF GREENBERG TRAURIG, P.A. AS GENERAL COUNSEL FOR DEBTORS-IN-POSSESSION, *NUNC PRO TUNC* TO MAY 27, 2009**

*(Emergency Hearing Requested on June 8, 2009)*

**Basis for Emergency Relief**

The above-captioned Debtors and Debtors-in-Possession request an emergency hearing in order to ensure their ability to retain counsel as soon as possible. Debtors respectfully request that the Court waive the provisions of Rule 9075-1(B) of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida, which require an affirmative statement that a *bona fide* effort was made in order to resolve the issues raised in this motion, as the relief requested herein does not lend itself to advance resolution. Moreover, the Debtors submit that the relief sought herein satisfies the requirements of Federal Rule of Bankruptcy Procedure 6003(a) and is necessary to avoid immediate and irreparable harm notwithstanding that this Application is being filed within 20 days of the filing of the petition. The Debtors request an emergency hearing on the instant Application on June 8, 2009.

---

[1]  The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

Debtors, BankUnited Financial Corporation (**"BUFC"**), BankUnited Financial Services, Incorporated (**"BUFSI"**), and CRE America Corporation (**"CRE"**) (collectively, **"Debtors"**), respectfully request the immediate entry of an interim order authorizing the employment and retention of Greenberg Traurig, P.A. ("**Greenberg Traurig**") as general counsel in connection with these Chapter 11 cases, *nunc pro tunc* to May 27, 2009 and the further entry of a final order authorizing the employment and retention of Greenberg Traurig on a final basis at such time as permitted under Fed. R. Bank. P. 6003(a). The facts and circumstances supporting this Application are as set forth herein and in the accompanying Affidavit of Mark D. Bloom, a principal shareholder in the Greenberg Traurig firm (the **"Bloom Affidavit"**). The relief requested is authorized pursuant to Section 327(a) of the Bankruptcy Code, 11 U.S.C. § 327(a), Federal Rules of Bankruptcy Procedure 2014, 2016 and 6003, and Local Rule 9075-1. In support of this Application, the Debtors respectfully represent as follows:

## BACKGROUND

1.      On May 22, 2009 (the **"Petition Date"**), Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the **"Bankruptcy Code"**). Since that time the Debtors have operated as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code, no trustee or examiner having been sought or appointed. As of the date of this Application, an official committee of creditors has yet to be appointed.

2.      The BUFC and BUFSI cases were assigned to this Division of the Court; however, the CRE case was assigned to Judge Robert A. Mark. By Order dated May

26, 2009 (DE# 27), the Court transferred the CRE case to this Division and directed that it be jointly administered with the BUFC and BUFSI cases under Case No. 09-19940.

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.      The statutory predicates for the relief requested herein are § 327(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. 2014, 2016 and 6003, and Local Rule 9075-1.

5.      By way of this Application, Debtors seek (a) the immediate entry of an interim order authorizing the employment and retention of Greenberg Traurig as general counsel in connection with these Chapter 11 cases and related matters, and (b) the entry of a further order authorizing the employment and retention of Greenberg Traurig on a final basis at such time as permitted under Fed. R. Bank. P. 6003(a).

6.      Immediately upon the filing of these cases, the Debtors filed Applications on May 22, 2009, seeking to employ Shutts & Bowen, LLP as general bankruptcy counsel (BUFC DE# 14; BUFSI DE# 10, CRE DE# 8).

7.      On May 27, 2009, the Board of Directors of BUFC was reconstituted at a duly called and previously adjourned meeting of shareholders.  As its first corporate action the reconstituted Board voted to retain Greenberg Traurig as general counsel for BUFC, and to vote the stock of BUFSI and CRE, its wholly-owned subsidiaries, as well as to authorize those entities (the Debtors) to retain Greenberg Traurig as their general counsel.  A true and correct copy of the Board Resolution approving these actions is attached hereto as Exhibit A.  The Board also voted to continue the engagement of

Shutts & Bowen in a co-counsel role; however, Shutts & Bowen has notified the Board of its intention to assist Greenberg Traurig in the transition of responsibilities in these cases and will terminate its representation of the Debtors once the transition is complete.

8.      Debtors seek to retain Mark D. Bloom and Greenberg Traurig as their general counsel in connection with these cases because of the firm's extensive experience and knowledge in the field of bankruptcy and insolvency and conduct of cases under Chapter 11 of the Bankruptcy Code.  Greenberg Traurig is an international law firm with more than 1,800 attorneys in 32 offices in the United States, Western Europe and Asia.  The members of the firm engage in virtually every practice area necessary to represent the Debtors effectively, including bankruptcy, litigation, business and commercial law and tax law.

9.      Moreover, Mr. Bloom and Greenberg Traurig are particularly well-suited for the representation of the Debtors in these cases, having successfully represented the bankruptcy trustees in the case of *Southeast Banking Corporation* pending before Chief Judge Paul G. Hyman, Jr. as Case No. 91-14561-BKC-PGH.  Like the Debtor in that case, BUFC is a bank holding company which sought relief in this Court immediately following the regulatory closure of the bank subsidiary which operated as its principal asset.  On the basis of both its general reputation and prominence and the experience gained and results obtained in the course of the *Southeast* case, Debtors believe that Greenberg Traurig has the experience and qualifications necessary to represent them in these cases, and that the employment of Greenberg Traurig as their general counsel is in the best interests of their estates and parties in interest.

## SCOPE OF EMPLOYMENT

10.     The professional services that Greenberg Traurig is expected to render to the Debtors include, but are not limited to, the following:

(a)     advise Debtors with respect to their powers and duties as debtors and debtors-in-possession in the continued management and operation of their business and properties;

(b)     attend meetings and negotiate with representatives of creditors and other parties-in-interest and advise and consult on the conduct of the cases, including all of the legal and administrative requirements of operating in Chapter 11;

(c)     advise Debtors in connection with any contemplated sales of assets or business combinations, including the negotiation of sales promotion, liquidation, stock purchase, merger or joint venture agreements, formulate and implement bidding procedures, evaluate competing offers, draft appropriate corporate documents with respect to the proposed sales, and counsel Debtors in connection with the closing of such sales;

(d)     advise Debtors in connection with post-petition financing and cash collateral arrangements, provide advice and counsel with respect to pre-petition financing arrangements, and provide advice to Debtors in connection with the emergence financing and capital structure, and negotiate and draft documents relating thereto;

(e)     advise Debtors on matters relating to the evaluation of the assumption, rejection or assignment of unexpired leases and executory contracts;

(f)     provide advice to Debtors with respect to legal issues arising in or relating to Debtors' ordinary course of business including, as may or may not arise: attendance at meetings of the Debtors' Boards of Directors, senior management, chief restructuring officer and/or other professionals to be retained by separate application and order in this Court, and advice on employee, workers' compensation, employee benefits, labor, tax, insurance, securities, corporate, business operation, contracts, joint ventures, real property, press/public affairs and regulatory matters;

(g)  take all necessary action to protect and preserve Debtors' estate, including the prosecution of actions on its behalf, the defense of any actions commenced against the estate, negotiations concerning all litigation in which Debtors may be involved and objections to claims filed against the estate;

(h)  prepare on behalf of Debtors all motions, applications, answers, orders, reports and papers necessary to the administration of the estate;

(i)  negotiate and prepare on Debtors' behalf a plan of reorganization, disclosure statement and all related agreements and/or documents, and take any necessary action on behalf of Debtors to obtain confirmation of such plan;

(j)  attend meetings with third parties and participate in negotiations with respect to the above matters;

(k)  appear before this Court, any appellate courts, and the U.S. Trustee, and protect the interests of Debtors' estate before such courts and the U.S. Trustee; and

(l)  perform all other necessary legal services and provide all other necessary legal advice to Debtors in connection with these Chapter 11 cases.

11.    Subject to this Court's approval of this Application, Greenberg Traurig has indicated that it is willing to serve as general counsel for the Debtors in these cases to perform the services described above.

**GREENBERG TRAURIG DOES NOT HOLD OR REPRESENT ANY INTEREST ADVERSE TO THE DEBTORS AND THEIR ESTATES**

12.    As set forth in greater detail in the Bloom Affidavit, Greenberg Traurig has undertaken a conflicts check that compares the names of: (a) the Debtors; (b) the Debtors' known affiliates; (c) the Debtors' present and former officers and directors; (d) the Debtors' creditors as listed on their List of Twenty Largest Creditors prepared by prior counsel; and (e) to the extent known, certain significant parties in interest in this case, against a list of Greenberg Traurig's current and former engagements, clients and

client affiliates.  The information provided to Greenberg Traurig remains incomplete and therefore the conflicts check remains ongoing and will continue beyond the requested interim approval of its engagement as general counsel for the Debtors.

13.     To the best of Debtors' knowledge, based upon the Bloom Affidavit and except as set forth therein, Greenberg Traurig (a) does not hold or represent any interest adverse to the Debtors or the Chapter 11 estates, or any other party in interest and (b) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.  Because Greenberg Traurig is a large firm with an international practice, Debtors are aware that Greenberg Traurig may represent, or may have represented, certain creditors or other parties in interest in matters unrelated to the Debtors or this case, all of which are disclosed in an Exhibit to the Bloom Affidavit to the best of current knowledge and information available.  None of Greenberg Traurig's representations of parties in interest in this case comprise a material component of Greenberg Traurig's practice.  In the event that any conflicts arise in this case as it moves forward through the bankruptcy process, Debtors anticipate that, as may be necessary, they would seek this Court's approval to retain special counsel.

14.     To the best of Debtors' knowledge, and on the basis of the limitation provided to date, (i) Greenberg Traurig's connections with the estates, their significant creditors, and other professionals to be retained in this case are disclosed in Exhibit A to the Bloom Affidavit, and (ii) the Greenberg Traurig attorneys and other professionals who will work on this matter are not related to the United States Trustee for Region 21, or any person employed in the Office of the United States Trustee.  The Debtors

understand that Greenberg Traurig will supplement the Bloom Affidavit as additional events and discoveries throughout the course of this case may require.

15.     Section 327 (a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. 11 U.S.C. § 327(a).  The costs of the legal services that the Debtors will require Greenberg Traurig to render cannot be estimated.  Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules of this Court, and other procedures that may be fixed by this Court, Debtors request that Greenberg Traurig be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses Greenberg Traurig incurs, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.  The expenses for which Greenberg Traurig may seek payment or reimbursement may include, but are not limited to, photocopies, facsimiles, courier service, computer assisted research, docket and court filing fees, telecommunications, travel, court reporting charges, and any other incidental costs advanced by the firm specifically for this matter, all at the prevailing rates commonly charged for such costs to other Greenberg Traurig clients.  In addition, Greenberg Traurig has advised the Debtors that it intends to seek compensation for all time and expenses associated with (i) its retention as a section 327(a) professional, including the preparation of this Application, the Bloom Affidavit, and related documents, and (ii) the preparation of any monthly fee statements or interim or final fee applications.

16.    Greenberg Traurig has advised the Debtors that the hourly rates applicable to the principal attorneys and paralegals proposed to represent the Debtors are:

| | |
|---|---|
| Mark D. Bloom | $765.00 per hour |
| Scott M. Grossman | $485.00 per hour |
| Lorne S. Cantor | $420.00 per hour |
| John R. Dodd | $320.00 per hour |
| Aaron P. Honaker | $310.00 per hour |
| Maribel R. Fontanez | $185.00 per hour |
| Karina Dominguez | $175.00 per hour |

Other attorneys and paralegals may render services to the Debtors as needed. Generally, Greenberg Traurig's hourly rates are in the following ranges:

| **Title** | **Rate per Hour** |
|---|---|
| Shareholders | $400 to $800 |
| Associates | $275 to $570 |
| Paralegals | $100 to $220 |

Debtors understand that the hourly rates set forth above are subject to periodic adjustment to reflect economic and other conditions.

17.    In light of the filing of these Chapter 11 cases prior to reconstitution of the BUFC Board of Directors and the decision to change counsel, Greenberg Traurig has neither requested nor received any retainer or other form of compensation for the proposed services to be rendered.  Greenberg Traurig intends to file interim and final applications for compensation and reimbursement of expenses in accordance with Sections 330 and 331 of the Bankruptcy Code, and reserves the right to seek approval

from the Court for payment of a retainer if deemed necessary and appropriate in connection with the final approval of its proposed engagement.

18.     Other than as set forth herein, there is no proposed arrangement to compensate Greenberg Traurig.  Greenberg Traurig has not shared, nor agreed to share any compensation it has received or may receive with any other party or person, other than with the shareholders, counsel and associates of Greenberg Traurig, or to share in or receive any compensation or fee with or from any other person in connection with these cases.

## **LEGAL BASIS FOR RELIEF SOUGHT**

19.     Section 327(a) of the Bankruptcy Code provides that a debtor-in-possession, subject to Court approval "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title." 11 U.S.C. §§ 327(a), 1107 & 1108.

20.     Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bank. P. 2014.

21.     Pursuant to Federal Rule of Bankruptcy Procedure 6003(a), a court may grant relief regarding an application to retain and employ a professional under Rule 2014 within 20 days after the filing of the petition only to the extent such relief is necessary to avoid immediate and irreparable harm.   However, Rule 6003(a) does not expressly forbid courts from entering an *interim* order approving retention and employment of professionals during the first 20 days following the filing of a petition.   "Moreover, nothing in the text of Rule 6003 precludes entry of an interim order."  *In re First NLC Fin. Servs, LLC*, 2008 WL 268428 at * 2 (Bankr. S.D. Fla. 2008).

22.     To the contrary, courts have frequently approved the interim retention and employment of professionals as sought herein. *See, e.g., In re TOUSA, Inc.*, Case No. 08-10928, DE# 115 (Bankr. S.D. Fla. Jan. 31, 2008) (approving interim retentions of legal counsel on interim basis on similar terms as set forth in the proposed order annexed hereto as Exhibit B within first 20 days of chapter 11 case); *First NLC*, 2008 WL 268428, Case No. 08-10632 (Bankr. S.D. Fla. Jan. 28, 2008) (approving interim retentions of financial advisor and legal counsel on interim basis on similar terms as set forth in the proposed order annexed hereto as Exhibit B within first 20 days of chapter 11 case).

23.     Further, since Rule 6003 is entitled "Interim and Final Relief Immediately Following the Commencement of the Case....," the very title of the Rule contemplates that relief may be granted on an interim basis.  Here, the relief sought is justified and, more importantly, necessary to avoid immediate and irreparable harm  an  fulfill  obligations  imposed  on  it  within  the  20-day  interim  period.

Specifically, the Office of the United States Trustee has scheduled an Initial Debtor Interview for June 4, 2009, and this Court has scheduled a Status Conference for June 9, 2009.[2]  All of the Debtors are corporations that are required to be represented by counsel in order to appear in court.  See, e.g., *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally . . . they must be represented by licensed counsel"); *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir. 1983) ("[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se"); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981) ("The law is clear that a corporation as a fictional legal person can only be represented by licensed counsel").

24.    Without the guiding hand of counsel, Debtors cannot proceed with their cases and their efforts in seeking bankruptcy protection will be materially harmed.  As Debtors' general bankruptcy counsel, Greenberg Traurig will play an integral role throughout these cases, including the first 20 days which constitute a particularly critical period of any Chapter 11 reorganization.

25.    Accordingly, Debtors submit that they have satisfied the requirements of Rule 6003 to support immediate entry of an interim order, substantially in the form annexed hereto as Exhibit B, authorizing Debtors to employ and retain Greenberg Traurig on an interim basis and to compensate Greenberg Traurig for

---

[2]  In light of the recent reconstitution of the BUFC Board, the resignation of the Debtors' Chief Restructuring Officer and other factors, the Debtors may elect to seek a postponement of the Initial Debtor Interview and/or continuance of the Status Conference.

any services rendered during that interim period in accordance with the Bankruptcy Code and the interim compensation procedures that may be established in these cases. This interim form of relief ensures the availability of Greenberg Traurig's full resources to Debtors during a critical period in these cases, while preserving the ability of all parties in interest, including the U.S. Trustee, to object to this Application on a final basis. The form of proposed order granting this Application clearly and unequivocally preserves any objections of all creditors and parties in interest to the final hearing on this Application and further provides that any such objections will be considered *de novo*. No party is prejudiced by the limited relief sought by this Application.

WHEREFORE, Debtors respectfully request that the Court enter (i) an interim Order authorizing the employment and retention of Greenberg Traurig as general counsel in these Chapter 11 cases, *nunc pro tunc* to May 27, 2009; (ii) a final Order authorizing the employment and retention of Greenberg Traurig on a final basis at such time as permitted under Fed. R. Bank. P. 6003(a); and (iii) granting such other and further relief as this Court deems just and proper.

Dated: June 3, 2009

Respectfully submitted,

BankUnited Financial Corporation, et al.

By: _____

Name: Danielle Lindholm
Title: Chairman and President

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 5, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Mark D. Bloom
Mark D. Bloom

## <u>SERVICE LIST</u>

### <u>Electronic Mail Notice List</u>

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case:

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

Mark D Bloom on behalf of Debtor BankUnited Financial Corporation
bloomm@gtlaw.com,
phillipsj@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

Stephen P Drobny on behalf of Debtor BankUnited Financial Corporation
sdrobny@shutts.com, mvandenbosch@shutts.com

Scott M. Grossman on behalf of Debtor BankUnited Financial Corporation
grossmansm@gtlaw.com,
phillipsj@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

### <u>Manual Notice List</u>

The following is the list of parties who are not on the list to receive e-mail notice/service for this case, and are therefore being served by first class U.S. Mail, postage prepaid:

LIST ATTACHED

**BankUnited Chapter 11**
**NON-ECF SERVICE LIST**

Cede & Co.
P.O. Box 20
Bowling Green Station
New York, NY 10004-1408

Alfred R. Camner
c/o Northern Trust
Attn: Kent Benedict
700 Brickell Avenue
Miami, FL 33131-2810

U.S. Bank
1555 N. River Center Drive
Suite 300
Milwaukee, WI 53212

U.S. Bank
Attn: Earl Dennison, Acct. Admin.
Goodwin Square, 23rd Floor
255 Asylum Street
Hartford, CT 06103

U.S. Bank
Attn: Yemishi Otuyelu
P.O. Box 960778
Boston, MA 02196

U.S. Bank
Attn: Russell Rokes
P.O. Box 960778
Boston, MA 02196

Robert Butzier
U.S. Bank
P.O. Box 960778
Boston, MA 02196

Timothy Sandell
U.S. Bank National Association
60 Livingston Avenue
St. Paul, MN 55107

U.S. Bank - Corporate Trust
Services
Attn: Brian Renelt
60 Livingston Ave.
St. Paul, MN 55107

Rick Prokosch
U.S. Bank - Corporate Trust
Services
Mail Code EP-MN-WS3C
60 Livingston Avenue
St. Paul, MN 55107

Wells Fargo Delaware Trust
Company
Attn: Molly A. Breffitt
919 N. Market Street
Suite 1600
Wilmington, DE 19801

Thomas M. Korsman, Vice President
Corporate Special Accounts Group
Wells Fargo Bank, N.A.
MAC N9311-110
625 Marquette Avenue
Minneapolis, MN 55479

Stearns Weaver
Museum Tower
150 W. Flagler Street Suite 2200
Miami, FL 33130

Tew Cardenas
Four Seasons Tower - 15th Floor
1441 Brickell Avenue
Miami, FL 33131-3439

Coffey Burlington
Office in the Grove Penthouse
2699 S. Bayshore Drive
Miami, FL 33133

Jack Reise
Waterford Township General
Employees Retirement System
c/o Coughlin Stoia Geller et al
120 E. Palmetto Park Road Suite
500
Boca Raton, FL 33432

Bruce J. Berman, Esq.
Attorneys for FDIC
McDermott Will & Emery LLP
201 S. Biscayne Blvd.
Suite 2200
Miami, Florida 33131

Geoffrey T. Raicht, Esq.
Attorneys for FDIC
McDermott Will & Emery LLP
340 Madison Ave.
New York, N.Y. 10173-1922

Gary Bush
The Bank of New York Mellon
101 Barclay Street - 8 West
New York, NY 10286

The Bank of New York Mellon
Attn: Rafael Miranda, VP
101 Barclay St. - 8W
New York, NY 10286

Bridget Schessler, Vice President
The Bank of New York Mellon
525 William Penn Place, 7th Floor
Pittsburgh, PA 15259

Wilmington Trust Co.
Corporate Capital Markets
 Attn: Lori L. Donahue
1100 N. Market Street
Wilmington, DE 19890

Christopher J. Slaybaugh
Wilmington Trust Co.
Corporate Capital Markets
1100 N. Market Street
Wilmington, DE 19890

Steven M. Cimalore
Wilmington Trust Company
Rodney Square North
1100 North Market Street
Wilmington, DE 19890-1615

Moses Marx
c/o Ross Martin, Esq.
Ropes & Gray, LLP
One International Place
Boston, MA 02110-2624

Office of the U.S. Trustee
51 SW 1st Ave. Ste. 1204
Miami, FL 33130

Internal Revenue Service
Department of Treasury
227 N. Borough St.
Tallahassee, FL 32301

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Internal Revenue Service
Insolvency Unit
7850 S.W. 6th Court
Mail Stop 5730
Plantation, FL 33324

State of Florida
Department of Revenue
Bankruptcy Section
P.O. Box 6668
Tallahassee, FL 32314-6668

Honorable Eric Holder
U.S. Attorney General
Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Honorable R. Alexander Acosta
Attn: Civil Process Clerk
U.S. Attorney
99 NE Fourth Street
Miami, FL 33132

Susan R. Sherrill-Beard
Senior Trial Counsel/Bankruptcy
U.S. Securities and Exchange Commission
Atlanta Regional Office
Suite 1000, 3475 Lenox Road, N.E.
Atlanta, GA 30326-1232

*MIA 180,617,221 v3 117136.010200*

# EXHIBIT A

## CORPORATE RESOLUTION

**WHEREAS**, the stockholders of BankUnited Financial Corporation, a Florida corporation (the "**Corporation**") continued a duly called and properly convened meeting of the Corporation's stockholders at 2:00 p.m. on Wednesday, May 27, 2009 (the "**Stockholders Meeting**"), at which meeting the Corporation's stockholders elected Danielle Camner Lindholm, Doyle Bartlett and Lester Bliwise to the Corporation's board of directors and removed Bradley S. Weiss ("**Weiss**") and Lawrence Blum from the Corporation's board of directors;

**WHEREAS**, as a result of the Stockholders Meeting, the persons serving as directors of the Corporation and their current terms, are as follows: Danielle Camner Lindholm (2010), Doyle Bartlett (2010), Lester Bliwise (2010), Allen Bernkrant (2010), Neil Messinger (2010) and Marc Jacobson (2010);

**WHEREAS**, on May 22, 2009 the Corporation, BankUnited Financial Services, Incorporated ("**BUFS**"), a Florida corporation and an affiliate of the Corporation, and CRE America Corporation, a Florida corporation and an affiliate of the Corporation ("**CRE**"), each filed a voluntary petition for relief (the "**Petition**") under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Florida (the "**Bankruptcy Court**"), thus commencing Chapter 11 cases docketed respectively as Case Nos. 09-19940-LMI, 09-19941-LMI and 09-19942-RAM (collectively, the "**Bankruptcy Cases**"); it is

**RESOLVED**, that in connection with the Bankruptcy Cases, Weiss is hereby immediately terminated as the Corporation's Chief Restructuring Officer and all terms of his prior appointment as Chief Restructuring Officer (including but not limited to his compensation) are hereby revoked, cancelled and terminated effective immediately; and be it further

**RESOLVED**, that the board of directors intends to interview candidates to be the Corporation's Chief Restructuring Officer (the "Chief Restructuring Officer") at its next meeting; and be it further

**RESOLVED**, that the Chief Restructuring Officer and such other persons that the Chief Restructuring Officer may designate and direct (the "**Authorized Persons**"), are authorized directed and empowered, on behalf of and in the name of the Corporation, to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications, affidavits, declarations and other papers and documents necessary or desirable in connection with the Bankruptcy Cases; and be it further

**RESOLVED**, that the board of directors hereby authorizes and approves the retention of the law firm of Greenberg Traurig, P.A. as bankruptcy counsel, to render legal services to, and to represent the Corporation in connection with the Bankruptcy Cases and all other related matters in connection therewith, on such terms as the board of directors and/or Chief Restructuring Officer and Greenberg Traurig, P.A. shall agree; and be it further

**RESOLVED,** that the board of directors deems it in the best interests of the Corporation, its creditors, equity holders and other interested parties, to modify, effective immediately, the role and scope of the prior engagement of the law firm of Shutts & Bowen LLP ("**Shutts**") in connection with the Bankruptcy Cases and the scope of Shutts' engagement on behalf of the Corporation shall hereinafter be limited to such matters as specifically directed by the board of directors so as to not duplicate the undertakings of Greenberg Traurig, P.A.; and be it further

**RESOLVED,** that the board of directors authorizes and approves the retention of the law firm of Camner Lipsitz, Professional Association, as securities counsel, to render legal services to, and to represent the Corporation in connection with securities laws and certain other non-bankruptcy related matters during the scope of their engagement, on such terms as the board of directors and/or Chief Restructuring Officer and Camner Lipsitz, Professional Association shall agree; and be it further

**RESOLVED,** that each of the Authorized Persons, and such other persons or officers as they shall from time to time designate, be, and each of them acting alone is, authorized and directed to retain on behalf of the Corporation any additional counsel and other advisors (including but not limited to financial advisors) as appropriate; and be it further

**RESOLVED,** that each of the Authorized Persons, and such other persons or officers as they shall from time to time designate, be, and each of them acting alone is, authorized and directed to take any and all such further actions and to execute and deliver any and all such further instruments and documents and to pay all such expenses, in each case as in his, her or their judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein in a manner consistent with the Bankruptcy Code; and be it further

**RESOLVED,** that the board of directors deems it in the best interests of the Corporation, its creditors, equity holders and other interested parties, to terminate, effective immediately, the Corporation's relationship and engagement of the law firm of Paul, Hastings, Janofsky & Walker LLP ( "**Paul Hastings**"); and be it further

**RESOLVED,** that the resolutions adopted today expressly supercede any prior resolutions adopted by the Corporation's board of directors engaging or retaining Weiss as the Corporation's chief restructuring officer, as well as the engagement and retention of Paul Hastings and Shutts to act as counsel to the Corporation in connection with the Bankruptcy Cases, and the board of directors hereby revokes, effective immediately, any and all authority that Weiss and Paul Hastings have to act on or behalf of the Corporation or the Corporation's board of directors.

Executed on this 27th day of May, 2009.

By: _____    6/1/09

Its: _____

2

## CORPORATE RESOLUTIONS

**WHEREAS**, on May 27, 2009, the sole stockholder of CRE America Corporation, a Florida corporation (the "**Corporation**"), elected new directors to the Corporation's board of directors and removed certain current directors from the Corporation's board of directors;

**WHEREAS**, as a result of the action taken by the Corporation's sole stockholder, the persons serving as directors of the Corporation:  Danielle Camner Lindholm, Doyle Bartlett, Lester Bliwise, Allen Bernkrant, Neil Messinger and Marc Jacobson;

**WHEREAS**, on May 22, 2009 the Corporation, BankUnited Financial Services, Incorporated ("**BUFS**"), a Florida corporation and an affiliate of the Corporation, and CRE America Corporation, a Florida corporation and an affiliate of the Corporation ("**CRE**"), each filed a voluntary petition for relief (the **"Petition"**) under Chapter 11 of Title 11 of the United States Code (the **"Bankruptcy Code"**) in the United States Bankruptcy Court for the Southern District of Florida (the **"Bankruptcy Court"**), thus commencing Chapter 11 cases docketed respectively as Case Nos. 09-19940-LMI, 09-19941-LMI and 09-19942-RAM (collectively, the "**Bankruptcy Cases**"); it is

**RESOLVED**, that in connection with the Bankruptcy Cases, Weiss is hereby immediately terminated as the Corporation's Chief Restructuring Officer and all terms of his prior appointment as Chief Restructuring Officer (including but not limited to his compensation) are hereby revoked, cancelled and terminated effective immediately; and be it further

**RESOLVED**, that the board of directors intends to interview candidates to be the Corporation's Chief Restructuring Officer (the "Chief Restructuring Officer") at its next meeting; and be it further

**RESOLVED**, that the Chief Restructuring Officer and such other persons that the Chief Restructuring Officer may designate and direct (the "**Authorized Persons**"), are authorized directed and empowered, on behalf of and in the name of the Corporation, to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications, affidavits, declarations and other papers and documents necessary or desirable in connection with the Bankruptcy Cases; and be it further

**RESOLVED**, that the board of directors hereby authorizes and approves the retention of the law firm of Greenberg Traurig, P.A. as bankruptcy counsel, to render legal services to, and to represent the Corporation in connection with the Bankruptcy Cases and all other related matters in connection therewith, on such terms as the board of directors and/or Chief Restructuring Officer and Greenberg Traurig, P.A. shall agree; and be it further

**RESOLVED,** that the board of directors deems it in the best interests of the Corporation, its creditors, equity holders and other interested parties, to modify, effective immediately, the role and scope of the prior engagement of the law firm of Shutts & Bowen LLP ("**Shutts**") in connection with the Bankruptcy Cases and the scope of Shutts' engagement on behalf of the Corporation shall hereinafter be limited to such matters as specifically directed by the board of directors so as to not duplicate the undertakings of Greenberg Traurig, P.A.; and be it further

**RESOLVED,** that the board of directors authorizes and approves the retention of the law firm of Camner Lipsitz, Professional Association, as securities counsel, to render legal services to, and to represent the Corporation in connection with securities laws and certain other non-bankruptcy related matters during the scope of their engagement, on such terms as the board of directors and/or Chief Restructuring Officer and Camner Lipsitz, Professional Association shall agree; and be it further

**RESOLVED,** that each of the Authorized Persons, and such other persons or officers as they shall from time to time designate, be, and each of them acting alone is, authorized and directed to retain on behalf of the Corporation any additional counsel and other advisors (including but not limited to financial advisors) as appropriate; and be it further

**RESOLVED,** that each of the Authorized Persons, and such other persons or officers as they shall from time to time designate, be, and each of them acting alone is, authorized and directed to take any and all such further actions and to execute and deliver any and all such further instruments and documents and to pay all such expenses, in each case as in his, her or their judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein in a manner consistent with the Bankruptcy Code; and be it further

**RESOLVED,** that the board of directors deems it in the best interests of the Corporation, its creditors, equity holders and other interested parties, to terminate, effective immediately, the Corporation's relationship and engagement of the law firm of Paul, Hastings, Janofsky & Walker LLP ( "**Paul Hastings**"); and be it further

**RESOLVED,** that the resolutions adopted today expressly supersede any prior resolutions adopted by the Corporation's board of directors engaging or retaining Weiss as the Corporation's chief restructuring officer, as well as the engagement and retention of Paul Hastings and Shutts to act as counsel to the Corporation in connection with the Bankruptcy Cases, and the board of directors hereby revokes, effective immediately, any and all authority that Weiss and Paul Hastings have to act on or behalf of the Corporation or the Corporation's board of directors.

Executed on this 27th day of May, 2009.

By:

Its:

2

## CORPORATE RESOLUTIONS

**WHEREAS**, on May 27, 2009, the sole stockholder of BankUnited Financial Services Incorporated, a Florida corporation (the "**Corporation**"), elected new directors to the Corporation's board of directors and removed certain current directors from the Corporation's board of directors;

**WHEREAS**, as a result of the action taken by the Corporation's sole stockholder, the persons serving as directors of the Corporation: Danielle Camner Lindholm, Doyle Bartlett, Lester Bliwise, Allen Bernkrant, Neil Messinger and Marc Jacobson;

**WHEREAS**, on May 22, 2009 the Corporation, BankUnited Financial Services, Incorporated ("**BUFS**"), a Florida corporation and an affiliate of the Corporation, and CRE America Corporation, a Florida corporation and an affiliate of the Corporation ("**CRE**"), each filed a voluntary petition for relief (the "**Petition**") under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Florida (the "**Bankruptcy Court**"), thus commencing Chapter 11 cases docketed respectively as Case Nos. 09-19940-LMI, 09-19941-LMI and 09-19942-RAM (collectively, the "**Bankruptcy Cases**"); it is

**RESOLVED**, that in connection with the Bankruptcy Cases, Weiss is hereby immediately terminated as the Corporation's Chief Restructuring Officer and all terms of his prior appointment as Chief Restructuring Officer (including but not limited to his compensation) are hereby revoked, cancelled and terminated effective immediately; and be it further

**RESOLVED**, that the board of directors intends to interview candidates to be the Corporation's Chief Restructuring Officer (the "Chief Restructuring Officer") at its next meeting; and be it further

**RESOLVED**, that the Chief Restructuring Officer and such other persons that the Chief Restructuring Officer may designate and direct (the "**Authorized Persons**"), are authorized directed and empowered, on behalf of and in the name of the Corporation, to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications, affidavits, declarations and other papers and documents necessary or desirable in connection with the Bankruptcy Cases; and be it further

**RESOLVED**, that the board of directors hereby authorizes and approves the retention of the law firm of Greenberg Traurig, P.A. as bankruptcy counsel, to render legal services to, and to represent the Corporation in connection with the Bankruptcy Cases and all other related matters in connection therewith, on such terms as the board of directors and/or Chief Restructuring Officer and Greenberg Traurig, P.A. shall agree; and be it further

**RESOLVED,** that the board of directors deems it in the best interests of the Corporation, its creditors, equity holders and other interested parties, to modify, effective immediately, the role and scope of the prior engagement of the law firm of Shutts & Bowen LLP ("**Shutts**") in connection with the Bankruptcy Cases and the scope of Shutts' engagement on behalf of the Corporation shall hereinafter be limited to such matters as specifically directed by the board of directors so as to not duplicate the undertakings of Greenberg Traurig, P.A.; and be it further

**RESOLVED,** that the board of directors authorizes and approves the retention of the law firm of Camner Lipsitz, Professional Association, as securities counsel, to render legal services to, and to represent the Corporation in connection with securities laws and certain other non-bankruptcy related matters during the scope of their engagement, on such terms as the board of directors and/or Chief Restructuring Officer and Camner Lipsitz, Professional Association shall agree; and be it further

**RESOLVED,** that each of the Authorized Persons, and such other persons or officers as they shall from time to time designate, be, and each of them acting alone is, authorized and directed to retain on behalf of the Corporation any additional counsel and other advisors (including but not limited to financial advisors) as appropriate; and be it further

**RESOLVED,** that each of the Authorized Persons, and such other persons or officers as they shall from time to time designate, be, and each of them acting alone is, authorized and directed to take any and all such further actions and to execute and deliver any and all such further instruments and documents and to pay all such expenses, in each case as in his, her or their judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein in a manner consistent with the Bankruptcy Code; and be it further

**RESOLVED,** that the board of directors deems it in the best interests of the Corporation, its creditors, equity holders and other interested parties, to terminate, effective immediately, the Corporation's relationship and engagement of the law firm of Paul, Hastings, Janofsky & Walker LLP ( "**Paul Hastings**"); and be it further

**RESOLVED,** that the resolutions adopted today expressly supersede any prior resolutions adopted by the Corporation's board of directors engaging or retaining Weiss as the Corporation's chief restructuring officer, as well as the engagement and retention of Paul Hastings and Shutts to act as counsel to the Corporation in connection with the Bankruptcy Cases, and the board of directors hereby revokes, effective immediately, any and all authority that Weiss and Paul Hastings have to act on or behalf of the Corporation or the Corporation's board of directors.

Executed on this 27th day of May, 2009.

By: _____

Its: _____

2

## CORPORATE RESOLUTION

**WHEREAS**, the Board of Directors (the "Board") of BankUnited Financial Corporation, a Florida corporation (the "**Corporation**") convened a duly called and properly meeting of the Board at 6:00 p.m. on June 2, 2009,

**WHEREAS**, the Board has interviewed three (3) candidates for the position of Chief Restructuring Officer and based on these interviews has selected Joseph Luzinski as Development Specialists, Inc. to become the Corporation's Acting Chief Restructuring Officer, subject to the formality of approval by the Office of the Thrift Supervision, if required; it is hereby

**RESOLVED**, that Joseph Luzinski is hereby appointed as the Corporation's Acting Chief Restructuring Officer, effective as of the date hereof; and be it further

**RESOLVED**, that as compensation for serving as the Corporation's Acting Chief Restructuring Officer, Mr. Luzinski shall receive a monthly retainer of no greater $30,000 per month for a period of three (3) consecutive months (the "Initial Period"), and after the Initial Period, a monthly retainer as mutually agreed by the Board and Mr. Luzinksi; and be it further

**RESOLVED**, that the Acting Chief Restructuring Officer be authorized to perform his duties to the Corporation and undertake all such actions deemed necessary for the performance of such duties; and be it further

**RESOLVED**, that the Acting Chief Restructuring Officer and such other persons that the Chief Restructuring Officer may designate and direct (the "**Authorized Persons**"), are authorized directed and empowered, on behalf of and in the name of the Corporation, to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications, affidavits, declarations and other papers and documents necessary or desirable in connection with the Bankruptcy Cases; and be it

**FURTHER RESOLVED**, that any action that has heretofore been taken by the officers of the Corporation in connection with the foregoing resolutions is hereby ratified, approved and confirmed in all respects.

Executed on this 2nd day of June, 2009.

By: _____

Its: _____

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.,*[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| Debtors.                              / | | (Jointly Administered) |

## INTERIM ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GREENBERG TRAURIG, P.A. AS GENERAL COUNSEL FOR DEBTORS-IN-POSSESSION, *NUNC PRO TUNC* TO MAY 27, 2009

THIS CAUSE came before the court upon the *Emergency Application for Entry of Interim and Final Orders Authorizing Employment and Retention of Greenberg Traurig, P.A. as General Counsel to the for debtors-in-Possession, Nunc Pro Tunc to May 27, 2009* (the **"Application"**) filed by Debtors, BankUnited Financial Corporation, BankUnited Financial Services, Incorporated, and CRE America Corporation (collectively, the **"Debtors"**) (DE #____).  The Application seeks authority for the Debtors to retain and employ Mark D. Bloom, Esq. and the law firm of Greenberg

---

[1]  The Debtors are the following 3 entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335).  The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

Traurig, P.A. (**"Greenberg Traurig"**) as general counsel, and is supported by the *Affidavit of Mark D. Bloom, Esq.* (the **"Affidavit"**). The Application seeks the immediate entry of an interim order authorizing the employment and retention of Greenberg Traurig, *nunc pro tunc* to May 27, 2009 and further entry of a final order authorizing the employment and retention of Greenberg Traurig on a final basis at such time as permitted under Fed. R. Bank. P. 6003(a).

The Court having read the Application and Affidavit, and having found that adequate notice has been given to all parties entitled to service, and no other or further notice is necessary or required, finds and determines that Mr. Bloom and Greenberg Traurig have disclosed any connections with parties in interest in the case as set forth in Fed. R. Bankr. P. 2014, and neither hold nor represent any interest adverse to the Debtors' estates; that Greenberg Traurig is a disinterested person as required by 11 U.S.C. § 327(a) and within the meaning of 11 U.S.C. §101(14); that Mr. Bloom is duly qualified to practice in this Court pursuant to Local Rule 2090-1(A); and that the employment of Greenberg Traurig as attorneys for the Debtors is necessary to avoid immediate and irreparable harm to the Debtors and their estates and is in the best interest of the Debtors' estates. Accordingly, it is

**ORDERED** that:

1. The Application is GRANTED, and the Debtors are authorized, on an interim basis, to retain and employ Mark D. Bloom, Esq. and the law firm of Greenberg Traurig, P.A. as general counsel in this Chapter 11 case to represent them in general bankruptcy matters and any other matters that may arise in the course of the representation, *nunc pro tunc* to May 27, 2009.

2.      Greenberg Traurig shall maintain contemporaneous time records with the rendition of services and shall be compensated in accordance with the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the rules and fee guidelines of this Court, and such other procedures as may be fixed by order of this Court.

3.      **The Court will hold a final hearing on the Application on _____, 2009, at _____ a.m./p.m., at Claude Pepper Federal Building, 51 SW First Avenue, Room 1409, Miami, FL 33130.**  Service of this Interim Order as directed below shall constitute good and sufficient notice of the final hearing on the Application, with no further notice being required.

4.      Entry of this Interim Order is without prejudice to the rights of any party in interest to object to the Application, and any such objection will be considered on a *de novo* standard at the final hearing on the Application.

### 

Submitted by:
Mark D. Bloom, Esq.
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, FL 33131
Telephone:  (305) 579-0500
Facsimile:  (305) 579-0717
E-mail:      bloomm@gtlaw.com

*(Attorney Bloom shall serve a conformed copy of this Order upon all interested parties and shall file a certificate of service.)*

*MIA 180,632,231v3 6-5-09*