**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*,[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |

**NOTICE OF FILING OF EXHIBITS TO**
**EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (1)**
**AUTHORIZING DEBTORS TO ESTABLISH TRADING PROCEDURES AND**
**RESTRICTIONS SO AS TO ENFORCE THE AUTOMATIC STAY TO RESTRICT**
**TRANSFERS OF EQUITY INTERESTS; (2) AUTHORIZING FORM OF NOTICE AND**
**PAYMENT OF ADMINISTRATIVE EXPENSE FOR PUBLICATION; (3) FIXING**
**DEADLINE FOR OBJECTIONS; AND (4) SETTING FINAL HEARING**

**(Emergency Hearing Requested on June 8, 2009)**

BankUnited Financial Corporation ("BUFC"), BankUnited Financial Services, Incorporated ("BUFS"), and CRE America Corporation ("CRE"), as debtors and debtors in possession (the "Debtors" and, collectively with BUFC's wholly-owned non-debtor subsidiaries, "BU"), by and through its undersigned proposed counsel, hereby gives notice of filing of the attached Exhibits A, B, C, D, E, F, G, and H to the *Emergency Motion for Entry of Interim and Final Orders (1) Authorizing Debtors to Establish Trading Procedures and Restrictions So As to Enforce the Automatic Stay to Restrict Transfers of Equity Interests; (2) Authorizing Form of Notice and Payment of Administrative Expense for Publication; (3) Fixing Deadline for Objections; and (4) Setting Final Hearing* (D.E. #43).

---

[1]   The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

Dated June 5, 2009.                     Respectfully submitted,

                                        GREENBERG TRAURIG, P.A.
                                        Proposed Counsel[2] for the Debtors
                                        1221 Brickell Avenue
                                        Miami, Florida 33131
                                        Telephone: (305) 579-0500
                                        Facsimile: (305) 579-0717

                                        By:  /s/ Mark D. Bloom
                                            MARK D. BLOOM
                                            Florida Bar No. 303836
                                            bloomm@gtlaw.com
                                            SCOTT M. GROSSMAN
                                            Florida Bar No. 0176702
                                            grossmansm@gtlaw.com

---

[2] Proposed Counsel is in the process of finalizing the terms of their engagement with the boards of directors of the Debtors, and filed this motion in an effort to protect the record and comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Mark D. Bloom
Mark D. Bloom

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case:

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

Bruce J Berman on behalf of Creditor Federal Deposit Insurance Corporation,
bberman@mwe.com

Mark D Bloom on behalf of Debtor BankUnited Financial Corporation
bloomm@gtlaw.com, phillipsj@gtlaw.com; MiaLitDock@gtlaw.com;
miaecfbky@gtlaw.com

Stephen P Drobny on behalf of Debtor BankUnited Financial Corporation
sdrobny@shutts.com, mvandenbosch@shutts.com

Scott M. Grossman on behalf of Debtor BankUnited Financial Corporation
grossmansm@gtlaw.com,
phillipsj@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

**Manual Notice List**

The following is the list of parties who are not on the list to receive e-mail notice/service for this case, and are therefore being served by first class U.S. Mail, postage prepaid:

LIST ATTACHED

**BankUnited Chapter 11**
**NON-ECF SERVICE LIST**

Cede & Co.
P.O. Box 20
Bowling Green Station
New York, NY 10004-1408

Alfred R. Camner
c/o Northern Trust
Attn: Kent Benedict
700 Brickell Avenue
Miami, FL 33131-2810

U.S. Bank
1555 N. River Center Drive
Suite 300
Milwaukee, WI 53212

U.S. Bank
Attn: Earl Dennison, Acct. Admin.
Goodwin Square, 23rd Floor
255 Asylum Street
Hartford, CT 06103

U.S. Bank
Attn: Yemishi Otuyelu
P.O. Box 960778
Boston, MA 02196

U.S. Bank
Attn: Russell Rokes
P.O. Box 960778
Boston, MA 02196

Robert Butzier
U.S. Bank
P.O. Box 960778
Boston, MA 02196

Timothy Sandell
U.S. Bank National Association
60 Livingston Avenue
St. Paul, MN 55107

U.S. Bank - Corporate Trust
Services
Attn: Brian Renelt
60 Livingston Ave.
St. Paul, MN 55107

Rick Prokosch
U.S. Bank - Corporate Trust
Services
Mail Code EP-MN-WS3C
60 Livingston Avenue
St. Paul, MN 55107

Wells Fargo Delaware Trust
Company
Attn: Molly A. Breffitt
919 N. Market Street
Suite 1600
Wilmington, DE 19801

Thomas M. Korsman, Vice President
Corporate Special Accounts Group
Wells Fargo Bank, N.A.
MAC N9311-110
625 Marquette Avenue
Minneapolis, MN 55479

Stearns Weaver
Museum Tower
150 W. Flagler Street Suite 2200
Miami, FL 33130

Tew Cardenas
Four Seasons Tower - 15th Floor
1441 Brickell Avenue
Miami, FL 33131-3439

Coffey Burlington
Office in the Grove Penthouse
2699 S. Bayshore Drive
Miami, FL 33133

Jack Reise
Waterford Township General
Employees Retirement System
c/o Coughlin Stoia Geller et al
120 E. Palmetto Park Road Suite
500
Boca Raton, FL 33432

Bruce J. Berman, Esq.
Attorneys for FDIC
McDermott Will & Emery LLP
201 S. Biscayne Blvd.
Suite 2200
Miami, Florida 33131

Geoffrey T. Raicht, Esq.
Attorneys for FDIC
McDermott Will & Emery LLP
340 Madison Ave.
New York, N.Y. 10173-1922

Gary Bush
The Bank of New York Mellon
101 Barclay Street - 8 West
New York, NY 10286

The Bank of New York Mellon
Attn: Rafael Miranda, VP
101 Barclay St. - 8W
New York, NY 10286

Bridget Schessler, Vice President
The Bank of New York Mellon
525 William Penn Place, 7th Floor
Pittsburgh, PA 15259

Wilmington Trust Co.
Corporate Capital Markets
 Attn: Lori L. Donahue
1100 N. Market Street
Wilmington, DE 19890

Christopher J. Slaybaugh
Wilmington Trust Co.
Corporate Capital Markets
1100 N. Market Street
Wilmington, DE 19890

Steven M. Cimalore
Wilmington Trust Company
Rodney Square North
1100 North Market Street
Wilmington, DE 19890-1615

Moses Marx
c/o Ross Martin, Esq.
Ropes & Gray, LLP
One International Place
Boston, MA 02110-2624

Office of the U.S. Trustee
51 SW 1st Ave. Ste. 1204
Miami, FL 33130

Internal Revenue Service
Department of Treasury
227 N. Borough St.
Tallahassee, FL 32301

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Internal Revenue Service
Insolvency Unit
7850 S.W. 6th Court
Mail Stop 5730
Plantation, FL 33324

State of Florida
Department of Revenue
Bankruptcy Section
P.O. Box 6668
Tallahassee, FL 32314-6668

Honorable Eric Holder
U.S. Attorney General
Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Honorable R. Alexander Acosta
Attn: Civil Process Clerk
U.S. Attorney
99 NE Fourth Street
Miami, FL 33132

Susan R. Sherrill-Beard
Senior Trial Counsel/Bankruptcy
U.S. Securities and Exchange Commission
Atlanta Regional Office
Suite 1000, 3475 Lenox Road, N.E.
Atlanta, GA 30326-1232

*MIA 180,632,737 v1 117136.010200*

## **EXHIBIT A**

INTERIM PROCEDURES NOTICE

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| BankUnited Financial Corporation, *et al.*,[1] | ) Case No. 09-19940-LMI |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

### NOTICE OF ENTRY OF INTERIM
### ORDER ESTABLISHING TRADING
### PROCEDURES AND RESTRICTIONS ON
### CERTAIN TRANSFERS OF INTERESTS IN THE DEBTOR

TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN BANKUNITED FINANCIAL CORPORATION:

PLEASE TAKE NOTICE that, on May 22, 2009, BankUnited Financial Corporation ("BUFC")[2], BankUnited Financial Services, Incorporated ("BUFS"), and CRE America Corporation ("CRE"), as debtors and debtors in possession (collectively, the "Debtors" and together with BUFC's wholly-owned non-debtor subsidiaries, "BU"), commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Section 362(a) of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or to exercise control over property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE that, on _____, 2009, the United States Bankruptcy Court for the Southern District of Florida (the "Court"), having jurisdiction over these chapter 11 cases, upon the motion of the Debtors (the "Motion"), entered an interim order (the "Interim Order") (i) finding that the Debtors' interests in BU's consolidated net operating loss carryforwards ("NOLs") and certain other tax attributes (together with the NOLs, the "Tax Attributes") are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code (ii) finding that trading in BUFC Equity Securities could severely limit the Debtors' ability to use the Tax Attributes for purposes of title 26 of the United States Code (the "Tax Code"); and (iii) approving the procedures as

---

[1]     The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

[2]     All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

set forth herein to preserve the Tax Attributes pursuant to sections 105(a) and 362(a) of the Bankruptcy Code *retroactively effective as of the date of the filing of the Motion*.  **ANY ACQUISITION, DISPOSITION OR OTHER TRANSFER IN VIOLATION OF THE RESTRICTIONS SET FORTH BELOW SHALL BE NULL AND VOID AB INITIO AS AN ACT IN VIOLATION OF THE AUTOMATIC STAY UNDER SECTIONS 105(A) AND 362 OF THE BANKRUPTCY CODE.**

PLEASE TAKE FURTHER NOTICE that the following procedures and restrictions have been approved by the Court and shall apply to holding and trading in BU Stock (as defined below):

(1)    Definitions.  For purposes of this Motion and the Orders:

a)    *BUFC Equity Securities*.  "BUFC Equity Securities" shall mean BUFC's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire BUFC Equity Securities may be treated as the owner of such BUFC Equity Securities.

b)    *Substantial Equityholder*.  A "Substantial Equityholder" is any person or entity that beneficially owns at least:

(i)    4.75% of all issued and outstanding shares of BUFC's Class A Common Stock;

(ii)    4.75% of all issued and outstanding shares of BUFC's Class B Common Stock;

(iii)    4.75% of all issued and outstanding shares of BUFC's Noncumulative Convertible Preferred Stock, Series B;

(iv)    4.75% of all issued and outstanding notes of BUFC's Senior Convertible Notes;

(v)    4.75% of all issued and outstanding units of BUFC's 6.75% HiMEDS Units; or

(vi)    any combination of the foregoing BUFC Equity Securities identified in (b)(i) through (b)(v) that, upon purchase, sale, or conversion, would in the aggregate constitute 4.75% of the issued and outstanding shares of either BUFC's Class A Common Stock, Class B Common Stock, or both.

c)    *Beneficial Ownership*.  "<u>Beneficial ownership</u>" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("<u>Treasury Regulations</u>") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire BUFC Equity Securities.

d)    *Option*.  An "<u>Option</u>" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(2)    <u>Notice of Substantial BUFC Equity Securities Ownership</u>.  Any person or entity that beneficially owns, at any time on or after the Motion Date, BUFC Equity Securities (as defined below) in an amount sufficient to qualify such person or entity as a Substantial Equityholder (as defined below) shall file with the Court, and serve upon the Debtors, their counsel, and counsel for the Creditors' Committee, a Notice of Substantial Stock Ownership (a "<u>Substantial Ownership Notice</u>"), in the form attached hereto as <u>Exhibit "1,"</u> specifically and in detail describing the BUFC Equity Securities ownership of such person or entity, on or before the date that is the later of: (a) ten (10) days after the entry of the Interim Order or (b) ten (10) days after that person or entity qualifies as a Substantial Equityholder.  At the holder's election, the Substantial Ownership Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of BUFC Equity Securities that such holder beneficially owns.

(3)    <u>Acquisition of BUFC Equity Securities or Options</u>.  At least twenty (20) calendar days before the proposed date of any transfer of equity securities (including Options, as defined below, to acquire such securities) that would result in an increase in the amount of BUFC Equity Securities beneficially owned by any person or entity that currently is or becomes a Substantial Equityholder or that would result in a person or entity becoming a Substantial

Equityholder (a "Proposed Equity Acquisition Transaction"), such person, entity or Substantial Equityholder (a "Proposed Equity Transferee") shall file with the Court, and serve upon the Debtors, their counsel, and counsel for the Creditors' Committee's, a Notice of Intent to Purchase, Acquire or Otherwise Accumulate BUFC Equity Securities (an "Equity Acquisition Notice"), in the form attached hereto as Exhibit "2," specifically and in detail describing the proposed transaction in which BUFC Equity Securities would be acquired. At the holder's election, the Equity Acquisition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of BUFC Equity Securities that such holder beneficially owns and proposes to purchase or otherwise acquire.

(4)     Disposition of BUFC Equity Securities or Options. At least twenty (20) calendar days prior to the proposed date of any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of BUFC Equity Securities beneficially owned by a Substantial Equityholder or that would result in a person or entity ceasing to be a Substantial Equityholder (a "Proposed Equity Disposition Transaction" and together with a Proposed Equity Acquisition Transaction, a "Proposed Equity Transaction"), such person, entity or Substantial Equityholder (a "Proposed Equity Transferor") shall file with the Court, and serve upon the Debtors, their counsel, and counsel for the Creditors' Committee, a Notice of Intent to Sell, Trade or Otherwise Transfer BUFC Equity Securities (an "Equity Disposition Notice"), in the form attached hereto as Exhibit "3," specifically and in detail describing the proposed transaction in which BUFC Equity Securities would be transferred.  At the holder's election, the Equity Disposition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of BUFC Equity Securities that such holder beneficially owns and proposes to sell or otherwise transfer.

(5)     Objection Procedures. The Debtors and the Creditors' Committee shall have fifteen (15) calendar days after the filing of an Equity Acquisition Notice or an Equity Disposition Notice (the "Equity Objection Deadline"), as the case may be, to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of BUFC Equity Securities described in such Equity Acquisition Notice or Equity Disposition Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "Equity Objection") as a result of an ownership change under Section 382 or Section 383 of the Tax Code.

    a)      If the Debtors or the Creditors' Committee file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Acquisition Transaction or Proposed Equity Disposition Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

    b)      If the Debtors or the Creditors' Committee do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors and the Creditors' Committee provide written authorization to the Proposed Equity Transferor approving the Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, before the Equity Objection Deadline, then such Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, may proceed solely as specifically described in the Equity Acquisition Notice or the Equity Disposition Notice. Any further Proposed Equity Transaction proposed by the Proposed Equity Transferor or Proposed Equity Transferee, as the case may be, shall be the subject of additional notices as set forth herein and an additional twenty (20) calendar day waiting period.

(6)    <u>Unauthorized Transactions in BUFC Equity Securities or Options</u>. Effective as of the Motion Date and until further order of the Court to the contrary, any acquisition, disposition or other transfer of BUFC Equity Securities in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under Sections 362 and 105(a) of the Bankruptcy Code.

(7)    The Debtors, in consultation with the Creditors' Committee (with a reasonable opportunity to consider a request), may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Motion.

      **FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE WILL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

      **ANY PROHIBITED ACQUISITION, DISPOSITION OR OTHER TRANSFER OF BU STOCK IN VIOLATION OF THE INTERIM ORDER WILL BE NULL AND VOID *AB INITIO* AND MAY LEAD TO CONTEMPT, COMPENSATORY DAMAGES, PUNITIVE DAMAGES, OR SANCTIONS BEING IMPOSED BY THE BANKRUPTCY COURT.**

**THE DEBTORS MAY WAIVE, IN WRITING, ANY AND ALL RESTRICTIONS, STAYS, AND NOTIFICATION PROCEDURES CONTAINED IN THE INTERIM ORDER.**

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

PLEASE TAKE FURTHER NOTICE that a final hearing to determine whether the procedures described herein will be approved on a final basis will be held on _____, 2009.

Dated: _____, 2009.

BY ORDER OF THE COURT

## **EXHIBIT 1**

NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*,[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

PLEASE TAKE NOTICE THAT [*Name of Shareholder*] hereby provides notice (the "Notice"), that, as of [*Date*], [*Name of Shareholder*] beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Shareholder*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

---

[1]    The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

For purposes of this Notice, (i) "<u>BUFC Equity Securities</u>" shall mean BUFC's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire BUFC Equity Securities may be treated as the owner of such BUFC Equity Securities, collectively, and (ii) "<u>Ownership</u>" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "<u>Tax Code</u>"), the U.S. Department of Treasury regulations ("<u>Treasury Regulations</u>") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (iii) any variation of the term "<u>Ownership</u>" (e.g., Own) shall have the same meaning and (iv) an "<u>Option</u>" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____
[*Name of Shareholder*]

By:_____
  Name:_____
  Title:_____

Address:_____

  _____

Telephone:_____
Facsimile:_____

# **EXHIBIT 2**

EQUITY ACQUISITION NOTICE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| BankUnited Financial Corporation, *et al.*,[1] | ) Case No. 09-19940-LMI |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**NOTICE OF INTENT TO PURCHASE,**
**ACQUIRE, OR OTHERWISE ACCUMULATE BUFC EQUITY SECURITIES**

PLEASE TAKE NOTICE THAT [*Name of Prospective Acquirer*] hereby provides notice (the "Notice") of its intention to purchase, acquire, or otherwise accumulate one or more shares, notes, or units of BankUnited Financial Corporation's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units (collectively, "BUFC Equity Securities") or an Option (defined below) with respect to any of the foregoing (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT [*Name of Prospective Acquirer*] currently beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

---

[1] The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [*Name of Prospective Acquirer*] proposes to purchase, acquirer, or otherwise accumulate:

_____ shares of BankUnited Financial Corporation ("<u>BUFC</u>") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

If the Proposed Transfer is permitted to occur, [*Name of Prospective Acquirer*] will own:

_____ shares of BankUnited Financial Corporation ("<u>BUFC</u>") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Prospective Acquirer*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) calendar days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) calendar day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) calendar day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [*Name of Prospective Acquirer*] that may result in [*Name of Prospective Acquirer*] purchasing, acquiring or otherwise accumulating shares of BUFC Equity Securities (or Options with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice, (i) "Ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (x) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (y) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (z) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (ii) any variation of the term "Ownership" (e.g., Own) shall have the same meaning and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put,

stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____

[*Name of Prospective Acquirer*]

By:_____
  Name:_____
   Title:_____

Address:_____

        _____

Telephone:_____
Facsimile:_____

**<u>EXHIBIT 3</u>**

EQUITY DISPOSITION NOTICE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| BankUnited Financial Corporation, *et al.*,[1] | ) Case No. 09-19940-LMI |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**NOTICE OF INTENT TO SELL, TRADE,**
**OR OTHERWISE TRANSFER BUFC EQUITY SECURITIES**

PLEASE TAKE NOTICE THAT [*Name of Prospective Seller*] hereby provides notice (the "Notice") of its intention to sell, trade, or otherwise transfer one or more shares, notes, or units of BankUnited Financial Corporation's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units (collectively, "BUFC Equity Securities") or an Option (defined below) with respect to any of the foregoing (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT [*Name of Prospective Seller*] currently beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

---

[1]     The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [*Name of Prospective Seller*] proposes to sell, trade, or otherwise transfer:

_____ shares of BankUnited Financial Corporation ("<u>BUFC</u>") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

If the Proposed Transfer is permitted to occur, [*Name of Prospective Seller*] will own:

_____ shares of BankUnited Financial Corporation ("<u>BUFC</u>") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Prospective Seller*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) calendar days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) calendar day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) calendar day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [*Name of Prospective Seller*] that may result in [*Name of Prospective Seller*] purchasing, acquiring or otherwise accumulating shares of BUFC Equity Securities (or Options with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice, (i) "Ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (x) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (y) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (z) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (ii) any variation of the term "Ownership" (e.g., Own) shall have the same meaning and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put,

stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____

[*Name of Prospective Seller*]

By:_____

 Name:_____

 Title:_____

Address:_____

 _____

 _____

Telephone:_____

Facsimile:_____

# **EXHIBIT B**

FINAL PROCEDURES NOTICE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| BankUnited Financial Corporation, *et al.*,[1] | ) Case No. 09-19940-LMI |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**NOTICE OF ENTRY OF FINAL**
**ORDER ESTABLISHING TRADING**
**PROCEDURES AND RESTRICTIONS ON**
**CERTAIN TRANSFERS OF INTERESTS IN THE DEBTOR**

TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN BANKUNITED FINANCIAL CORPORATION:

PLEASE TAKE NOTICE that, on May 22, 2009, BankUnited Financial Corporation ("BUFC")[2], BankUnited Financial Services, Incorporated ("BUFS"), and CRE America Corporation ("CRE"), as debtors and debtors in possession (collectively, the "Debtors" and together with BUFC's wholly-owned non-debtor subsidiaries, "BU"), commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Section 362(a) of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or to exercise control over property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE that, on _____, 2009, the United States Bankruptcy Court for the Southern District of Florida (the "Court"), having jurisdiction over these chapter 11 cases, upon the motion of the Debtors (the "Motion"), entered a final order (the "Final Order") (i) finding that the Debtors' interests in BU's consolidated net operating loss carryforwards ("NOLs") and certain other tax attributes (together with the NOLs, the "Tax Attributes") are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code (ii) finding that trading in BUFC Equity Securities could severely limit the Debtors' ability to use the Tax Attributes for purposes of title 26 of the United States Code (the "Tax Code"); and (iii) approving the procedures as

---

[1]        The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

[2]        All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

set forth herein to preserve the Tax Attributes pursuant to sections 105(a) and 362(a) of the Bankruptcy Code *retroactively effective as of the date of the filing of the Motion*.  **ANY ACQUISITION, DISPOSITION OR OTHER TRANSFER IN VIOLATION OF THE RESTRICTIONS SET FORTH BELOW SHALL BE NULL AND VOID AB INITIO AS AN ACT IN VIOLATION OF THE AUTOMATIC STAY UNDER SECTIONS 105(A) AND 362 OF THE BANKRUPTCY CODE.**

PLEASE TAKE FURTHER NOTICE that the following procedures and restrictions have been approved by the Court and shall apply to holding and trading in BU Stock (as defined below):

(1)    Definitions.  For purposes of this Motion and the Orders:

    a)    *BUFC Equity Securities*. "BUFC Equity Securities" shall mean BUFC's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire BUFC Equity Securities may be treated as the owner of such BUFC Equity Securities.

    b)    *Substantial Equityholder*.  A "Substantial Equityholder" is any person or entity that beneficially owns at least:

        (i)    4.75% of all issued and outstanding shares of BUFC's Class A Common Stock;

        (ii)    4.75% of all issued and outstanding shares of BUFC's Class B Common Stock;

        (iii)    4.75% of all issued and outstanding shares of BUFC's Noncumulative Convertible Preferred Stock, Series B;

        (iv)    4.75% of all issued and outstanding notes of BUFC's Senior Convertible Notes;

        (v)    4.75% of all issued and outstanding units of BUFC's 6.75% HiMEDS Units; or

        (vi)    any combination of the foregoing BUFC Equity Securities identified in (b)(i) through (b)(v) that, upon purchase, sale, or conversion, would in the aggregate constitute 4.75% of the issued and outstanding shares of either BUFC's Class A Common Stock, Class B Common Stock, or both.

c)     *Beneficial Ownership*. "Beneficial ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire BUFC Equity Securities.

d)     *Option*. An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(2)    Notice of Substantial BUFC Equity Securities Ownership. Any person or entity that beneficially owns, at any time on or after the Motion Date, BUFC Equity Securities (as defined below) in an amount sufficient to qualify such person or entity as a Substantial Equityholder (as defined below) shall file with the Court, and serve upon the Debtors, their counsel, and counsel for the Creditors' Committee, a Notice of Substantial Stock Ownership (a "Substantial Ownership Notice"), in the form attached hereto as Exhibit "1," specifically and in detail describing the BUFC Equity Securities ownership of such person or entity, on or before the date that is the later of: (a) ten (10) days after the entry of the Interim Order or (b) ten (10) days after that person or entity qualifies as a Substantial Equityholder. At the holder's election, the Substantial Ownership Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of BUFC Equity Securities that such holder beneficially owns.

(3)    Acquisition of BUFC Equity Securities or Options. At least twenty (20) calendar days before the proposed date of any transfer of equity securities (including Options, as defined below, to acquire such securities) that would result in an increase in the amount of BUFC Equity Securities beneficially owned by any person or entity that currently is or becomes a Substantial Equityholder or that would result in a person or entity becoming a Substantial

Equityholder (a "Proposed Equity Acquisition Transaction"), such person, entity or Substantial Equityholder (a "Proposed Equity Transferee") shall file with the Court, and serve upon the Debtors, their counsel, and counsel for the Creditors' Committee's, a Notice of Intent to Purchase, Acquire or Otherwise Accumulate BUFC Equity Securities (an "Equity Acquisition Notice"), in the form attached hereto as Exhibit "2," specifically and in detail describing the proposed transaction in which BUFC Equity Securities would be acquired. At the holder's election, the Equity Acquisition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of BUFC Equity Securities that such holder beneficially owns and proposes to purchase or otherwise acquire.

(4)    Disposition of BUFC Equity Securities or Options. At least twenty (20) calendar days prior to the proposed date of any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of BUFC Equity Securities beneficially owned by a Substantial Equityholder or that would result in a person or entity ceasing to be a Substantial Equityholder (a "Proposed Equity Disposition Transaction" and together with a Proposed Equity Acquisition Transaction, a "Proposed Equity Transaction"), such person, entity or Substantial Equityholder (a "Proposed Equity Transferor") shall file with the Court, and serve upon the Debtors, their counsel, and counsel for the Creditors' Committee, a Notice of Intent to Sell, Trade or Otherwise Transfer BUFC Equity Securities (an "Equity Disposition Notice"), in the form attached hereto as Exhibit "3," specifically and in detail describing the proposed transaction in which BUFC Equity Securities would be transferred.  At the holder's election, the Equity Disposition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of BUFC Equity Securities that such holder beneficially owns and proposes to sell or otherwise transfer.

(5)    Objection Procedures. The Debtors and the Creditors' Committee shall have fifteen (15) calendar days after the filing of an Equity Acquisition Notice or an Equity Disposition Notice (the "Equity Objection Deadline"), as the case may be, to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of BUFC Equity Securities described in such Equity Acquisition Notice or Equity Disposition Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "Equity Objection") as a result of an ownership change under Section 382 or Section 383 of the Tax Code.

a)    If the Debtors or the Creditors' Committee file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Acquisition Transaction or Proposed Equity Disposition Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

b)    If the Debtors or the Creditors' Committee do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors and the Creditors' Committee provide written authorization to the Proposed Equity Transferor approving the Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, before the Equity Objection Deadline, then such Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, may proceed solely as specifically described in the Equity Acquisition Notice or the Equity Disposition Notice. Any further Proposed Equity Transaction proposed by the Proposed Equity Transferor or Proposed Equity Transferee, as the case may be, shall be the subject of additional notices as set forth herein and an additional twenty (20) calendar day waiting period.

(6)    Unauthorized Transactions in BUFC Equity Securities or Options. Effective as of the Motion Date and until further order of the Court to the contrary, any acquisition, disposition or other transfer of BUFC Equity Securities in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under Sections 362 and 105(a) of the Bankruptcy Code.

(7)    The Debtors, in consultation with the Creditors' Committee (with a reasonable opportunity to consider a request), may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Motion.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE WILL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED ACQUISITION, DISPOSITION OR OTHER TRANSFER OF BU STOCK IN VIOLATION OF THE INTERIM ORDER WILL BE NULL AND VOID *AB INITIO* AND MAY LEAD TO CONTEMPT, COMPENSATORY DAMAGES, PUNITIVE DAMAGES, OR SANCTIONS BEING IMPOSED BY THE BANKRUPTCY COURT.**

**THE DEBTORS MAY WAIVE, IN WRITING, ANY AND ALL RESTRICTIONS, STAYS, AND NOTIFICATION PROCEDURES CONTAINED IN THE INTERIM ORDER.**

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated: _____, 2009.

BY ORDER OF THE COURT

## **EXHIBIT 1**

NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*,[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| | ) | (Jointly Administered) |
| _____ Debtors. _____ | ) | |

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

PLEASE TAKE NOTICE THAT [*Name of Shareholder*] hereby provides notice (the "Notice"), that, as of [*Date*], [*Name of Shareholder*] beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Shareholder*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

---

[1]     The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

For purposes of this Notice, (i) "BUFC Equity Securities" shall mean BUFC's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire BUFC Equity Securities may be treated as the owner of such BUFC Equity Securities, collectively, and (ii) "Ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (iii) any variation of the term "Ownership" (e.g., Own) shall have the same meaning and (iv) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____
[*Name of Shareholder*]

By:_____
  Name:_____
  Title:_____

Address:_____

  _____

Telephone:_____
Facsimile:_____

## **EXHIBIT 2**

EQUITY ACQUISITION NOTICE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*,[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**NOTICE OF INTENT TO PURCHASE,**
**ACQUIRE, OR OTHERWISE ACCUMULATE BUFC EQUITY SECURITIES**

PLEASE TAKE NOTICE THAT [*Name of Prospective Acquirer*] hereby provides notice (the "Notice") of its intention to purchase, acquire, or otherwise accumulate one or more shares, notes, or units of BankUnited Financial Corporation's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units (collectively, "BUFC Equity Securities") or an Option (defined below) with respect to any of the foregoing (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT [*Name of Prospective Acquirer*] currently beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

---

[1]    The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [*Name of Prospective Acquirer*] proposes to purchase, acquirer, or otherwise accumulate:

_____ shares of BankUnited Financial Corporation ("<u>BUFC</u>") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

If the Proposed Transfer is permitted to occur, [*Name of Prospective Acquirer*] will own:

_____ shares of BankUnited Financial Corporation ("<u>BUFC</u>") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Prospective Acquirer*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) calendar days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) calendar day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) calendar day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [*Name of Prospective Acquirer*] that may result in [*Name of Prospective Acquirer*] purchasing, acquiring or otherwise accumulating shares of BUFC Equity Securities (or Options with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice, (i) "Ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (x) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (y) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (z) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (ii) any variation of the term "Ownership" (e.g., Own) shall have the same meaning and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put,

stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____
[*Name of Prospective Acquirer*]

By:_____
  Name:_____
  Title:_____

Address:_____
         _____
Telephone:_____
Facsimile:_____

## **EXHIBIT 3**

EQUITY DISPOSITION NOTICE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*,[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**NOTICE OF INTENT TO SELL, TRADE,**
**OR OTHERWISE TRANSFER BUFC EQUITY SECURITIES**

PLEASE TAKE NOTICE THAT [*Name of Prospective Seller*] hereby provides notice (the "Notice") of its intention to sell, trade, or otherwise transfer one or more shares, notes, or units of BankUnited Financial Corporation's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units (collectively, "BUFC Equity Securities") or an Option (defined below) with respect to any of the foregoing (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT [*Name of Prospective Seller*] currently beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

---

[1]     The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [*Name of Prospective Seller*] proposes to sell, trade, or otherwise transfer:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

If the Proposed Transfer is permitted to occur, [*Name of Prospective Seller*] will own:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Prospective Seller*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) calendar days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) calendar day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) calendar day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [*Name of Prospective Seller*] that may result in [*Name of Prospective Seller*] purchasing, acquiring or otherwise accumulating shares of BUFC Equity Securities (or Options with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice, (i) "Ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (x) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (y) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (z) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (ii) any variation of the term "Ownership" (e.g., Own) shall have the same meaning and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put,

stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____

[*Name of Prospective Seller*]

By:_____
  Name:_____
   Title:_____

Address:_____
      _____
      _____
Telephone:_____
Facsimile:_____

# **EXHIBIT C**

PROPOSED INTERIM ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| BankUnited Financial Corporation, *et al.*,[1] | ) Case No. 09-19940-LMI |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**INTERIM ORDER (1) ESTABLISHING
TRADING PROCEDURES AND RESTRICTIONS
SO AS TO ENFORCE THE AUTOMATIC STAY TO
RESTRICT TRANSFERS OF EQUITY INTERESTS;
(2) AUTHORIZING FORM OF NOTICE AND PAYMENT
OF ADMINISTRATIVE EXPENSE FOR PUBLICATION; (3) FIXING
DEADLINE FOR OBJECTIONS; AND (4) SETTING FINAL HEARING**

THIS CAUSE came before the Court for hearing on Monday, June 8, 2009, upon the Emergency Motion for Entry of Interim and Final Orders (1) Authorizing Debtors to Establish Trading Procedures and Restrictions so as to Enforce the Automatic Stay to Restrict Transfers of Equity Interests; (2) Authorizing Form of Notice and Payment of Administrative Expense for Publication; (3) Fixing Deadline for Objections; and (4) Setting Final Hearing (the "Motion")[2] (D.E. # 43), filed by BankUnited Financial Corporation ("BUFC"), BankUnited Financial Services, Incorporated ("BUFS"), and CRE America Corporation ("CRE"), as debtors and debtors in possession (the "Debtors" and, collectively with BUFC's wholly-owned non-debtor subsidiaries, "BU"), seeking

---

[1]    The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

[2]    All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

entry of an interim order (the "Interim Order") (i) authorizing the Debtors to establish the procedures and restrictions set forth herein (the "Trading Procedures and Restrictions") *nunc pro tunc* to the date of the filing of this Motion, so as to enforce the automatic stay to protect the potential value of BU's consolidated net operating tax loss carryforwards ("NOLs") and certain other tax attributes (together with NOLs, the "Tax Attributes"); (ii) approving the form of notice of the Trading Procedures and Restrictions set forth herein and allowing the payment of publication of such notice as an administrative expense; (iii) fixing a deadline for the service and filing of objections by parties in interest; and (iv) setting a final hearing on the entry of a final order granting the foregoing relief.

The Court having read and considered the Motion, heard the argument of counsel and otherwise been duly advised in the premises, finds and determines as follows:

A.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

B.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409;

C.     This is a core proceeding pursuant to 28 U.S.C. 157(b);

D.     Notice of the Motion was good and sufficient under the circumstances, in accordance with Section 102(1) of the Bankruptcy Code;

E.     The Debtors' interests in the consolidated net operating tax loss carryforwards ("NOLs") and certain other tax attributes (together with NOLs, the

"Tax Attributes") of BU are property of the Debtors' estates, and accordingly are protected by the automatic stay imposed by section 362 of the Bankruptcy Code;

F.    Unrestricted trading of certain equity interests in BUFC during the pendency of these bankruptcy cases could severely limit the Debtors' ability to utilize the Tax Attributes for purposes of the Tax Code, as set forth in the Motion;

G.    The Trading Procedures and Restrictions on transfers of certain of BUFC's equity interests are necessary and proper to preserve the Tax Attributes and are therefore in the best interests of the Debtors, their estates, and their creditors; and

H.    The relief requested in the Motion is authorized under Sections 105(a) and 362 of the Bankruptcy Code.

Accordingly it is,

ORDERED as follows:

1.    The Motion is GRANTED on an interim basis, upon the terms and conditions set forth herein, *nunc pro tunc* to the date of the filing of the Motion.

2.    Until further Order of this Court to the contrary, any acquisition, disposition, or other transfer in violation of the Trading Procedures and Restrictions (as set forth in the Motion and reproduced below) shall be null and void *ab initio* as an act in violation of the automatic stay imposed by section 362 of the Bankruptcy Code and pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

3.    The Trading Procedures and Restrictions as set forth in the Motion are and approved by this Order are:

(1)   <u>Definitions</u>.  For purposes of this Motion and the Orders:

a)   *BUFC Equity Securities*. "<u>BUFC Equity Securities</u>" shall mean BUFC's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire BUFC Equity Securities may be treated as the owner of such BUFC Equity Securities.

b)   *Substantial Equityholder*.  A "<u>Substantial Equityholder</u>" is any person or entity that beneficially owns at least:

   (i)   4.75% of all issued and outstanding shares of BUFC's Class A Common Stock;

   (ii)   4.75% of all issued and outstanding shares of BUFC's Class B Common Stock;

   (iii)   4.75% of all issued and outstanding shares of BUFC's Noncumulative Convertible Preferred Stock, Series B;

   (iv)   4.75% of all issued and outstanding notes of BUFC's Senior Convertible Notes;

   (v)   4.75% of all issued and outstanding units of BUFC's 6.75% HiMEDS Units; or

   (vi)   any combination of the foregoing BUFC Equity Securities identified in (b)(i) through (b)(v) that, upon purchase, sale, or conversion, would in the aggregate constitute 4.75% of the issued and outstanding shares of either BUFC's Class A Common Stock, Class B Common Stock, or both.

c)   *Beneficial Ownership*.  "<u>Beneficial ownership</u>" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("<u>Treasury Regulations</u>") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of

persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire BUFC Equity Securities.

d) *Option*. An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(2) Notice of Substantial BUFC Equity Securities Ownership. Any person or entity that beneficially owns, at any time on or after the Motion Date, BUFC Equity Securities (as defined below) in an amount sufficient to qualify such person or entity as a Substantial Equityholder (as defined below) shall file with the Court, and serve upon the Debtors, their counsel, and counsel for the Creditors' Committee, a Notice of Substantial Stock Ownership (a "Substantial Ownership Notice"), in the form attached hereto as Exhibit "1," specifically and in detail describing the BUFC Equity Securities ownership of such person or entity, on or before the date that is the later of: (a) ten (10) days after the entry of the Interim Order or (b) ten (10) days after that person or entity qualifies as a Substantial Equityholder. At the holder's election, the Substantial Ownership Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of BUFC Equity Securities that such holder beneficially owns.

(3) Acquisition of BUFC Equity Securities or Options. At least twenty (20) calendar days before the proposed date of any transfer of equity securities (including Options, as defined below, to acquire such securities) that would result in an increase in the amount of BUFC Equity Securities beneficially owned by any person or entity that currently is or becomes a Substantial Equityholder or that would result in a person or entity becoming a Substantial Equityholder (a "Proposed Equity Acquisition Transaction"), such person, entity or Substantial Equityholder (a "Proposed Equity Transferee") shall file with the Court, and serve upon the Debtors, their counsel, and counsel for the Creditors' Committee's, a Notice of Intent to Purchase, Acquire or Otherwise Accumulate BUFC Equity Securities (an "Equity Acquisition Notice"), in the form attached hereto as Exhibit "2," specifically and in detail describing the proposed transaction in which BUFC Equity Securities would be acquired. At the holder's election, the Equity Acquisition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of BUFC

Equity Securities that such holder beneficially owns and proposes to purchase or otherwise acquire.

(4)    <u>Disposition of BUFC Equity Securities or Options</u>. At least twenty (20) calendar days prior to the proposed date of any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of BUFC Equity Securities beneficially owned by a Substantial Equityholder or that would result in a person or entity ceasing to be a Substantial Equityholder (a "<u>Proposed Equity Disposition Transaction</u>" and together with a Proposed Equity Acquisition Transaction, a "<u>Proposed Equity Transaction</u>"), such person, entity or Substantial Equityholder (a "<u>Proposed Equity Transferor</u>") shall file with the Court, and serve upon the Debtors, their counsel, and counsel for the Creditors' Committee, a Notice of Intent to Sell, Trade or Otherwise Transfer BUFC Equity Securities (an "<u>Equity Disposition Notice</u>"), in the form attached hereto as <u>Exhibit "3,"</u> specifically and in detail describing the proposed transaction in which BUFC Equity Securities would be transferred. At the holder's election, the Equity Disposition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of BUFC Equity Securities that such holder beneficially owns and proposes to sell or otherwise transfer.

(5)    <u>Objection Procedures</u>. The Debtors and the Creditors' Committee shall have fifteen (15) calendar days after the filing of an Equity Acquisition Notice or an Equity Disposition Notice (the "<u>Equity Objection Deadline</u>"), as the case may be, to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of BUFC Equity Securities described in such Equity Acquisition Notice or Equity Disposition Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "<u>Equity Objection</u>") as a result of an ownership change under Section 382 or Section 383 of the Tax Code.

    a)    If the Debtors or the Creditors' Committee file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Acquisition Transaction or Proposed Equity Disposition Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

    b)    If the Debtors or the Creditors' Committee do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors and the Creditors' Committee provide written authorization to the Proposed Equity Transferor approving the Proposed Equity Acquisition Transaction or the

Proposed Equity Disposition Transaction, as the case may be, before the Equity Objection Deadline, then such Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, may proceed solely as specifically described in the Equity Acquisition Notice or the Equity Disposition Notice. Any further Proposed Equity Transaction proposed by the Proposed Equity Transferor or Proposed Equity Transferee, as the case may be, shall be the subject of additional notices as set forth herein and an additional twenty (20) calendar day waiting period.

(6)    Unauthorized Transactions in BUFC Equity Securities or Options. Effective as of the Motion Date and until further order of the Court to the contrary, any acquisition, disposition or other transfer of BUFC Equity Securities in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under Sections 362 and 105(a) of the Bankruptcy Code.

(7)    The Debtors, in consultation with the Creditors' Committee (with a reasonable opportunity to consider a request), may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Motion.

4.    Any person or entity acquiring, disposing of, or transferring BUFC Equity Securities in violation of the Trading Procedures and Restrictions, or failing to comply wit the Equity Acquisition Notice or Equity Disposition Notice requirements, as may be the case, shall be subject to such sanctions as the Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

5.    The notice of the Interim Order substantially in the form annexed hereto as Exhibit "4" (the "Interim Procedures Notice") is approved.

6.    The Substantial Ownership Notice, the Equity Acquisition Notice, and the Equity Disposition Notice, substantially in the form annexed hereto, are

approved, subject to the right of the Debtors to make further revisions as may be appropriate.

7.     The Debtors shall cause the Interim Procedures Notice to be (a) served by facsimile, electronic mail, or overnight mail on the Notice Parties, (b) published on the Business Wire newswire service, and (c) published once each in The Wall Street Journal (National Edition) and The Miami Herald.

8.     The Debtors are authorized to pay as an administrative expense pursuant to 11 U.S.C. § 503(b) the expenses incurred in connection with serving or publishing, as the case may be, the Interim Procedures Notice in accordance with the terms of this Order.

9.     Upon receipt of the Interim Procedures Notice, (i) any transfer agents shall send the Interim Procedures Notice to all holders of BUFC Equity Securities registered with the transfer agent, (ii) any registered holder shall, in turn, provide the Interim Procedures Notice to any holder for whose account the registered holder holds BUFC Equity Securities, and (iii) any holder shall, in turn, provide the Interim Procedures Notice to any person or entity for whom the holder holds BUFC Equity Securities.

10.     Objections, if any, to the relief requested in the Motion, must be in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and be filed with the Clerk of the Bankruptcy Court, and served upon all parties of record.

11.     If timely objections are received, a hearing shall be held at the Claude Pepper Federal Building, 51 S.W. 1st Avenue, Courtroom 1409, Miami,

Florida, 33130, on _____, at _____ a.m. / p.m., to consider on a final basis the relief requested in the Motion, and if no objections are timely filed, served, and received in accordance with this Interim Order, the Debtors shall submit to the Court a final order granting the relief requested in the Motion.

12.     The requirements set forth in this Interim Order are in addition to the requirements of Fed.R.Bankr.P. 3001(e), applicable securities, corporate, and other laws, and do not excuse compliance therewith.

13.     The Debtors, in consultation with the Creditors' Committee (with a reasonable opportunity to consider a request), may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Interim Order.

14.     The relief granted in this Interim Order is intended solely to permit the Debtors and the Creditors' Committee to protect, preserve and maximize the value of the Tax Attributes. Accordingly, except to the extent the Interim Order expressly conditions or restricts trading in equity interests in the Debtors, nothing in this Interim Order or in the Motion shall or shall be deemed to prejudice, impair or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests during the pendency of the Debtors' bankruptcy cases.

15.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

#     #     #

Submitted by:

Mark D. Bloom, Esq.
Scott M. Grossman, Esq.
Greenberg Traurig, P.A.
Proposed Counsel for the Debtors
1221 Brickell Avenue
Miami, FL 33131
Telephone:  (305) 579-0500
Facsimile:   (305) 579-0717
E-mail:  bloomm@gtlaw.com
E-mail:  grossmansm@gtlaw.com

*(Attorney Bloom shall serve a conformed copy of this Order upon all interested parties and shall file a certificate of service.)*

# **EXHIBIT 1**

NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| BankUnited Financial Corporation, *et al.*,[1] | ) Case No. 09-19940-LMI |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

PLEASE TAKE NOTICE THAT [*Name of Shareholder*] hereby provides notice (the "Notice"), that, as of [*Date*], [*Name of Shareholder*] beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Shareholder*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

---

[1]     The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

For purposes of this Notice, (i) "BUFC Equity Securities" shall mean BUFC's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire BUFC Equity Securities may be treated as the owner of such BUFC Equity Securities, collectively, and (ii) "Ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (iii) any variation of the term "Ownership" (e.g., Own) shall have the same meaning and (iv) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____
[*Name of Shareholder*]

By:_____
  Name:_____
  Title:_____

Address:_____

     _____

Telephone:_____
Facsimile:_____

## **EXHIBIT 2**

EQUITY ACQUISITION NOTICE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*,[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**NOTICE OF INTENT TO PURCHASE,**
**ACQUIRE, OR OTHERWISE ACCUMULATE BUFC EQUITY SECURITIES**

PLEASE TAKE NOTICE THAT [*Name of Prospective Acquirer*] hereby provides notice (the "Notice") of its intention to purchase, acquire, or otherwise accumulate one or more shares, notes, or units of BankUnited Financial Corporation's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units (collectively, "BUFC Equity Securities") or an Option (defined below) with respect to any of the foregoing (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT [*Name of Prospective Acquirer*] currently beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

---

[1]     The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [*Name of Prospective Acquirer*] proposes to purchase, acquirer, or otherwise accumulate:

_____ shares of BankUnited Financial Corporation ("<u>BUFC</u>") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

If the Proposed Transfer is permitted to occur, [*Name of Prospective Acquirer*] will own:

_____ shares of BankUnited Financial Corporation ("<u>BUFC</u>") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Prospective Acquirer*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) calendar days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) calendar day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) calendar day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [*Name of Prospective Acquirer*] that may result in [*Name of Prospective Acquirer*] purchasing, acquiring or otherwise accumulating shares of BUFC Equity Securities (or Options with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice, (i) "Ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (x) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (y) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (z) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (ii) any variation of the term "Ownership" (e.g., Own) shall have the same meaning and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put,

stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____
[*Name of Prospective Acquirer*]

By:_____
 Name:_____
 Title:_____

Address:_____
        _____
        _____
Telephone:_____
Facsimile:_____

## **EXHIBIT 3**

EQUITY DISPOSITION NOTICE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| BankUnited Financial Corporation, *et al.*,[1] | ) Case No. 09-19940-LMI |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**NOTICE OF INTENT TO SELL, TRADE,**
**OR OTHERWISE TRANSFER BUFC EQUITY SECURITIES**

PLEASE TAKE NOTICE THAT [*Name of Prospective Seller*] hereby provides notice (the "Notice") of its intention to sell, trade, or otherwise transfer one or more shares, notes, or units of BankUnited Financial Corporation's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units (collectively, "BUFC Equity Securities") or an Option (defined below) with respect to any of the foregoing (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT [*Name of Prospective Seller*] currently beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

---

[1] The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [*Name of Prospective Seller*] proposes to sell, trade, or otherwise transfer:

_____ shares of BankUnited Financial Corporation ("<u>BUFC</u>") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

If the Proposed Transfer is permitted to occur, [*Name of Prospective Seller*] will own:

_____ shares of BankUnited Financial Corporation ("<u>BUFC</u>") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Prospective Seller*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) calendar days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) calendar day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) calendar day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [*Name of Prospective Seller*] that may result in [*Name of Prospective Seller*] purchasing, acquiring or otherwise accumulating shares of BUFC Equity Securities (or Options with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice, (i) "Ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (x) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (y) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (z) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (ii) any variation of the term "Ownership" (e.g., Own) shall have the same meaning and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put,

stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____

[*Name of Prospective Seller*]

By: _____
  Name: _____
  Title: _____

Address: _____
           _____
           _____
Telephone: _____
Facsimile: _____

# **EXHIBIT 4**

INTERIM PROCEDURES NOTICE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*,[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**NOTICE OF ENTRY OF INTERIM**
**ORDER ESTABLISHING TRADING**
**PROCEDURES AND RESTRICTIONS ON**
**CERTAIN TRANSFERS OF INTERESTS IN THE DEBTOR**

TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN BANKUNITED FINANCIAL CORPORATION:

PLEASE TAKE NOTICE that, on May 22, 2009, BankUnited Financial Corporation ("BUFC")[2], BankUnited Financial Services, Incorporated ("BUFS"), and CRE America Corporation ("CRE"), as debtors and debtors in possession (collectively, the "Debtors" and together with BUFC's wholly-owned non-debtor subsidiaries, "BU"), commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Section 362(a) of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or to exercise control over property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE that, on _____, 2009, the United States Bankruptcy Court for the Southern District of Florida (the "Court"), having jurisdiction over these chapter 11 cases, upon the motion of the Debtors (the "Motion"), entered an interim order (the "Interim Order") (i) finding that the Debtors' interests in BU's consolidated net operating loss carryforwards ("NOLs") and certain other tax attributes (together with the NOLs, the "Tax Attributes") are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code (ii) finding that trading in BUFC Equity Securities could severely limit the Debtors' ability to use the Tax Attributes for purposes of title 26 of the United States Code (the "Tax Code"); and (iii) approving the procedures as

---

[1]    The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

[2]    All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

set forth herein to preserve the Tax Attributes pursuant to sections 105(a) and 362(a) of the Bankruptcy Code *retroactively effective as of the date of the filing of the Motion*. **ANY ACQUISITION, DISPOSITION OR OTHER TRANSFER IN VIOLATION OF THE RESTRICTIONS SET FORTH BELOW SHALL BE NULL AND VOID AB INITIO AS AN ACT IN VIOLATION OF THE AUTOMATIC STAY UNDER SECTIONS 105(A) AND 362 OF THE BANKRUPTCY CODE.**

PLEASE TAKE FURTHER NOTICE that the following procedures and restrictions have been approved by the Court and shall apply to holding and trading in BU Stock (as defined below):

(1)    <u>Definitions</u>.  For purposes of this Motion and the Orders:

   a)    *BUFC Equity Securities*.  "<u>BUFC Equity Securities</u>" shall mean BUFC's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire BUFC Equity Securities may be treated as the owner of such BUFC Equity Securities.

   b)    *Substantial Equityholder*.  A "<u>Substantial Equityholder</u>" is any person or entity that beneficially owns at least:

      (i)    4.75% of all issued and outstanding shares of BUFC's Class A Common Stock;

      (ii)    4.75% of all issued and outstanding shares of BUFC's Class B Common Stock;

      (iii)    4.75% of all issued and outstanding shares of BUFC's Noncumulative Convertible Preferred Stock, Series B;

      (iv)    4.75% of all issued and outstanding notes of BUFC's Senior Convertible Notes;

      (v)    4.75% of all issued and outstanding units of BUFC's 6.75% HiMEDS Units; or

      (vi)    any combination of the foregoing BUFC Equity Securities identified in (b)(i) through (b)(v) that, upon purchase, sale, or conversion, would in the aggregate constitute 4.75% of the issued and outstanding shares of either BUFC's Class A Common Stock, Class B Common Stock, or both.

c)      *Beneficial Ownership*.  "<u>Beneficial ownership</u>" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("<u>Treasury Regulations</u>") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire BUFC Equity Securities.

d)      *Option*.  An "<u>Option</u>" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(2)     <u>Notice of Substantial BUFC Equity Securities Ownership</u>.  Any person or entity that beneficially owns, at any time on or after the Motion Date, BUFC Equity Securities (as defined below) in an amount sufficient to qualify such person or entity as a Substantial Equityholder (as defined below) shall file with the Court, and serve upon the Debtors, their counsel, and counsel for the Creditors' Committee, a Notice of Substantial Stock Ownership (a "<u>Substantial Ownership Notice</u>"), in the form attached hereto as <u>Exhibit "1,"</u> specifically and in detail describing the BUFC Equity Securities ownership of such person or entity, on or before the date that is the later of: (a) ten (10) days after the entry of the Interim Order or (b) ten (10) days after that person or entity qualifies as a Substantial Equityholder.  At the holder's election, the Substantial Ownership Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of BUFC Equity Securities that such holder beneficially owns.

(3)     <u>Acquisition of BUFC Equity Securities or Options</u>.  At least twenty (20) calendar days before the proposed date of any transfer of equity securities (including Options, as defined below, to acquire such securities) that would result in an increase in the amount of BUFC Equity Securities beneficially owned by any person or entity that currently is or becomes a Substantial Equityholder or that would result in a person or entity becoming a Substantial

Equityholder (a "Proposed Equity Acquisition Transaction"), such person, entity or Substantial Equityholder (a "Proposed Equity Transferee") shall file with the Court, and serve upon the Debtors, their counsel, and counsel for the Creditors' Committee's, a Notice of Intent to Purchase, Acquire or Otherwise Accumulate BUFC Equity Securities (an "Equity Acquisition Notice"), in the form attached hereto as Exhibit "2," specifically and in detail describing the proposed transaction in which BUFC Equity Securities would be acquired. At the holder's election, the Equity Acquisition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of BUFC Equity Securities that such holder beneficially owns and proposes to purchase or otherwise acquire.

(4)     Disposition of BUFC Equity Securities or Options. At least twenty (20) calendar days prior to the proposed date of any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of BUFC Equity Securities beneficially owned by a Substantial Equityholder or that would result in a person or entity ceasing to be a Substantial Equityholder (a "Proposed Equity Disposition Transaction" and together with a Proposed Equity Acquisition Transaction, a "Proposed Equity Transaction"), such person, entity or Substantial Equityholder (a "Proposed Equity Transferor") shall file with the Court, and serve upon the Debtors, their counsel, and counsel for the Creditors' Committee, a Notice of Intent to Sell, Trade or Otherwise Transfer BUFC Equity Securities (an "Equity Disposition Notice"), in the form attached hereto as Exhibit "3," specifically and in detail describing the proposed transaction in which BUFC Equity Securities would be transferred.  At the holder's election, the Equity Disposition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of BUFC Equity Securities that such holder beneficially owns and proposes to sell or otherwise transfer.

(5)     Objection Procedures. The Debtors and the Creditors' Committee shall have fifteen (15) calendar days after the filing of an Equity Acquisition Notice or an Equity Disposition Notice (the "Equity Objection Deadline"), as the case may be, to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of BUFC Equity Securities described in such Equity Acquisition Notice or Equity Disposition Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "Equity Objection") as a result of an ownership change under Section 382 or Section 383 of the Tax Code.

a)    If the Debtors or the Creditors' Committee file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Acquisition Transaction or Proposed Equity Disposition Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

b)    If the Debtors or the Creditors' Committee do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors and the Creditors' Committee provide written authorization to the Proposed Equity Transferor approving the Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, before the Equity Objection Deadline, then such Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, may proceed solely as specifically described in the Equity Acquisition Notice or the Equity Disposition Notice. Any further Proposed Equity Transaction proposed by the Proposed Equity Transferor or Proposed Equity Transferee, as the case may be, shall be the subject of additional notices as set forth herein and an additional twenty (20) calendar day waiting period.

(6)    <u>Unauthorized Transactions in BUFC Equity Securities or Options</u>. Effective as of the Motion Date and until further order of the Court to the contrary, any acquisition, disposition or other transfer of BUFC Equity Securities in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under Sections 362 and 105(a) of the Bankruptcy Code.

(7)    The Debtors, in consultation with the Creditors' Committee (with a reasonable opportunity to consider a request), may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Motion.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE WILL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED ACQUISITION, DISPOSITION OR OTHER TRANSFER OF BU STOCK IN VIOLATION OF THE INTERIM ORDER WILL BE NULL AND VOID *AB INITIO* AND MAY LEAD TO CONTEMPT, COMPENSATORY DAMAGES, PUNITIVE DAMAGES, OR SANCTIONS BEING IMPOSED BY THE BANKRUPTCY COURT.**

**THE DEBTORS MAY WAIVE, IN WRITING, ANY AND ALL RESTRICTIONS, STAYS, AND NOTIFICATION PROCEDURES CONTAINED IN THE INTERIM ORDER.**

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

PLEASE TAKE FURTHER NOTICE that a final hearing to determine whether the procedures described herein will be approved on a final basis will be held on _____, 2009.

Dated: _____, 2009.

BY ORDER OF THE COURT

## **EXHIBIT 1**

NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*,[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| | ) | (Jointly Administered) |
| _____ Debtors. _____ | ) | |

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

PLEASE TAKE NOTICE THAT [*Name of Shareholder*] hereby provides notice (the "Notice"), that, as of [*Date*], [*Name of Shareholder*] beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Shareholder*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

---

[1]     The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

For purposes of this Notice, (i) "BUFC Equity Securities" shall mean BUFC's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire BUFC Equity Securities may be treated as the owner of such BUFC Equity Securities, collectively, and (ii) "Ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (iii) any variation of the term "Ownership" (e.g., Own) shall have the same meaning and (iv) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____
[*Name of Shareholder*]

By:_____
 Name:_____
 Title:_____

Address:_____

 _____

Telephone:_____
Facsimile:_____

**EXHIBIT 2**

EQUITY ACQUISITION NOTICE

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| BankUnited Financial Corporation, *et al.*,[1] | ) Case No. 09-19940-LMI |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

# NOTICE OF INTENT TO PURCHASE,
## ACQUIRE, OR OTHERWISE ACCUMULATE BUFC EQUITY SECURITIES

PLEASE TAKE NOTICE THAT [*Name of Prospective Acquirer*] hereby provides notice (the "Notice") of its intention to purchase, acquire, or otherwise accumulate one or more shares, notes, or units of BankUnited Financial Corporation's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units (collectively, "BUFC Equity Securities") or an Option (defined below) with respect to any of the foregoing (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT [*Name of Prospective Acquirer*] currently beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

---

[1]    The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [*Name of Prospective Acquirer*] proposes to purchase, acquirer, or otherwise accumulate:

_____ shares of BankUnited Financial Corporation ("<u>BUFC</u>") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

If the Proposed Transfer is permitted to occur, [*Name of Prospective Acquirer*] will own:

_____ shares of BankUnited Financial Corporation ("<u>BUFC</u>") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Prospective Acquirer*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) calendar days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) calendar day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) calendar day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [*Name of Prospective Acquirer*] that may result in [*Name of Prospective Acquirer*] purchasing, acquiring or otherwise accumulating shares of BUFC Equity Securities (or Options with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice, (i) "Ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (x) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (y) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (z) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (ii) any variation of the term "Ownership" (e.g., Own) shall have the same meaning and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put,

stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____

[*Name of Prospective Acquirer*]

By:_____
  Name:_____
   Title:_____

Address:_____
        _____
        _____
Telephone:_____
Facsimile:_____

## **EXHIBIT 3**

EQUITY DISPOSITION NOTICE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*,[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**NOTICE OF INTENT TO SELL, TRADE,**
**OR OTHERWISE TRANSFER BUFC EQUITY SECURITIES**

PLEASE TAKE NOTICE THAT [*Name of Prospective Seller*] hereby provides notice (the "Notice") of its intention to sell, trade, or otherwise transfer one or more shares, notes, or units of BankUnited Financial Corporation's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units (collectively, "BUFC Equity Securities") or an Option (defined below) with respect to any of the foregoing (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT [*Name of Prospective Seller*] currently beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

---

[1]     The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [*Name of Prospective Seller*] proposes to sell, trade, or otherwise transfer:

_____ shares of BankUnited Financial Corporation ("<u>BUFC</u>") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

If the Proposed Transfer is permitted to occur, [*Name of Prospective Seller*] will own:

_____ shares of BankUnited Financial Corporation ("<u>BUFC</u>") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Prospective Seller*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) calendar days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) calendar day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) calendar day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [*Name of Prospective Seller*] that may result in [*Name of Prospective Seller*] purchasing, acquiring or otherwise accumulating shares of BUFC Equity Securities (or Options with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice, (i) "Ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (x) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (y) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (z) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (ii) any variation of the term "Ownership" (e.g., Own) shall have the same meaning and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put,

stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____

[*Name of Prospective Seller*]

By:_____
  Name:_____
  Title:_____

Address:_____

  _____

  _____

Telephone:_____
Facsimile:_____

## **EXHIBIT D**

PROPOSED FINAL ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*,[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**FINAL ORDER (1)**
**ESTABLISHING TRADING PROCEDURES**
**AND RESTRICTIONS SO AS TO ENFORCE**
**THE AUTOMATIC STAY TO RESTRICT TRANSFERS OF**
**EQUITY INTERESTS; AND (2) AUTHORIZING FORM OF NOTICE**
**AND PAYMENT OF ADMINISTRATIVE EXPENSE FOR PUBLICATION**

THIS CAUSE came before the Court for hearing on Monday, June 8, 2009, upon the Emergency Motion for Entry of Interim and Final Orders (1) Authorizing Debtors to Establish Trading Procedures and Restrictions so as to Enforce the Automatic Stay to Restrict Transfers of Equity Interests; (2) Authorizing Form of Notice and Payment of Administrative Expense for Publication; (3) Fixing Deadline for Objections; and (4) Setting Final Hearing (the "Motion")[2] (D.E. # 43), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an final order (the "Final Order") (i) authorizing the Debtors to establish the procedures and restrictions set forth herein (the "Trading Procedures and Restrictions") *nunc pro tunc* to the date of the filing of this Motion, so as to enforce the automatic stay to protect the

---

[1]    The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

[2] All capitalized terms not expressly defined herein shall the meaning ascribed to them in the Motion.

potential value of BU's consolidated net operating tax loss carryforwards ("NOLs") and certain other tax attributes (together with NOLs, the "Tax Attributes"); and (ii) approving the form of notice of the Trading Procedures and Restrictions set forth herein and allowing the payment of publication of such notice as an administrative expense.

The Court having read and considered the Motion, heard the argument of counsel and otherwise been duly advised in the premises, finds and determines as follows:

A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

B.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409;

C.    This is a core proceeding pursuant to 28 U.S.C. 157(b);

D.    Notice of the Motion was good and sufficient under the circumstances, in accordance with Section 102(1) of the Bankruptcy Code;

E.    The Debtors' interests in the consolidated net operating tax loss carryforwards ("NOLs") and certain other tax attributes (together with NOLs, the "Tax Attributes") of BU are property of the Debtors' estates, and accordingly are protected by the automatic stay imposed by section 362 of the Bankruptcy Code;

F.    Unrestricted trading of certain equity interests in BUFC during the pendency of these bankruptcy cases could severely limit the Debtors' ability to utilize the Tax Attributes for purposes of the Tax Code, as set forth in the Motion;

G.     The Trading Procedures and Restrictions on transfers of certain of BUFC's equity interests are necessary and proper to preserve the Tax Attributes and are therefore in the best interests of the Debtors, their estates, and their creditors; and

H.     The relief requested in the Motion is authorized under Sections 105(a) and 362 of the Bankruptcy Code.

Accordingly, it is,

ORDERED as follows:

1.     The Motion is GRANTED, upon the terms and conditions set forth herein, *nunc pro tunc* to the date of the filing of the Motion.

2.     Until further Order of this Court to the contrary, any acquisition, disposition, or other transfer in violation of the Trading Procedures and Restrictions (as set forth in the Motion and reproduced below) shall be null and void *ab initio* as an act in violation of the automatic stay imposed by section 362 of the Bankruptcy Code and pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

3.     The Trading Procedures and Restrictions as set forth in the Motion are and approved by this Order are:

(1)     Definitions.  For purposes of this Motion and the Orders:

a)     *BUFC Equity Securities*. "BUFC Equity Securities" shall mean BUFC's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire BUFC Equity Securities may be treated as the owner of such BUFC Equity Securities.

b)      *Substantial Equityholder.*  A "Substantial Equityholder" is any person or entity that beneficially owns at least:

    (i)      4.75% of all issued and outstanding shares of BUFC's Class A Common Stock;

    (ii)     4.75% of all issued and outstanding shares of BUFC's Class B Common Stock;

    (iii)    4.75% of all issued and outstanding shares of BUFC's Noncumulative Convertible Preferred Stock, Series B;

    (iv)     4.75% of all issued and outstanding notes of BUFC's Senior Convertible Notes;

    (v)      4.75% of all issued and outstanding units of BUFC's 6.75% HiMEDS Units; or

    (vi)     any combination of the foregoing BUFC Equity Securities identified in (b)(i) through (b)(v) that, upon purchase, sale, or conversion, would in the aggregate constitute 4.75% of the issued and outstanding shares of either BUFC's Class A Common Stock, Class B Common Stock, or both.

c)      *Beneficial Ownership.*  "Beneficial ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire BUFC Equity Securities.

d)      *Option.*  An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(2)     <u>Notice of Substantial BUFC Equity Securities Ownership</u>.   Any person or entity that beneficially owns, at any time on or after the Motion Date, BUFC Equity Securities (as defined below) in an amount sufficient to qualify such person or entity as a Substantial Equityholder (as defined below) shall file with the Court, and serve upon the Debtors, their counsel, and counsel for the Creditors' Committee, a Notice of Substantial Stock Ownership (a "<u>Substantial Ownership Notice</u>"), in the form attached hereto as <u>Exhibit "1,"</u> specifically and in detail describing the BUFC Equity Securities ownership of such person or entity, on or before the date that is the later of: (a) ten (10) days after the entry of the Final Order or (b) ten (10) days after that person or entity qualifies as a Substantial Equityholder.  At the holder's election, the Substantial Ownership Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of BUFC Equity Securities that such holder beneficially owns.

(3)     <u>Acquisition of BUFC Equity Securities or Options</u>.  At least twenty (20) calendar days before the proposed date of any transfer of equity securities (including Options, as defined below, to acquire such securities) that would result in an increase in the amount of BUFC Equity Securities beneficially owned by any person or entity that currently is or becomes a Substantial Equityholder or that would result in a person or entity becoming a Substantial Equityholder (a "<u>Proposed Equity Acquisition Transaction</u>"), such person, entity or Substantial Equityholder (a "<u>Proposed Equity Transferee</u>") shall file with the Court, and serve upon the Debtors, their counsel, and counsel for the Creditors' Committee's, a Notice of Intent to Purchase, Acquire or Otherwise Accumulate BUFC Equity Securities (an "<u>Equity Acquisition Notice</u>"), in the form attached hereto as <u>Exhibit "2,"</u> specifically and in detail describing the proposed transaction in which BUFC Equity Securities would be acquired. At the holder's election, the Equity Acquisition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of BUFC Equity Securities that such holder beneficially owns and proposes to purchase or otherwise acquire.

(4)     <u>Disposition of BUFC Equity Securities or Options</u>. At least twenty (20) calendar days prior to the proposed date of any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of BUFC Equity Securities beneficially owned by a Substantial Equityholder or that would result in a person or entity ceasing to be a Substantial Equityholder (a "<u>Proposed Equity Disposition Transaction</u>" and together with a Proposed Equity Acquisition Transaction, a "<u>Proposed Equity Transaction</u>"), such person, entity or Substantial Equityholder (a

"Proposed Equity Transferor") shall file with the Court, and serve upon the Debtors, their counsel, and counsel for the Creditors' Committee, a Notice of Intent to Sell, Trade or Otherwise Transfer BUFC Equity Securities (an "Equity Disposition Notice"), in the form attached hereto as Exhibit "3," specifically and in detail describing the proposed transaction in which BUFC Equity Securities would be transferred.  At the holder's election, the Equity Disposition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of BUFC Equity Securities that such holder beneficially owns and proposes to sell or otherwise transfer.

(5)   Objection Procedures. The Debtors and the Creditors' Committee shall have fifteen (15) calendar days after the filing of an Equity Acquisition Notice or an Equity Disposition Notice (the "Equity Objection Deadline"), as the case may be, to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of BUFC Equity Securities described in such Equity Acquisition Notice or Equity Disposition Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "Equity Objection") as a result of an ownership change under Section 382 or Section 383 of the Tax Code.

   a)   If the Debtors or the Creditors' Committee file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Acquisition Transaction or Proposed Equity Disposition Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

   b)   If the Debtors or the Creditors' Committee do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors and the Creditors' Committee provide written authorization to the Proposed Equity Transferor approving the Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, before the Equity Objection Deadline, then such Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, may proceed solely as specifically described in the Equity Acquisition Notice or the Equity Disposition Notice.  Any further Proposed Equity Transaction proposed by the Proposed Equity Transferor or Proposed Equity Transferee, as the case may be, shall be the subject of additional notices as set forth herein and an additional twenty (20) calendar day waiting period.

(6)     <u>Unauthorized Transactions in BUFC Equity Securities or Options</u>. Effective as of the Motion Date and until further order of the Court to the contrary, any acquisition, disposition or other transfer of BUFC Equity Securities in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under Sections 362 and 105(a) of the Bankruptcy Code.

(7)     The Debtors, in consultation with the Creditors' Committee (with a reasonable opportunity to consider a request), may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Motion.

4.      Any person or entity acquiring, disposing of, or transferring BUFC Equity Securities in violation of the Trading Procedures and Restrictions, or failing to comply wit the Equity Acquisition Notice or Equity Disposition Notice requirements, as may be the case, shall be subject to such sanctions as the Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

5.      The notice of the Final Order substantially in the form annexed hereto as <u>Exhibit "4"</u> (the "<u>Final Procedures Notice</u>") is approved.

6.      The Substantial Ownership Notice, the Equity Acquisition Notice, and the Equity Disposition Notice, substantially in the form annexed hereto, are approved, subject to the right of the Debtors to make further revisions as may be appropriate.

7.      The Debtors shall cause the Final Procedures Notice to be (a) served by facsimile, electronic mail, or overnight mail on the Notice Parties, (b) published on the Business Wire newswire service, and (c) published once each in <u>The Wall Street Journal</u> (National Edition) and <u>The Miami Herald</u>.

8.      The Debtors are authorized to pay as an administrative expense pursuant to 11 U.S.C. § 503(b) the expenses incurred in connection with serving or publishing, as the case may be, the Final Procedures Notice in accordance with the terms of this Order.

9.      Upon receipt of the Final Procedures Notice, (i) any transfer agents shall send the Final Procedures Notice to all holders of BUFC Equity Securities registered with the transfer agent, (ii) any registered holder shall, in turn, provide the Final Procedures Notice to any holder for whose account the registered holder holds BUFC Equity Securities, and (iii) any holder shall, in turn, provide the Final Procedures Notice to any person or entity for whom the holder holds BUFC Equity Securities.

10.     The requirements set forth in this Final Order are in addition to the requirements of Fed.R.Bankr.P. 3001(e), applicable securities, corporate, and other laws, and do not excuse compliance therewith.

11.     The Debtors, in consultation with the Creditors' Committee (with a reasonable opportunity to consider a request), may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Final Order.

12.     The relief granted in this Final Order is intended solely to permit the Debtors and the Creditors' Committee to protect, preserve and maximize the value of the Tax Attributes. Accordingly, except to the extent the Final Order expressly conditions or restricts trading in equity interests in the Debtors, nothing in this Final Order or in the Motion shall or shall be deemed to prejudice, impair or otherwise alter or affect the rights of any holders of interests in the Debtors,

including in connection with the treatment of any such interests during the pendency of the Debtors' bankruptcy cases.

13.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

#      #      #

Submitted by:

Mark D. Bloom, Esq.
Scott M. Grossman, Esq.
Greenberg Traurig, P.A.
Proposed Counsel for the Debtors
1221 Brickell Avenue
Miami, FL 33131
Telephone:  (305) 579-0500
Facsimile:  (305) 579-0717
E-mail:  bloomm@gtlaw.com
E-mail:  grossmansm@gtlaw.com

*(Attorney Bloom shall serve a conformed copy of this Order upon all interested parties and shall file a certificate of service.)*

# **EXHIBIT 1**

NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| BankUnited Financial Corporation, *et al.*,[1] | ) Case No. 09-19940-LMI |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

PLEASE TAKE NOTICE THAT [*Name of Shareholder*] hereby provides notice (the "Notice"), that, as of [*Date*], [*Name of Shareholder*] beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Shareholder*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

---

[1]    The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

For purposes of this Notice, (i) "BUFC Equity Securities" shall mean BUFC's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire BUFC Equity Securities may be treated as the owner of such BUFC Equity Securities, collectively, and (ii) "Ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (iii) any variation of the term "Ownership" (e.g., Own) shall have the same meaning and (iv) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____
[*Name of Shareholder*]

By:_____
  Name:_____
  Title:_____

Address:_____

  _____

Telephone:_____
Facsimile:_____

## **EXHIBIT 2**

EQUITY ACQUISITION NOTICE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*,[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| | ) | (Jointly Administered) |
| _____Debtors._____ | ) | |

**NOTICE OF INTENT TO PURCHASE,**
**ACQUIRE, OR OTHERWISE ACCUMULATE BUFC EQUITY SECURITIES**

PLEASE TAKE NOTICE THAT [*Name of Prospective Acquirer*] hereby provides notice (the "Notice") of its intention to purchase, acquire, or otherwise accumulate one or more shares, notes, or units of BankUnited Financial Corporation's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units (collectively, "BUFC Equity Securities") or an Option (defined below) with respect to any of the foregoing (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT [*Name of Prospective Acquirer*] currently beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

---

[1] The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [*Name of Prospective Acquirer*] proposes to purchase, acquirer, or otherwise accumulate:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

If the Proposed Transfer is permitted to occur, [*Name of Prospective Acquirer*] will own:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Prospective Acquirer*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) calendar days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) calendar day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) calendar day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [*Name of Prospective Acquirer*] that may result in [*Name of Prospective Acquirer*] purchasing, acquiring or otherwise accumulating shares of BUFC Equity Securities (or Options with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice, (i) "Ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (x) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (y) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (z) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (ii) any variation of the term "Ownership" (e.g., Own) shall have the same meaning and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put,

stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____

[*Name of Prospective Acquirer*]

By:_____
  Name:_____
  Title:_____

Address:_____

  _____

Telephone:_____
Facsimile:_____

# **EXHIBIT 3**

EQUITY DISPOSITION NOTICE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| BankUnited Financial Corporation, *et al.*,[1] | ) Case No. 09-19940-LMI |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**NOTICE OF INTENT TO SELL, TRADE,**
**OR OTHERWISE TRANSFER BUFC EQUITY SECURITIES**

PLEASE TAKE NOTICE THAT [*Name of Prospective Seller*] hereby provides notice (the "Notice") of its intention to sell, trade, or otherwise transfer one or more shares, notes, or units of BankUnited Financial Corporation's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units (collectively, "BUFC Equity Securities") or an Option (defined below) with respect to any of the foregoing (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT [*Name of Prospective Seller*] currently beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

---

[1] The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [*Name of Prospective Seller*] proposes to sell, trade, or otherwise transfer:

_____ shares of BankUnited Financial Corporation ("<u>BUFC</u>") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

If the Proposed Transfer is permitted to occur, [*Name of Prospective Seller*] will own:

_____ shares of BankUnited Financial Corporation ("<u>BUFC</u>") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Prospective Seller*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) calendar days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) calendar day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) calendar day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [*Name of Prospective Seller*] that may result in [*Name of Prospective Seller*] purchasing, acquiring or otherwise accumulating shares of BUFC Equity Securities (or Options with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice, (i) "Ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (x) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (y) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (z) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (ii) any variation of the term "Ownership" (e.g., Own) shall have the same meaning and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put,

stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____

[*Name of Prospective Seller*]

By:_____
  Name:_____
  Title:_____

Address:_____
    _____
    _____
Telephone:_____
Facsimile:_____

## **EXHIBIT 4**

FINAL PROCEDURES NOTICE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*,[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**NOTICE OF ENTRY OF FINAL**
**ORDER ESTABLISHING TRADING**
**PROCEDURES AND RESTRICTIONS ON**
**CERTAIN TRANSFERS OF INTERESTS IN THE DEBTOR**

TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN BANKUNITED FINANCIAL CORPORATION:

PLEASE TAKE NOTICE that, on May 22, 2009, BankUnited Financial Corporation ("BUFC")[2], BankUnited Financial Services, Incorporated ("BUFS"), and CRE America Corporation ("CRE"), as debtors and debtors in possession (collectively, the "Debtors" and together with BUFC's wholly-owned non-debtor subsidiaries, "BU"), commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Section 362(a) of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or to exercise control over property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE that, on _____, 2009, the United States Bankruptcy Court for the Southern District of Florida (the "Court"), having jurisdiction over these chapter 11 cases, upon the motion of the Debtors (the "Motion"), entered a final order (the "Final Order") (i) finding that the Debtors' interests in BU's consolidated net operating loss carryforwards ("NOLs") and certain other tax attributes (together with the NOLs, the "Tax Attributes") are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code (ii) finding that trading in BUFC Equity Securities could severely limit the Debtors' ability to use the Tax Attributes for purposes of title 26 of the United States Code (the "Tax Code"); and (iii) approving the procedures as

---

[1]     The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

[2]     All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

set forth herein to preserve the Tax Attributes pursuant to sections 105(a) and 362(a) of the Bankruptcy Code *retroactively effective as of the date of the filing of the Motion*. **ANY ACQUISITION, DISPOSITION OR OTHER TRANSFER IN VIOLATION OF THE RESTRICTIONS SET FORTH BELOW SHALL BE NULL AND VOID AB INITIO AS AN ACT IN VIOLATION OF THE AUTOMATIC STAY UNDER SECTIONS 105(A) AND 362 OF THE BANKRUPTCY CODE.**

PLEASE TAKE FURTHER NOTICE that the following procedures and restrictions have been approved by the Court and shall apply to holding and trading in BU Stock (as defined below):

(1)    Definitions.  For purposes of this Motion and the Orders:

a)    *BUFC Equity Securities*. "BUFC Equity Securities" shall mean BUFC's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire BUFC Equity Securities may be treated as the owner of such BUFC Equity Securities.

b)    *Substantial Equityholder*.  A "Substantial Equityholder" is any person or entity that beneficially owns at least:

(i)    4.75% of all issued and outstanding shares of BUFC's Class A Common Stock;

(ii)    4.75% of all issued and outstanding shares of BUFC's Class B Common Stock;

(iii)    4.75% of all issued and outstanding shares of BUFC's Noncumulative Convertible Preferred Stock, Series B;

(iv)    4.75% of all issued and outstanding notes of BUFC's Senior Convertible Notes;

(v)    4.75% of all issued and outstanding units of BUFC's 6.75% HiMEDS Units; or

(vi)    any combination of the foregoing BUFC Equity Securities identified in (b)(i) through (b)(v) that, upon purchase, sale, or conversion, would in the aggregate constitute 4.75% of the issued and outstanding shares of either BUFC's Class A Common Stock, Class B Common Stock, or both.

c)    *Beneficial Ownership*. "Beneficial ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire BUFC Equity Securities.

d)    *Option*.  An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(2)    Notice of Substantial BUFC Equity Securities Ownership.   Any person or entity that beneficially owns, at any time on or after the Motion Date, BUFC Equity Securities (as defined below) in an amount sufficient to qualify such person or entity as a Substantial Equityholder (as defined below) shall file with the Court, and serve upon the Debtors, their counsel, and counsel for the Creditors' Committee, a Notice of Substantial Stock Ownership (a "Substantial Ownership Notice"), in the form attached hereto as Exhibit "1," specifically and in detail describing the BUFC Equity Securities ownership of such person or entity, on or before the date that is the later of: (a) ten (10) days after the entry of the Interim Order or (b) ten (10) days after that person or entity qualifies as a Substantial Equityholder.  At the holder's election, the Substantial Ownership Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of BUFC Equity Securities that such holder beneficially owns.

(3)    Acquisition of BUFC Equity Securities or Options.  At least twenty (20) calendar days before the proposed date of any transfer of equity securities (including Options, as defined below, to acquire such securities) that would result in an increase in the amount of BUFC Equity Securities beneficially owned by any person or entity that currently is or becomes a Substantial Equityholder or that would result in a person or entity becoming a Substantial

Equityholder (a "Proposed Equity Acquisition Transaction"), such person, entity or Substantial Equityholder (a "Proposed Equity Transferee") shall file with the Court, and serve upon the Debtors, their counsel, and counsel for the Creditors' Committee's, a Notice of Intent to Purchase, Acquire or Otherwise Accumulate BUFC Equity Securities (an "Equity Acquisition Notice"), in the form attached hereto as Exhibit "2," specifically and in detail describing the proposed transaction in which BUFC Equity Securities would be acquired. At the holder's election, the Equity Acquisition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of BUFC Equity Securities that such holder beneficially owns and proposes to purchase or otherwise acquire.

(4)     Disposition of BUFC Equity Securities or Options. At least twenty (20) calendar days prior to the proposed date of any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of BUFC Equity Securities beneficially owned by a Substantial Equityholder or that would result in a person or entity ceasing to be a Substantial Equityholder (a "Proposed Equity Disposition Transaction" and together with a Proposed Equity Acquisition Transaction, a "Proposed Equity Transaction"), such person, entity or Substantial Equityholder (a "Proposed Equity Transferor") shall file with the Court, and serve upon the Debtors, their counsel, and counsel for the Creditors' Committee, a Notice of Intent to Sell, Trade or Otherwise Transfer BUFC Equity Securities (an "Equity Disposition Notice"), in the form attached hereto as Exhibit "3," specifically and in detail describing the proposed transaction in which BUFC Equity Securities would be transferred.  At the holder's election, the Equity Disposition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of BUFC Equity Securities that such holder beneficially owns and proposes to sell or otherwise transfer.

(5)     Objection Procedures. The Debtors and the Creditors' Committee shall have fifteen (15) calendar days after the filing of an Equity Acquisition Notice or an Equity Disposition Notice (the "Equity Objection Deadline"), as the case may be, to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of BUFC Equity Securities described in such Equity Acquisition Notice or Equity Disposition Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "Equity Objection") as a result of an ownership change under Section 382 or Section 383 of the Tax Code.

a)      If the Debtors or the Creditors' Committee file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Acquisition Transaction or Proposed Equity Disposition Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

b)      If the Debtors or the Creditors' Committee do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors and the Creditors' Committee provide written authorization to the Proposed Equity Transferor approving the Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, before the Equity Objection Deadline, then such Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, may proceed solely as specifically described in the Equity Acquisition Notice or the Equity Disposition Notice.  Any further Proposed Equity Transaction proposed by the Proposed Equity Transferor or Proposed Equity Transferee, as the case may be, shall be the subject of additional notices as set forth herein and an additional twenty (20) calendar day waiting period.

(6)     <u>Unauthorized Transactions in BUFC Equity Securities or Options</u>. Effective as of the Motion Date and until further order of the Court to the contrary, any acquisition, disposition or other transfer of BUFC Equity Securities in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under Sections 362 and 105(a) of the Bankruptcy Code.

(7)     The Debtors, in consultation with the Creditors' Committee (with a reasonable opportunity to consider a request), may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Motion.


**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE WILL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED ACQUISITION, DISPOSITION OR OTHER TRANSFER OF BU STOCK IN VIOLATION OF THE INTERIM ORDER WILL BE NULL AND VOID *AB INITIO* AND MAY LEAD TO CONTEMPT, COMPENSATORY DAMAGES, PUNITIVE DAMAGES, OR SANCTIONS BEING IMPOSED BY THE BANKRUPTCY COURT.**

**THE DEBTORS MAY WAIVE, IN WRITING, ANY AND ALL RESTRICTIONS, STAYS, AND NOTIFICATION PROCEDURES CONTAINED IN THE INTERIM ORDER.**

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated: _____, 2009.

BY ORDER OF THE COURT

# **EXHIBIT 1**

NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*,[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

PLEASE TAKE NOTICE THAT [*Name of Shareholder*] hereby provides notice (the "Notice"), that, as of [*Date*], [*Name of Shareholder*] beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Shareholder*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

---

[1]     The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

For purposes of this Notice, (i) "BUFC Equity Securities" shall mean BUFC's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire BUFC Equity Securities may be treated as the owner of such BUFC Equity Securities, collectively, and (ii) "Ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (iii) any variation of the term "Ownership" (e.g., Own) shall have the same meaning and (iv) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____
[*Name of Shareholder*]

By:_____
  Name:_____
  Title:_____

Address:_____

         _____

Telephone:_____
Facsimile:_____

# **EXHIBIT 2**

EQUITY ACQUISITION NOTICE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*,[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| | ) | (Jointly Administered) |
| _____ Debtors. _____ | ) | |

**NOTICE OF INTENT TO PURCHASE,**
**ACQUIRE, OR OTHERWISE ACCUMULATE BUFC EQUITY SECURITIES**

PLEASE TAKE NOTICE THAT [*Name of Prospective Acquirer*] hereby provides notice (the "Notice") of its intention to purchase, acquire, or otherwise accumulate one or more shares, notes, or units of BankUnited Financial Corporation's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units (collectively, "BUFC Equity Securities") or an Option (defined below) with respect to any of the foregoing (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT [*Name of Prospective Acquirer*] currently beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

---

[1]    The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [*Name of Prospective Acquirer*] proposes to purchase, acquirer, or otherwise accumulate:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

If the Proposed Transfer is permitted to occur, [*Name of Prospective Acquirer*] will own:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Prospective Acquirer*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) calendar days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) calendar day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) calendar day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [*Name of Prospective Acquirer*] that may result in [*Name of Prospective Acquirer*] purchasing, acquiring or otherwise accumulating shares of BUFC Equity Securities (or Options with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice, (i) "Ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (x) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (y) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (z) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (ii) any variation of the term "Ownership" (e.g., Own) shall have the same meaning and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put,

stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____

[*Name of Prospective Acquirer*]

By:_____
  Name:_____
   Title:_____

Address:_____

          _____

Telephone:_____
Facsimile:_____

## **EXHIBIT 3**

EQUITY DISPOSITION NOTICE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| BankUnited Financial Corporation, *et al.*,[1] | ) Case No. 09-19940-LMI |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**NOTICE OF INTENT TO SELL, TRADE,**
**OR OTHERWISE TRANSFER BUFC EQUITY SECURITIES**

PLEASE TAKE NOTICE THAT [*Name of Prospective Seller*] hereby provides notice (the "Notice") of its intention to sell, trade, or otherwise transfer one or more shares, notes, or units of BankUnited Financial Corporation's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units (collectively, "BUFC Equity Securities") or an Option (defined below) with respect to any of the foregoing (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT [*Name of Prospective Seller*] currently beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

---

[1]     The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [*Name of Prospective Seller*] proposes to sell, trade, or otherwise transfer:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

If the Proposed Transfer is permitted to occur, [*Name of Prospective Seller*] will own:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Prospective Seller*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) calendar days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) calendar day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) calendar day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [*Name of Prospective Seller*] that may result in [*Name of Prospective Seller*] purchasing, acquiring or otherwise accumulating shares of BUFC Equity Securities (or Options with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice, (i) "Ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (x) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (y) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (z) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (ii) any variation of the term "Ownership" (e.g., Own) shall have the same meaning and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put,

stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____

[*Name of Prospective Seller*]

By:_____
  Name:_____
   Title:_____

Address:_____
         _____
         _____
Telephone:_____
Facsimile:_____

**EXHIBIT E**

Members:

**South Florida Business Journal - June 2, 2009**
**/southflorida/stories/2009/06/01/daily33.html**



Tuesday, June 2, 2009, 3:22pm EDT

# BankUnited Financial trading on Pink Sheets

South Florida Business Journal - by Brian Bandell

After losing its bank subsidiary and getting delisted from the NASDAQ, **BankUnited Financial Corp.** began trading on the Pink Sheets on Tuesday.

Shares of the Coral Gables-based company (Pink Sheets: BKUNQ) fell 31 cents to 18 cents in afternoon trading.

BankUnited Financial Corp. filed for Chapter 11 reorganization on **May 22** and listed $37 million in assets and $559 million in debts. Trading of its stock was temporarily frozen that day.

The company lost its NASDAQ listing because of the Chapter 11 filing, as well as its failure to file financial reports on time and failure to solicit proxy materials when it held a shareholder meeting, BankUnited Financial said in an SEC filing.

The banking operations of BankUnited were seized and sold through receivership to BU Financial Holdings, which is owned by several New York hedge funds.

*All contents of this site © American City Business Journals Inc. All rights reserved.*

**EXHIBIT F**

NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*,[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| | ) | (Jointly Administered) |
| _____ Debtors. _____ | ) | |

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

PLEASE TAKE NOTICE THAT [*Name of Shareholder*] hereby provides notice (the "Notice"), that, as of [*Date*], [*Name of Shareholder*] beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Shareholder*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

---

[1] The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

For purposes of this Notice, (i) "BUFC Equity Securities" shall mean BUFC's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire BUFC Equity Securities may be treated as the owner of such BUFC Equity Securities, collectively, and (ii) "Ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (iii) any variation of the term "Ownership" (e.g., Own) shall have the same meaning and (iv) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____
[*Name of Shareholder*]

By:_____
 Name:_____
 Title:_____

Address:_____

_____

Telephone:_____
Facsimile:_____

# **EXHIBIT G**

EQUITY ACQUISITION NOTICE

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| BankUnited Financial Corporation, *et al.*,[1] | ) Case No. 09-19940-LMI |
| | ) |
| | ) (Jointly Administered) |
| _____ Debtors. _____ | ) |

## NOTICE OF INTENT TO PURCHASE, ACQUIRE, OR OTHERWISE ACCUMULATE BUFC EQUITY SECURITIES

PLEASE TAKE NOTICE THAT [*Name of Prospective Acquirer*] hereby provides notice (the "Notice") of its intention to purchase, acquire, or otherwise accumulate one or more shares, notes, or units of BankUnited Financial Corporation's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units (collectively, "BUFC Equity Securities") or an Option (defined below) with respect to any of the foregoing (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT [*Name of Prospective Acquirer*] currently beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

---

[1]     The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [*Name of Prospective Acquirer*] proposes to purchase, acquirer, or otherwise accumulate:

_____ shares of BankUnited Financial Corporation ("<u>BUFC</u>") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

If the Proposed Transfer is permitted to occur, [*Name of Prospective Acquirer*] will own:

_____ shares of BankUnited Financial Corporation ("<u>BUFC</u>") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Prospective Acquirer*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) calendar days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) calendar day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) calendar day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [*Name of Prospective Acquirer*] that may result in [*Name of Prospective Acquirer*] purchasing, acquiring or otherwise accumulating shares of BUFC Equity Securities (or Options with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice, (i) "Ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (x) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (y) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (z) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (ii) any variation of the term "Ownership" (e.g., Own) shall have the same meaning and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put,

stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____

[*Name of Prospective Acquirer*]

By:_____
  Name:_____
   Title:_____

Address:_____
          _____
          _____
Telephone:_____
Facsimile:_____

# **EXHIBIT H**

EQUITY DISPOSITION NOTICE

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| BankUnited Financial Corporation, *et al.*,[1] | ) Case No. 09-19940-LMI |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

## NOTICE OF INTENT TO SELL, TRADE, OR OTHERWISE TRANSFER BUFC EQUITY SECURITIES

PLEASE TAKE NOTICE THAT [*Name of Prospective Seller*] hereby provides notice (the "Notice") of its intention to sell, trade, or otherwise transfer one or more shares, notes, or units of BankUnited Financial Corporation's Class A Common Stock, Class B Common Stock, Noncumulative Convertible Preferred Stock, Series B, Senior Convertible Notes, and 6.75% HiMEDS Units (collectively, "BUFC Equity Securities") or an Option (defined below) with respect to any of the foregoing (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT [*Name of Prospective Seller*] currently beneficially owns:

_____ shares of BankUnited Financial Corporation ("BUFC") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

---

[1] The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [*Name of Prospective Seller*] proposes to sell, trade, or otherwise transfer:

_____ shares of BankUnited Financial Corporation ("<u>BUFC</u>") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

If the Proposed Transfer is permitted to occur, [*Name of Prospective Seller*] will own:

_____ shares of BankUnited Financial Corporation ("<u>BUFC</u>") Class A Common Stock and/or Options to acquire _____ shares of Class A Common Stock.

_____ shares of BUFC Class B Common Stock and/or Options to acquire _____ shares of Class B Common Stock.

_____ shares of BUFC Noncumulative Convertible Preferred Stock, Series B and/or Options to acquire _____ shares of Noncumulative Convertible Preferred Stock, Series B.

_____ notes of BUFC Senior Convertible Notes and/or Options to acquire _____ notes of Senior Convertible Notes.

_____ units of BUFC HiMEDS Units and/or Options to acquire _____ units of HiMEDS Units.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [*Name of Prospective Seller*] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Interim Order or that certain Final Order, as applicable, under 11 U.S.C. §§ 105(a) and 362, establishing notification procedures and approving restrictions on certain transfers of interests in the Debtors' estates, this Notice is being (A) filed with the United States Bankruptcy Court for the Southern District of Florida, 51 S.W. 1st Avenue, Room 1517, Miami, Florida 33130, and (B) served upon Greenberg Traurig, P.A., attorneys for the Debtors, 1221 Brickell Avenue, Miami, Florida 33139 (Attn: Mark D. Bloom, Esq. and Scott M. Grossman, Esq.).

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) calendar days after the filing of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such fifteen (15) calendar day period, or if the Debtors provide written authorization approving the Proposed Transfer prior to the end of such fifteen (15) calendar day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [*Name of Prospective Seller*] that may result in [*Name of Prospective Seller*] purchasing, acquiring or otherwise accumulating shares of BUFC Equity Securities (or Options with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

For purposes of this Notice, (i) "Ownership" (or any variation thereof of BUFC Equity Securities and Options to acquire BUFC Equity Securities) shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "Tax Code"), the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (x) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (y) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (z) in certain cases, the ownership of an Option to acquire BUFC Equity Securities, (ii) any variation of the term "Ownership" (e.g., Own) shall have the same meaning and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put,

stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Respectfully submitted,

_____

[*Name of Prospective Seller*]

By:_____
  Name:_____
   Title:_____

Address:_____
          _____
          _____
Telephone:_____
Facsimile:_____