

**ORDERED in the Southern District of Florida on June 09, 2009.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| BankUnited Financial Corporation, *et al.*,[1] | ) Case No. 09-19940-LMI |
| | ) |
| Debtors.                    / | (Jointly Administered) |

### INTERIM ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GREENBERG TRAURIG, P.A. AS GENERAL COUNSEL FOR DEBTORS-IN-POSSESSION, *NUNC PRO TUNC* TO MAY 27, 2009

THIS CAUSE came before the court for hearing in Miami, Florida on June 8, 2009, at 11:00 a.m. for consideration of the *Emergency Application for Entry of Interim and Final Orders Authorizing Employment and Retention of Greenberg Traurig, P.A. as General Counsel for Debtors-in-Possession, Nunc Pro Tunc to May 27, 2009* (the **"Application"**) filed by Debtors, BankUnited Financial Corporation, BankUnited Financial Services, Incorporated, and CRE America Corporation (collectively, the **"Debtors"**) (DE #40). The Application seeks authority for the Debtors

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

to retain and employ Mark D. Bloom, Esq. and the law firm of Greenberg Traurig, P.A. (**"Greenberg Traurig"**) as general counsel, and is supported by the *Affidavit of Mark D. Bloom, Esq.* (the **"Affidavit"**). The Application seeks the immediate entry of an interim order authorizing the employment and retention of Greenberg Traurig, *nunc pro tunc* to May 27, 2009 and further entry of a final order authorizing the employment and retention of Greenberg Traurig on a final basis at such time as permitted under Fed. R. Bank. P. 6003(a).

The Court having read the Application and Affidavit, and having found that that Mr. Bloom is duly qualified to practice in this Court pursuant to Local Rule 2090-1(A); that Mr. Bloom and Greenberg Traurig neither hold nor represent any interest adverse to the Debtors' estates; that Greenberg Traurig is a disinterested person as required by 11 U.S.C. § 327(a) and within the meaning of 11 U.S.C. §101(14); that Mr. Bloom and Greenberg Traurig have disclosed any connections with parties in interest in the case as set forth in Fed. R. Bankr. P. 2014, and it appearing that the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; and, for the reasons stated on the record, it appearing that the employment of Greenberg Traurig as attorneys for the Debtors is necessary to avoid immediate and irreparable harm to the Debtors and their estates, good and adequate notice has been given to all parties entitled to service, and no other or further notice is necessary or required, and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before this Court pursuant to 28 U.S.C. §§

1408 and 1409, and having reviewed the Application and Affidavit, the Court finds and determines that (a) Greenberg Traurig does not hold or represent any interest adverse to the Debtors' estates and (b) Greenberg Traurig is a disinterested person as required by 11 U.S.C. § 327(a) and within the meaning of 11 U.S.C. §101(14) and Local Rule 2014-1.  Due and proper notice of the Application having been provided, and it appearing that no other or further notice is necessary or required, it is

**ORDERED** that:

1. The Application is GRANTED, *nunc pro tunc* to May 27, 2009.

2. The Debtors are authorized to retain and employ Mark D. Bloom, Esq. and the law firm of Greenberg Traurig, P.A. as general counsel in these Chapter 11 cases to represent them in general bankruptcy matters and any other matters that may arise in the course of the representation in accordance with the terms and conditions set forth in the Application in accordance with the terms of this Order.

3. Greenberg Traurig shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any other applicable procedures and orders of the Court.

4. The Court will hold a final hearing on the Application on June 30, 2009, at 1:30 p.m., at Claude Pepper Federal Building, 51 SW First Avenue, Room 1409, Miami, FL 33130 (the **"Final Application Hearing"**).  Any party in interest objecting to the relief sought in the Application shall serve and file written objections, which shall be

served upon (a) Greenberg Traurig, P.A., Attention: Mark D. Bloom, Esq., (b) Office of the United States Trustee for the Southern District of Florida, (c) the entities listed on any Master Service List filed pursuant to Local Rule 2002-1(H), and (d) counsel to the Committee of Creditors Holding Unsecured Claims (collectively, the **"Notice Parties"**). Objections shall be filed with the Clerk of the United States Bankruptcy Court, Southern District of Florida, in each case to allow actual receipt by no later than June 28, 2009 at 4:30 p.m., prevailing Eastern Time.

5. In the event the Application is not granted on a final basis, Greenberg Traurig shall be authorized to submit a fee application with this Court for compensation for services rendered in the period between the May 27, 2009 and the Final Application Hearing. Any party in interest may object to the fee application; *provided, however* that such party shall file such objection with this Court and serve a copy of the objection upon the Notice Parties.

6. The requirements for emergency motions set forth in Local Rule 9075-1 and for entry of the relief requested earlier than the period set forth in Fed. R. Bankr. P. 6003 are satisfied by the contents of the Application.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. Entry of this Interim Order is without prejudice to the rights of any party in interest to object to the Application, and any such objection will be considered on a *de novo* standard at the final hearing on the Application. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by:
Mark D. Bloom, Esq.
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, FL 33131
Telephone:  (305) 579-0500
Facsimile:   (305) 579-0717
E-mail:     bloomm@gtlaw.com

*(Attorney Bloom shall serve a conformed copy of this Order upon all interested parties and shall file a certificate of service.)*

*MIA 180,632,231 v4 117136.010200*