## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*,[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| ———————————————— | ) | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## AUTHORIZING THE ENGAGEMENT OF DEVELOPMENT SPECIALISTS, INC.

BankUnited Financial Corporation ("BUFC"), BankUnited Financial Services, Incorporated ("BUFS"), and CRE America Corporation ("CRE"), as debtors and debtors in possession (the **"Debtors"**), respectfully move this Court for entry of an order authorizing the engagement of Development Specialists, Inc. ("DSI") to provide restructuring management services, including the appointment of Joseph J. Luzinski as Chief Restructuring Officer ("CRO"), *nunc pro tunc* to June 2, 2009.  The facts and circumstances supporting this Motion are as set forth herein and in the accompanying *Declaration of Joseph J. Luzinski in Support of the Debtors' Motion for Entry of an Order Authorizing the Engagement of Development Specialists, Inc.* (the "Declaration"), annexed hereto as Exhibit "A".  The relief requested is authorized pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9013.  In support of this Motion, the Debtors respectfully represent as follows:

---

[1]  The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

## FACTUAL AND PROCEDURAL BACKGROUND

1.      These Chapter 11 cases were commenced on May 22, 2009, upon the filing of voluntary petitions for relief under Chapter 11 of the Bankruptcy Code by the Debtors.   The Debtors continue to operate as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, no trustee or examiner has been sought or appointed in these cases.

2.      By Order dated May 26, 2009, the Court approved joint administration of the three affiliated cases. *Order Granting Ex Parte Motion of Debtors and Debtors in Possession for an Order Directing the Joint Administration of their Chapter 11 Cases and Transferring the Case of CRE America Corporation* [DE# 27].   On May 29, 2009, the United States Trustee for the Southern District of Florida (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee").

3.      BUFC is a former unitary savings and loan holding company of BankUnited, FSB (the "Old Bank" and together with BUFC, the "BU Entities") that is incorporated in the State of Florida and headquartered in Coral Gables, Florida.  BUFC is the 100% owner of (i) CRE, which holds a timeshare interest in certain real property; and (ii) BUFS, organized in 1997 for the purpose of selling annuities, mutual funds and other insurance and securities products.

4.      Several factors led to the filing of these Chapter 11 cases.  Prior to the inception of the Bank Receivership (as defined and described below), the BU Entities suffered massive losses due to, among other things, the financial and credit crisis, downturn in the mortgage market, and global recession.  For the first fiscal quarter ended December 31, 2007, second quarter ended March 31, 2008, and third quarter

ended June 30, 2008, BUFC reported losses of $25.5 million, $65.8 million, and $117.7 million, respectively.  For the fourth quarter ended September 30, 2008, first quarter ended December 31, 2008 and second quarter ended March 31, 2009, BUFC reported preliminary losses of $327 million, $477.5 million and $443.1 million, respectively.

5.      Following several unsuccessful attempts by the BU Entities to raise the Old Bank's capital levels in accordance with several Office of Thrift Supervision ("OTS") mandates, on May 21, 2009, the OTS closed the Old Bank and appointed the Federal Deposit Insurance Corporation as receiver (the "FDIC-Receiver") for the Old Bank (the "Bank Receivership").  Subsequent to the closure, investors led by Mr. John Kanas invested $900 million in a new depository institution ("New BU") which acquired all of the deposit accounts and all of the loans of the Old Bank from the FDIC-Receiver. All of the former officers and employees of Old Bank have terminated their relationship with Old Bank or the Debtors and either taken positions at New Bank or pursued other opportunities.

6.      On May 22, 2009 the Debtors commenced these Chapter 11 cases, in order to administer their assets promptly and efficiently and maximize the value of their estates for the benefit of their creditors.

7.      On May 27, 2009, the Board of Directors of BUFC (the "Board") was reconstituted at a duly called and previously adjourned meeting of BUFC's shareholders.

8.      On June 2, 2009, the Board appointed Mr. Luzinski of DSI as Acting CRO for the Debtors.   Mr. Luzinski, as Acting CRO, is presently the sole person engaged by the Debtors in an active day-to-day role.

## JURISDICTION

9.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## DSI AND MR. LUZINSKI

A.      The Restructuring Services

10.     The Debtors seek to engage DSI, including Mr. Luzinski as CRO, to provide restructuring management services (the "Engagement") pursuant to the Letter of Engagement dated June 5, 2009 (the "Engagement Letter").  A true and correct copy of the Engagement Letter is annexed hereto as Exhibit "B".  As more fully set forth in the Engagement Letter, DSI and Mr. Luzinski will serve at the direction of the Board.[2]  DSI and Mr. Luzinski, in conjunction with the Board, will be responsible for developing and evaluating the Debtors' strategy for these Chapter 11 cases, and for executing this strategy and any other tasks related thereto or as further agreed to by DSI and the Board.  Specifically, the scope of DSI's services will be as follows:

(i)      Represent the Debtors in the capacity of CRO at meetings, court proceedings, or as otherwise required by the Debtors in the course of their operations, restructuring or sale of assets, including making recommendations and decisions regarding the valuation, marketing and sale or other disposition of the Debtors' assets.

---

[2] The terms of the Engagement, including the scope of work to be performed and the proposed compensation, are fully set forth in the Engagement Letter, which is controlling in the event that those terms and the terms of the foregoing summary are inconsistent.

(ii)    Advise and assist the Debtors in the development of, and participate in, communications with the Debtors' shareholders, professionals and advisors, creditors and/or creditor's committees, regulatory agencies and other stakeholders or parties in interest to the Debtors' operations and restructuring efforts.

(iii)    Assist the Debtors in analyzing, negotiating and/or executing selected business transactions, including such matters as the restructuring or sale of assets of the Debtors and other business transactions determined to be in the best interests of the Debtors to maximize value to creditors.

(iv)    Assist the Debtors and their outside counsel, as necessary and to the extent required, in any review and investigation of possible claims that the Debtors may have against former officers, directors, other "insiders," professionals or other third parties.

B.    The Retention Terms

11.    DSI will be compensated for the services of Mr. Luzinski in his capacity as CRO at the rate of $30,000 per month, which is to be paid on a monthly basis, for the first three months of the Engagement.  Following the initial three-month period, the Debtors and DSI will re-evaluate these compensation terms, and any change will be approved by the Board and disclosed to the Court.

12.    In addition to the services of Mr. Luzinski as CRO, DSI may use as is necessary and appropriate its professionals and employees to fulfill responsibilities related to Mr. Luzinski's appointment as CRO of the Debtors, including asset administration and valuation, preparation of Schedules and Statements of Affairs and compliance with reporting obligations to the Court, the U.S. Trustee, the Creditors Committee and the BUFC Board..  The Debtors recognize that the nature and scope of such additional services, and the number of personnel required to perform such additional services, is difficult if not impossible to determine at present and will evolve with the needs of the Debtors.  These additional services will be compensated on an

hourly basis according to the regular hourly rate for the applicable professional or employee.   The primary professionals of DSI that may become involved on the Engagement are:

| | |
|---|---|
| William G. King | $370.00 / hr |
| Yale S. Bogen | $370.00 / hr |
| Brian M. Murphy | $185.00 / hr |

The hourly rates for other members of DSI are:

| | |
|---|---|
| Senior Consultant | $425.00 to $595.00 / hour |
| Consultant | $260.00 to $430.00 / hour |
| Junior Consultants | $125.00 to $255.00 / hour |

Furthermore, DSI will seek reimbursement for reasonable and necessary expenses incurred in connection with the Services.

13.     Although DSI is not being retained pursuant to Section 327 of the Bankruptcy Code, it will seek compensation from this Court in the same manner as estate professionals employed pursuant to Section 327.  The services of Mr. Luzinski as CRO will not be included in the invoices submitted by DSI, but rather paid on a monthly basis, without further application or order, as provided in paragraph 11 of the Motion.

14.     In the Engagement Letter the Debtors agreed to indemnify, hold harmless, and defend DSI and its affiliates, and its and their directors, officers, employees, both full and part-time, and agents against all claims, liabilities, losses, damages and reasonable expenses as they are incurred, including reasonable legal fees and disbursements of counsel.  Furthermore, DSI employees serving as officers of the Debtors will be entitled to receive whatever indemnities are made available, during the term of DSI's engagement, to other (non-DSI affiliated) officers of the

Debtors, whether under the by-laws, certificates of incorporation, applicable corporate laws or contractual agreements of general applicability to officers of the Debtors. Indemnification of DSI personnel who are not officers of the Debtors shall be subject to the approval of the Board of the Debtors.  The Debtors will use reasonable efforts specifically to include and cover Mr. Luzinski and any other DSI's employees that may serve as officers of the Debtors from time to time as named insured under a policy for directors' and officers' insurance (the "D&O Insurance"). The Debtors will maintain D&O Insurance coverage for the period through which claims can be made against such persons.

> C.    DSI's Qualifications

15.    DSI and its professionals and employees are highly qualified and experienced in providing restructuring management servicers.  For more than three decades, DSI has been providing well-respected restructuring management services. DSI has specific and extensive experience in the banking and the financial services industry and its core competencies include providing management services and advising debtors in Chapter 11.

16.    Mr. Luzinski possesses the qualifications and experience necessary to serve as CRO.  He has more than 20 years of experience in the Chapter 11 process and in providing restructuring management services.  Mr. Luzinski's restructuring and bankruptcy experience includes serving as: (i) the Chapter 11 trustee to a regional shopping center; (ii) the Chapter 7 trustee to a large, complex personal bankruptcy estate; (iii) advisor to the Chapter 11 trustee to a large law firm; (iv) CRO to a marketer and distributor of branded products in the automotive aftermarket; and (v) CEO of a

commercial airline under its Chapter 11 plan.  Mr. Luzinski also was actively involved on behalf of the Chapter 7 trustee in the administration of the estate of Southeast Banking Corporation from April of 1992 to April of 1998.

      D.     <u>DSI's Eligibility</u>

      17.     As more fully set forth in the Declaration, DSI and Mr. Luzinski are eligible to provide restructuring management services and to serve as CRO.

## RELIEF REQUESTED

      18.     By way of this Motion the Debtors respectfully request entry of an Order authorizing the Engagement, made *nunc pro tunc* to <u>Tuesday, June 2, 2009</u>.

## BASIS FOR RELIEF

      19.     The Debtors seek authority to engage Mr. Luzinski and DSI pursuant to sections 105(a) and 363(b) of the Bankruptcy Code because their retention represents a proposed use of the Debtors' property outside the ordinary course of the Debtors' business. Section 363(b)(1) of the Bankruptcy Code provides, in pertinent part: "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business property of the estate." 11 U.S.C. § 363(b)(1). Further, pursuant to section 105(a) of the Bankruptcy Code, the "court may issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a).

      20.     Under applicable case law, in this and other circuits, if a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on the part of the debtor, such use should be approved. *See*, *e.g.*, *In re Gulf States, Steel, Inc.*, 285 B.R. 497, 514 (Bankr. N.D. Ala. 2002); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *Myers*

v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1983); *Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2nd Cir. 1983); *In re Delaware & Hudson R.R. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b)); *Committee of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to debtor's conduct").

21.    Numerous bankruptcy courts in this and other Districts have authorized the retention and engagement of corporate officers and other employees to provide restructuring and interim management services.  *See In re Pharmed Group Holdings, Inc.*, Case No. 07-19187 (RAM) (Bankr. S.D.Fla. November 20, 2007); *In re Puig, Inc.*, Case No. 07-14026 (RAM) (Bankr. S.D. Fla. July 20, 2007); *In re Piccadilly Cafeterias*, Case No. 03-27976 (RBR) (Bankr. S.D. Fla. Oct. 31, 2003); *In re AT&T Latin America Corp.*, Case No. 03-13538 (RAM)) (Bankr. S.D.Fla. June 11, 2003); *In re Acterna Corp.*, Case No. 03-12837 (BRL) (Bankr. S.D.N.Y. July 2, 2003); *In re Exide Technologies, Inc.*, Case No. 02-11125 (JCA) (Bankr. D.Del. May 10, 2002); *In re Kmart Corp.*, Case No. 02-B02474 (SPS) (Bankr. N.D. Ill. E.D. May 22, 2002); and *In re WorldCom Group*, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. Sept. 17, 2002).

22.    The Debtors have determined that the Engagement is in the best interests of their Chapter 11 estates and creditors.  DSI and Mr. Luzinski are qualified

to provide the services contemplated under the Engagement. The compensation terms of the Engagement Letter are customary and ordinary for companies of comparable size, value, and reputation and are within the range of reasonableness. Accordingly, the Debtors' decision to enter into the Engagement Letter reflects an exercise of their sound business judgment.

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request the entry of an Order (i) granting the Motion, (ii) authorizing the Engagement *nunc pro tunc* to June 2, 2009, and (iii) granting such other and further relief as the Court deems just and proper.

Dated June 10, 2009.                     Respectfully submitted,

GREENBERG TRAURIG, P.A.
Counsel for the Debtors
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By: /s/ Mark D. Bloom
    MARK D. BLOOM
    Florida Bar No. 303836
    bloomm@gtlaw.com
    SCOTT M. GROSSMAN
    Florida Bar No. 0176702
    grossmansm@gtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Mark D. Bloom_____

Mark D. Bloom

## SERVICE LIST

### Electronic Mail Notice List

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case:

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

Paul J. Battista on behalf of Creditor Alfred Camner
pbattista@gjb-law.com, ctarrant@gjb-law.com;gjbecf@gjb-law.com

Bruce J Berman on behalf of Creditor Federal Deposit Insurance Corporation,
bberman@mwe.com, wjanke@mwe.com;graicht@mwe.com

Mark D Bloom on behalf of Debtor BankUnited Financial Corporation
bloomm@gtlaw.com,
phillipsj@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

Stephen P Drobny on behalf of Debtor BankUnited Financial Corporation
sdrobny@shutts.com, mvandenbosch@shutts.com

Scott M. Grossman on behalf of Debtor BankUnited Financial Corporation
grossmansm@gtlaw.com,
phillipsj@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

Todd C Meyers on behalf of Creditor Committee Official Committee of Unsecured Creditors
tmeyers@kilpatrickstockton.com, skapoor@kilpatrickstockton.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Craig V Rasile on behalf of Creditor U.S. Bank, N.A.
crasile@hunton.com, mtucker@hunton.com, mmannering@hunton.com,
keckhardt@hunton.com, adeboer@hunton.com

Patricia A Redmond on behalf of Interested Party BankUnited, FSB ("New Bank")
predmond@swmwas.com, jmartinez@swmwas.com; rross@swmwas.com

**<u>Manual Notice List</u>**

The following is the list of parties who are not on the list to receive e-mail notice/service
for this case, and are therefore being served by first class U.S. Mail, postage prepaid:

LIST ATTACHED

### BankUnited Chapter 11
### NON-ECF SERVICE LIST

| | |
|---|---|
| Cede & Co.<br>P.O. Box 20<br>Bowling Green Station<br>New York, NY 10004-1408 | Rick Prokosch<br>U.S. Bank - Corporate Trust Services<br>Mail Code EP-MN-WS3C<br>60 Livingston Avenue<br>St. Paul, MN 55107 |
| U.S. Bank<br>1555 N. River Center Drive<br>Suite 300<br>Milwaukee, WI 53212 | Wells Fargo Delaware Trust Company<br>Attn: Molly A. Breffitt<br>919 N. Market Street<br>Suite 1600<br>Wilmington, DE 19801 |
| U.S. Bank<br>Attn: Earl Dennison, Acct. Admin.<br>Goodwin Square, 23rd Floor<br>255 Asylum Street<br>Hartford, CT 06103 | Thomas M. Korsman, Vice President<br>Corporate Special Accounts Group<br>Wells Fargo Bank, N.A.<br>MAC N9311-110<br>625 Marquette Avenue<br>Minneapolis, MN 55479 |
| U.S. Bank<br>Attn: Yemishi Otuyelu<br>P.O. Box 960778<br>Boston, MA 02196 | Stearns Weaver<br>Museum Tower<br>150 W. Flagler Street Suite 2200<br>Miami, FL 33130 |
| U.S. Bank<br>Attn: Russell Rokes<br>P.O. Box 960778<br>Boston, MA 02196 | Tew Cardenas<br>Four Seasons Tower - 15th Floor<br>1441 Brickell Avenue<br>Miami, FL 33131-3439 |
| Robert Butzier<br>U.S. Bank<br>P.O. Box 960778<br>Boston, MA 02196 | Coffey Burlington<br>Office in the Grove Penthouse<br>2699 S. Bayshore Drive<br>Miami, FL 33133 |
| Timothy Sandell<br>U.S. Bank National Association<br>60 Livingston Avenue<br>St. Paul, MN 55107 | Jack Reise<br>Waterford Township General Employees<br>Retirement System<br>c/o Coughlin Stoia Geller et al<br>120 E. Palmetto Park Road Suite 500<br>Boca Raton, FL 33432 |

| | |
|---|---|
| U.S. Bank - Corporate Trust Services<br>Attn: Brian Renelt<br>60 Livingston Ave.<br>St. Paul, MN 55107 | Internal Revenue Service<br>Department of Treasury<br>227 N. Borough St.<br>Tallahassee, FL 32301 |
| Geoffrey T. Raicht, Esq.<br>Attorneys for FDIC<br>McDermott Will & Emery LLP<br>340 Madison Ave.<br>New York, N.Y. 10173-1922 | Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114 |
| The Bank of New York Mellon<br>Attn: Rafael Miranda, VP<br>101 Barclay St. - 8W<br>New York, NY 10286 | Internal Revenue Service<br>Insolvency Unit<br>7850 S.W. 6th Court<br>Mail Stop 5730<br>Plantation, FL 33324 |
| Bridget Schessler, Vice President<br>The Bank of New York Mellon<br>525 William Penn Place, 7th Floor<br>Pittsburgh, PA 15259 | State of Florida<br>Department of Revenue<br>Bankruptcy Section<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 |
| Wilmington Trust Co.<br>Corporate Capital Markets<br> Attn: Lori L. Donahue<br>1100 N. Market Street<br>Wilmington, DE 19890 | Honorable Eric Holder<br>U.S. Attorney General<br>Office of the Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530 |
| Christopher J. Slaybaugh<br>Wilmington Trust Co.<br>Corporate Capital Markets<br>1100 N. Market Street<br>Wilmington, DE 19890 | Honorable R. Alexander Acosta<br>Attn: Civil Process Clerk<br>U.S. Attorney<br>99 NE Fourth Street<br>Miami, FL 33132 |
| Steven M. Cimalore<br>Wilmington Trust Company<br>Rodney Square North<br>1100 North Market Street<br>Wilmington, DE 19890-1615 | Susan R. Sherrill-Beard<br>Senior Trial Counsel/Bankruptcy<br>U.S. Securities and Exchange Commission<br>Atlanta Regional Office<br>Suite 1000, 3475 Lenox Road, N.E.<br>Atlanta, GA 30326-1232 |

| | |
|---|---|
| Moses Marx<br>c/o Ross Martin, Esq.<br>Ropes & Gray, LLP<br>One International Place<br>Boston, MA 02110-2624 | David A. Lander, Esq.<br>Brian W. Hockett, Esq.<br>Attorneys for BankUnited (New Bank)<br>Thompson Coburn LLP<br>One US Bank Plaza<br>St. Louis, Missouri 63101 |

*MIA 180,633,002 v5 117136.010200*

# EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*,[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF JOSEPH J. LUZINSKI**
**IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE ENGAGEMENT OF DEVELOPMENT SPECIALISTS, INC.**

STATE OF FLORIDA       )
                                         ) ss.
COUNTY OF MIAMI-DADE   )

Joseph J. Luzinski, being duly sworn, deposes and says:

1.        I am a Senior Vice President of Development Specialists, Inc. ("DSI"), a restructuring management and advisory services firm with offices located, among other locations, at 200 South Biscayne Boulevard, Suite 1818, Miami, Florida 33131-2329, and I make this Declaration on behalf of DSI (the "Declaration"). I submit this Declaration in support of the *Motion for Entry of an Order Authorizing the Engagement of Development Specialists, Inc.* Except as otherwise noted, I have personal knowledge of the matters set forth herein.[2]

---

[1]   The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

[2]   Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at DSI and are based on information provided by them.

2.      DSI specializes in such areas as corporate finance, turnaround consulting, forensic accounting, and litigation support to distressed, insolvent and reorganizing businesses.

3.      I have over twenty (20) years of restructuring, insolvency, and valuation experience.  I joined DSI in January, 1987, and I have undertaken significant roles managing the affairs of the firm's Miami office.  I have undertaken engagements in connection with Chapter 11 cases, Chapter 7 cases, receiverships, and assignments for the benefit of creditors.  In these engagements, I have served in various capacities including as Chief Executive Officer, Chief Financial Officer, Chief Restructuring Officer, trustee, receiver, and assignee.  My restructuring and bankruptcy experience includes serving as: (i) the Chapter 11 trustee to a regional shopping center; (ii) the Chapter 7 trustee to a large, complex personal bankruptcy estate; (iii) advisor to the Chapter 11 trustee to a large law firm; (iv) CRO to a marketer and distributor of branded products in the automotive aftermarket; and (v) CEO of commercial airline under its Chapter 11 plan.  I also was actively involved on behalf of the Chapter 7 trustee in the administration of the estate of Southeast Banking Corporation from April of 1992 to April of 1998.  Through my experience in these and other engagements, I have developed significant expertise in matters relating to financial analysis, operational analysis, crisis management, and turnaround strategy.

4.      On June 2, 2009 (the "Acting Engagement Date"), the Debtors engaged DSI to provide restructuring management services, including my services as Acting Chief Restructuring Officer.  Since that time, DSI and I have developed significant institutional knowledge regarding the Debtors' finances, operations, and other

circumstances.   This case-specific experience and my and DSI's restructuring expertise will be valuable to the Debtors in their efforts to reorganize.  Accordingly, the Debtors wish to engage DSI, including my services as Chief Restructuring Officer.

**Disinterestedness and Eligibility**

5.      Before the Acting Engagement Date, neither DSI nor myself had any connection with the Debtors.

6.      In connection with the preparation of this Declaration, DSI's professionals conducted a review of their contacts with the Debtors, their affiliates and certain entities holding large claims against or interests in the Debtors that were reasonably known to DSI.   The list of the parties reviewed is annexed here to as Schedule "1".  DSI's review, completed under my supervision, consisted of a query of the Schedule 1 parties within an internal computer database containing names of individuals and entities that are present or recent former clients of DSI.

7.      Based on the results of DSI's review, it was determined that DSI does have or has had relationships with certain Schedule 1 parties.  The list of Schedule 1 parties with whom DSI had or has relationships is annexed hereto as Schedule "2". Except as stated herein, DSI's relationships to these parties are in matters unrelated to these proceedings and are noted for disclosure and presented herein and on Schedule 2 to this Declaration. To the best of my knowledge, no services have been provided to these entities that involve their rights in these cases, nor does DSI's involvement in these cases compromise its ability to continue such services.  DSI will not provide any services to the entities listed on Schedule 2 that are related to the Debtors and these Chapter 11 cases.

8.    As part of its diverse practice, DSI appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and restructuring consultants, who may represent claimants and parties-in-interest in these cases. Also, DSI has performed in the past, and may perform in the future, consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in these proceedings. In addition, DSI has in the past, may currently and will likely in the future be working with or against other professionals involved in these cases in matters unrelated to the Debtors and these cases, including attorneys from Greenberg Traurig, P.A. whom the Debtors have requested be retained in these cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Debtors herein in matters upon which DSI is to be employed, and none are in connection with these cases.

9.    DSI is not a "creditor" of the Debtors within the meaning of Bankruptcy Code section 101(10).

10.    Based on the results of the relationship search conducted to date as described above, DSI appears to have no connection with the Debtors, their creditors, other parties-in-interest (as reasonably known to DSI) or their respective attorneys, except as disclosed in the this Declaration. Further, no one involved in these cases or in DSI's business generally has any connection to the United States Trustee for the Southern District of Florida (the "U.S. Trustee") or any person employed in the Office of the U.S. Trustee in this District.

11.     As such, except as disclosed hereinabove, DSI is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14) in that DSI and its employees:

(a) are not creditors, equity security holders or insiders of the Debtors;

(b) were not, within two (2) years before the date of filing of the Debtors' Chapter 11 petitions, a director, officer, or employee of the Debtors; and

(c) based upon the results of the relationship search described above, do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

12.     It is DSI's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner. If any new relevant facts or relationships are discovered or arise, DSI will promptly file a supplemental disclosure in the same manner as an estate professional employed pursuant to section 327 of the Bankruptcy Code would filed under Bankruptcy Rule 2014(a).

13.     This concludes the Declaration.

Dated June _10_, 2009.

_____
Joseph J. Luzinski


SUBSCRIBED AND SWORN TO BEFORE ME this _10_ day of June, 2009.

_____
Notary Public


My Commission Expires:



JOYCE FABREGAS
MY COMMISSION # DD689430
EXPIRES June 26, 2011
(407) 398-0153    FloridaNotaryService.com

# Schedule 1

# LISTING OF PARTIES REVIEWED

I.      Debtors

      BankUnited Financial Corporation
      CRE America Corporation
      BankUnited Financial Services, Incorporated

II.     Officers and Directors

      Lawrence Blum
      Bradley Weiss
      Ramiro Ortiz
      Humberto Lopez
      Felix Garcia
      Allen Bernkrant
      Marc Jacobson
      Neil Messinger
      Alfred Camner
      Doyle C. Bartlett
      Lester M. Bliwise
      Danielle Camner Lindholm
      Gol Kalev

III.    Unsecured Creditors

      US Bank
      Wilmington Trust Co.
      Wells Fargo Delaware Trust Company
      The Bank of New York
      Waterford Township General Employees Retirement System
      Stearns Weaver Miller
      Tew Cardenas
      Coffey Burlington
      Robert Morris

IV.     Professionals

      Greenberg Traurig

> Shutts & Bowen
> Genovese Joblove & Battista
> McDermott Will & Emery
> Camner & Lipsitz

V.    Equity Holders

> Bank United Financial Corp.
> Cede & Co.
> Bank United Financial Corporation Irrevocable Trust
> Alfred R. Camner

VI.    Other

> Steven Turner – Assistant United States Trustee
> SEC, Regional Director
> Internal Revenue Service
> United States Attorney
> Judge Laurel M. Isicoff

# Schedule 2

# ADDITIONAL DISCLOSURES RELATED TO PARTIES

I.      Debtors

      None

II.     Officers and Directors

      None

III.    Unsecured Creditors

      None

IV.     Professionals

Greenberg Traurig - Greenberg Traurig currently represents Joseph J. Luzinski as Chapter 7 Trustee in the Abraham D. Gosman matter.

Greenberg Traurig currently represents William A. Brandt, Jr. as Chapter 7 Trustee of Avidus, Inc.

Greenberg Traurig represented William A. Brandt, Jr., President and CEO of DSI, as Chapter 7 Trustee of Southeast Banking Corporation over the period of 1992 to 1998.

Greenberg Traurig once represented DSI in its corporate capacity involving registration of certain trademark and intellectual property matters.

Greenberg Traurig has represented parties in adverse roles to DSI, like Fine Air Services where Greenberg Traurig represented the Debtor and DSI was retained as financial advisor to the Official Committee of Unsecured Creditors.

Shutts & Bowen – Shutts & Bowen represented the debtor in the matter of Solar Cosmetic Labs, Inc.  DSI was retained as financial advisor in this matter and subsequently a member of DSI was appointed as the Trustee of the Solar Creditor Liquidating Trust.  Shutts & Bowen has a continuing role representing the Trustee of the Trust.  This matter pends before Judge Isicoff.

Genovese Joblove & Battista – Genovese Joblove & Battista represented Joseph J. Luzinski as the Chapter 7 Trustee of Abraham D. Gosman as special litigation counsel.

McDermott Will & Emery – McDermott Will & Emery has represented members of DSI in fiduciary capacities on ERISA matters in various matters over the years.

V.      Equity Holders

        None

VI.     Other

Judge Laurel M. Isicoff – DSI worked on numerous occasions with the law firm Kozyak, Tropin and Throckmorton, the firm Judge Isicoff was affiliated with prior to taking the bench.  Over the past years, DSI has worked for and against this firm and Judge Isicoff in her prior capacity in private law practice.

# EXHIBIT "B"

**DSI** **Development Specialists, Inc.**

Advisory and Fiduciary Services • Corporate Restructuring and Workouts • Interim Management • Insolvency Services

June 5, 2009

Ms. Danielle Camner Lindholm
Chairman of the Board
Bank United Financial Corporation
c/o Greenberg Traurig
1221 Brickell Avenue
Miami, Florida  33131

> Re:    Development Specialists, Inc. ("DSI")
>          <u>Retention and Letter of Engagement</u>

Dear Ms. Camner Lindholm:

This letter will serve as our firm's written agreement to provide Bank United Financial Corporation, CRE America Corporation and Bank United Financial Services, Inc. (collectively, the "Companies") with management and consulting services related to their current restructuring endeavors.  DSI is substantially involved in all types of restructurings, both in and out of Court, on a daily basis throughout the nation.  As a customary part of our services, we often provide key management personnel to enterprises who are restructuring, and from time to time we will designate certain of our firm's personnel, upon the request of the company and agreement by both parties, to either act in managerial capacities or to serve in the positions of either a Director or an Officer, as the need may arise during the course of a restructuring.

It is our understanding that as a part of the services DSI is to provide the Companies under this agreement, and in addition to the other consulting services to be provided by DSI, DSI will agree to the appointment of one of its personnel, Joseph J. Luzinski, to serve as the Chief Restructuring Officer of the Companies.  Mr. Luzinski, along with the others from our firm who will assist him, will undertake the following responsibilities and duties:

1. Represent the Companies in the role of Chief Restructuring Officer in meetings, court proceedings, or as otherwise required by the Companies in the course of their operations, restructuring or sale of assets, including making recommendations and decisions regarding the valuation, marketing and sale or other disposition of the Companies' assets.

MIAMI
200 South Biscayne Boulevard, Suite 1818  •  Miami, Florida 33131-2329  •  Telephone: 305.374.2717  •  Fax: 305.374.2718  •  www.dsi.biz

NEW YORK  •  LOS ANGELES  •  CHICAGO  •  PHILADELPHIA  •  BOSTON  •  SAN FRANCISCO  •  COLUMBUS  •  LONDON

Ms. Danielle Camner Lindholm
June 5, 2009
Page 2

2.  Advise and assist the Companies in the development of, and participate in, communications with the Companies' shareholders, professionals and advisors, creditors and/or creditor's committees, regulatory agencies and other stakeholders or parties in interest to the Companies' operations and restructuring efforts.

3.  Assist the Companies in analyzing, negotiating and/or executing selected business transactions, including such matters as the restructuring or sale of assets of the Companies and other business transactions determined to be in the best interests of the Companies to maximize value to creditors.

4.  Assist the Companies, and their outside counsel, as necessary and to the extent required, in any review and investigation of possible claims that the Companies may have against former officers, directors, other "insiders," professionals or other third parties.

5.  Perform such other tasks as may be agreed to by DSI and the Board of Directors.

All work performed by DSI shall be deemed performed for the Companies.

When one or more representatives of DSI become officer(s) of the Companies, the Companies will provide Directors and Officers insurance, in amounts and form satisfactory to DSI, naming such representatives as named insureds.

As the Companies are under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the Companies shall seek approval from the United States Bankruptcy Court (the "Bankruptcy Court") to retain Mr. Luzinski as Chief Restructuring Officer and DSI as Restructuring Advisors.  DSI may be requested to provide other of its employees to act as officers of the Companies.  Any such request shall be made in writing and subject to approval via any process ordered by the Bankruptcy Court as part of DSI's retention as Restructuring Advisors.  These individuals will remain as DSI employees during the term of this engagement.  Specifically, the parties intend that an independent contractor relationship will be created by this agreement.  Employees of DSI are not to be considered employees of the Companies, and are not entitled to any of the benefits that the Companies provide for employees, unless further written modification is made to this retention agreement.

DSI will be compensated for the services of Mr. Luzinski on a monthly basis for $30,000 per month for the initial three-month period of this engagement.   This arrangement will be re-evaluated after the initial three-month period.  Any supplemental


Development Specialists, Inc.

Ms. Danielle Camner Lindholm
June 5, 2009
Page 3

compensation arrangements will be ratified by the Board of Directors and disclosed to the court.  DSI will commence work under this Retention Agreement upon its execution.

DSI will provide these services, with selected members of DSI assigned to specific roles for the benefit of the Companies.  Although the specific members of our staff who will be assigned to this particular project may vary with the tasks to be accomplished, we have listed below certain of the personnel (along with their corresponding 2009 billing rates), who will constitute the core group from whom DSI will assemble a team for this matter.  Others, at regular hourly rates, may also be chosen for specific duties and their identities, backgrounds and rates will be discussed with you as they are assigned to this engagement.  The engagement will be managed by Joseph J. Luzinski, who will coordinate the assignments of the other consultants and be principally responsible for managing the relationship between DSI and the Companies.

| | |
|---|---|
| Joseph J. Luzinski | $495.00/hr.(delete to make clear that sole compensation on respect of JL services is the monthly CRO fee0 |
| William G. King | $370.00/hr. |
| Yale S. Bogen | $370.00/hr. |
| Brian M. Murphy | $185.00/hr. |

The hourly rate ranges for other DSI consultants are:

| | |
|---|---|
| Senior Consultants | $425.00 to $595.00/hour |
| Consultants | $260.00 to $430.00/hour |
| Junior Consultants | $125.00 to $255.00/hour |

These rates are adjusted as of January 1st of each year to reflect advancing experience, capabilities, and seniority of our professionals as well as general economic factors.

In addition to the fees, our billing reports reflect reasonable out-of-pocket expenses incurred in connection with our work in this matter, including without limitation, airfare (at coach fare, unless such travel is transcontinental or international, in which case such travel shall be in business class, if available), lodging, rental cars, meals, taxi and other ground transportation, long distance calls, delivery services, postage and photocopying, as well as other attendant costs that we may reasonably incur in connection with this matter.

This Agreement shall be presented to the Bankruptcy Court for approval.  DSI agrees to be compensated for its services and the costs, charges and expenses referred to in this Agreement in accordance with, and subject to, the conditions of such approval by the Bankruptcy Court, including without limitation the guidelines of the U.S.


DSI Development Specialists, Inc.

Ms. Danielle Camner Lindholm
June 5, 2009
Page 4

Trustee and approval of DSI's fees, costs, charges and expenses by the Bankruptcy Court.

The Companies acknowledge that all advice (written or oral) given by DSI, in the capacity of Mr. Luzinski or other members of DSI serving as officers of the Companies or otherwise in connection with DSI's engagement, is intended solely for the benefit and use of the Companies in considering the transaction(s) to which it relates, and that no third party is entitled to rely on any such advice or communication. DSI will in no way be deemed to be providing services for any person not a party to this letter agreement.

This Agreement may be terminated for cause by the parties upon ten (10) days prior written notice and subject to Bankruptcy Court review and approval. The Companies will continue to be responsible for reasonable out-of-pocket costs, including, but not limited to, travel as may be required to conclude the engagement following notification.

DSI agrees that all information not publicly available that is received by DSI from the Companies, in connection with this engagement or that is developed during this engagement, will be treated confidentially and will not be disclosed by DSI, except as required by Court order or other legal process, or as may be authorized by the Companies. DSI shall not be required to defend any action to obtain an order, or to defend any other legal process, requiring disclosure of such information, but shall instead give prompt notice of any such action to the Companies, so that the Companies may seek appropriate remedies, including a protective order.

The Companies acknowledge that they are hiring DSI to assist and advise them in business planning and operations. DSI's engagement shall not constitute an audit, review or compilation, or any other type of financial statement reporting engagement that is subject to the rules of AICPA or other such state and national professional bodies.

The Companies shall by execution or acceptance of this letter, indemnify DSI and each and every one of the personnel employed by it who work on this particular project, as well as DSI officers, directors, employees and agents, from and against any and all claims, liability, loss, costs, damage or expense (including reasonable attorneys' fees) asserted against it or any of its individual personnel, or incurred by DSI or its personnel, by reason of or arising out of this Agreement or performance under this Agreement or any related transactions, except where caused by the willful misconduct, dishonesty, fraudulent act or omission or gross negligence of any of the DSI personnel, officers, directors, employees or agents. Such indemnification shall be effectuated, whether or not any such indemnitee is separately insured, by insurance provided by the Companies in accordance with this letter, or otherwise.



**DSI** Development Specialists, Inc.

Ms. Danielle Camner Lindholm
June 5, 2009
Page 5

The Companies agree not to solicit, recruit or hire any employees or agents of DSI for a period of two years subsequent to the completion and/or termination of this agreement.

By approving this retention letter, the Companies specifically waive any objection, or standing to object, to the retention, in matters unrelated to the Companies of DSI by banks or other institutional lenders or debt holders, who are or whose affiliates are lenders to the Companies, or bank groups which include banks who are or whose affiliates are lenders to the Companies.

The provisions of this Agreement relating to indemnification, to the non-solicitation or hiring of DSI employees, and all other provisions necessary to the enforcement of the intent of this agreement will survive the termination or expiration of this Agreement.

This Agreement terminates and supersedes all prior written or oral agreements between DSI and the Companies and encompasses all of the terms and conditions between the Companies and DSI concerning DSI's engagement.  If you are in agreement with the various terms and conditions of this proposal, please indicate your acceptance of this proposal on behalf of the Companies through the execution of an original copy of this agreement, returning one of the fully executed agreements to our Miami office.

Should you have any questions, comments or concerns, or require additional clarification of information, please do not hesitate to contact me at your convenience and at your earliest opportunity.

Very truly yours,

DEVELOPMENT SPECIALISTS, INC.

Joseph J. Luzinski

Joseph J. Luzinski

/jlv



Ms. Danielle Camner Lindholm
June 5, 2009
Page 6


**ACKNOWLEDGED AND AGREED TO:**


Bank United Financial Corporation
CRE America Corporation
Bank United Financial Services, Inc.


By:_____
     Danielle Camner Lindholm
     Chairman of the Board


Date:_____

