

**ORDERED in the Southern District of Florida on June 09, 2009.**

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
www.flsb.uscourts.gov

In re:

BankUnited Financial Corporation, *et al.*,[1]

        Debtors.

_____/

Chapter 11

Case No. 09-19940-LMI

(Joint Administration)

### INTERIM ORDER APPROVING EMPLOYMENT OF
### SHUTTS & BOWEN LLP, AS COUNSEL TO THE
### DEBTORS, *NUNC PRO TUNC* TO PETITION DATE

**THIS CAUSE** came before the Court on June 8, 2009 upon the application of

BankUnited Financial Corporation, CRE America Corporation, and BankUnited Financial

Services, Incorporated, debtors and debtors-in-possession (collectively, "Debtors"), entitled

*Debtors' Application for Order Authorizing Employment of Shutts & Bowen LLP, as Counsel to*

*the Debtors, Nunc Pro Tunc to Petition Date* ("Application") [C.P. # 14], and upon the

*Declaration of Peter H. Levitt on Behalf of Shutts & Bowen LLP, as Proposed Counsel for the*

---

[1]     The Debtors are the following 3 entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773), CRE America Corporation (0049), a Florida corporation, and BankUnited Financial Services, Incorporated (8335), a Florida corporation.

*Debtors* ("Levitt Declaration") [C.P. # 14-1].  Upon the representations that Peter H. Levitt, Peter E. Shapiro and Stephen P. Drobny are duly qualified under Local Rule 2090-1(A) to practice in this Court, that Peter, H. Levitt, Peter E. Shapiro, Stephen P. Drobny and Shutts & Bowen LLP (collectively, "Shutts & Bowen") and its attorneys hold no interest adverse to the estates in the matters upon which they are engaged, that Shutts & Bowen LLP and its attorneys are disinterested persons as required by 11 U.S.C.  §327(a), and have disclosed any connections with the parties set forth in Bankruptcy Rule 2014; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and, for the reasons stated on the record, it appearing that the relief requested by the Application is necessary to avoid immediate and irreparable harm to the Debtors and their estates; and good, adequate and sufficient cause has been shown to justify the immediate entry of this order; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Application and the Levitt Declaration; and the Court being satisfied based on the representations made in the Application, at the hearing held on June 8, 2009 and in the Levitt Declaration that (a) Shutts & Bowen and its attorneys do not hold or represent an interest adverse to the Debtors' estates and (b) Shutts & Bowen and its attorneys are "disinterested persons" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and Local Rule 2014-1; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided for purposes of the interim relief requested, and after due deliberation and sufficient cause appearing therefor, it is **ORDERED** that:

1.      The Application is granted on an interim basis, *nunc pro tunc* to May 22, 2009 ("Petition Date").

2.      The Debtors are authorized to employ and retain Shutts & Bowen and its attorneys as their counsel and in accordance with the terms and conditions set forth in the Application in accordance with the terms of this order.

3.      Shutts & Bowen shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any other applicable procedures and orders of the Court.

4.      A final hearing on the Application is scheduled for June 30, 2009 at 1:30 PM, prevailing Eastern Time, before this Court in Courtroom 1409 of the United States Bankruptcy Court, Claude Pepper Federal Building, 51 S.W. First Avenue, Miami, Florida (the "Final Application Hearing").  Any party in interest objecting to the relief sought in the Application shall serve and file written objections; which objections shall be served upon (a) Shutts & Bowen LLP, Attention: Peter H. Levitt, Esq.; (b) Office of the United States Trustee for the Southern District of Florida; and (c) the entities listed on the Master Service List filed pursuant to Local Bankruptcy Rule 2002-1(K) (collectively, the "Notice Parties") and shall be filed with the Clerk of the United States Bankruptcy Court, Southern District of Florida, in each case to allow actual receipt by the foregoing no later than June 28, 2009 at 4:30 p.m. Eastern Time.

5.      In the event the Application is not granted on a final basis, Shutts & Bowen shall be authorized to submit a fee application with this Court for compensation for services rendered in the period between the Petition Date and the Final Application Hearing.  Any party in interest

may object to the fee application; *provided*, *however*, that such party shall file such objection with this Court and serve a copy of the objection upon the Notice Parties.

6.      The requirements for entry of the relief requested earlier than the period set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Application.

7.      By separate Interim Order, the Court has approved the retention of Greenberg Traurig, P.A. as primary counsel for the Debtors.  After June 12, 2009, Shutts & Bowen shall have no obligation to monitor, oversee or take affirmative actions in the Debtors' bankruptcy cases but may provide assistance if needed and requested by the Debtors.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

9.      Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* standard at the Final Application Hearing.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

###

Submitted by:

SHUTTS & BOWEN LLP
Peter H. Levitt, Esq.
*Proposed Attorneys for the Debtors*
1500 Miami Center
201 S. Biscayne Blvd.
Miami, FL 33131
Telephone:  (305) 358-6300
Facsimile:  (305) 381-9982

(Attorney Levitt shall, immediately upon receipt, serve a copy of this Order upon all interested parties and file a certificate of service.)