IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| BankUnited Financial Corporation, *et al.*,[1] ) | |
| ) | Case No. 09-19940-LMI |
| Debtors. ) | |
| _____ ) | (Jointly Administered) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO EMPLOY KILPATRICK STOCKTON LLP
AS ITS ATTORNEYS, NUNC PRO TUNC TO JUNE 5, 2009**

The Official Committee of Unsecured Creditors of the above-captioned Debtors (the "Committee") submits to this Court its application (the "Application") for an order authorizing the Committee to retain and employ the law firm of Kilpatrick Stockton LLP ("Kilpatrick Stockton") as its attorneys effective as of June 5, 2009, pursuant to sections 328, 330 and 1103(a) of Title 11, United States Code (the "Bankruptcy Code"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"), and in support thereof, respectfully shows this Court as follows:

1. On May 22, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, Miami Division (the "Court"). Since that time, the Debtors have

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

US2008 710499.3

operated as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code, no trustee or examiner having been sought or appointed.

2. On May 29, 2009, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee appointed three creditors to serve on the Committee in connection with these Chapter 11 cases. The members of the Committee are The Bank of New York Mellon, Wilmington Trust Company, and Moses Marx.

4. At a meeting of the Committee on June 5, 2009, the Committee determined, in connection with the exercise of its powers and the performance of the duties conferred upon it pursuant to section 1103 of the Bankruptcy Code, that it requires legal services and advice, and in connection therewith, selected Kilpatrick Stockton LLP as its counsel. By submission of this Application, the Committee requests that this Court enter an order authorizing the Committee to retain and employ Kilpatrick Stockton, nunc pro tunc, to June 5, 2009, to render legal advice and services to the Committee as described herein and in the Affidavit of Todd C. Meyers in Support of Application of the Official Committee of Unsecured Creditors to Employ Kilpatrick Stockton LLP as Its Attorneys, Nunc Pro Tunc to June 5, 2009 (the "Meyers Affidavit"), which is attached hereto as **Exhibit A**.

5. The Committee desires to retain and employ Kilpatrick Stockton as its attorneys because of the firm's extensive experience and knowledge with regard to debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code. The members of Kilpatrick Stockton's Bankruptcy and Financial Restructuring Group have extensive experience in all aspects of Chapter 11 cases, having represented debtors, secured creditors, unsecured creditors, creditors' committees, Chapter 11 trustees, examiners, liquidating trustees, and various other constituencies. With particular relevance to these cases, Kilpatrick Stockton recently represented

the unsecured creditors' committee in In re NetBank, Inc., Chapter 11 case number 3:07-bk-04295-JAF, filed in the Middle District of Florida, and now represents the Liquidating Supervisor in that case. The NetBank case also involves the Chapter 11 filing of a bank holding company for a failed subsidiary bank. Accordingly, Kilpatrick Stockton has the necessary background and experience to deal effectively with the potential legal issues and problems that may arise in the context of these Chapter 11 cases. The Committee believes that Kilpatrick Stockton is both well qualified and able to represent the Committee in these Chapter 11 cases in an efficient and timely manner.

6. Subject to further order of this court, Kilpatrick Stockton will render, inter alia, the following professional services to the Committee:

a. rendering legal advice regarding the Committee's organization, duties and powers in these cases;

b. assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' businesses and the desirability of continuing the same, the potential sale of the Debtors' assets, and any other matter relevant to these cases or the formulation and analysis of any plan of reorganization or plan of liquidation;

c. attending meetings of the Committee and meetings with the Debtors, their attorneys, and other professionals, as requested by the Committee;

d. representing the Committee in hearings before the Court;

e. assisting the Committee in preparing all necessary motions, applications, responses, reports, and other pleadings in connection with the administration of these cases; and

f.  providing such other legal assistance as the Committee may deem necessary and appropriate.

7. Upon information and belief, and based on the Meyers Affidavit attached as **Exhibit A**, Kilpatrick Stockton does not represent any other entity having an adverse interest to the Committee in connection with these bankruptcy cases, consistent with section 1103(b) of the Bankruptcy Code.

8. Subject to approval by this Court, the Committee proposes that Kilpatrick Stockton be compensated for the services it will be rendering to the Committee on the basis of Kilpatrick Stockton's normal hourly rates for attorneys, paralegals, and other personnel that provide such services to the Committee and for out-of-pocket expenses and disbursements that are actually incurred, at rates normally charged to its regular clients. The hourly rates of professionals of Kilpatrick Stockton are set forth in the Meyers Affidavit attached as **Exhibit A** in support of this Application.

9. Kilpatrick Stockton has stated its desire and willingness to act in these cases and render the necessary professional services as counsel to the Committee. Kilpatrick Stockton will bill for services rendered and out-of-pocket expenses incurred pursuant to the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, United States Trustee guidelines, the Local Rules, and future orders of the Court.

10. The Committee believes that Kilpatrick Stockton is eminently qualified to represent it in these Chapter 11 cases and that the retention of Kilpatrick Stockton is in the best interest of the Committee and the creditors of the Debtors and their estates.

11. I certify that notice of this Application is being provided to the United States Trustee, the Debtors and their counsel, members of the Committee, and those parties who have filed

notices of appearance in these Chapter 11 cases. In light of the nature of the relief requested, the Committee submits that this notice is appropriate and that no other or further notice need be given.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order authorizing it to retain and employ Kilpatrick Stockton, <u>nunc pro tunc</u>, to June 5, 2009, and for such other and further relief as may be just and proper under the circumstances.

DATED: June 15, 2009.

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
BANKUNITED FINANCIAL
CORPORATION, *et. al.*

BY: _____
      Chairperson

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served (i) via the Court's CM/ECF notification to those parties who are registered CM/ECF participants in this case and (ii) via U.S. Mail on all parties on the attached Service List on this 16th day of June, 2009.

/s/ Corali Lopez-Castro
Corali Lopez-Castro, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce De Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800 (Telephone)
(305) 372-3508 (Facsimile)
Email: **clc@kttlaw.com**

*Proposed Counsel for the Official Committee of Unsecured Creditors*

# *BANKUNITED FINANCIAL CORPORATION et al.*
# CASE NO. 09-19940-LMI

## ECF SERVICE LIST

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case:

Scott M. Grossman on behalf of Debtors
bloomm@gtlaw.com, grossmansm@gtlaw.com

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

Paul J. Battista on behalf of Creditor Alfred Camner
pbattista@gjb-law.com, ctarrant@gjb-law.com;gjbecf@gjb-law.com

Bruce J Berman on behalf of Creditor Federal Deposit Insurance Corporation,
bberman@mwe.com, wjanke@mwe.com;graicht@mwe.com

Mark D Bloom on behalf of Debtor BankUnited Financial Corporation
bloomm@gtlaw.com, hillipsj@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

Stephen P Drobny on behalf of Debtor BankUnited Financial Corporation
sdrobny@shutts.com, mvandenbosch@shutts.com

Scott M. Grossman on behalf of Debtor BankUnited Financial Corporation
grossmansm@gtlaw.com, phillipsj@gtlaw.com; MiaLitDock@gtlaw.com; miaecfbky@gtlaw.com

Peter H Levitt on behalf of Debtor BankUnited Financial Corporation
plevitt@shutts-law.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Craig V Rasile on behalf of Creditor U.S. Bank, N.A.
crasile@hunton.com, mtucker@hunton.com, mmannering@hunton.com, keckhardt@hunton.com, adeboer@hunton.com

Patricia A Redmond on behalf of Interested Party BankUnited, FSB ("New Bank")
predmond@swmwas.com, jmartinez@swmwas.com;rross@swmwas.com

US2008 716992.1

**Manual Service List**

The following is the list of parties who are not on the list to receive e-mail notice/service for this case (who therefore require manual notice/service).

Cede & Co.
P.O. Box 20
Bowling Green Station
New York, NY 10004-1408

Wells Fargo Delaware Trust Company
Attn: Molly A. Breffitt
919 N. Market Street
Suite 1600
Wilmington, DE 19801

U.S. Bank
Attn: Yemishi Otuyelu
Russell Rokes
Robert Butzier
P.O. Box 960778
Boston, MA 02196

Coffey Burlington
Office in the Grove Penthouse
2699 S. Bayshore Drive
Miami, FL 33133

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Bridget Schessler, Vice President
The Bank of New York Mellon
525 William Penn Place, 7th Floor
Pittsburgh, PA 15259

Honorable Eric Holder
U.S. Attorney General
Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Moses Marx
c/o Ross Martin, Esq.
Ropes & Gray, LLP
One International Place
Boston, MA 02110-2624

Timothy Sandell
Brian Renelt
Rick Prokosch
U.S. Bank National Association
60 Livingston Avenue
St. Paul, MN 55107

U.S. Bank
Attn: Earl Dennison, Acct. Admin.
Goodwin Square, 23rd Floor
255 Asylum Street
Hartford, CT 06103

Stearns Weaver
Museum Tower
150 W. Flagler Street Suite 2200
Miami, FL 33130

Internal Revenue Service
Department of Treasury
227 N. Borough St.
Tallahassee, FL 32301

The Bank of New York Mellon
Attn: Rafael Miranda, VP
101 Barclay St. - 8W
New York, NY 10286

State of Florida
Department of Revenue
Bankruptcy Section
P.O. Box 6668
Tallahassee, FL 32314-6668

Honorable R. Alexander Acosta
Attn: Civil Process Clerk
U.S. Attorney
99 NE Fourth Street
Miami, FL 33132

David A. Lander, Esq.
Brian W. Hockett, Esq.
Attorneys for BankUnited (New Bank)
Thompson Coburn LLP
One US Bank Plaza
St. Louis, Missouri 63101

U.S. Bank
1555 N. River Center Drive
Suite 300
Milwaukee, WI 53212

Thomas M. Korsman, Vice President
Corporate Special Accounts Group
Wells Fargo Bank, N.A.
MAC N9311-110
625 Marquette Avenue
Minneapolis, MN 55479

Tew Cardenas
Four Seasons Tower - 15th Floor
1441 Brickell Avenue
Miami, FL 33131-3439

Jack Reise
Waterford Township General Employees Retirement System
c/o Coughlin Stoia Geller et al
120 E. Palmetto Park Road Suite 500
Boca Raton, FL 33432

Internal Revenue Service
Insolvency Unit
7850 S.W. 6th Court
Mail Stop 5730
Plantation, FL 33324

Wilmington Trust Co.
Corporate Capital Markets
Attn: Lori L. Donahue
Christopher J. Slaybaugh
Steven M. Cimalore
1100 N. Market Street
Wilmington, DE 19890

Susan R. Sherrill-Beard
Senior Trial Counsel/Bankruptcy
U.S. Securities and Exchange Commission
Atlanta Regional Office
Suite 1000, 3475 Lenox Road, N.E.
Atlanta, GA 30326-1232

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                )
                                                      )   Chapter 11
BankUnited Financial Corporation, et al.,[1]          )
                                                      )   Case No. 09-19940-LMI
            Debtors.                                  )
                                                      )   (Jointly Administered)

**AFFIDAVIT OF TODD C. MEYERS IN SUPPORT OF APPLICATION
OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO EMPLOY KILPATRICK STOCKTON LLP AS ITS
ATTORNEYS, NUNC PRO TUNC TO JUNE 5, 2009**

STATE OF GEORGIA     )
COUNTY OF FULTON     )

Todd C. Meyers, being duly sworn according to law upon his oath, deposes and states as follows:

1. I am an attorney appearing pro hac vice pursuant to Local Rule 2090-1(B)(2). I am over twenty-one (21) years of age, of sound mind, and in all respects qualified to make this affidavit. I have personal knowledge of the facts stated herein.

2. I am a partner in the law firm of Kilpatrick Stockton LLP (the "Firm"), which, inter alia, has offices at 1100 Peachtree Street, Suite 2800, Atlanta, Georgia 30309. The Firm employs over 400 attorneys located in offices in Atlanta, Augusta, Charlotte, Dubai, New York, Raleigh, Stockholm, Washington, D.C., and Winston-Salem.

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

US2008 710546.5

3.  The Firm has agreed to be retained and employed to provide legal services and assistance to the Official Committee of Unsecured Creditors of the above-captioned Debtors (the "Committee"), and I provide this affidavit pursuant to sections 328, 330 and 1103(b) of Title 11, United States Code (the "Bankruptcy Code"), Rules 2014(a) and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules") in support of an order authorizing such retention and employment, nunc pro tunc to June 5, 2009.

4.  The Debtors are sizable corporations and have many creditors, employees, and other relationships. A firm the size of Kilpatrick Stockton LLP necessarily will have, in connection with cases of this magnitude, some contacts and relationships with parties in interest, their affiliates, agents, or employees. The Firm does not represent the separate interests of any such parties in interest in these cases. Additionally, the Firm's partners, counsel, associates, paralegals, and staff members may, in the ordinary course of their personal affairs, have relationships with certain creditors and other parties in interest. Additionally, the Firm and its representatives have contacts and relationships with other professionals associated with these bankruptcy cases.

5.  Based upon the conflicts search performed to date by the Firm's conflicts' department and described herein, to the best of my knowledge, the Firm, which seeks to be employed to serve as counsel for the Committee, does not represent any other entity having an adverse interest in connection with the Debtors' cases within the meaning of section 1103(b) of the Bankruptcy Code.

6.  The Firm has searched its conflicts database for any connections to (i) the Debtors; (ii) stockholders holding more than 5% of stock of the Debtors; (iii) the twenty (20) largest unsecured creditors of the Debtors on a consolidated basis; (iv) the current officers and directors of the Debtors (as enumerated on the Debtors' consolidated case management summary, Docket

No. 39); (v) the parties enumerated on Exhibit A to Mark D. Bloom's affidavit in support of the employment and retention of Greenberg Traurig, P.A. as general counsel for the Debtors (Docket No. 41) (the "Bloom Affidavit"); and (vi) other potential parties in interest, including, the Federal Deposit Insurance Corporation and BankUnited, FSB.

7. With respect to the Firm's current representation of the various creditors or other parties in the categories enumerated in the preceding paragraph, the Firm discloses the following relationships:

A. Wilmington Trust Company ("Wilmington") is one of the members of the Committee in these Chapter 11 cases. In two other pending Chapter 11 cases, the Firm represented creditors committees on which Wilmington served. In one of those cases, Wilmington continues to serve on the post-confirmation committee. The Firm also represents Wilmington in its capacity as Indenture Trustee in three other matters which have resulted in fees that have constituted less than one tenth of one percent (0.1%) of the Firm's total fees received during 2008 and 2009.

B. The Bank of New York Mellon (formerly The Bank of New York) ("BNY") is one of the members of the Committee in these Chapter 11 cases. The Firm has previously represented BNY, or entities related thereto, in matters unrelated to these Chapter 11 cases.

C. BankUnited, FSB (the "Bank"), a wholly owned subsidiary of debtor BankUnited Financial Corporation, was the entity through which debtor BankUnited Financial Corporation primarily conducted its business. The Firm represented the Bank in 2005 on one matter involving claims the Bank was considering asserting against others, but that it ultimately did not pursue. The matter resulted in charges and payment of $1,596.48 in fees, and the matter was closed in 2005.

US2008 710546.5

D. U.S. Bank is an indenture trustee in these Chapter 11 cases. In one other pending Chapter 11 case, the Firm represented the creditors committee on which U.S. Bank served. U.S. Bank continues to serve on the post-confirmation committee in that case. The Firm has represented and may continue to represent entities related to U.S. Bank in matters unrelated to these Chapter 11 cases.

E. Wells Fargo Delaware Trust Company is an indenture trustee in these Chapter 11 cases. The Firm has not represented Wells Fargo Delaware Trust Company, but has represented and may continue to represent other Wells Fargo entities ("Wells Fargo") in matters unrelated to these Chapter 11 cases. In one other pending Chapter 11 case, the Firm represented the creditors committee on which Wells Fargo served. Wells Fargo continues to serve on the post-confirmation committee in that case.

F. The Firm has represented and may continue to represent Keefe Bruyette & Woods in matters unrelated to these Chapter 11 cases.

G. The Firm has represented and may continue to represent Deloitte & Touche, as well as entities related thereto, in matters unrelated to these Chapter 11 cases.

H. The Firm has represented and may continue to represent JP Morgan Chase & Co., as well as entities related thereto, in matters unrelated to these Chapter 11 cases.

I. The Firm has represented and may continue to represent Friedman Billings, Ramsey & Co., Inc. in matters unrelated to these Chapter 11 cases.

J. The Firm represented an individual named Robert L. Green in a matter unrelated to these Chapter 11 cases. It is presently unknown whether the Robert L. Green represented by the Firm is the same Robert L. Green contained in the Bloom Affidavit.

K.  The Firm represented an individual named Robert Morris in a matter unrelated to these Chapter 11 cases. It is presently unknown whether the Robert Morris represented by the Firm is the same Robert Morris contained in the Bloom Affidavit.

8.  The information listed in this affidavit may change during the pendency of these cases. I or another attorney of the Firm will update this affidavit, as necessary, should the Firm become aware of new material information.

9.  The Firm has extensive experience and knowledge with regard to debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code. The members of the Firm's Bankruptcy and Financial Restructuring Group have extensive experience in all aspects of Chapter 11 cases, having represented debtors, secured creditors, unsecured creditors, creditors' committees, Chapter 11 trustees, examiners, plan liquidating trustees, examiners, and various other constituencies. Accordingly, the Firm has the necessary background and experience to deal effectively with the potential legal issues and problems that may arise in the context of these Chapter 11 cases.

10.  The anticipated duties and responsibilities of the Firm in these Chapter 11 cases, which at the request of the Committee, have commenced as of June 5, 2009, include, but are not limited to, the following:

   a.  rendering legal advice regarding the Committee's organization, duties and powers in these cases;

   b.  assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' businesses and the desirability of continuing the same, the potential sale of the Debtors'

assets, and any other matters relevant to these cases or the formulation and analysis of any plan of reorganization or plan of liquidation;

c. attending meetings of the Committee and meetings with the Debtors, their attorneys, and other professionals, as requested by the Committee;

d. representing the Committee in hearings before the Court;

e. assisting the Committee in preparing all necessary motions, applications, responses, reports, and other pleadings in connection with the administration of these cases; and

f. providing such other legal assistance as the Committee may deem necessary and appropriate.

11. It is the intention of the Firm to seek compensation for its services to the Committee in accordance with the normal hourly rates that it charges to its other clients. At the current time, the Firm's standard hourly billing rates for those professionals most likely to be involved in these cases are as follows:

| | |
|---|---|
| Partners | $475 - $695 |
| Counsel | $305 - $425 |
| Associates | $275 - $395 |
| Paralegals | $150 - $195 |

These rates are adjusted by Kilpatrick Stockton from time to time. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to compensate the Firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

12. It is the Firm's policy to charge its clients in all areas of practice for additional expenses incurred in connection with the client's case. The expenses charged to clients include,

US2008 710546.5

among other things, telephone and telecopier toll and other charges, express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the estate for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

13. Kilpatrick Stockton has stated its desire and willingness to act in these cases and render the necessary professional services as counsel to the Committee. Kilpatrick Stockton will bill for services rendered and out-of-pocket expenses incurred pursuant to the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, applicable U.S. Trustee guidelines, and future orders of the Court.

14. Except for the continuing representation of the Committee, neither I nor the firm has or will represent any other entity in connection with these cases and neither I nor the firm will accept any fee from any other party or parties in this case, except the Committee. No agreement exists between the Firm and anyone else regarding the sharing of payments to be received by the Firm in connection with the representation of the Committee in the Debtors' Chapter 11 cases.

15. The proposed employment of Kilpatrick Stockton is not prohibited by or improper under Bankruptcy Rule 5002. I am not related, and to the best of my knowledge, no attorney at Kilpatrick Stockton is related to any United States Bankruptcy Judge for the Southern District of Florida or to the United States Trustee for such district or any employee in that office.

16. I, and those other members of the Firm's Bankruptcy and Financial Restructuring Group who are resident in the Atlanta office, are members in good standing of the State Bar of Georgia. The Firm has had substantial experience and practice before bankruptcy courts throughout the nation.

US2008 710546.5

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NOT.

_____
Todd C. Meyers
Georgia Bar No. 503756

KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309
(404) 815-6500

Sworn to and subscribed before
me this 12th day of June, 2009.

_____
Notary Public

My Commission expires: 8/3/2010



US2008 710546.5