IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| BankUnited Financial Corporation, *et al.*,[1] ) | |
| ) | Case No. 09-19940-LMI |
| Debtors. ) | |
| _____ ) | (Jointly Administered) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO EMPLOY KOZYAK TROPIN & THROCKMORTON, P.A.
AS LOCAL COUNSEL, NUNC PRO TUNC, TO JUNE 9, 2009**

The Official Committee of Unsecured Creditors of the above-captioned Debtors (the "Committee") submits to this Court its application (the "Application") for an order authorizing the Committee to retain and employ the law firm of Kozyak Tropin & Throckmorton, P.A. ("KT&T") as local counsel for the Committee effective as of June 9, 2009, pursuant to section 1103(a) of Title 11, United States Code (the "Bankruptcy Code"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"), and in support thereof, respectfully shows this Court as follows:

1. On May 22, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, Miami Division (the "Court"). Since that time, the

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

US2008 710499.3

Debtors have operated as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code, no trustee or examiner having been sought or appointed.

2. On May 29, 2009, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee appointed three creditors to serve on the Committee in connection with these Chapter 11 cases. The members of the Committee are The Bank of New York Mellon, Wilmington Trust Company, and Moses Marx.

3. At a meeting of the Committee on June 9, 2009, the Committee determined, in connection with the exercise of its powers and the performance of the duties conferred upon it pursuant to section 1103 of the Bankruptcy Code, that it requires legal services and advice, and in connection therewith, selected KT&T as its local counsel. By submission of this Application, the Committee requests that this Court enter an order authorizing the Committee to retain and employ KT&T, *nunc pro tunc*, to June 9, 2009, to render legal advice and services to the Committee as described herein and in the Affidavit of Corali Lopez-Castro in Support of its Application (the "CLC Affidavit"), which is attached hereto as **Exhibit A**.

4. The Committee desires to retain and employ KT&T as its attorneys because of the firm's extensive experience and knowledge with regard to debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code. KT&T has extensive experience in all aspects of Chapter 11 cases, having represented debtors, secured creditors, unsecured creditors, creditors' committees, Chapter 11 trustees, examiners, liquidating trustees, and various other constituencies. KT&T and its attorneys are qualified to advise the Committee on its relations with, and responsibilities to, the Debtors, creditors and other interested parties in these Chapter 11 cases in an efficient and timely manner.

5. Subject to further order of this court, KT&T will render, <u>inter</u> <u>alia</u>, the following professional services to the Committee:

a. rendering legal advice regarding the Committee's organization, duties and powers in these cases;

b. assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' businesses and the desirability of continuing the same, the potential sale of the Debtors' assets, and any other matter relevant to these cases or the formulation and analysis of any plan of reorganization or plan of liquidation;

c. attending meetings of the Committee and meetings with the Debtors, their attorneys, and other professionals, as requested by the Committee;

d. representing the Committee in hearings before the Court;

e. assisting the Committee in preparing all necessary motions, applications, responses, reports, and other pleadings in connection with the administration of these cases; and

f. providing such other legal assistance as the Committee may deem necessary and appropriate.

6. Simultaneously with the filing of this Application, the Committee filed an application to employ Kilpatrick Stockton LLP as General Counsel *nunc pro tunc*, to June 9, 2009. The Committee does not find a significant risk in duplicative work or time generated by KT&T and any appointed general counsel. In fact, the Committee believes this division of labor to be in the Committee's best interests.

302293.1/3915-101

7.  Upon information and belief, and based on the CLC Affidavit attached as **Exhibit A**, KT&T does not represent any other entity having an adverse interest to the Committee in connection with these bankruptcy cases, consistent with section 1103(b) of the Bankruptcy Code, except that KT&T has been in existence since 1982 and it is impossible to state with certainty whether the firm has ever represented any existing creditor of any of the Debtors. In addition, David Samole is an associate at KT&T who will be working on the case. His wife, Brigid Samole, is an associate in Greenberg Traurig's Appellate Department, which handles appellate cases unrelated to these Chapter 11 cases. KT&T does not believe that this relationship constitutes a conflict of interest with its representation of the Committee.

8.  Subject to approval by this Court, the Committee proposes that KT&T be compensated for the services it will be rendering to the Committee on the basis of KT&T's normal hourly rates for attorneys, paralegals, and other personnel that provide such services to the Committee and for out-of-pocket expenses and disbursements that are actually incurred, at rates normally charged to its regular clients.

9.  KT&T has agreed to be compensated on an hourly basis and will submit fee applications before this Court in accordance with the *Guidelines for Fee Applications for Professionals in the Southern District of Florida*, or any other procedure set forth by the Court.

10. The Committee believes that KT&T is eminently qualified to represent it in these Chapter 11 cases and that the retention of KT&T is in the best interest of the Committee and the creditors of the Debtors and their estates.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order authorizing it to retain and employ KT&T, *nunc pro tunc* to June 9, 2009, and for such other and further relief as may be just and proper under the circumstances.

302293.1/3915-101

DATED: June 15, 2009.

                                  OFFICIAL COMMITTEE OF UNSECURED
                                  CREDITORS OF BANKUNITED FINANCIAL
                                  CORPORATION, ET. AL.

                                  BY:  /s/ Moses Marx
                                       Moses Marx, Chairperson

302293.1/3915-101

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served (i) via the Court's CM/ECF notification to those parties who are registered CM/ECF participants in this case and (ii) via U.S. Mail on all parties on the attached Service List on this 16th day of June, 2009.

/s/ Corali Lopez-Castro
Corali Lopez-Castro, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce De Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800 (Telephone)
(305) 372-3508 (Facsimile)
Email: **clc@kttlaw.com**

*Proposed Counsel for the Official Committee of Unsecured Creditors*

## *BANKUNITED FINANCIAL CORPORATION et al.*
## CASE NO. 09-19940-LMI

### ECF SERVICE LIST

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case:

Scott M. Grossman on behalf of Debtors
bloomm@gtlaw.com, grossmansm@gtlaw.com

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

Paul J. Battista on behalf of Creditor Alfred Camner
pbattista@gjb-law.com, ctarrant@gjb-law.com;gjbecf@gjb-law.com

Bruce J Berman on behalf of Creditor Federal Deposit Insurance Corporation,
bberman@mwe.com, wjanke@mwe.com;graicht@mwe.com

Mark D Bloom on behalf of Debtor BankUnited Financial Corporation
bloomm@gtlaw.com, hillipsj@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

Stephen P Drobny on behalf of Debtor BankUnited Financial Corporation
sdrobny@shutts.com, mvandenbosch@shutts.com

Scott M. Grossman on behalf of Debtor BankUnited Financial Corporation
grossmansm@gtlaw.com, phillipsj@gtlaw.com; MiaLitDock@gtlaw.com; miaecfbky@gtlaw.com

Peter H Levitt on behalf of Debtor BankUnited Financial Corporation
plevitt@shutts-law.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Craig V Rasile on behalf of Creditor U.S. Bank, N.A.
crasile@hunton.com, mtucker@hunton.com, mmannering@hunton.com, keckhardt@hunton.com, adeboer@hunton.com

Patricia A Redmond on behalf of Interested Party BankUnited, FSB ("New Bank")
predmond@swmwas.com, jmartinez@swmwas.com;rross@swmwas.com

US2008 716992.1

**Manual Service List**

The following is the list of parties who are not on the list to receive e-mail notice/service for this case (who therefore require manual notice/service).

| | | |
|---|---|---|
| Cede & Co.<br>P.O. Box 20<br>Bowling Green Station<br>New York, NY 10004-1408 | Timothy Sandell<br>Brian Renelt<br>Rick Prokosch<br>U.S. Bank National Association<br>60 Livingston Avenue<br>St. Paul, MN 55107 | U.S. Bank<br>1555 N. River Center Drive<br>Suite 300<br>Milwaukee, WI 53212 |
| Wells Fargo Delaware Trust Company<br>Attn: Molly A. Breffitt<br>919 N. Market Street<br>Suite 1600<br>Wilmington, DE 19801 | U.S. Bank<br>Attn: Earl Dennison, Acct. Admin.<br>Goodwin Square, 23rd Floor<br>255 Asylum Street<br>Hartford, CT 06103 | Thomas M. Korsman, Vice President<br>Corporate Special Accounts Group<br>Wells Fargo Bank, N.A.<br>MAC N9311-110<br>625 Marquette Avenue<br>Minneapolis, MN 55479 |
| U.S. Bank<br>Attn: Yemishi Otuyelu<br>Russell Rokes<br>Robert Butzier<br>P.O. Box 960778<br>Boston, MA 02196 | Stearns Weaver<br>Museum Tower<br>150 W. Flagler Street Suite 2200<br>Miami, FL 33130 | Tew Cardenas<br>Four Seasons Tower - 15th Floor<br>1441 Brickell Avenue<br>Miami, FL 33131-3439 |
| Coffey Burlington<br>Office in the Grove Penthouse<br>2699 S. Bayshore Drive<br>Miami, FL 33133 | Internal Revenue Service<br>Department of Treasury<br>227 N. Borough St.<br>Tallahassee, FL 32301 | Jack Reise<br>Waterford Township General Employees Retirement System<br>c/o Coughlin Stoia Geller et al<br>120 E. Palmetto Park Road Suite 500<br>Boca Raton, FL 33432 |
| Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114 | The Bank of New York Mellon<br>Attn: Rafael Miranda, VP<br>101 Barclay St. - 8W<br>New York, NY 10286 | Internal Revenue Service<br>Insolvency Unit<br>7850 S.W. 6th Court<br>Mail Stop 5730<br>Plantation, FL 33324 |
| Bridget Schessler, Vice President<br>The Bank of New York Mellon<br>525 William Penn Place, 7th Floor<br>Pittsburgh, PA 15259 | State of Florida<br>Department of Revenue<br>Bankruptcy Section<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | Wilmington Trust Co.<br>Corporate Capital Markets<br>Attn: Lori L. Donahue<br>Christopher J. Slaybaugh<br>Steven M. Cimalore<br>1100 N. Market Street<br>Wilmington, DE 19890 |
| Honorable Eric Holder<br>U.S. Attorney General<br>Office of the Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530 | Honorable R. Alexander Acosta<br>Attn: Civil Process Clerk<br>U.S. Attorney<br>99 NE Fourth Street<br>Miami, FL 33132 | Susan R. Sherrill-Beard<br>Senior Trial Counsel/Bankruptcy<br>U.S. Securities and Exchange Commission<br>Atlanta Regional Office<br>Suite 1000, 3475 Lenox Road, N.E.<br>Atlanta, GA 30326-1232 |
| Moses Marx<br>c/o Ross Martin, Esq.<br>Ropes & Gray, LLP<br>One International Place<br>Boston, MA 02110-2624 | David A. Lander, Esq.<br>Brian W. Hockett, Esq.<br>Attorneys for BankUnited (New Bank)<br>Thompson Coburn LLP<br>One US Bank Plaza<br>St. Louis, Missouri 63101 | |

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                       )
                                             )    Chapter 11
                                             )
BankUnited Financial Corporation, et al.,[1] )
                                             )    Case No. 09-19940-LMI
                   Debtors.                  )
                                             )    (Jointly Administered)
_____)


AFFIDAVIT OF CORALI LOPEZ-CASTRO IN SUPPORT OF APPLICATION
OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO EMPLOY KOZYAK TROPIN & THROCKMORTON, P.A. AS
LOCAL COUNSEL, NUNC PRO TUNC TO JUNE 9, 2009


STATE OF FLORIDA        )
                        )ss.
COUNTY OF MIAMI-DADE)

Corali Lopez-Castro, being duly sworn, states as follows:

1.   I am an attorney admitted to practice in the State of Florida, the United States District Court for the Southern District of Florida and am qualified to practice in the U.S. Bankruptcy Court for the Southern District of Florida.

2.   I am a partner in the law firm of Kozyak Tropin & Throckmorton, P.A. ("KT&T"), with offices located at 2525 Ponce de Leon, 9th Floor, Coral Gables, Florida 33134 (the "Firm").

3.   The Firm has agreed to be retained and employed to provide legal services and

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

US2008 710546.5

assistance to the Official Committee of Unsecured Creditors of the above-captioned Debtors (the "Committee"), and I provide this affidavit pursuant to section 1103(b) of Title 11, United States Code (the "Bankruptcy Code"), Rules 2014(a) and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules") in support of an order authorizing such retention and employment, nunc pro tunc to June 9, 2009.

4. Neither I nor the Firm, which seeks to be employed to serve as local counsel for the Committee, represent any other entity having an adverse interest in connection with the Debtors' cases within the meaning of section 1103(b) of the Bankruptcy Code, except that KT&T has been in existence since 1982 and it is impossible to state with certainty whether the firm has ever represented any existing creditor of any of the Debtors. The Firm has been involved in prior cases in which creditors of the Debtors were also creditors but do not believe it is a conflict. In addition, David Samole is an associate at KT&T who will be working on the case. His wife, Brigid Samole, is an associate in Greenberg Traurig's Appellate Department, which handles appellate cases unrelated to these Chapter 11 cases. KT&T does not believe that this relationship constitutes a conflict of interest with its representation of the Committee.

5. Additionally, my husband and I own a *de minimus* amount of shares in BankUnited Financial Corporation. I do not believe this ownership constitutes a conflict.

5. To the extent that any information provided herein requires amendment or modification as additional creditor information becomes available to it, a supplemental affidavit will be submitted to the Court reflecting same.

6. The Firm has extensive experience and knowledge with regard to debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code. KT&T

- 2 -

has extensive experience in all aspects of Chapter 11 cases, having represented debtors, secured creditors, unsecured creditors, creditors' committees, Chapter 11 trustees, examiners, liquidating trustees, and various other constituencies. KT&T and its attorneys are qualified to advise the Committee on its relations with, and responsibilities to, the Debtors, creditors and other interested parties in these Chapter 11 cases in an efficient and timely manner.

7. The anticipated duties and responsibilities of the Firm in these Chapter 11 cases, which at the request of the Committee, have commenced as of June 9, 2009, include, but are not limited to, the following:

   a. rendering legal advice regarding the Committee's organization, duties and powers in these cases;

   b. assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' businesses and the desirability of continuing the same, the potential sale of the Debtors' assets, and any other matters relevant to these cases or the formulation and analysis of any plan of reorganization or plan of liquidation;

   c. attending meetings of the Committee and meetings with the Debtors, their attorneys, and other professionals, as requested by the Committee;

   d. representing the Committee in hearings before the Court;

   e. assisting the Committee in preparing all necessary motions, applications, responses, reports, and other pleadings in connection with the administration of these cases; and

   f. providing such other legal assistance as the Committee may deem necessary and appropriate.

302302.1/3915-101

8. KT&T has stated its desire and willingness to act in these cases and render the necessary professional services as counsel to the Committee. KT&T will bill for services rendered and out-of-pocket expenses incurred pursuant to the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, applicable U.S. Trustee guidelines, and future orders of the Court.

9. Except for the continuing representation of the Committee, neither I nor the firm has or will represent any other entity in connection with these cases and neither I nor the firm will accept any fee from any other party or parties in this case, except the Committee. No agreement exists between the Firm and anyone else regarding the sharing of payments to be received by the Firm in connection with the representation of the Committee in the Debtors' Chapter 11 cases.

10. Neither myself nor the Firm have any connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NOT.

Corali Lopez-Castro
Florida Bar No. 863830

KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce De Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800

Sworn to and subscribed before
me this 15th day of June, 2009.

_____
Notary Public, State of Florida

My Commission expires: _____

```
NOTARY PUBLIC   Yamile C. Paz
                Commission # DD526265
                Expires April 21, 2010
STATE OF FLORIDA   Bonded Troy Fain - Insurance, Inc. 800-385-7019
```

- 5 -

302302.1/3915-101