UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)
www.flsb.uscourts.gov

In re:                                                    Chapter 11

BankUnited Financial Corporation, *et al.*[1]             Case No. 09-19940-LMI
                                                          (Jointly Administered)

_____ Debtors. _____ /

APPLICATION FOR APPROVAL OF RETENTION OF
J.H. COHN LLP AS FINANCIAL ADVISORS
AND FORENSIC ACCOUNTANTS
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
NUNC PRO TUNC TO JUNE 11, 2009

The Official Committee of Unsecured Creditors (the "Committee") files this Application for

Approval of Retention of J.H. Cohn LLP as Financial Advisors and Forensic Accountants to the

Official Committee of Unsecured Creditors Nunc Pro Tunc to June 11, 2009 (the "Application")

pursuant to 11 U.S.C. §§ 328, 330 and 1103, and Federal Rule of Bankruptcy Procedure 2014,

requesting that the Court enter an order approving the appointment of J.H. Cohn LLP ("JHC") as

Financial Advisors and Forensic Accountants to the Committee in the above-referenced bankruptcy

cases.  The facts and circumstances supporting this Application are as set forth herein and in the

Affidavit of Clifford A. Zucker (the "Zucker Affidavit"), which is attached hereto as **Exhibit A**.  In

support of this Application, the Committee respectfully states to the Court as follows:

---

[1] The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

1.      On May 22, 2009 (the "Filing Date"), BankUnited Financial Corporation and its related entities (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.      The Debtors have continued operating their businesses and managing their financial affairs as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

3.      On May 29, 2009, the Committee was appointed in this case by the United States Trustee pursuant to Sections 1102(a) of the Bankruptcy Code.

4.      On June 11, 2009, the Committee made a determination to retain JHC to perform certain forensic accounting and financial advisory services.  These services include, but are not limited to, the following:

a)    Analyze and review key motions to identify strategic case issues.

b)    Gain an understanding of Debtors' corporate structure.

c)    Establish reporting procedures that will allow for the monitoring of the Debtors' post-petition operations.

d)    Develop and evaluate alternative sale and restructuring strategies.

e)    Gain an understanding of Debtors' accounting systems.

f)    Scrutinize proposed sale transactions, including the assumption and/or rejection of executory contracts.

g)    Review the reasonableness of any proposed KERP.

h)    Identify, analyze and investigate transactions between Debtor entities and other related parties.

i)    Monitor the sales process and supplement list of potential buyers.

2

j)    Analyze Debtor's budget to actual results on an ongoing basis for reasonableness and cost control.

k)    Communicate findings to the Committee.

l)    Perform forensic accounting procedures, as directed by the Committee.

m)  Assist the Committee in negotiating the key terms of a Plan of Reorganization/ Liquidation.

n)    Review the nature and origin of other significant claims asserted against the Debtors.

o)    Render such assistance as the Creditors' Committee and its counsel may deem necessary.

5.     The Committee has conferred with and wishes to retain JHC as its Financial Advisors and Forensic Accountants to perform all the above-described services necessary and desirable in the administration of the Debtors' estates.  Because of a number of emergent matters pending with the Court in these cases, JHC was requested to immediately begin reviewing financial information and documents pertinent to this matter.

6.     The Committee has selected JHC as its accountants and financial advisors because of JHC's experience and knowledge in the area of insolvency and forensic accounting.  The Committee believes that these professionals are well qualified to represent it in this proceeding and such retention would be in the best interest of the Debtors' estates.

7.     JHC's normal billing rates for the forensic accounting and financial advisory services of the nature to be rendered to the Committee are as follows:

| | |
|---|---|
| Partners | $540 - $695/hr. |
| Manager/ Sr. Manager/Director | $420 - $525/hr. |
| Other Professional Staff | $180 - $350/hr. |
| Paraprofessional | $150 - $165/hr. |

Clifford A. Zucker shall be the primary person providing services in these areas and his rate for this engagement will be $600/hr.  In the normal course of business, the Firm revises its hourly rates on

February 1 of each year. Expenses for actual costs incurred (including travel, copying, telephone, travel, faxes, etc.) will be charged in accordance with the applicable rules and guidelines of this Court.

8.    JHC has indicated its willingness to act on the Committee's behalf and to be compensated in accordance with the terms and conditions set forth above.

9.    To the best of Applicant's knowledge, the members of JHC does not have any connection with the Debtors, Debtors' creditors, or any other party in interest, or their respective attorneys or accountants, except as stated in paragraph 4 of the Zucker Affidavit. Therefore, JHC represents no interest adverse to the Debtors' estates in the matters in which it is to be retained.

WHEREFORE, the Committee requests that this Court enter an order authorizing the retention of J.H. Cohn LLP as Financial Advisors and Forensic Accountants to the Committee in these cases, nunc pro tunc to June 11, 2009, on the terms and conditions set forth herein.

Respectfully submitted, this 15th day of June, 2009.

**THE COMMITTEE OF UNSECURED CREDITORS OF BANKUNITED FINANCIAL CORPORATION, *et al.***

BY:_____
             Chairperson

US2008 717807.3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served (i) via the Court's CM/ECF notification to those parties who are registered CM/ECF participants in this case and (ii) via U.S. Mail on all parties on the attached Service List on this 16th day of June, 2009.

/s/ Corali Lopez-Castro
Corali Lopez-Castro, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce De Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800 (Telephone)
(305) 372-3508 (Facsimile)
Email: **clc@kttlaw.com**

*Proposed Counsel for the Official Committee of Unsecured Creditors*

5

US2008 717807.2

## *BANKUNITED FINANCIAL CORPORATION et al.*
## CASE NO. 09-19940-LMI

## <u>ECF SERVICE LIST</u>

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case:

Scott M. Grossman on behalf of Debtors
bloomm@gtlaw.com, grossmansm@gtlaw.com

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

Paul J. Battista on behalf of Creditor Alfred Camner
pbattista@gjb-law.com, ctarrant@gjb-law.com;gjbecf@gjb-law.com

Bruce J Berman on behalf of Creditor Federal Deposit Insurance Corporation,
bberman@mwe.com, wjanke@mwe.com;graicht@mwe.com

Mark D Bloom on behalf of Debtor BankUnited Financial Corporation
bloomm@gtlaw.com, hillipsj@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

Stephen P Drobny on behalf of Debtor BankUnited Financial Corporation
sdrobny@shutts.com, mvandenbosch@shutts.com

Scott M. Grossman on behalf of Debtor BankUnited Financial Corporation
grossmansm@gtlaw.com, phillipsj@gtlaw.com; MiaLitDock@gtlaw.com;
miaecfbky@gtlaw.com

Peter H Levitt on behalf of Debtor BankUnited Financial Corporation
plevitt@shutts-law.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Craig V Rasile on behalf of Creditor U.S. Bank, N.A.
crasile@hunton.com, mtucker@hunton.com, mmannering@hunton.com,
keckhardt@hunton.com, adeboer@hunton.com

Patricia A Redmond on behalf of Interested Party BankUnited, FSB ("New Bank")
predmond@swmwas.com, jmartinez@swmwas.com;rross@swmwas.com

## Manual Service List

The following is the list of parties who are not on the list to receive e-mail notice/service for this case (who therefore require manual notice/service).

Cede & Co.
P.O. Box 20
Bowling Green Station
New York, NY 10004-1408

Wells Fargo Delaware Trust Company
Attn: Molly A. Breffitt
919 N. Market Street
Suite 1600
Wilmington, DE 19801

U.S. Bank
Attn: Yemishi Otuyelu
Russell Rokes
Robert Butzier
P.O. Box 960778
Boston, MA 02196

Coffey Burlington
Office in the Grove Penthouse
2699 S. Bayshore Drive
Miami, FL 33133

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Bridget Schessler, Vice President
The Bank of New York Mellon
525 William Penn Place, 7th Floor
Pittsburgh, PA 15259

Honorable Eric Holder
U.S. Attorney General
Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Moses Marx
c/o Ross Martin, Esq.
Ropes & Gray, LLP
One International Place
Boston, MA 02110-2624

Timothy Sandell
Brian Renelt
Rick Prokosch
U.S. Bank National Association
60 Livingston Avenue
St. Paul, MN 55107

U.S. Bank
Attn: Earl Dennison, Acct. Admin.
Goodwin Square, 23rd Floor
255 Asylum Street
Hartford, CT 06103

Stearns Weaver
Museum Tower
150 W. Flagler Street Suite 2200
Miami, FL 33130

Internal Revenue Service
Department of Treasury
227 N. Borough St.
Tallahassee, FL 32301

The Bank of New York Mellon
Attn: Rafael Miranda, VP
101 Barclay St. - 8W
New York, NY 10286

State of Florida
Department of Revenue
Bankruptcy Section
P.O. Box 6668
Tallahassee, FL 32314-6668

Honorable R. Alexander Acosta
Attn: Civil Process Clerk
U.S. Attorney
99 NE Fourth Street
Miami, FL 33132

David A. Lander, Esq.
Brian W. Hockett, Esq.
Attorneys for BankUnited (New Bank)
Thompson Coburn LLP
One US Bank Plaza
St. Louis, Missouri 63101

U.S. Bank
1555 N. River Center Drive
Suite 300
Milwaukee, WI 53212

Thomas M. Korsman, Vice President
Corporate Special Accounts Group
Wells Fargo Bank, N.A.
MAC N9311-110
625 Marquette Avenue
Minneapolis, MN 55479

Tew Cardenas
Four Seasons Tower - 15th Floor
1441 Brickell Avenue
Miami, FL 33131-3439

Jack Reise
Waterford Township General Employees
Retirement System
c/o Coughlin Stoia Geller et al
120 E. Palmetto Park Road Suite 500
Boca Raton, FL 33432

Internal Revenue Service
Insolvency Unit
7850 S.W. 6th Court
Mail Stop 5730
Plantation, FL 33324

Wilmington Trust Co.
Corporate Capital Markets
Attn: Lori L. Donahue
Christopher J. Slaybaugh
Steven M. Cimalore
1100 N. Market Street
Wilmington, DE 19890

Susan R. Sherrill-Beard
Senior Trial Counsel/Bankruptcy
U.S. Securities and Exchange Commission
Atlanta Regional Office
Suite 1000, 3475 Lenox Road, N.E.
Atlanta, GA 30326-1232

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## (MIAMI DIVISION)
www.flsb.uscourts.gov

In re:                                                    Chapter 11

BankUnited Financial Corporation, *et al.*[1]            Case No. 09-19940-LMI
                                                          (Jointly Administered)

_____ Debtors. _____ /

## AFFIDAVIT OF CLIFFORD A. ZUCKER IN SUPPORT OF APPLICATION FOR RETENTION OF J.H. COHN LLP AS FINANCIAL ADVISORS AND FORENSIC ACCOUNTANTS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO JUNE 11, 2009

STATE OF NEW JERSEY:
                              : SS.
COUNTY OF MIDDLESEX:

Clifford A. Zucker, being duly sworn, states that the following is true to the best of his knowledge, information and belief:

1.      I am a Certified Public Accountant, licensed under the laws of the State of New Jersey, and am presently a member of the accounting and consulting firm of J.H. Cohn LLP ("JHC" or the "Firm"), maintaining offices at 333 Thornall Street, Edison, New Jersey 08837. As such, I have direct knowledge of the facts contained in this Affidavit.

2.      Based upon the conflicts search performed to date by the Firm, and described herein, to the best of my knowledge, the Firm, which seeks to be employed to serve as financial advisors and

_____

[1]The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is 255 Alhambra Circle, Coral Gables, Florida 33134.

forensic accountants for the Official Committee of Unsecured Creditors of the above-captioned

Debtors (the "Committee"), does not represent any other entity having an adverse interest in

connection with the Debtors' cases within the meaning of section 1103(b) of Title 11, United States

Code (the "Bankruptcy Code").

  3.  JHC maintains records of all its clients and other parties which have substantial roles

in client matters.  JHC has reviewed such records to determine its connections with Debtors, creditors

of Debtor and any other party in interest, their attorneys and accountants, and based on the best

available listing of such creditors and other parties in interest available at this time, including the

following:

  a) All secured creditors of Debtors, to the extent a security interest or lien has been asserted

    by any creditor against property of Debtors;

  b) the twenty largest general unsecured creditors of Debtors as of the Filing Date;

  c) stockholders holding more than 5% of stock;

  d) the current officers and directors of the Debtors (as enumerated on the Debtors'

    consolidated case management summary, Docket No. 39); and

  e) other potential parties in interest, including the Federal Deposit Insurance Corporation and

    BankUnited, FSB.

  4. Based on the available information and record search, JHC makes the following disclosures:

  a) From time to time, JHC has served as financial advisor to creditor committees and debtors

    in unrelated matters in which Wilmington Trust Company, Wells Fargo Bank, The Bank

    of New York Mellon and US Bank have been creditors and/or members of the committee.

2

US2008 717760.2

To the best of my knowledge and information, these services do not relate in any way to the Debtors or their estates or these cases.

b) JHC performs forensic accounting services in a matter totally unrelated to these cases, in which Wells Fargo Bank or a related entity is a party in interest. Fees paid to JHC in connection with this assignment represent less than 1% of the Firm's total fee income for the past fiscal year.

c) JHC has provided trust tax return services to entities that may be related to UBS Investment Bank, in a matter totally unrelated to these cases. Fees paid to JHC in connection with this assignment represent less than 1% of the Firm's total fee income for the past fiscal year.

d) JHC has provided tax advisory services to BNY Mellon Wealth Management, a subsidiary of The Bank of New York Mellon, in matters totally unrelated to these cases. Fees paid to JHC in connection with this assignment represent less than 1% of the Firm's total fee income for the past fiscal year.

e) Due to the size and diversity of JHC's practice, JHC may have been engaged or otherwise dealt with various persons (and their attorneys and accountants), who are or who may consider themselves creditors, equity security holders or parties in interest in these cases. To the best of my knowledge and information, such representation or involvement does not relate in any way to the Debtors or their estates in these cases.

f) JHC has no relationship with attorneys and accountants representing creditors and other parties in interest, other than normal professional relationships.

3

US2008 717760.2

5.      I will amend this statement immediately upon learning that any of the representations contained herein are incorrect or if there are any changes in the circumstances relating to said representations.

6.      JHC has been asked to act as Financial Advisors and Forensic Accountants for the Official Committee of Unsecured Creditors, which services consist of those detailed in the Application filed by the Committee.

7.      Subject to Court approval in accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to JHC on an hourly basis, plus reimbursement of actual, necessary expenses incurred by the Firm.  My rate for this engagement will be $600/hr, and the current rates of the partners and professionals most likely to also render services in this area are:

| | |
|---|---|
| Partners | $540 - $695/hr. |
| Manager/Sr. Manager/Director | $420 - $525/hr. |
| Other Professional Staff | $180 - $350/hr. |
| Paraprofessional | $150 - $165/hr. |

In the normal course of business, the Firm revises its hourly rates on February 1 of each year. Expenses will be charged at actual costs incurred (including, but not limited to, charges for out-of-town travel, working meals, messenger, overnight courier charges, copying, telephone, facsimile charges, etc.).

8.      I have already conferred with the Committee and its counsel in order to obtain the necessary background information with respect to the Debtors and have begun reviewing financial information in order to perform many of the tasks outlined in paragraph 4 of the Application. As a result, I am respectfully requesting the entry of the retention order nunc pro tunc to June 11, 2009.

4

9.    I am aware that the services rendered by JHC will be compensated at its normal hourly rates, reflected in paragraph 7 above, and will be reimbursed for reasonable and necessary out-of-pocket expenses, all compensation and reimbursement being subject to final Court approval upon appropriate application.

10.    I have not agreed to share with any person (except members of my Firm) the compensation to be paid for the services rendered in these cases.

*Clifford A Zucker*

CLIFFORD A. ZUCKER

Sworn to before me this
15th day of June, 2009

*Rosellen Martoken*

A Notary Public of New Jersey
My commission expires October 21, 2013

ROSELLEN MARTOKEN
NOTARY PUBLIC
NEW JERSEY
MY COMMISSION EXPIRES 10-21-2013

5

US2008 717760.2