UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **In re:** | Chapter 11 |
| **BANKUNITED FINANCIAL CORP., <u>et al.</u>,** | Case No. 09-19940-LMI |
| **Debtors.** | **(Jointly Administered)** |

**OBJECTION OF FEDERAL DEPOSIT INSURANCE CORPORATION TO
DEBTORS' MOTION FOR ENTRY OF AN ORDER FIXING AND AUTHORIZING
PAYMENT OF COMPENSATION TO BOARD OF DIRECTORS**

Federal Deposit Insurance Corporation (the "FDIC"), by and through its undersigned counsel, hereby respectfully files this objection[1] to the Debtors' Motion For Entry of an Order Fixing and Authorizing Payment of Compensation to Board of Directors (the "Motion"), and states as follows:

**PRELIMINARY STATEMENT**

1. The Motion should be denied because it seeks to compensate the Directors (as defined herein) for unnecessary and duplicative actions that exceed the scope of duties reserved

---

[1] The filing of this objection does not constitute a submission by the FDIC to the jurisdiction or authority of the Bankruptcy Court for the resolution of any regulatory matter involving the Debtors or the FDIC. Nor is this objection an admission that this Court is the appropriate forum for disputes between the FDIC or the Debtors other than with respect to this objection. The filing of this objection shall not constitute a waiver or consent by the FDIC of any right to assert Sovereign Immunity whether the FDIC is acting in its capacity as Receiver. The filing of this objection shall not constitute a waiver or consent by the FDIC of any (a) right to have any and all final orders in any all non-core matters entered only after de novo review by the United States District Court; (b) right to trial by jury in any proceedings as to any and all matters so triable therein, whether or not the same be designated legal or private rights, or in any case, controversy or proceeding related thereto, whether or not such jury trial right is pursuant to statue or the United States Constitution; (c) right to have the reference of this matter withdrawn by the United States District Court in any matter or proceeding subject to mandatory or discretionary withdrawal; or (d) other rights, claims, actions, defenses, setoffs, recoupments or other matters to which the FDIC is entitled under any agreements or at law or in equity or under the United States Constitution. Except with respect to the specific statements in this objection, all of the foregoing rights are expressly reserved and preserved without exception and with no purpose of conceding jurisdiction in any way by filing this objection. The FDIC expressly reserves all rights at law and equity to assert the preemption of the Bankruptcy Court's jurisdiction and the exclusive jurisdiction provided under Title 12 as applicable with respect to the FDIC.

MIA 351683-1.084080.0013

for a board of directors during a bankruptcy proceeding – all at the administrative expense level. The vast majority, if not all, of the actions that the Directors have, and are currently, engaged in are traditionally performed by either the officers or professionals who are hired by the Debtors with the approval of the bankruptcy court in accordance to section 327(a) of the Bankruptcy Code. The Directors have overstepped and overstated their role in the Debtors' reorganization proceedings and are not entitled to receive any compensation for their actions. Given the finite amount of funds in the Debtors' estate, the amount of compensation that the Motion seeks authorization for should be reserved instead for the benefit of the creditors of the Debtors' estate.

**BACKGROUND**

2.      On May 22, 2009 (the "Petition Date"), BankUnited Financial Corporation ("BUFC"), BankUnited Financial Services, Incorporated ("BUFS"), and CRE America Corporation ("CRE"), debtors and debtors in possession (the "Debtors"), each filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the Unites States Code (the "Bankruptcy Code") in this court (the "Court").

3.      The Debtors continue to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been sought or appointed in these cases. A creditors committee was appointed on May 29, 2009.

4.      BUFC is a former unitary savings and loan holding company of BankUnited, FSB (the "Bank") that is incorporated in the State of Florida and headquartered in Coral Gables, Florida. BUFC is the 100% owner of (i) CRE, which holds a timeshare interest in certain real property; and (ii) BUFS, which was organized in 1997 for the purpose of selling annuities, mutual funds and other insurance and securities products.

- 3 -

5.      Following several unsuccessful attempts to raise the Bank's capital levels in accordance with Office of Thrift Supervision ("OTS") mandates, on May 21, 2009, the OTS closed the Bank and appointed the FDIC as receiver for the Bank. The FDIC entered into a Purchase and Assumption Agreement with a group of investors who invested in a new depository institution, BankUnited, a de novo federal savings association organized under the laws of the United States and having its principal place of business in Coral Gables, Florida ("New Bank"), for the purchase of the Bank.

### OBJECTION

6.      FDIC objects to the Motion because the Debtors have failed to satisfy their burden of proof that the compensation sought for the board of directors (the "Directors") represents a cost that is actual, necessary, reasonable and provides a concrete benefit to the estate as required under section 503(b)(1)(A)(i) of the Bankruptcy Code. In fact, the majority of the tasks that the Directors seek compensation to perform are tasks that estate retained professionals are already hired to undertake. Thus, the compensation requested by the Directors would be for duplicative services and cannot be approved.

7.      The Motion asserts that the business judgment rule is the standard for reviewing the use of assets outside the ordinary course of business pursuant to section 363(b) of the Bankruptcy Code. (Motion, ¶ 13.) However, the Motion does not merely ask this Court's permission to compensate the current Directors in accordance with section 363(b) of the Bankruptcy Code. Rather, the Motion also seeks to pay such compensation to the Directors as an administrative expense pursuant to section 503(b)(1)(A)(i) of the Bankruptcy Code. (Motion, ¶ 12.) Such relief cannot be justified by the business judgment rule.

8. A debtor in possession may incur unsecured debt outside of the ordinary course of business that is allowable under section 503(b)(1) as an administrative expense. 11 U.S.C. § 364(b). However, pursuant to section 503(b)(1)(A) of the Bankruptcy Code, only "the actual, necessary costs and expenses of preserving the estate" are allowable as an administrative expense against the estate. 11 U.S.C. § 503(b)(1)(A).

9. Courts in the Eleventh Circuit have held that "priorities should be narrowly construed in order to maximize the value of the estate preserved for the benefit of all creditors." *In re Colortex Industries, Inc.*, 19 F.3d 1371, 1377 (11th Cir. 1994); *In re Concrete Products, Inc.*, 208 B.R. 1000, 1006 (Bankr. S.D. Ga. 1996) ("The claim of priority should be found on a strict statutory basis; if the claim does not derive from the language of section 503, it must fail"). The claimant has the burden of proving that its claim was an actual and necessary cost. *See Concrete Products,* 208 B.R. at 1006 (*citing In re Beverly Mfg. Corp.*, 841 F.2d 365 (11th Cir. 1988)).

10. The Eleventh Circuit has interpreted section 503(b)(1)(A) to "require that the expense be 'actual' and 'necessary,' and also that it provide a concrete benefit to the debtor's estate." *In re EZ Pay Servs., Inc.*, 380 B.R. 861, 864 (Bankr. M.D. Fla. 2007) (*citing Broadcast Corp. v. Broadfoot (In re Subscription TV of Greater Atlanta)*, 789 F.2d 1530, 1532 (11th Cir. 1986)). "In order for a claim on a postpetition expense to be allowed as an administrative priority claim, an estate must actually make beneficial use of any value received in exchange for the incurring of the expense." *In re Right Time Foods, Inc.,* 262 B.R. 882, 884 (Bankr. M.D. Fla. 2001).

11. Further, the United States Supreme Court has held that bankruptcy courts have a duty of "rigorous scrutiny" when authorizing a claim against the estate where the claimant is a

- 4 -

fiduciary. *Pepper v. Litton*, 308 U.S. 295, 307-08 (1939). Thus, courts have held that the allowance of an administrative claim by a director of a bankrupt company "imposes a heightened duty of scrutiny upon the court, and the absence of an independent trustee further increases the court's duty to ensure that the transaction is inherently fair to the estate and its creditors." *In re Fortune Natural Res. Corp.*, 366 B.R. 558, 562 (Bankr. E.D. La. 2007).

12.     The Debtors have not met, nor can they meet, their heightened burden of establishing that the proposed compensation represents an actual and necessary cost of the estate. The Directors have engaged in, and propose to continue to engage in, actions that exceed the typical scope of duties of a board of directors in a bankruptcy proceeding and instead seek to be compensated for tasks typically performed by professional persons. *See Concrete Products*, 208 B.R. at 1010 n. 9 (Bankr. S.D. Ga. 1996) (stating that payment pursuant to section 503(b)(1)(A) of the Bankruptcy Code "must be limited to nonprofessional services of regularly employed persons"). Whenever a board of directors exceeds the scope of their duties, their compensation cannot be considered an "actual" and "necessary" cost that provides a concrete benefit to the estate. *See In re Fortune Natural Res. Corp.*, 366 B.R. 558 (Bankr. E.D. La. 2007); *In re Schatz Federal Bearings Co., Inc.*, 17 B.R. 780, 782 (Bankr. S.D.N.Y. 1982).

13.     The case of *In re Fortune Natural Res. Corp.*, 366 B.R. 558 (Bankr. E.D. La. 2007) is instructive in the matter. In *Fortune*, the bankruptcy court held that the directors of a bankrupt company were not entitled to receive any compensation pursuant to section 503(b)(1)(A) of the Bankruptcy Code where the directors engaged in activities that went "well beyond the traditional actions in which a director could be expected to engage." *Fortune Natural Res.*, 366 B.R. at 563. The *Fortune* court explained that there are certain actions that are expected to be performed by directors of a company in bankruptcy, such as:

>retaining counsel, being deposed in Rule 2004 examination, attending board meetings, authorizing a plan of reorganization, involvement in a dispute over the control of the board of directors in which a minority stockholder attempted to install new directors, and involvement in and approval of the sale of company assets

*Id.* Although the debtor's directors did engage in some of these "traditional" duties, the directors also engaged in activities that exceeded the "traditional" duties, such as:

>filing a Chapter 11 petition, negotiating DIP financing, working with consultants to build financial models, negotiating bids for the plan and soliciting plan sponsorship, preparation of schedules, evaluating breach of contract claims, preparing DIP order and exclusivity order, negotiating with the [creditor's committee], drafting settlement agreement documents, preparing objections to claims, settling [claims], formulating the notice of approval and balloting procedures, … analyzing claims, drafting plan of reorganization documents, and negotiating bids for a second plan.

*Id.* Such actions, the court explained, are reserved for a disinterested professional person appointed and approved by the bankruptcy court pursuant to section 327 of the Bankruptcy Code. *Id.* As such, the court held that section 503(b)(1)(A) of the Bankruptcy Code could not be used to authorize any payments of compensation to directors where such directors exceeded the scope of their duties. *Id*. at 565.

14. Here, the Directors have likewise exceeded the scope of their duties as directors and, as such, should be denied receiving any compensation. The Motion states that the Directors have taken numerous actions, including: (i) spending a significant amount of time reviewing certain pleadings, financial information, agreements, and other documents; (ii) entering into a series of stipulations with the FDIC, OTS, and New Bank necessary to obtain access to documents essential to the Debtors' business; (iii) identifying and asserting claims against the FDIC Receivership of the Bank; and (iv) selecting the cancellation and preservation of various insurance policies. (Motion, ¶ 15.)

15. Such actions are more akin to the conduct of the directors in the *Fortune* case that were deemed excessive because such actions are attempts to operate and administer the Debtors' businesses. *See Fortune Natural Res.*, 366 B.R. at 563; s*ee also Schatz Federal Bearings*, 17 B.R. at 782 (denying compensation to directors where "compensation relates not to their retention as directors, but instead …. [i]nvolves: Participating in the administration of the Debtor's business…[and] participating in an ongoing critical analysis of the Debtor's ability to continue to operate…") (internal quotations omitted).  Since the Debtors already have officers and professionals employed is to operate their businesses, the Directors' actions are outside the scope of their duties, duplicative, and do not provide any benefit to the estates or creditors.

16. In fact, the Motion cites seven specific actions that the Directors have performed or may perform in the future that overlap with the duties of Debtors' counsel and the chief restructuring officer.  (*Compare* Motion, ¶15; *with* Emergency Application For Entry Of Interim And Final Orders Authorizing The Employment And Retention Of Greenberg Traurig, P.A. As General Counsel For Debtors-In-Possession, *Nunc Pro Tunc* To May 27, 2009 (docket no. 40), ¶10; and Debtors' Motion For Entry Of An Order Authorizing The Engagement Of Development Specialists, Inc. As Chief Restructuring Officer (docket no. 70) (the "CRO Motion", ¶10.)[2]  Such actions constitute unnecessary and duplicative work that cannot provide any benefit to the estate.  As a result, the Directors should not be entitled to receive compensation for such actions.

---

[2] The Motion lists the following seven activities that overlap with the duties of Debtors' counsel and the chief restructuring officer: (i) termination of a Political Action Committee and recovery of amounts held in its account; (ii) filing of federal and state tax returns and refund claims, along with the preservation of significant tax attributes […]; (iii) entry into a series of stipulations with the FDIC, OTS, and New Bank necessary to obtain access to documents essential to the Debtors' operations and compliance with the Bankruptcy Code and Rules; (iv) maintaining and generating value for the Debtors' business and non-debtor subsidiaries; (v) identification and assertion of claims against the FDIC Receivership of the Bank; (iv) selective cancellation and preservation of various insurance policies […]; and (vii) other efforts to maximize value for unsecured creditors and, to the extent possible, holders of equity interests."  (Motion, ¶15.)

Indeed, the Directors have already approved the retention of a chief restructuring officer who is being paid $30,000 per month to perform a number of these tasks. (CRO Motion, ¶11.)

17. The Motion asserts that "[t]he Debtors' informal research reveals that in most instances, post-petition compensation of directors is typically maintained at pre-petition levels and paid as an administrative expense in the ordinary course of business," (Motion, ¶ 14.) but does not cite any case law in support. Though such a statement might be accurate for cases involving typical board conduct, the facts before this Court are not typical. In fact, it appears that the Motion is actually asking the Court to approve a consulting agreement between the Debtors and the Directors without seeking to be retained by section 330 of the Bankruptcy Code. If the Directors wish to engage in and be compensated for the actions listed in the Motion, they should follow the procedures established by the Bankruptcy Code.

18. The FDIC believes that the Directors should not be required to work without compensation. However, the role of a board member is to act as an independent check on the company's officers. Here, the Motion suggests that the process is one where the board actually acts on its own behalf in the administration of the case, thereby removing any possibility for an independent check. As a result, compensation in the aggregate amount of $126,000 for the Directors to perform unnecessary work is not appropriate given the amount of money in the Debtors' estates.[3] Since there is no on-going business, the Directors should have relatively few responsibilities. As such, the FDIC believes that an annual board fee of $1,000 per Director would be appropriate under the circumstances. Compensation in excess of such amount would be excessive.

---

[3] It is also not clear that the monetary amount is the only form of compensation provided to the Directors. The Motion makes no mention of any indemnity agreements, or other like arrangements, for the benefit of the Directors.
(continued…)

MIA 351683-1.084080.0013

## CONCLUSION

WHEREFORE, the FDIC respectfully requests that this Court deny the Motion to the extent set forth above.

Dated: August 26, 2009

Respectfully Submitted,

McDERMOTT WILL & EMERY LLP

By:   /s/ Bruce J. Berman
Bruce J. Berman
Fla. Bar # 159280
201 South Biscayne Boulevard, Suite 2200
Miami, FL 33131-4336
Tel.: 305.358.3500
Fax.: 305.347.6500

Geoffrey T. Raicht
340 Madison Avenue
New York, New York 10173-1922
Tel.: 212.547.5400
Fax.: 212.547.5444

*Counsel for the Federal Deposit Insurance Corporation*

---

To the extent any other compensation on indemnity is being provided to the Directors, the FDIC reserves all rights to oppose and be heard.

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Bruce J. Berman
Bruce J. Berman

### Service List for Case 09-19940-LMI

### Electronic Mail Notice List

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case:

**Johanna Armengol** on behalf of U.S. Trustee, Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

**Paul J. Battista** on behalf of creditor Alfred Camner
pbattista@gjb-law.com; ctarrant@gjb-law.com; gjbecf@gjb-law.com

**Bruce J Berman** on behalf of Creditor Federal Deposit Insurance Corporation
bberman@mwe.com, wjanke@mwe.com, graicht@mwe.com

**Mark D Bloom** on behalf of Debtor BankUnited Financial Corporation
bloomm@gtlaw.com, phillipsj@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

**Stephen P Drobny** on behalf of Debtor BankUnited Financial Corporation
sdrobny@shutts.com, mvandenbosch@shutts.com

**Scott M. Grossman** on behalf of Debtor BankUnited Financial Corporation
grossmansm@gtlaw.com, phillipsj@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

**Brian W Hockett** on behalf of Debtor BankUnited
bhockett@thompsoncoburn.com

**Peter H Levitt** on behalf of Debtor BankUnited Financial Corporation
plevitt@shutts-law.com

**Corali Lopez-Castro** on behalf of Official Committee of Unsecured Creditors
clc@kttlaw.com, rcp@kttlaw.com

**Todd C Meyers** on behalf of Official Committee of Unsecured Creditors
tmeyers@kilpatrickstockton.com, skapoor@kilpatrickstockton.com

**Miami-Dade County Tax Collector**
mdtcbkc@miamidade.gov

**Dennis A Nowak** on behalf of Interested Parties Humberto L. Lopez and Ramiro A. Ortiz
dn@tewlaw.com, ag@tewlaw.com

**Office of the US Trustee**
USTPRegion21.MM.ECF@usdoj.gov

**Craig V. Rasile** on behalf of Creditor U.S. Bank, N.A.
crasile@hunton.com, mtucker@hunton.com, mmannering@hunton.com, keckhardt@hunton.com, adeboer@hunton.com

**Patricia A Redmond** on behalf of Interested Party BankUnited, FSB ("New Bank")
predmond@swmwas.com, jmartinez@swmwas.com, rross@swmwas.com

**David Samole** on behalf of Official Committee of Unsecured Creditors
das@kttlaw.com, pm@kttlaw.com;la@kttlaw.com;ycc@kttlaw.com

## Manual Notice List

The following is the list of parties who are not on the list to receive e-mail notice/service for this case, and are therefore being served by first class U.S. Mail, postage prepaid:

SEE ATTACHED

MIA 351683-1.084080.0013

**NON-ECF SERVICE LIST**

Cede & Co.
P.O. Box 20
Bowling Green Station
New York, NY 10004-1408

Wells Fargo Delaware Trust Company
Attn: Molly A. Breffitt
919 N. Market Street
Suite 1600
Wilmington, DE 19801

U.S. Bank
1555 N. River Center Drive
Suite 300
Milwaukee, WI 53212

Thomas M. Korsman, Vice President
Corporate Special Accounts Group
Wells Fargo Bank, N.A.
MAC N9311-110
625 Marquette Avenue
Minneapolis, MN 55479

U.S. Bank
Attn: Earl Dennison, Acct. Admin.
Goodwin Square, 23rd Floor
225 Asylum Street
Hartford, CT 06103

Stearns Weaver
Museum Tower
150 W. Flagler Street Suite 2200
Miami, FL 33130

Geoffrey T. Raicht, Esq.
Attorneys for FDIC
McDermott Will & Emery LLP
340 Madison Ave.
New York, N.Y. 10173-1922

Tew Cardenas
Four Seasons Tower - 15th Floor
1441 Brickell Avenue
Miami, FL 33131-3439

Bridget Schessler, Vice President
The Bank of New York Mellon
525 William Penn Place, 7th Floor
Pittsburgh, PA 15259

Coffey Burlington
Office in the Grove Penthouse
2699 S. Bayshore Drive
Miami, FL 33133

Steven M. Cimalore
Wilmington Trust Company
Rodney Square North
1100 North Market Street
Wilmington, DE 19890-1615

Jack Reise
Waterford Township General Employees
Retirement System
c/o Coughlin Stoia Geller et al
120 E. Palmetto Park Road Suite 500
Boca Raton, FL 33432

Moses Marx
c/o Ross Martin, Esq.
Ropes & Gray, LLP
One International Place
Boston, MA 02110-2624

Internal Revenue Service
Department of Treasury
227 N. Borough St.
Tallahassee, FL 32301

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Internal Revenue Service
Insolvency Unit
7850 S.W. 6th Court
Mail Stop 5730
Plantation, FL 33324

State of Florida
Department of Revenue
Bankruptcy Section
P.O. Box 6668
Tallahassee, FL 32314-6668

Honorable Eric Holder
U.S. Attorney General
Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Honorable R. Alexander Acosta
Attn: Civil Process Clerk
U.S. Attorney
99 NE Fourth Street
Miami, FL 33132

Susan R. Sherrill-Beard
Senior Trial Counsel/Bankruptcy
U.S. Securities and Exchange Commission
Atlanta Regional Office
Suite 1000, 3475 Lenox Road, N.E.
Atlanta, GA 30326-1232

Susan D. Profant, CFCA, CLA, Paralegal
KEN BURTON, JR., Manatee County
Tax Collector
P.O. Box 25300
Bradenton, FL 34206-5300

David A. Lander, Esq.
Brian W. Hockett, Esq.
Attorneys for BankUnited (New Bank)
Thompson Coburn LLP
One US Bank Plaza
St. Louis, Missouri 63101

Allison H. Weiss, Esq.
Jeffrey Chubak, Esq.
Counsel for Bank of New York Mellon
DEWEY & LeBOEUF LLP
1301 Avenue of the Americas
New York, N.Y. 10019

Andrew I. Silfen, Esq.
Leah M. Eisenberg, Esq.
Counsel for Wilmington Trust Company
ARENT FOX LLP
1675 Broadway
New York, N.Y. 10019

Jeffrey N. Rothleder, Esq.
Counsel for Wilmington Trust Company
ARENT FOX LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20026

Jonathan Lee Riches
dba Bernard L. Madoff Invest. Sec. LLC
POB 14500 #40948018
Lexington, KY 40512

Michael C. Sontag, Esq.
Special Counsel to Debtors
CAMNER LIPSITZ, P.A.
550 Biltmore Way, Suite 700
Coral Gables, FL 33134

Wendy H. Zoberman, Esq.
Lead Counsel for the Putative Class
BERMAN DEVALERIO
4280 Professional Center Drive, Suite 350
Palm Beach Gardens, FL 33410

| | |
|---|---|
| CC Arbitrage, Ltd<br>c/o Castle Creek Arbitrage LLC<br>111 West Jackson Blvd 20th Fl<br>Chicago, IL 60604 | Monumental Life Insurance Co<br>c/o Maureen Ocampo CFA<br>2049 Century Park East #330<br>Los Angeles, CA 90067 |
| Hudson Bay Fund LP<br>Hudson Bay Overseas LTD<br>c/o Charles Winkler<br>120 Broadway 40th Flr<br>New York, NY 10271 | Highbridge International LLC<br>c/o Highbridge Capital Management LLC<br>9 West 57 St 27 Floor<br>New York, NY 10019 |
| Deutsche Bank Securities, Inc<br>60 Wall St<br>New York, NY 10005 | |