IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| BankUnited Financial Corporation, *et al.*,[1] ) | |
| ) | Case No. 09-19940-LMI |
| Debtors. ) | |
| ) | (Jointly Administered) |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR DERIVATIVE STANDING TO INVESTIGATE, ASSERT AND PROSECUTE CLAIMS AGAINST OFFICERS, DIRECTORS AND PREPETITION PROFESSIONALS**

The Official Committee of Unsecured Creditors of the above-captioned Debtors (the "Committee") submits to this Court the Motion of the Official Committee of Unsecured Creditors for Derivative Standing to Investigate, Assert and Prosecute Claims Against Officers, Directors and Prepetition Professionals (the "Motion"), pursuant to which it seeks an order granting the Committee standing to investigate, assert and prosecute any and all claims that are property of the Debtors' bankruptcy estates (collectively, the "Estates") against current and former officers and directors of the Debtors, as well as the Debtors' prepetition professionals (the "Claims"), including without limitation Claims covered by the D&O Policies (as defined below), for the benefit of, and on behalf of the Estates and their creditors, and as grounds therefor, shows this Court as follows:

**BACKGROUND**

1.      On May 22, 2009 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). The

---

[1] The debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335) (collectively, the "Debtors").

US2008 801221.9

Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. BankUnited Financial Corporation ("BankUnited") was the direct parent of BankUnited, FSB (the "Bank"), a federally chartered savings institution, through which BankUnited primarily conducted its business.

3. On May 21, 2009, the Office of Thrift Supervision closed the Bank and appointed the Federal Deposit Insurance Corporation (the "FDIC") as receiver, thereby necessitating the filing of the instant bankruptcy cases. The FDIC has transferred the Bank's assets and most liabilities to a newly chartered federal savings bank.

4. The Debtors' primary assets now consist of cash and litigation claims, and the operation of debtor BankUnited Financial Services, Inc., which sells annuities, mutual funds and other insurance and securities products, and debtor CRE America Corporation, which holds a time share interest in certain real property.

5. On May 29, 2009, the acting United States Trustee for Region 21 appointed the Committee and filed an appropriate notice of appointment. [Docket No. 33].

6. The Debtors' assets also include the following directors and officers liability insurance policies: (i) St. Paul Mercury Insurance Directors and Officers and Company Liability Policy, policy no. EC06800963, and RSUI Indemnity Company Excess Directors and Officers Liability Policy, policy no. NHS627127, which provide a total of $20 million in coverage for acts occurring prior to November 10, 2008, and pursuant to which claims sufficient to trigger coverage must be asserted prior to the expiration of the extended reporting period, which may be as early as November 10, 2009 (collectively, the "Pre-November 2008 D&O Policy"); and (ii) United States Fire Insurance Company Directors and Officers Liability Policy, policy no.

14MGU08A17883, and Underwriters at Lloyd's London Excess Director and Officers Liability Policy, policy no. AP1084377, which provide a total of $30 million in coverage for acts occurring on or after November 10, 2008, and pursuant to which claims sufficient to trigger coverage must be asserted prior to the expiration of the extended reporting period (collectively, the "Post-November 2008 D&O Policy"; together with the Pre-November 2008 D&O Policy, the "D&O Policies").

7. A class action lawsuit, case number 08-CIV-22572-Cooke/Bandstra, alleging multiple violations of federal securities laws, is currently pending in the United States District Court for the Southern District of Florida (the "Securities Litigation") against Alfred R. Camner ("Camner"), Ramiro A. Ortiz ("Ortiz"), and Humberto L. Lopez ("Lopez").[2]

8. On July 28, 2009, Ortiz and Lopez filed a motion seeking relief from the automatic stay, pursuant to section 362(d) of the Bankruptcy Code, to allow the primary insurance carrier and the excess insurance carrier under the Pre-November 2008 D&O Policy to reimburse and advance their defense costs incurred in connection with the Securities Litigation [Docket No. 158]. On August 20, 2009, Camner filed a joinder thereto [Docket No. 210].

9. Based on the Debtors' financial collapse, the issues raised in the Securities Litigation, and information obtained by its professionals, the Committee believes that Claims on behalf of the Estates may exist against certain of the Debtors' current and former officers and directors (collectively, the "Insiders"), and prepetition professionals (collectively with the Insiders, the "Potential Defendants"), including without limitation Claims arising from breaches of duties owed by the Insiders to the Debtors or their constituents, misrepresentations, failures to

---

[2] When the Securities Litigation was initially commenced on September 16, 2008, BankUnited was included as a defendant. However, BankUnited has since been dismissed from the Securities Litigation, and the amended complaint filed therein only names Camner, Ortiz, and Lopez as defendants.

disclose and other wrongful acts, and negligence and malpractice committed by the other Potential Defendants.[3]

10. However, the Debtors continue to be influenced, if not controlled, by Insiders who may have engaged in the acts or omissions giving rise to the Claims. Such Insiders cannot be expected to cause the Debtors to investigate or pursue the Claims against themselves or other officers, directors or professionals with whom they have had relationships.[4] Moreover, because of the impending expiration of the extended reporting period, there is not sufficient time to await the confirmation and effectiveness of a plan of reorganization or liquidation (as the case may be) pursuant to which a plan trustee would be appointed who would have standing pursuant to a plan to pursue the Claims.[5]

## RELIEF REQUESTED

11. In light of the aforementioned conflict, as well as the timing issues regarding the assertion of such Claims (including the risk of diminution of the limits of the D&O Policies as expenses are incurred in defending against the Securities Litigation), the Committee should be given immediate standing to investigate, assert and pursue the Claims on behalf of the Estates and their creditors.

12. In connection therewith, the Committee seeks access to the same documents to which the Debtors have access under the: (i) Stipulation Among Debtors, the Federal Deposit

---

[3] The Committee, who is currently investigating the existence of such Claims, believes that Claims that may exist against the Debtors' prepetition professionals (including without limitation Camner Lipsitz, PA. ("Camner Lipsitz")) could be intertwined with Claims against the Insiders. Absent standing to investigate and prosecute Claims against the Debtors' prepetition professionals in addition to the Insiders, the Committee will be hampered in investigating and prosecuting the Claims against the Insiders.

[4] For example, on August 10, 2009, the Debtors, presumably at the behest of the Insiders, filed a motion seeking authorization to compensate current members of the Board of Directors of BankUnited, which includes individuals against whom the Debtors may have certain Claims [Docket No. 171]. The Committee opposes such relief and intends to file an objection to the Debtors' motion because the compensation requested therein is excessive and unnecessary.

[5] Once appointed, such a plan trustee would succeed to any such Claims asserted by the Committee.

Insurance Corporation and New BankUnited (an Order approving this stipulation was entered on August 12, 2009 [Docket No. 182]), and (ii) the Confidentiality Stipulation Regarding Discovery Materials (the Debtors have filed a motion seeking approval thereof [Docket No. 201], and such motion is scheduled for hearing on September 9, 2009) (collectively, the "Document Stipulations").

13.   Although the Bankruptcy Code does not expressly authorize a creditors' committee to prosecute claims on behalf of the estate, an implied right exists under sections 1103(c)(5) and 1109(b) of the Bankruptcy Code.  Section 1103(c)(5) of the Bankruptcy Code provides that the committee may "perform such other services as are in the interests of those represented."  11 U.S.C. § 1103(c)(5).  Similarly, section 1109(b) of the Bankruptcy Code provides that the creditors' committee is among the interested parties that "may appear and be heard on any issue in a [chapter 11] case."  11 U.S.C. § 1109(b).  "Sections 1109(b) and 1103(c)(5), taken together, evince a Congressional intent for committees to play a robust and flexible role representing the bankruptcy estate, even in adversarial proceedings."  <u>Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery</u>, 330 F.3d 548, 566 (3d Cir. 2003).  In addition, section 503(b)(3)(B) of the Bankruptcy Code allows for the priority payment of expenses of a "creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor."  11 U.S.C. § 503(b)(3)(B).  This section "would be meaningless unless authority existed" for committees to pursue derivative claims on behalf of the estate.  <u>Cybergenics</u>, 330 F.3d at 567; see <u>In re Racing Services, Inc.</u>, 540 F.3d 892, 904 (8th Cir. 2008) (stating that derivative standing is available to creditors' committees); <u>In re Commodore International Ltd.</u>, 262 F.3d 96, 100 (2d. Cir. 2001) (same); <u>Canadian Pacific Forest Prods. Ltd. V. J.D. Irving, Ltd. (In re Gibson Group, Inc.)</u>, 66 F.3d 1436 (6th Cir. 1995) (same);

Liberty Mutual Insurance Co. v. Official Unsecured Creditors' Committee of Spaulding Composites Co. (In re Spaulding Composites Co., 207 B.R. 899, 903 (9th Cir. B.A.P. 1997) (same); In re Puig, Inc., Case No. 14026-BKC-RAM (Bankr. S.D. Fla. August 19, 2007) (Mark, J.) (order bestowing creditors' committee with derivative standing to pursue certain causes of action).

14. Courts have generally required a four-part showing prior to granting a creditors' committee derivative standing to pursue claims: 1) a demand has been made upon the statutorily authorized party to take action (unless demand is excused as explained below); 2) the demand is declined; 3) a colorable claim that would benefit the estate if successful exists, based on a cost-benefit analysis performed by the court; and 4) the inaction is an abuse of discretion (i.e., unjustified) in light of the debtor-in-possession's duties in a Chapter 11 case. See In re G-I Holdings, Inc., 313 B.R. 612, 630 (Bankr. D.N.J. 2004) (citing Gibson Group, 66 F.3d at 1446).

**I.   Demand on the Debtors and their refusal**

15. Under the circumstances of this case, a formal demand upon the Debtors to bring the Claims should not be required. The Potential Defendants include Insiders. The persons in control of the Debtors are conflicted either because they are potential targets of the Claims or because of their relationships with potential targets. For example, Camner's daughter is currently the Chairperson of the Board and President of BankUnited. In light of these circumstances, it is not reasonable to expect the Debtors to investigate vigorously the Claims and assert the Claims that exist in time to trigger coverage under the D&O Policies. Therefore, the demand and refusal requirements should be deemed satisfied. See G-I Holdings, Inc., 313 B.R. 612, 630 (Bankr. D.N.J. 2004) (demand and refusal requirement deemed fulfilled when claims arose from transactions implemented by the debtor's executives, thus evidencing that any formal

demand to prosecute claims would have been refused); see also Official Comm. Of Unsecured Creditors of Nat. Forge Co. v. Clark (In re Nat. Forge Co.), 326 B.R. 532, 545 (W.D. Pa. 2005) (bankruptcy court was justified in concluding that the debtor would have declined to bring avoidance and breach of fiduciary duty claims when debtor's management also would have been named defendants, and "thus, would have been operating under a patent conflict of interest if faced with a demand to file suit").[6]

## II.     Colorable claims

16.     To determine whether the Claims are colorable, the Court must determine whether the Committee has asserted "claims for relief that on appropriate proof would support a recovery." G-I Holdings, Inc., 313 B.R. at 631 (quoting Unsecured Creditors Comm. of STN Enters., Inc. v. Noyes (In re STN Enters.)), 779 F.2d 901, 905 (2d Cir. 1985); Tennessee Valley Steel Corp. v. B.T. Commercial Corp. (In re Tennessee Valley Steel Corp.), 183 B.R 795, 799-800 (Bankr. E.D. Tenn. 1995).

17.     There is no question that given appropriate proof of breaches by Insiders of their duties to the Debtors or their constituents, misrepresentations, failures to disclose and other wrongful acts, and negligence and malpractice committed by the other Potential Defendants, the Claims would support a recovery for the Estates.  The claims asserted in the Securities Litigation and the seizure of the Bank by the regulatory authorities strongly suggest that the Debtors were mismanaged grievously, lacked effective internal controls and engaged in flawed financial reporting.  Accordingly, investigation of the Claims by the Committee likely will uncover strong evidentiary support for viable causes of action under bankruptcy and/or applicable non-

---

[6] The same rationale applies to Claims against prepetition professionals.  As noted above, Camner's daughter is Chairperson of the Board and President of BankUnited.  Camner is the founder of Camner Lipsitz.  Moreover, considerations of economy and efficiency militate in favor of the same party investigating and prosecuting the Claims against prepetition professionals as is investigating and prosecuting the Claims against Insiders.

bankruptcy law the pursuit of which likely will increase the property of the Estates available for distribution to creditors. Therefore, the Claims are colorable.

18. As explained in Part I of this Motion, because the Debtors are conflicted with respect to the Claims, demand is excused and refusal is imputed to the Debtors. See G-I Holdings, Inc., 313 B.R. at 643 (referring to the debtor's "imputed refusal to bring suit"). Once refusal is so established, the inquiry turns to whether it is unjustifiable. Id.

### III.    Unjustifiable refusal

19. In determining whether a debtor unjustifiably refuses to pursue a claim, courts consider the following factors: 1) whether a conflict of interest exists between the debtor and the parties against whom the creditors' committee's derivative action will be brought; 2) whether the creditors' interests are protected despite the debtor's refusal; 3) whether allowing the creditors' committee to pursue the action on the debtor's behalf will benefit the estate; and 4) whether appointing a trustee and allowing the trustee, as opposed to the creditors' committee, to pursue the action or converting the Chapter 11 case to a Chapter 7 case would be more beneficial to the estate. Id.

20. The Debtors' imputed refusal to bring the Claims is clearly unjustified. As noted above, a conflict of interest exists between the Debtors and the Insiders. Accordingly, the Debtors' present directors cannot be expected to authorize the Debtors to bring Claims against themselves or other officers, directors or professionals with whom they have had relationships. See Id. (debtor's inaction and deemed refusal found unjustified where claim at issue involved avoidance action against debtor's subsidiary corporation because debtor was "operating under at least the influence of conflicts of interest."); Nat. Forge Co., 326 B.R. at 545 (deemed refusal found unjustified where debtor would have declined to bring avoidance and breach of fiduciary

duty claims against debtor's management).  Further, possible alternatives to investigation, assertion and pursuit of the Claims by the Committee do not appear to be in the best interests of the Estates.  Conversion to Chapter 7 at this time may defeat the Debtors' ability to realize the value of net operating losses through a plan of reorganization.  Moreover, the appointment of a Chapter 11 trustee at this time would not appear to facilitate the plan process.  Accordingly, it is in the best interests of the Estates and creditors for the Committee to be authorized immediately to investigate, assert and pursue the Claims.

WHEREFORE, the Committee respectfully requests that this Court (a) grant the Motion; (b) grant the Committee standing to investigate, assert and pursue the Claims against the Potential Defendants on behalf of the Estates; (c) grant the Committee access to the same documents to which the Debtors have access under the Document Stipulations; and (d) grant such other and further relief as is appropriate under the circumstances.

Dated:  August 31, 2009

KILPATRICK STOCKTON LLP

  /s/ Todd C. Meyers
Todd C. Meyers
Georgia Bar No. 503756
Sameer K. Kapoor
Georgia Bar No. 407525
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4530
(404) 815-6500 (Telephone)
(404) 815-6555 (Facsimile)
tmeyers@kilpatrickstockton.com
skapoor@kilpatrickstockton.com

and

KOZYAK TROPIN & THROCKMORTON, P.A.

Corali  Lopez-Castro, Esq.
Florida Bar No. 863830

        2525 Ponce De Leon, 9th Floor
        Miami, Florida 33134
        (305) 372-1800 (Telephone)
        (305) 372-3508 (Facsimile)
        clc@kttlaw.com

        Counsel for the Official Committee of Unsecured Creditors of BankUnited Financial Corporation, *et al.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on parties listed below via electronic mail.

>                  /s/ Todd C. Meyers
>                    Todd C. Meyers


Debtors' Counsel
Mark D Bloom
Email: bloomm@gtlaw.com

Chief Restructuring Officer
Joseph Luzinski
Email: jluzinski@dsi.biz

United States Trustee
Johanna Armengol
Email: Johanna.Armengol@usdoj.gov