UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re:<br><br>**BANKUNITED FINANCIAL CORP., <u>et al.</u>,**<br><br>Debtors. | Chapter 11<br><br>Case No. 09-19940-LMI<br><br>(Jointly Administered) |

### RESPONSE OF FEDERAL DEPOSIT INSURANCE CORPORATION AGREEING, IN PART, AND OBJECTING, IN PART TO AGREED EX PARTE MOTION TO CONTINUE THE UPCOMING HEARING ON THE COMMITTEE'S MOTION FOR DERIVATIVE STANDING TO INVESTIGATE, ASSERT AND PROSECUTE CLAIMS AGAINST OFFICERS, DIRECTORS AND PREPETITION PROFESSIONALS

Federal Deposit Insurance Corporation, in response to the Agreed Ex Parte Motion To Continue The Upcoming Hearing On The Committee's Motion For Derivative Standing To Investigate, Assert And Prosecute Claims Against Officers, Directors And Prepetition Professionals (the "Ex Parte Motion") (D.E. 235), and for the reasons set forth herein, agrees with that part of the Ex Parte Motion which seeks a later hearing, but objects to the setting of a hearing prior to the week of September 21, 2009.[1]

---

[1] The filing of this response does not constitute a submission by the FDIC to the jurisdiction or authority of the Bankruptcy Court for the resolution of any regulatory matter involving the Debtors or the FDIC. Nor is this objection an admission that this Court is the appropriate forum for disputes between the FDIC and the Debtors other than with respect to this objection. The filing of this objection shall not constitute a waiver or consent by the FDIC of any right to assert Sovereign Immunity whether the FDIC is acting in its capacity as Receiver. The filing of this objection shall not constitute a waiver or consent by the FDIC of any (a) right to have any and all final orders in any all non-core matters entered only after de novo review by the United States District Court; (b) right to trial by jury in any proceedings as to any and all matters so triable therein, whether or not the same be designated legal or private rights, or in any case, controversy or proceeding related thereto, whether or not such jury trial right is pursuant to statue or the United States Constitution; (c) right to have the reference of this matter withdrawn by the United States District Court in any matter or proceeding subject to mandatory or discretionary withdrawal; or (d) other rights, claims, actions, defenses, setoffs, recoupments or other matters to which the FDIC is entitled under any agreements or at law or in equity or under the United States Constitution. Except with respect to the specific statements in this objection, all of the foregoing rights are expressly reserved and preserved without exception and with no purpose of

(continued...)

**BACKGROUND**

1.      On May 22, 2009 (the "Petition Date"), BankUnited Financial Corporation ("BUFC"), BankUnited Financial Services, Incorporated ("BUFS"), and CRE America Corporation ("CRE"), debtors and debtors in possession (the "Debtors"), each filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code in this Court.

2.      The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been sought or appointed in these cases. A creditors committee was appointed on May 29, 2009.

3.      BUFC is a former unitary savings and loan holding company of BankUnited, FSB (the "Bank") that is incorporated in the State of Florida and headquartered in Coral Gables, Florida. BUFC is the 100% owner of (i) CRE, which holds a timeshare interest in certain real property; and (ii) BUFS, which was organized in 1997 for the purpose of selling annuities, mutual funds and other insurance and securities products.

4.      Following several unsuccessful attempts to raise the Bank's capital levels in accordance with Office of Thrift Supervision ("OTS") mandates, on May 21, 2009, the OTS closed the Bank and appointed the Federal Deposit Insurance Corporation as receiver (the "FDIC") for the Bank. The FDIC entered into a Purchase and Assumption Agreement with a group of investors who invested in a new depository institution, BankUnited, a de novo federal savings association organized under the laws of the United States and having its principal place of business in Coral Gables, Florida ("New Bank"), for the purchase of the Bank.

---

conceding jurisdiction in any way by filing this objection. The FDIC expressly reserves all rights at law and equity to assert the preemption of the Bankruptcy Court's jurisdiction and the exclusive jurisdiction provided under Title 12 as applicable with respect to the FDIC.

2

## THE STANDING AND EX PARTE MOTIONS

5. On August 31, 2009, the official committee of unsecured creditors in the above-captioned cases (the "Committee") filed its Motion for Derivative Standing (etc.) (D.E. #228) (the "Standing Motion"), seeking authority to investigate and prosecute, if warranted, on behalf of these estates, a wide variety of claims against the Debtors' officers, directors and "prepetition professionals" (a term which is not defined in the Standing Motion). The Committee also filed on August 31 a Notice of Hearing for September 9 (D.E. #230).

6. As set forth above, the Ex Parte Motion was filed on September 2, 2009 (D.E. #235), seeking to extend the hearing date on the Standing Motion until September 15.

## RESPONSE TO EX PARTE MOTION

7. As this Court is aware, these chapter 11 proceedings and the administration of the Debtors' estates directly implicate the receivership established by the FDIC over the Bank and the independently conducted administrative proceedings attendant thereto. The intersection of the bankruptcy and receivership estates raises unique and complex issues that warrant adequate investigation of <u>any</u> relief sought in these chapter 11 proceedings. The relief sought in the Standing Motion is no different.

8. In connection with FDIC's administration of the receivership estate, FDIC has retained separate counsel, Dennis S. Klein of Hughes Hubbard & Reed LLP, to engage in similar investigations to those now sought to be conducted by the Committee here. Mr. Klein has been on vacation and will return after the Labor Day weekend. His input on the response to the Committee's Standing Motion is essential to FDIC's response to that motion on the merits, to FDIC's ability to assist the Court in briefing the complex issues involved, and to FDIC's preparation for the hearing at which this Court will address the matter.

3

9. The limited adjournment sought in the Committee's Ex Parte Motion is not sufficient for the FDIC to obtain Mr. Klein's input, prepare its response to the Standing Motion and be adequately prepared for the ultimate hearing.

10. FDIC has not been dilatory. FDIC was provided no prior notice of the Committee's intention to file the Standing Motion, and only learned of its filing at the hearing on Monday August 31, 2009, after it was filed. Just yesterday (on September 2), FDIC learned that the Debtors and Committee sought a "consensual" adjournment of a length of time that contemplated only their respective interests and concerns.

11. FDIC contacted the Debtors and Committee regarding a request for additional time. FDIC explained its position to the Debtors and requested that the Debtors consent to a mere additional one-week adjournment. The Debtors denied the request. Similarly, FDIC contacted Committee counsel with the same request and was denied. Apparently, the Committee's counsel has its own scheduling conflict, making a hearing during the week of September 21st difficult. Because FDIC has been unable to obtain agreement on a mutually convenient hearing date and objection deadline, it has become necessary to file this response.

12. For all of the foregoing reasons, FDIC seeks an adjournment of the hearing to a date no earlier than September 17th, with an extension of the objection deadline to no earlier than September 15, 2009. Alternatively, if the Court's calendar cannot accommodate a hearing on any date other than September 15, 2009, FDIC requests that this Court extend the FDIC's objection deadline to 12 noon on Tuesday September 14, 2009.

## CONCLUSION

WHEREFORE, FDIC respectfully requests that this Court deny the Committee's Ex Parte Motion, only to the extent of re-setting the hearing on the Standing Motion for a later date, as set forth herein.

Dated:  September 3, 2009                Respectfully Submitted,

McDERMOTT WILL & EMERY LLP

By: <u>Bruce J. Berman</u>
Bruce J. Berman
Fla. Bar # 159280
201 South Biscayne Boulevard, Suite 2200
Miami, FL 33131-4336
Tel.:  305.358.3500
Fax.:  305.347.6500

Geoffrey Raicht
340 Madison Avenue
New York, New York 10173-1922
Tel.:  212.547.5400
Fax.:  212.547.5444

HUGHES HUBBARD & REED LLP
Dennis S. Klein
Aviva L. Wernick
201 S. Biscayne Blvd.
Suite 2500
Miami, FL 33131-4332
Tel.:  (305) 358-1666
Fax:  (305) 371-8759

*Co-Counsel for the Federal Deposit Insurance Corporation*

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /s/ Bruce J. Berman
Bruce J. Berman

### Service List for Case 09-19940-LMI

### Electronic Mail Notice List

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case:

**Johanna Armengol** on behalf of U.S. Trustee, Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

**Paul J. Battista** on behalf of creditor Alfred Camner
pbattista@gjb-law.com; ctarrant@gjb-law.com; gjbecf@gjb-law.com

**Bruce J Berman** on behalf of Creditor Federal Deposit Insurance Corporation
bberman@mwe.com, wjanke@mwe.com, graicht@mwe.com

**Mark D Bloom** on behalf of Debtor BankUnited Financial Corporation
bloomm@gtlaw.com, phillipsj@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

**Stephen P Drobny** on behalf of Debtor BankUnited Financial Corporation
sdrobny@shutts.com, mvandenbosch@shutts.com

**Scott M. Grossman** on behalf of Debtor BankUnited Financial Corporation
grossmansm@gtlaw.com, phillipsj@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

**Brian W Hockett** on behalf of Debtor BankUnited
bhockett@thompsoncoburn.com

**Peter H Levitt** on behalf of Debtor BankUnited Financial Corporation
plevitt@shutts-law.com

**Corali Lopez-Castro** on behalf of Official Committee of Unsecured Creditors
clc@kttlaw.com, rcp@kttlaw.com

**Todd C Meyers** on behalf of Official Committee of Unsecured Creditors
tmeyers@kilpatrickstockton.com, skapoor@kilpatrickstockton.com

**Miami-Dade County Tax Collector**
mdtcbkc@miamidade.gov

**Dennis A Nowak** on behalf of Interested Parties Humberto L. Lopez and Ramiro A. Ortiz
dn@tewlaw.com, ag@tewlaw.com

**Office of the US Trustee**
USTPRegion21.MM.ECF@usdoj.gov

**Craig V. Rasile** on behalf of Creditor U.S. Bank, N.A.
crasile@hunton.com, mtucker@hunton.com, mmannering@hunton.com, keckhardt@hunton.com, adeboer@hunton.com

**Patricia A Redmond** on behalf of Interested Party BankUnited, FSB ("New Bank")
predmond@swmwas.com, jmartinez@swmwas.com, rross@swmwas.com

**David Samole** on behalf of Official Committee of Unsecured Creditors
das@kttlaw.com, pm@kttlaw.com;la@kttlaw.com;ycc@kttlaw.com

## Manual Notice List

The following is the list of parties who are not on the list to receive e-mail notice/service for this case, and are therefore being served by first class U.S. Mail, postage prepaid:

SEE ATTACHED

MIA 351342-1.084080.0013

**NON-ECF SERVICE LIST**

Cede & Co.
P.O. Box 20
Bowling Green Station
New York, NY 10004-1408

Wells Fargo Delaware Trust Company
Attn: Molly A. Breffitt
919 N. Market Street
Suite 1600
Wilmington, DE 19801

U.S. Bank
1555 N. River Center Drive
Suite 300
Milwaukee, WI 53212

Thomas M. Korsman, Vice President
Corporate Special Accounts Group
Wells Fargo Bank, N.A.
MAC N9311-110
625 Marquette Avenue
Minneapolis, MN 55479

U.S. Bank
Attn: Earl Dennison, Acct. Admin.
Goodwin Square, 23rd Floor
225 Asylum Street
Hartford, CT 06103

Stearns Weaver
Museum Tower
150 W. Flagler Street Suite 2200
Miami, FL 33130

Geoffrey T. Raicht, Esq.
Attorneys for FDIC
McDermott Will & Emery LLP
340 Madison Ave.
New York, N.Y. 10173-1922

Tew Cardenas
Four Seasons Tower - 15th Floor
1441 Brickell Avenue
Miami, FL 33131-3439

Bridget Schessler, Vice President
The Bank of New York Mellon
525 William Penn Place, 7th Floor
Pittsburgh, PA 15259

Coffey Burlington
Office in the Grove Penthouse
2699 S. Bayshore Drive
Miami, FL 33133

Steven M. Cimalore
Wilmington Trust Company
Rodney Square North
1100 North Market Street
Wilmington, DE 19890-1615

Jack Reise
Waterford Township General Employees
Retirement System
c/o Coughlin Stoia Geller et al
120 E. Palmetto Park Road Suite 500
Boca Raton, FL 33432

Moses Marx
c/o Ross Martin, Esq.
Ropes & Gray, LLP
One International Place
Boston, MA 02110-2624

Internal Revenue Service
Department of Treasury
227 N. Borough St.
Tallahassee, FL 32301

| | |
|---|---|
| Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114 | Internal Revenue Service<br>Insolvency Unit<br>7850 S.W. 6th Court<br>Mail Stop 5730<br>Plantation, FL 33324 |
| State of Florida<br>Department of Revenue<br>Bankruptcy Section<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | Honorable Eric Holder<br>U.S. Attorney General<br>Office of the Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530 |
| Honorable R. Alexander Acosta<br>Attn: Civil Process Clerk<br>U.S. Attorney<br>99 NE Fourth Street<br>Miami, FL 33132 | Susan R. Sherrill-Beard<br>Senior Trial Counsel/Bankruptcy<br>U.S. Securities and Exchange Commission<br>Atlanta Regional Office<br>Suite 1000, 3475 Lenox Road, N.E.<br>Atlanta, GA 30326-1232 |
| Susan D. Profant, CFCA, CLA, Paralegal<br>KEN BURTON, JR., Manatee County<br>Tax Collector<br>P.O. Box 25300<br>Bradenton, FL 34206-5300 | David A. Lander, Esq.<br>Brian W. Hockett, Esq.<br>Attorneys for BankUnited (New Bank)<br>Thompson Coburn LLP<br>One US Bank Plaza<br>St. Louis, Missouri 63101 |
| Allison H. Weiss, Esq.<br>Jeffrey Chubak, Esq.<br>Counsel for Bank of New York Mellon<br>DEWEY & LeBOEUF LLP<br>1301 Avenue of the Americas<br>New York, N.Y. 10019 | Andrew I. Silfen, Esq.<br>Leah M. Eisenberg, Esq.<br>Counsel for Wilmington Trust Company<br>ARENT FOX LLP<br>1675 Broadway<br>New York, N.Y. 10019 |
| Jeffrey N. Rothleder, Esq.<br>Counsel for Wilmington Trust Company<br>ARENT FOX LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20026 | Jonathan Lee Riches<br>dba Bernard L. Madoff Invest. Sec. LLC<br>POB 14500 #40948018<br>Lexington, KY 40512 |
| Michael C. Sontag, Esq.<br>Special Counsel to Debtors<br>CAMNER LIPSITZ, P.A.<br>550 Biltmore Way, Suite 700<br>Coral Gables, FL 33134 | Wendy H. Zoberman, Esq.<br>Lead Counsel for the Putative Class<br>BERMAN DEVALERIO<br>4280 Professional Center Drive, Suite 350<br>Palm Beach Gardens, FL 33410 |

CC Arbitrage, Ltd
c/o Castle Creek Arbitrage LLC
111 West Jackson Blvd 20th Fl
Chicago, IL 60604

Monumental Life Insurance Co
c/o Maureen Ocampo CFA
2049 Century Park East #330
Los Angeles, CA 90067

Hudson Bay Fund LP
Hudson Bay Overseas LTD
c/o Charles Winkler
120 Broadway 40th Flr
New York, NY 10271

Highbridge International LLC
c/o Highbridge Capital Management LLC
9 West 57 St 27 Floor
New York, NY 10019

Deutsche Bank Securities, Inc
60 Wall St
New York, NY 10005