

**ORDERED in the Southern District of Florida on September 08, 2009.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| BankUnited Financial Corporation, *et al.*,[1] ) | Case No. 09-19940-LMI |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**ORDER FIXING AND AUTHORIZING
PAYMENT OF COMPENSATION TO BOARD OF DIRECTORS**

THIS CAUSE came before the Court for hearing on August 31, 2009 at 10:45 a.m. in Miami, Florida upon the *Debtors' Motion for Entry of an Order Fixing and Authorizing Payment of Compensation to Board of Directors* (DE #171) (the **"Motion"**). The Court having read and considered the Motion, the *Objection of Federal Deposit Insurance Corporation to Debtors' Motion for Entry of an Order Fixing and Authorizing*

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation (**"BUFC"**), a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is c/o Development Specialists, Inc., 200 South Biscayne Blvd., Suite 1818, Miami, FL 33131.

*Payment of Compensation to Board of Directors* (DE #219); *Objection of U.S. Bank, National Association to Debtors' Motion for Entry of an Order Fixing and Authorizing Payment of Compensation to Board of Directors* (DE #220); and *Objection of the Official Committee of Unsecured Creditors of BankUnited Financial Corporation and Related Debtors to Debtors' Motion for Entry of an Order Fixing and Authorizing Payment of Compensation to Board of Directors* (DE #221) (collectively, the **"Objections"**), and the *Debtors' Reply to Objections to Motion for Entry of an Order Fixing and Authorizing Payment of Compensation to Board of Directors* (DE #223) (the "**Response**"), and heard the argument of counsel for the Debtors, each of the parties in interest having filed an Objection, and the United States Trustee, finds and determines for the reasons stated on the record as follows:

  A. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

  B. Good, adequate and sufficient notice of the Motion and hearing thereon has been afforded in accordance with 28 U.S.C. §102(1) and the applicable Federal Rules of Bankruptcy Procedure and Local Rules of this Court.

  C. As represented to the Court, the Board of Directors of BUFC currently consists of seven (7) members, two more than the minimum number of five (5) required under its Bylaws.

  D. No trustee has been sought or appointed in these cases, and absent the appointment of a Chapter 11 trustee the management of a debtor -- in these cases, the Chief Restructuring Officer appointed by the Board and approved by the Court -- is

required to report to and take direction, as appropriate, from a higher authority in the form of a board of directors, the members of which are entitled to receive reasonable compensation from the estates as an administrative expense payable under 11 U.S.C. §503(b)(1)(A).

E.   The compensation proposed in the Motion of a flat monthly fee of $1500 for each director for each month in which such director attends one or more Board meetings is reasonable in the circumstances of these cases.

Accordingly, it is,

**ORDERED** as follows:

1.   The Motion is GRANTED, and each of the Objections is OVERRULED, upon the terms and conditions set forth in this Order;

2.   Each member of the BUFC Board of Directors shall receive compensation in the amount of $1500 for each month in which such director attends one or more Board meetings, *nunc pro tunc* to the Petition Date, payable from the BUFC estate on a monthly basis as an administrative expense, and Chief Restructuring Officer is authorized to make payment of such amounts without further application, notice or order of the Court;

3.   As soon as practicable the number of directors of BUFC shall be reduced from seven (7) to five (5), and the BUFC Board shall call a special meeting of shareholders to consider, based on a vote of shareholders attending, whether to reduce the size of the Board to not more than three (3) members;

4.   In lieu of such monthly compensation allowed and authorized for payment by paragraph 2 of this Order the directors of BUFC shall have the one-time option to

seek approval of hourly fees upon further motion, notice and hearing before this Court; provided, however, that upon acceptance of the monthly compensation and failure to seek approval of hourly compensation the flat monthly fee shall be the sole and exclusive monetary compensation to which directors of BUFC shall be entitled to payment from the estates for the duration of these cases.

# # #

Submitted by:

Mark D. Bloom, Esq.
Scott M. Grossman, Esq.
Greenberg Traurig, P.A.
Counsel for the Debtors
1221 Brickell Avenue
Miami, FL 33131
Telephone:  (305) 579-0500
Facsimile:   (305) 579-0717
E-mail:  bloomm@gtlaw.com
E-mail:  grossmansm@gtlaw.com

*(Attorney Bloom shall serve a conformed copy of this Order upon all interested parties and shall file a certificate of service.)*

*MIA 180,788,501 v3 117136010200.*

4