IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| BankUnited Financial Corporation, *et al.*,[1] ) | |
| ) | Case No. 09-19940-LMI |
| Debtors. ) | |
| ) | (Jointly Administered) |

**REPLY TO DEBTORS' RESPONSE AND LIMITED OBJECTION TO MOTION OF
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR DERIVATIVE
STANDING TO INVESTIGATE, ASSERT AND PROSECUTE CLAIMS
AGAINST OFFICERS, DIRECTORS AND PREPETITION PROFESSIONALS**

The Official Committee of Unsecured Creditors of the above-captioned Debtors (the "Committee") submits to this Court its reply (the "Reply") to the Debtors' Response and Limited Objection to Motion of the Official Committee of Unsecured Creditors for Derivative Standing to Investigate, Assert and Prosecute Claims Against Officers, Directors and Prepetition Professionals (the "Debtors' Response"), and shows this Court as follows:

**BACKGROUND**

1.      On August 31, 2009, the Committee filed the Motion of the Official Committee of Unsecured Creditors for Derivative Standing to Investigate, Assert and Prosecute Claims Against Officers, Directors and Prepetition Professionals [Docket No. 228] (the "Derivative Standing Motion") pursuant to which it seeks an order granting the Committee standing to investigate, assert and prosecute any and all claims that are property of the Debtors' bankruptcy estates

---

[1] The debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335) (collectively, the "Debtors").

US2008 891907.5

(collectively, the "Estates") against current and former officers and directors of the Debtors, as well as the Debtors' prepetition professionals (the "Claims"), including without limitation Claims covered by the D&O Policies, for the benefit of, and on behalf of the Estates and their creditors.[2]

2. On September 11, 2009, the Debtors filed the Debtors' Response [Docket No. 251] arguing that, "While the circumstances and appearances in these cases are such that it may well be appropriate for the Committee to invoke principles of derivate standing to investigate, assert and pursue Claims against the Insiders, such relief is entirely unwarranted as it relates to the Professionals." Debtors' Response, ¶ 2 at p. 2.[3] The Debtors "do not include the law firm of Camner Lipsitz within the definition of Professionals but rather, in a further effort to avoid even the appearance of impropriety or lack of disinterestedness, adopt the view that Claims in respect of Camner Lipsitz should be treated in the same manner as those against Insiders." Id., n. 3 at p. 2. In addition, the Debtors allege that they are immediately going to begin an investigation of the other Professionals. See, n. 6 at p. 9.

## ARGUMENT

3. While the Committee disagrees with the Debtors' legal analysis, including the Debtors' position about whether a demand was required, in light of the fact that the Debtors do not oppose the grant of derivative standing to the Committee with respect to claims that may exist against the Insiders and Camner Lipsitz, the Committee is willing to withdraw without prejudice its request to be granted derivative standing to assert and prosecute Claims against the other Professionals (while reserving the Committee's right, which is not dependent on a grant of

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Derivative Standing Motion.
[3] The FDIC filed a response this afternoon [Docket No. 252], which the Committee will respond to during the hearing.

- 2 -

derivative standing, to investigate claims against other Professionals consistent with paragraph 4 below).  Because the Debtors do not oppose the grant to the Committee of derivative standing to investigate, assert and prosecute any and all Claims against the Insiders, as well as Camner Lipsitz, for the benefit of, and on behalf of the Estates and their creditors, and because the Committee is willing to withdraw without prejudice, at this time, its request for a grant of derivative standing with respect to claims against other Professionals, any difference of opinion between the Committee and the Debtors regarding the propriety of granting the Derivative Standing Motion (with respect to claims that may exist against the Insiders and/or Camner Lipsitz) has been resolved, and the Derivative Standing Motion should be granted with respect to claims against the Insiders and Camner Lipsitz.[4]

4. In light of the Debtors' representation that they will begin promptly an investigation of whether viable claims exist against the other Professionals, the Committee is willing to stand down on its right to investigate those Professionals and to allow the Debtors to conduct such an investigation, provided that the Committee is kept apprised of, and consulted with about, the status and results of the investigation (including about any proposed hiring of any additional professionals in connection with the investigation), and is allowed to participate in discovery and review documents produced or discovered in the course of the investigation.

---

[4] Nothing in this Reply is intended as an acknowledgement or concession that Camner Lipsitz is not an Insider.

WHEREFORE, the Committee respectfully requests that this Court (a) grant the Derivative Standing Motion; (b) grant the Committee standing to investigate, assert and pursue the Claims against the Insiders and Camner Lipsitz, for the benefit of, and on behalf of the Estates and their creditors; (c) grant the Committee access to the same documents to which the Debtors have access under the Document Stipulations; and (d) grant such other and further relief as is appropriate under the circumstances.

Dated:  September 14, 2009

      KILPATRICK STOCKTON LLP

      /s/ Todd C. Meyers
Todd C. Meyers
Georgia Bar No. 503756
Sameer K. Kapoor
Georgia Bar No. 407525
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4530
(404) 815-6500 (Telephone)
(404) 815-6555 (Facsimile)
tmeyers@kilpatrickstockton.com
skapoor@kilpatrickstockton.com

and

KOZYAK TROPIN & THROCKMORTON, P.A.

Corali  Lopez-Castro, Esq.
Florida Bar No. 863830
2525 Ponce De Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800 (Telephone)
(305) 372-3508 (Facsimile)
clc@kttlaw.com

Counsel for the Official Committee of Unsecured Creditors of BankUnited Financial Corporation, *et al.*

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 14, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on parties listed below via electronic mail.

                              /s/ Todd C. Meyers
                               Todd C. Meyers

<u>Debtors' Counsel</u>
Mark D Bloom
Email: bloomm@gtlaw.com

<u>Chief Restructuring Officer</u>
Joseph Luzinski
Email: jluzinski@dsi.biz

<u>United States Trustee</u>
Johanna Armengol
Email: Johanna.Armengol@usdoj.gov

US2008 891907.5