

**ORDERED in the Southern District of Florida on September 14, 2009.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re | Chapter 11 |
| BankUnited Financial Corporation, *et al.*,[1] | Case No. 09-19940-LMI |
| Debtors.            / | (Jointly Administered) |

### ORDER APPROVING STIPULATION BETWEEN DEBTORS AND THE BANK OF NEW YORK MELLON GRANTING RELIEF FROM THE AUTOMATIC STAY AND <u>AUTHORIZING RELEASE OF COLLATERAL</u>

THIS MATTER came before the Court for a hearing on September 9, 2009 at 11:30 a.m., upon the *Motion for Entry of an Order Approving Stipulation between the Debtors and The Bank Of New York Mellon Granting Relief from the Automatic Stay and Authorizing Release of Collateral* [D.E. 224] (the "**Motion**") filed by BankUnited Financial Corporation, BankUnited Financial Services, Incorporated, and CRE America Corporation, the debtors and debtors in

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is c/o Development Specialists, Inc., 200 South Biscayne Blvd., Suite 1818, Miami, FL 33131.

possession (collectively, the "**Debtors**").  By way of the Motion, the Debtors seek the entry of an Order approving the *Stipulation between the Debtors and The Bank of New York Mellon Granting Relief from the Automatic Stay* (the "**Stipulation**"), a copy of which is annexed hereto as **Exhibit A**.  The Stipulation memorializes the agreement reached between the Debtors and The Bank of New York Mellon ("**BNYM**") to terminate the automatic stay, to the extent applicable, so as to allow, among other things, the release of the Collateral[2] pledged to secure the Purchase Obligations of the Holders of the HiMEDS Units issued by Debtor BUFC in 2007, upon the basis that the Purchase Obligations have been terminated by the BUFC Chapter 11 filing.

The Court having read and considered the Motion and the Stipulation, heard the argument of counsel for the Debtors, and no objection to the Motion having been filed of record or raised at the hearing, finds and determines that cause exists to approve the Stipulation and grant relief from the automatic stay, to the extent applicable, pursuant to Federal Rule of Bankruptcy Procedure 4001(d)(3).  Accordingly, for the reasons stated on the record, which are incorporated here by reference, it is—

**ORDERED AND ADJUDGED** as follows:

1. The Motion is GRANTED, and the Stipulation is APPROVED in its entirety.

2. The automatic stay imposed under Section 362(a) of the Bankruptcy Code, to the extent applicable, is modified as follows:

    (a) The Holders' Purchase Obligations shall be terminated, and the HiMEDS Units shall represent the right of Holders to receive the Collateral pursuant to the Agreement;

---

[2] Capitalized terms not defined herein have the meaning ascribed to them in the attached Stipulation.

(b)     The Holders' Pledge of Collateral to BNYM, as Collateral Agent, shall be terminated;

(c)     BNYM, as Collateral Agent, shall instruct BNYM, as the Securities Intermediary, to transfer the Collateral to the Holders in accordance with the terms of the Agreement directing the timing and manner of such transfer.

3.      Nothing contained in this Order constitutes a finding or conclusion in respect of the applicability of the automatic stay, or excuses any party from complying with the federal securities laws in connection with the release of the Collateral or any other transaction contemplated by this Order concerning the HiMEDS Units.

4.      The ten-day stay imposed upon this Order by Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived.

5.      The Court shall retain exclusive jurisdiction to construe, interpret, enforce or modify the Stipulation, or to enter such other and further orders as may be deemed necessary and appropriate to effectuate the terms of the Stipulation.

# # #

Submitted by:

Mark D. Bloom, Esq.
Scott M. Grossman, Esq.
Greenberg Traurig, P.A.
Counsel for the Debtors
1221 Brickell Avenue
Miami, FL 33131
Telephone:  (305) 579-0500
Facsimile:   (305) 579-0717
E-mail:  bloomm@gtlaw.com
E-mail:  grossmansm@gtlaw.com

*(Attorney Bloom shall serve a conformed copy of this Order upon all interested parties and shall file a certificate of service.)*

MIA 180,798,841 v3 117136010200.

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re                                                          Chapter 11

BankUnited Financial Corporation, *et al.*,[1]                 Case No. 09-19940-LMI

         Debtors.                         /                    (Jointly Administered)

**STIPULATION BETWEEN THE DEBTORS AND THE BANK OF NEW YORK MELLON GRANTING RELIEF FROM THE AUTOMATIC STAY**

This Stipulation (the "**Stipulation**") is made between BankUnited Financial Corporation ("**BUFC**"), BankUnited Financial Services, Incorporated, and CRE America Corporation, debtors and debtors in possession (collectively, the "**Debtors**"), and The Bank of New York Mellon ("**BNYM**," together with the Debtors, the "**Parties**").

**Recitals**

A. On May 22, 2009, the Debtors filed voluntary petitions for relief pursuant to 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") commencing the above-captioned Chapter 11 cases in the United States Bankruptcy Court for the Southern District of Florida (the "**Bankruptcy Court**"). The Debtors continue to operate as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108; no trustee or examiner has been sought or appointed in these cases.

B. On April 18, 2007, BUFC entered into that certain Indenture with BNYM authorizing BUFC to issue certain securities (the "**Base Indenture**"). On April 25, 2007, BUFC and BNYM entered into that certain First Supplemental Indenture (together with the Base Indenture, the "**Indenture**") authorizing BUFC to issue up to $184,000,000 in aggregate

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is c/o Development Specialists, Inc., 200 South Biscayne Blvd., Suite 1818, Miami, FL 33131.

principal amount of 6.37% Senior Notes due May 17, 2012 (the "**Senior Notes**"). On April 25, 2007, BUFC and BNYM entered into that certain Purchase Contract and Pledge Agreement (the "**Agreement**") dated as of April 25, 2007 authorizing BUFC to issue 3,680,000 HiMEDS$^{SM}$ Units (the "**HiMEDS Units**"). **This Stipulation relates solely to the HiMEDS Units, and otherwise leaves unimpaired the rights of all parties in respect of the Senior Notes**.

C.   Pursuant to the Agreement, each HiMEDS Unit[2] has a stated amount of $50 and is comprised of two parts: (i) a 5% interest in $1,000 principal amount of Senior Notes, and (ii) a "**Purchase Contract**" which obligates the unit holder (the "**Holder**") to purchase, and obligates BUFC to sell, newly issued shares of BUFC Class A Common Stock (the "**Common Stock**") on May 17, 2010 (the "**Purchase Contract Settlement Date**") at a price varying with the market price but not less than approximately $23 per share.

D.   Pursuant to the Agreement, the Senior Notes were pledged (the "**Pledge**") as collateral (the "**Collateral**") to BNYM, as agent of and for the benefit of BUFC (BNYM in such capacity, the "**Collateral Agent**"), and held by the Collateral Agent in that certain "**Collateral Account**" to secure the obligations of the Holders of HiMEDS Units to purchase Common Stock pursuant to the Purchase Contract (the "**Purchase Obligations**"). Also, BNYM serves as securities intermediary (as defined in Section 8-102(a)(14) of the UCC) with respect to the Collateral Account (BNYM in such capacity, the "**Securities Intermediary**") and as purchase contract agent for the Holders (BNYM in such capacity, the "**Purchase Contract Agent**").

E.   Pursuant to Section 1.01 of the Agreement, the filing of a petition for relief under the Bankruptcy Code by BUFC at any time on or before the Purchase Contract Settlement Date

---

[2]   Each HiMEDS Unit also contained an option to modify the Collateral (as defined below) by substituting zero-coupon United States treasury securities for the Senior Notes (each such modified HiMEDS Unit, a "**Treasury HiMEDS Unit**"). However, as of the commencement of these chapter 11 cases, none of the HiMEDS Units were Treasury HiMEDS Units.

2

constitutes a "**Termination Event**." Pursuant to Section 5.06 of the Agreement, upon the occurrence of a Termination Event, the Purchase Contracts and the Holders' Purchase Obligations terminate and the HiMEDS Units "shall thereafter represent the right to receive the Senior Notes" (the "**Purchase Contract Termination Clause**"). Also, Section 11.02 of the Agreement states that the Pledge "shall terminate upon the satisfaction of such Holder's Obligations" (the "**Pledge Termination Clause**"), and that upon such termination, the Collateral Agent will instruct the Securities Intermediary to transfer the applicable portion of the Collateral to the Purchase Contract Agent for distribution to the Holders (the "**Transfer Clause**").

F.      The Debtors and BNYM have conducted discussions concerning (i) the extent, if any, of the Holders' Purchase Obligations and the Debtors' interest in the Collateral, and (ii) whether relief from the automatic stay is necessary to terminate the pledge of the Collateral and to permit BNYM, as Collateral Agent, Securities Intermediary, and Purchase Contract Agent, to release the Collateral to the Holders. As a result of such discussions, the Parties have agreed to the terms and conditions of the Stipulation, subject to the approval of the Bankruptcy Court.

NOW, THEREFORE, pursuant to 11 U.S.C. §§ 362, 365, and 555, Federal Rules of Bankruptcy Procedure 4001 and 9014, and Local Rule 4001-1, and subject to approval by the Bankruptcy Court, the Debtors and BNYM acknowledge and agree as follows:

**Agreement**

1.      The foregoing Recitals are true and correct and are incorporated herein by reference as material terms of this Stipulation.

2.      The automatic stay imposed by 11 U.S.C § 362(a), to the extent applicable, shall be modified, so as to authorize BNYM to take such actions in respect of the Collateral pursuant to the Purchase Contract Termination Clause, the Pledge Termination Clause, and the Transfer

Clause, all as more fully set forth in this Stipulation and the Order of the Bankruptcy Court described below.

3.     Pursuant to the Purchase Contract Termination Clause, the Holders' Purchase Obligations shall be terminated and the HiMEDS Units shall represent the right of Holders to receive the Collateral pursuant to the Agreement.

4.     Pursuant to the Pledge Termination Clause, the Holders' Pledge of Collateral to BNYM, as Collateral Agent, shall be terminated.

5.     Pursuant to the Transfer Clause, BNYM, as Collateral Agent, shall instruct BNYM, as the Securities Intermediary, to transfer the Collateral to the Holders in accordance with the terms of the Agreement directing the timing and manner of such transfer.

6.     The ten-day stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3) upon an order granting a motion for relief from the automatic stay shall be waived.

7.     The Bankruptcy Court shall retain exclusive jurisdiction over any issues arising from or relating to this Stipulation and its enforcement.

8.     The terms and conditions of the Stipulation are subject to approval by the Bankruptcy Court upon entry of an Order approving this Stipulation.  The Debtors shall file an appropriate motion seeking approval of the Stipulation and relief from the automatic stay no later than five days after the Stipulation is executed by the Parties.  In the event of any conflict between this Stipulation and the Order, the terms of the Order shall control.  If the Bankruptcy Court for any reason does not approve the Stipulation in its entirety, the terms and conditions of the Stipulation shall be rendered null and void.

9. The Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

Agreed to on this 28th day of August, 2009:

*(signature)*

**GREENBERG TRAURIG, P.A.**
Mark D. Bloom (Fla. Bar No. 303836)
Scott M. Grossman (Fla. Bar No. 0176702)
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

*Counsel for the Debtors*

*(signature)*

**DEWEY & LEBOEUF, LLP**
Allison H. Weiss
1301 Avenue of the Americas
New York, New York 10019-6092
Telephone: (212) 259-8000
Facsimile: (212) 259-6333

*Counsel for The Bank of New York Mellon*

5