UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re | Chapter 11 |
| BankUnited Financial Corporation, *et al.,*[1] | Case No. 09-19940-LMI |
| Debtors.        / | (Jointly Administered) |

**DEBTORS' MOTION TO APPROVE FORM,
METHOD AND MANNER OF SUPPLEMENTAL NOTICE BY MAIL
AND PUBLICATION OF CASE COMMENCEMENT AND CLAIMS BAR DATE**

Debtors and debtors-in-possession, BankUnited Financial Corporation (**"BUFC"**), BankUnited Financial Services, Incorporated (**"BUFS"**), and CRE America Corporation (**"CRE"**) (collectively, the **"Debtors"**), respectfully move pursuant to 11 U.S.C. §§ 105(a) and 342(a), and Federal Rules of Bankruptcy Procedure 2002(f), (g), (*l*) and (m), 9007 and 9008, for entry of an Order (the **"Supplemental Notice Order"**) approving the form, method and manner of providing supplemental notice to potential unknown creditors and interested parties of the commencement of these cases and of the November 17, 2009 Uniform Bar Date (the **"Uniform Bar Date"**) for filing proofs of claims as set by the Court in its August 14, 2009 *Order (I) Extending Time Within Which Proofs of Claim by Non-Governmental Units May Be Filed and Establishing a Uniform Bar Date of November 17, 2009 for All Creditors, and (II) Approving Form of Amended Case Commencement Notice* (DE #193), and state:

**PRELIMINARY STATEMENT**

1.      During the investigation of their financial affairs to gather the information necessary to prepare their Bankruptcy Schedules and Statements of Financial Affairs (DE #172)[2]

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is c/o Development Specialists, Inc., 200 South Biscayne Blvd., Suite 1818, Miami, FL 33131.

("**Schedules and SOFAs**"), the Debtors' Chief Restructuring Officer, Joseph J. Luzinski (the "**CRO**"), has learned that pre-petition, the substantial majority of the Debtors' payables were paid through an account (the "**Bank Payables Account**") maintained by BUFC's former banking subsidiary, BankUnited, FSB (the "**Bank**"). The Bank Payables Account was periodically reconciled and adjusted through intercompany accounts, and based on a review of the Debtors' books and records, the Debtors believe that they have identified and given proper notice to all of their creditors and other interested parties – approximately 360 entities.

2.   The Debtors have, however, obtained a pre-petition spreadsheet, apparently prepared a few months before the Debtors filed for bankruptcy, listing approximately 8900 payees from the Bank Payables Account (the "**Supplemental Notice List**"), nearly all of which appear to be Bank creditors. While the Debtors believe they have filed complete and accurate Schedules and SOFAs based on the best information currently available to them, and that at all of their creditors have gotten notice of these bankruptcy cases, the Debtors request Court authority to (1) serve on the Supplemental Notice List a one-time, supplemental notice of the commencement of these cases and of the Uniform Bar Date, in the form attached as **Exhibit A** to this Motion (the "**Supplemental Notice**"), and (2) publish the Supplemental Notice in certain newspapers and wire services.

## JURISDICTION AND VENUE

3.   The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

---

[2] The Schedules and SOFAs for BUFS and CRE were filed in their respective cases on August 10, 2009, and were then filed in this lead jointly administered case on August 11, 2009 (DE ## 176, 177).

2

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

## BACKGROUND

4. The Debtors commenced these cases on May 22, 2009 (the **"Petition Date"**) by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108; no trustee or examiner has been sought or appointed in these cases.

5. On May 29, 2009, the Office of the United States Trustee appointed an official committee of unsecured creditors (the **"Creditors Committee"**) (DE # 33).

6. BUFC is a former unitary savings and loan holding company of the Bank that is incorporated in the State of Florida and formerly was headquartered in Coral Gables, Florida. BUFC is the 100% owner of (i) CRE, which holds a timeshare interest in certain real property; and (ii) BUFS, which was organized in 1997 for the purpose of selling annuities, mutual funds and other insurance and securities products.

7. Following several unsuccessful attempts to raise the Bank's capital levels in accordance with Office of Thrift Supervision (**"OTS"**) mandates, on May 21, 2009, the OTS closed the Bank and appointed the Federal Deposit Insurance Corporation as receiver (the **"FDIC"**) for the Bank. The FDIC entered into a Purchase and Assumption Agreement with a group of investors who invested in a new depository institution, BankUnited, a de novo federal savings association organized under the laws of the United States and having its principal place of business in Coral Gables, Florida (**"New Bank"**), for the purchase of the Bank's assets. All of the former officers and employees of the Bank then terminated their relationship with the Bank or the Debtors and either took positions at New Bank or pursued other opportunities.

8. With no remaining officers and management after the Petition Date, BUFC's Board of Directors appointed the CRO effective as of June 2, 2009. Immediately upon his appointment, the CRO and his staff at Development Specialists, Inc., began diligently working to

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

gather documents and information belonging to the Debtors that were necessary to administer their bankruptcy cases. As a result of the closure of the Bank and sale to New Bank, nearly all of the Debtors' assets and documents were in the hands of third parties – primarily New Bank and the FDIC – as of the Petition Date. As such, it took significant time and effort to obtain many of these documents and information – including negotiating and implementing certain document and information sharing protocols – which efforts still continue in earnest to date.

9. After obtaining extensions of the deadline to file their Schedules and SOFAs, the Debtors were finally able to obtain the information necessary to prepare and file their Schedules and SOFAs on August 10, 2009, about eleven weeks after the Petition Date. Upon filing the Schedules and SOFAs, at the request of the Debtors, the Court set the Uniform Bar Date of November 17, 2009, for the filing of claims in these cases (DE #193).

10. While the Debtors believe that their current creditor matrices are substantially complete and contain the names and addresses of all of their known creditors based on the information currently available, in light of the nature and use of the Bank Payables Account, the Debtors believe it would be prudent to serve the Supplemental Notice on the Supplemental Service List, and to publish the Supplemental Notice in certain newspapers and wire services.

## RELIEF REQUESTED

11. The Debtors respectfully request that the Court enter an Order approving the form of the Supplemental Notice, and approving a one-time mailing of the Supplemental Notice to the parties listed on the Supplemental Notice List. In addition, the Debtors also request authority to publish the Supplemental Notice in each of the following major newspapers and other business publications, and any other publications as the Court directs:[3]

---

[3] These are the same publications in which the Court authorized and directed publication of its June 30, 2009 *Final Order (1) Establishing Trading Procedures and Restrictions so as to Enforce the Automatic Stay to Restrict*

4

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

- Business Wire newswire service;
- The Wall Street Journal (national edition and online edition);
- The New York Times (national edition); and
- The Miami Herald

12. As noted above, the Debtors believe – based on the information presently available to the CRO – that all of their prepetition creditors have been identified in their Schedules and SOFAs, and that proper notice of these cases has now been given to all such creditors and other interested parties. Nevertheless, in an effort to afford as broad notice as possible of these cases, and in light of the pre-petition practice of the Debtors making disbursements from the Bank Payables Account, the Debtors believe it is appropriate to provide Supplemental Notice as requested herein.

13. Bankruptcy Code Section 342(a) provides that "[t]here shall be given such notice as is appropriate . . . of an order for relief in a case under" the Bankruptcy Code. Consistent with this directive, several provisions of the Federal Rules of Bankruptcy Procedure address the form, method, and manner of providing such notice, including:

(a) Federal Rule of Bankruptcy Procedure 2002(g), which governs the addressing of notices to be mailed to creditors and other parties in interest;

(b) Federal Rule of Bankruptcy Procedure 2002(*l*), which provides that the Court "may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice";

(c) Federal Rule of Bankruptcy Procedure 2002(m), which provides that a court may generally regulate the manner and form of notices required to be sent to parties in interest;

---

*Transfers of Equity Interests; and (2) Authorizing Form of Notice and Payment of Administrative Expense for Publication* (DE #122)

5

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

(d) Federal Rule of Bankruptcy Procedure 9007, which grants the Court general authority to regulate notices; and

(e) Federal Rule of Bankruptcy Procedure 9008, which grants the Court authority to determine the form and manner of notice by publication, including the newspaper or other medium to be used and the number of publications.

In addition, Bankruptcy Code Section 105(a) provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.

14. Notice by publication has been endorsed, and held to be sufficient to afford due process to claimants whose identities could not reasonably be ascertained from available records, even where notice by mail was required by statute, by the Eleventh Circuit in *Acevedo v. First Union Nat'l Bank*, 476 F.3d 861, 866 (11th Cir. 2007). The claimant in *Acevedo* was the holder of a series of cashier's checks issued by Southeast Bank, N.A. (**"SEBNA"**) in 1981, which had been closed by regulators more than ten years later. Another ten years after the bank's closure, Mr. Acevedo presented the checks to First Union Bank (**"First Union"**), which had assumed the SEBNA deposit liabilities (including liability for outstanding cashier's checks) pursuant to the agreement with the FDIC by which it acquired the SEBNA assets. On remand from a prior appeal, the FDIC established that neither Acevedo nor the original named payees on the cashier's checks were listed as depositors on the books and records of SEBNA, and that accordingly it had provided notice of the date by which to file claims for deposits by way of publication in a series of newspapers across the region. Affirming the District Court's grant of summary judgment in favor of First Union, the Court held that notwithstanding the plain language of the statute which

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

required notice by mail, notice by publication was sufficient "[g]iven that the identities and addresses of the depositors were unknown to the FDIC. . . ." *Id*. at 865.

15. In its reasoning, the Court noted that "if First Union was required to go beyond Southeast Bank's records to search for the depositor's address, without at least a record of the name of the depositor, it would be impossible to locate him," and that "[u]nder these circumstances, with no information in the bank's records to locate the depositor, even the most diligent search efforts would prove futile." *Id*. at 866. Because SEBNA's records did not contain the identity or address of any depositor associated with the checks at issue, the Court concluded that "the FDIC was neither able nor required to mail notice under [12 U.S.C.] § 1822(e)." *Id*.

16. Continuing its analysis and citing other precedent from the United States Supreme Court, the Eleventh Circuit noted that this has long been recognized as the law:

> This Court has not hesitated to approve of resort to publication . . . where it is not reasonably possible or practicable to give more adequate warning. Thus, it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights.

*Acevedo*, 476 F.3d at 866 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)); *see also Jones v. Flowers*, 547 U.S. 220 (2006) (recognizing that notice by publication is adequate when it is not reasonably possible or practicable to give more adequate warning).

17. Here, based on the records currently available to the Debtors, the Debtors believe that they have identified all potential creditors. But in order to insure that sufficient notice of these cases and the opportunity to file proofs of claim is given to potentially unknown creditors,

7

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

the Debtors submit that publication of the Supplemental Notice, along with service by mail of the Supplemental Notice on the Supplemental Notice list, is appropriate.[4]

18.     Counsel for the Debtors has conferred with counsel for the Creditors Committee regarding this Motion, and counsel for the Creditors Committee has indicated that the Creditors Committee does not oppose the relief requested.

## CONCLUSION

19.     While the Debtors believe that they have given sufficient notice of these bankruptcy cases and the Uniform Bar Date to all known creditors, the Debtors believe it is appropriate to supplement that notice by serving the Supplemental Notice by U.S. mail on each of the parties on the Supplemental Notice List, and by publishing the Supplemental Notice one time, in each of the publications listed above, in order to provide supplemental notice of these cases and of the Uniform Bar Date to potentially unknown creditors.

---

[4] Should the Court approve the retention of Epiq Bankruptcy Solutions, LLC (**"Epiq"**) as Noticing, Balloting, and Committee Website Agent, the Debtors will use Epiq to serve the Supplemental Notice by mail on the Supplemental Notice List.

WHEREFORE, the Debtors respectfully request that the Court enter an Order approving the form of Supplemental Notice and the method and manner of providing such Supplemental Notice by mail on the Supplemental Notice list and by publication as set forth above, and granting such other and further related relief as this Court deems just and proper.

Dated September 22, 2009.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
Attorneys for Debtors
1221 Brickell Avenue
Miami, Florida 33131
Tel: 305-579-0500
Fax: 305-579-0717

By:    /s/ Scott M. Grossman
MARK D. BLOOM
Florida Bar No. 303836
bloomm@gtlaw.com
SCOTT M. GROSSMAN
Florida Bar No. 0176702
grossmansm@gtlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day (i) via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record or pro se parties who are authorized to receive electronically Notices of Electronic Filing in this bankruptcy case, and (ii) on all parties listed on the Service List attached hereto via CM/ECF transmission, and/or U.S. mail, as indicated thereon.

      /s/ Scott M. Grossman
SCOTT M. GROSSMAN

**SERVICE LIST**

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case:

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

Paul J. Battista on behalf of Creditor Alfred Camner
pbattista@gjb-law.com, ctarrant@gjb-law.com;gjbecf@gjb-law.com

Bruce J Berman on behalf of Creditor Federal Deposit Insurance Corporation,
bberman@mwe.com, wjanke@mwe.com;graicht@mwe.com

Mark D Bloom on behalf of Debtor BankUnited Financial Corporation
bloomm@gtlaw.com, phillipsj@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

Stephen P Drobny on behalf of Debtor BankUnited Financial Corporation
sdrobny@shutts.com, mvandenbosch@shutts.com

Scott M. Grossman on behalf of Debtor BankUnited Financial Corporation
grossmansm@gtlaw.com, phillipsj@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

Hollie N Hawn on behalf of Creditor Broward County Revenue Collector
hhawn@broward.org

Brian W Hockett on behalf of Interested Party BankUnited, FSB ("New Bank")
bhockett@thompsoncoburn.com

Peter H Levitt on behalf of Debtor BankUnited Financial Corporation
plevitt@shutts-law.com

Corali Lopez-Castro on behalf of Creditor Committee Official Committee of Unsecured Creditors
clc@kttlaw.com, rcp@kttlaw.com

Todd C Meyers on behalf of Creditor Committee Official Committee of Unsecured Creditors
tmeyers@kilpatrickstockton.com, skapoor@kilpatrickstockton.com

Miami-Dade County Tax Collector
mdtcbkc@miamidade.gov

Dennis A Nowak on behalf of Interested Party Humberto Lopez
dn@tewlaw.com, ag@tewlaw.com

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Craig V Rasile on behalf of Creditor U.S. Bank, N.A.
crasile@hunton.com,
mtucker@hunton.com,mmannering@hunton.com,keckhardt@hunton.com,adeboer@hunton.com

Patricia A Redmond on behalf of Interested Party BankUnited, FSB ("New Bank")
predmond@swmwas.com, jmartinez@swmwas.com;rross@swmwas.com

David Samole on behalf of Creditor Committee Official Committee of Unsecured Creditors
das@kttlaw.com, pm@kttlaw.com;la@kttlaw.com;ycc@kttlaw.com

Mark J Wolfson on behalf of Creditor c/o Mark J. Wolfson Deutsche Bank National Trust Company
mwolfson@foley.com, mgrettenberger@foley.com;jalmeida@foley.com

**Manual Notice List**

The following is the list of parties who are not on the list to receive e-mail notice/service for this case, and are therefore being served by first class U.S. Mail, postage prepaid:

LIST ATTACHED

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

**NON-ECF SERVICE LIST**

| | |
|---|---|
| Cede & Co.<br>P.O. Box 20<br>Bowling Green Station<br>New York, NY 10004-1408 | Wells Fargo Delaware Trust Company<br>Attn: Molly A. Breffitt<br>919 N. Market Street<br>Suite 1600<br>Wilmington, DE 19801 |
| U.S. Bank<br>1555 N. River Center Drive<br>Suite 300<br>Milwaukee, WI 53212 | Thomas M. Korsman, Vice President<br>Corporate Special Accounts Group<br>Wells Fargo Bank, N.A.<br>MAC N9311-110<br>625 Marquette Avenue<br>Minneapolis, MN 55479 |
| U.S. Bank<br>Attn: Earl Dennison, Acct. Admin.<br>Goodwin Square, 23rd Floor<br>225 Asylum Street<br>Hartford, CT 06103 | Stearns Weaver<br>Museum Tower<br>150 W. Flagler Street Suite 2200<br>Miami, FL 33130 |
| Geoffrey T. Raicht, Esq.<br>*Counsel for FDIC*<br>McDermott Will & Emery LLP<br>340 Madison Ave.<br>New York, N.Y. 10173-1922 | Dennis S. Klein, Esq.<br>*Co-Counsel for FDIC*<br>Hughes Hubbard & Reed LLP<br>1775 I Street N.W., Suite 600<br>Washington, D.C. 20006-2401 |
| Aviva L. Wernick, Esq.<br>*Local Counsel for FDIC*<br>Hughes Hubbard & Reed LLP<br>201 S. Biscayne Blvd., Suite 2500<br>Miami, FL 33131-4332 | Coffey Burlington<br>Office in the Grove Penthouse<br>2699 S. Bayshore Drive<br>Miami, FL 33133 |
| Tew Cardenas<br>Four Seasons Tower - 15th Floor<br>1441 Brickell Avenue<br>Miami, FL 33131-3439 | Bridget Schessler, Vice President<br>The Bank of New York Mellon<br>525 William Penn Place, 7th Floor<br>Pittsburgh, PA 15259 |
| Moses Marx<br>c/o Ross Martin, Esq.<br>Ropes & Gray, LLP<br>One International Place<br>Boston, MA 02110-2624 | Steven M. Cimalore<br>Wilmington Trust Company<br>Rodney Square North<br>1100 North Market Street<br>Wilmington, DE 19890-1615 |

| | |
|---|---|
| Susan D. Profant, CFCA, CLA, Paralegal<br>KEN BURTON, JR., Manatee County<br>Tax Collector<br>P.O. Box 25300<br>Bradenton, FL 34206-5300 | Jack Reise<br>Waterford Township General Employees<br>Retirement System<br>c/o Coughlin Stoia Geller et al<br>120 E. Palmetto Park Road Suite 500<br>Boca Raton, FL 33432 |
| Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114 | Internal Revenue Service<br>Department of Treasury<br>227 N. Borough St.<br>Tallahassee, FL 32301 |
| Internal Revenue Service<br>Insolvency Unit<br>7850 S.W. 6th Court<br>Mail Stop 5730<br>Plantation, FL 33324 | State of Florida<br>Department of Revenue<br>Bankruptcy Section<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 |
| Honorable R. Alexander Acosta<br>Attn: Civil Process Clerk<br>U.S. Attorney<br>99 NE Fourth Street<br>Miami, FL 33132 | Honorable Eric Holder<br>U.S. Attorney General<br>Office of the Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530 |
| Susan R. Sherrill-Beard<br>Senior Trial Counsel/Bankruptcy<br>U.S. Securities and Exchange Commission<br>Atlanta Regional Office<br>Suite 1000, 3475 Lenox Road, N.E.<br>Atlanta, GA 30326-1232 | David A. Lander, Esq.<br>Brian W. Hockett, Esq.<br>*Counsel for BankUnited (New Bank)*<br>Thompson Coburn LLP<br>One US Bank Plaza<br>St. Louis, Missouri 63101 |
| Allison H. Weiss, Esq.<br>Jeffrey Chubak, Esq.<br>*Counsel for Bank of New York Mellon*<br>DEWEY & LeBOEUF LLP<br>1301 Avenue of the Americas<br>New York, N.Y. 10019 | Andrew I. Silfen, Esq.<br>Leah M. Eisenberg, Esq.<br>*Counsel for Wilmington Trust Company*<br>ARENT FOX LLP<br>1675 Broadway<br>New York, N.Y. 10019 |
| Jeffrey N. Rothleder, Esq.<br>*Counsel for Wilmington Trust Company*<br>ARENT FOX LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20026 | Michael C. Sontag, Esq.<br>*Special Counsel to Debtors*<br>CAMNER LIPSITZ, P.A.<br>550 Biltmore Way, Suite 700<br>Coral Gables, FL 33134 |

| | |
|---|---|
| Wendy H. Zoberman, Esq.<br>*Lead Counsel for the Putative Class*<br>BERMAN DEVALERIO<br>4280 Professional Center Drive, Suite 350<br>Palm Beach Gardens, FL 33410 | Jonathan Lee Riches<br>dba Bernard L. Madoff Invest. Sec. LLC<br>POB 14500 #40948018<br>Lexington, KY 40512 |
| CC Arbitrage, Ltd<br>c/o Castle Creek Arbitrage LLC<br>111 West Jackson Blvd 20th Fl<br>Chicago, IL 60604 | Monumental Life Insurance Co<br>c/o Maureen Ocampo CFA<br>2049 Century Park East #330<br>Los Angeles, CA 90067 |
| Highbridge International LLC<br>c/o Highbridge Capital Management LLC<br>9 West 57 St 27 Floor<br>New York, NY 10019 | Hudson Bay Fund LP<br>Hudson Bay Overseas LTD<br>c/o Charles Winkler<br>120 Broadway 40th Flr<br>New York, NY 10271 |
| Deutsche Bank Securities, Inc<br>60 Wall St<br>New York, NY 10005 | Harold L. Kaplan, Esq.<br>Mark F. Hebbeln, Esq.<br>*Counsel for Deutsche Bank National Trust Company*<br>Foley & Lardner LLP<br>321 North Clark Street, Suite 2800<br>Chicago, IL 60654-5313 |
| Edward G Salloom, Jr.<br>Claudia R. Sullivan<br>255 Wildwood Ave<br>Worcester, MA 01603 | |

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re | Chapter 11 |
| BankUnited Financial Corporation, *et al.,* | Case No. 09-19940-LMI |
| Debtors.            / | (Jointly Administered) |

**NOTICE OF COMMENCEMENT OF
BANKRUPTCY CASES AND OF UNIFORM CLAIMS BAR DATE**

**PLEASE TAKE NOTICE** that on May 22, 2009, the following entities filed petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida:

- BankUnited Financial Corporation, EIN 65-0377773 (Case No. 09-19940-LMI)
- BankUnited Financial Services, Inc., EIN 65-0778335 (Case No. 09-19941-LMI); and
- CRE America Corporation, EIN 65-0770049 (Case No. 09-19942-LMI).

**PLEASE TAKE FURTHER NOTICE OF THE FOLLOWING:**

- Deadline for all creditors (including governmental units) of BankUnited Financial Corporation, BankUnited Financial Services, Inc., and CRE America Corporation to File a Proof of Claim: **November 17, 2009**;

- Deadline for all creditors (including governmental units) of BankUnited Financial Corporation, BankUnited Financial Services, Inc., and CRE America Corporation to File a Complaint to Determine Dischargeability of Certain Debts: **November 10, 2009**; and

- Address for filing proofs of claim:

    U.S. Bankruptcy Court
    51 SW 1st Avenue, Room 1517
    Miami, FL 33130

Additional information can be found at:  http://chapter11.epiqsystems.com/BankUnited

*MIA 180,733,386 v5 117136.011300*