

**ORDERED in the Southern District of Florida on November 30, 2009.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| BankUnited Financial Corporation, et al.,[1] | ) Case No. 09-19940-LMI |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER APPROVING STIPULATION
BETWEEN THE DEBTORS, THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, AND
THE FEDERAL DEPOSIT INSURANCE CORPORATION
CONCERNING THE SHARING OF PRIVILEGED DOCUMENTS (D.E. # 359)**

On November 24, 2009, the Court conducted a hearing on the motion (the "**Motion**")

(D.E. # 359) filed by the Official Committee of Unsecured Creditors (the "**Committee**") of

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is c/o Development Specialists, Inc., 200 South Biscayne Blvd., Suite 1818, Miami, FL 33131.

1

BankUnited Financial Corp., BankUnited Financial Services, Inc. and CRE America Corporation (collectively, the **"Debtors"**), pursuant to 11 U.S.C. §§ 105(a) 107(b), 363 (b) and 542(e), and Federal Rule of Evidence 502(d), for entry of an order approving an Agreement by and Between the Committee, the Debtors, and the Federal Deposit Insurance Corporation Concerning the Sharing of Privileged Documents regarding access to and turnover of certain documents in the possession of Camner Lipsitz, P.A. (the **"Camner Lipsitz Documents Agreement"**). The Court has considered the Camner Lipsitz Documents Agreement dated November 18, 2009 (attached hereto as Exhibit A) and the arguments of counsel. The Court has determined that proper and adequate notice has been furnished, that no further notice is necessary and that good and sufficient cause exists to grant the Motion. For the reasons stated on the record, which are incorporated here by reference, it is –

**ORDERED** as follows:

1. The Committee's Motion (D.E. # 359) is granted.

2. The Camner Lipsitz Documents Agreement is approved in its entirety.

3. Pursuant to Federal Rule of Evidence 502(d), the disclosure of any privileged documents, records, or other information pursuant to the Camner Lipsitz Documents Agreement by any party to such agreement to any other party thereto shall not be a waiver of such privilege in this bankruptcy case or any other federal or state proceeding.

4. The protections of 12 U.S.C. § 1828(x) shall apply to any document disclosed pursuant to the Camner Lipsitz Documents Agreement.

5. Nothing in the Camner Lipsitz Documents Agreement may be construed to alter or otherwise prejudice the rights of the parties thereto to seek additional information that may be obtained through discovery available in this or other proceedings or by other means.

     6.     This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order and the Camner Lipsitz Documents Agreement.

###

Submitted by:

Corali Lopez-Castro, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce De Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800 (Telephone)
(305) 372-3508 (Facsimile)
Email: **clc@kttlaw.com**

**COPIES TO:**

Corali Lopez-Castro, Esq.

[Attorney Lopez-Castro is directed to serve copies of this order on all interested parties and to file a certificate of service]

## AGREEMENT BY AND BETWEEN THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BANKUNITED FINANCIAL CORP., ET AL., THE DEBTORS, AND THE FEDERAL DEPOSIT INSURANCE CORPORATION CONCERNING THE SHARING OF PRIVILEGED DOCUMENTS

### RECITALS

WHEREAS, on May 22, 2009, BankUnited Financial Corp. ("**BUFC**"), BankUnited Financial Services ("**BUFS**") and CRE America Corporation ("**CRE**") (collectively, the "**Debtors**") each filed voluntary petitions seeking relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Florida (the "**Bankruptcy Court**");

WHEREAS, on May 21, 2009, the Office of Thrift Supervision (the "**OTS**") closed and immediately appointed the Federal Deposit Insurance Corporation (the "**FDIC**")[1] as receiver for BankUnited, FSB (the "**Bank**");

WHEREAS, on or about August 12, 2009, the Bankruptcy Court entered an *Order Granting Debtors' Motion to Approve Information Access Agreement Among the Debtors,*

---

[1] This Stipulation does not constitute a submission by the FDIC to the jurisdiction or authority of the Bankruptcy Court for the resolution of any regulatory matter involving the Debtors or the FDIC. Nor is this Stipulation an admission that the Bankruptcy Court is the appropriate forum for disputes between the FDIC and the Debtors other than with respect to this Stipulation. The filing of this Stipulation shall not constitute a waiver or consent by the FDIC of any right to assert Sovereign Immunity whether the FDIC is acting in its capacity as Receiver or otherwise. The filing of this Stipulation shall not constitute a waiver or consent by the FDIC of any (a) right to have any and all final orders in any and all non-core matters entered only after de novo review by the United States District Court; (b) right to trial by jury in any proceedings as to any and all matters so triable therein, whether or not the same be designated legal or private rights, or in any case, controversy or proceeding related thereto, whether or not such jury trial right is pursuant to statute or the United States Constitution; (c) right to have the reference of this matter withdrawn by the United States District Court in any matter or proceeding subject to mandatory or discretionary withdrawal; or (d) other rights, claims, actions, defenses, setoffs, recoupments or other matters to which the FDIC is entitled under any agreements or at law or in equity or under the United States Constitution. Except with respect to the specific statements in this Stipulation, all of the foregoing rights are expressly reserved and preserved without exception and with no purpose of conceding jurisdiction in any way by participating in this Stipulation. The FDIC expressly reserves all rights at law and equity to assert the preemption of the Bankruptcy Court's jurisdiction and the exclusive jurisdiction provided under Title 12 as applicable with respect to the FDIC.



EXHIBIT "A"

*the FDIC, and New Bank* (DE # 182) approving the agreement related to the possession of and access to documents related to the businesses of the Debtors and the Bank (the "**Document Sharing Stipulation**");

WHEREAS, on or about September 14, 2009, the Bankruptcy Court entered an *Order Approving Stipulation By and Among the Debtors, the [FDIC], BankUnited ("New Bank") and the Office of Thrift Supervision Regarding Confidentiality Stipulation Regarding Discovery Materials* (DE # 254) (the "**Confidentiality Order**"), approving in its entirety the *Confidentiality Stipulation Regarding Discovery Materials*, entered into by the Debtors, the FDIC, the OTS, and New Bank (the "**Confidentiality Stipulation**");

WHEREAS, on or about September 29, 2009, the Bankruptcy Court entered an *Order Granting, as Modified, the Committee's Motion for Derivative Standing to Investigate, Assert, and Prosecute Claims Against Officers, Directors, and Prepetition Professionals* (DE #279) (the "**Derivative Standing Order**"), granting the Official Committee of Unsecured Creditors of the Debtors (the "**Committee**," and, together with the Debtors and the FDIC, the "**Parties**," and each individually, a "**Party**") "derivative standing on behalf of the Debtors' estates, and . . . the exclusive right, to investigate, and if warranted, assert and pursue all claims that are property of the Debtors' estates against Insiders (as defined in the Derivative Standing Motion) and the law firm of Camner Lipsitz, P.A. ("**Camner Lipsitz**") or any present or former member of Camner Lipsitz";

WHEREAS, the Committee has sought and continues to seek the production of documents in the course of the Committee's investigation of potential claims;

WHEREAS, on or about October 21, 2009, the Bankruptcy Court entered an *Order Granting in Part Motion of the [Committee] for Confirmation of Right to Hold, Assert, and,*

2

*if Necessary, Waive, Solely for the Benefit of the Debtors' Estates, Certain Privileges with Respect to the Grant of Derivative Standing to Investigate, Assert, and Prosecute Claims* (DE # 324) (the "**Privileges Order**");

WHEREAS, consistent with both the Derivative Standing Order and the Privileges Order, the Committee has sought the production of documents in the possession of Camner Lipsitz;

WHEREAS, Camner Lipsitz has refused to produce certain responsive documents to the Committee on the grounds that such documents in its possession are subject to legally-cognizable privileges and immunities belonging to the FDIC which the FDIC has not waived;

WHEREAS, consistent with the Document Sharing Stipulation and the Confidentiality Stipulation, the Parties believe that it is in their mutual interest to share certain documents without waiving the protection of any legally-cognizable privileges or immunities that might apply to the communications embodied in such documents;

THEREFORE, the Parties agree and stipulate as follows:

## AGREEMENT

### 1. Document Sharing Obligations.

**1.1** Camner Lipsitz is authorized to produce to the Parties all documents in its possession or control generated prior to the closing of the Bank on May 21, 2009 (the "**Camner Lipsitz Documents**") duly requested by a Party through subpoena, demand, other legal process, or other request.

**1.2** Notwithstanding anything to the contrary in the Document Sharing Stipulation or the Confidentiality Stipulation, no Party shall object to or otherwise seek to

3

prevent the disclosure to any other Party of any Camner Lipsitz Documents duly requested by a Party through subpoena, demand, other legal process or other request.

2. **No Waiver of Legally-Cognizable Privileges and Immunities.** The Parties agree that no legally-cognizable privilege or immunity is waived by the production by Camner Lipsitz or by any Party of any Camner Lipsitz Documents pursuant to this Agreement. As such, all Camner Lipsitz Documents produced under this Agreement and subject to any legally-cognizable privilege or immunity against third parties shall retain their privileged character notwithstanding any disclosure to a Party under this Agreement. Where the privilege or immunity applicable to a Camner Lipsitz Document is held jointly by multiple Parties, any such jointly held privilege or immunity may be waived only by a unanimous decision of all Parties, and all such Camner Lipsitz Documents shall remain privileged unless and until such unanimous decision is made.

3. **Use of the Camner Lipsitz Documents.** Each Party may only use or rely on the Camner Lipsitz Documents in the administration of the Debtors' estates and/or the FDIC's receivership proceedings of the Bank, including but not limited to the prosecution or defense of claims that the Parties may have. Each Party may use the Camner Lipsitz Documents in depositions without waiving any legally-cognizable privileges or immunities provided that the portion of the transcript of any such deposition that a Party reasonably believes contains, recites, uses, refers to, or otherwise discloses such Camner Lipsitz Document shall be designated "Confidential," whereupon access to that portion of such transcript shall be restricted to the Parties and the witnesses being examined at such depositions, and their respective counsel.

4.    **Notice of Compelled Disclosure of Communications.** In the event a Party is (a) subpoenaed in another action, (b) served with a demand in another action to which a Party is a party, or (c) served with any other legal process that seeks the disclosure, production, or permitted inspection of any of the Camner Lipsitz Documents, such Party shall give written notice thereof to the other Parties within one (1) calendar day of its receipt of such subpoena, demand or other legal process before responding to such subpoena, demand, or other legal process. Each Party shall use their best efforts to oppose any attempt by anyone other than the Parties to cause the disclosure, production, or inspection of Camner Lipsitz Documents without the express written consent of all Parties.

5.    **Other Disclosures.** Except as provided elsewhere in this Agreement or ordered by a court or administrative body, no Party shall allow any Camner Lipsitz Document to be disclosed to, produced to, or inspected by any other person or agency (including any governmental agency), without the express written consent of all Parties.

6.    **Lawful Disclosure Obligations of the FDIC.** Nothing in this Agreement shall alter, impair, infringe or in any way modify any of the FDIC's compliance or disclosure obligations under the Freedom of Information Act ("FOIA") or any other lawful request that requires the FDIC to disclose documents in its possession or in the possession of its counsel (internal or external), **provided, however,** that in the event the FDIC intends to make disclosure of any of the Camner Lipsitz Documents pursuant to FOIA or any other lawful request, the FDIC shall provide the Debtors and the Committee with ten (10) business days advance written notice of any such intended disclosure.

**7. No Waiver of Existing Rights.** Nothing in this Agreement shall prejudice, waive, or impair the right of any Party to seek production of documents in the possession of any other Party pursuant to any statutory, regulatory, or judicial authority.

**8. Notice.** All notices required to be given pursuant to this Agreement may be given by e-mail, facsimile, hand delivery, or overnight delivery by a nationally-recognized overnight delivery service, upon the Parties at the addresses, e-mail addresses, or facsimile numbers set forth in the signature blocks for the Parties below.

**9. Bankruptcy Court Approval.** The Parties agree to cooperate to obtain Bankruptcy Court approval of this Stipulation and the entry of an order pursuant to Federal Rule of Evidence 502(d) ordering that the privileges and protections that are the subject of this Agreement are not waived by any disclosure pursuant to this Agreement, either in the Debtors' bankruptcy cases or any other federal or state proceeding. This Stipulation shall govern the conduct of the Parties pending such approval by the Bankruptcy Court, provided, however, that, for the avoidance of doubt and consistent with footnote 1 hereof, nothing in this section or this Agreement shall be deemed to be any form of consent by the FDIC to the jurisdiction of the Bankruptcy Court to determine or adjudicate any legal privilege belonging to the FDIC.

**10. Modification.** This Agreement may only be modified, amended, or supplemented by a subsequent writing executed by each and every Party, and approved by the Bankruptcy Court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BALNK; SIGNATURES FOLLOW ON NEXT PAGE]

Agreed as of November 18, 2009.

| McDERMOTT WILL & EMERY LLP | GREENBERG TRAURIG, P.A. |
|---|---|
| By: ___[signature]___<br>Geoffrey T. Raicht<br>340 Madison Avenue<br>New York, NY 10173<br>Telephone: (212) 547-5400<br>Facsimile: (305) 579-0717<br>graicht@mwe.com<br><br>-and-<br><br>Bruce J. Berman<br>201 South Biscayne Boulevard<br>Suite 2200<br>Miami, Florida 33131<br>Telephone: (305) 357-6530<br>Facsimile: (305)357-6500<br>bberman@mwe.com<br><br>*Counsel for Federal Deposit Insurance Corporation* | By: _____<br>Mark D. Bloom<br>Scott M. Grossman<br>1221 Brickell Avenue<br>Miami, Florida 33131<br>Telephone: (305) 579-0500<br>Facsimile: (305) 579-0717<br>bbloom@gtlaw.com<br>grossmansm@gtlaw.com<br><br>*Counsel for the Debtors* |
| KILPATRICK STOCKTON LLP<br><br>By: _____<br>Todd C. Meyers<br>Sameer K. Kapoor<br>1100 Peachtree Street, Suite 2800<br>Atlanta, Georgia 30309-4530<br>Telephone: (404) 815-6500<br>Facsimile: (404) 815-6555<br>tmeyers@kilpatrickstockton.com<br>skapoor@kilpatricktockton.com<br><br>*Counsel for the Official Committee of Unsecured Creditors of BankUnited Financial Corp., et al.* | |

7

Agreed as of November 18, 2009.

| | |
|---|---|
| McDERMOTT WILL & EMERY LLP<br><br>By: _____<br>Geoffrey T. Raicht<br>340 Madison Avenue<br>New York, NY 10173<br>Telephone: (212) 547-5400<br>Facsimile: (305) 579-0717<br>graicht@mwe.com<br><br>-and-<br><br>Bruce J. Berman<br>201 South Biscayne Boulevard<br>Suite 2200<br>Miami, Florida 33131<br>Telephone: (305) 357-6530<br>Facsimile: (305)357-6500<br>bberman@mwe.com<br><br>*Counsel for Federal Deposit Insurance Corporation* | GREENBERG TRAURIG, P.A.<br><br>By: _____<br>Mark D. Bloom<br>Scott M. Grossman<br>1221 Brickell Avenue<br>Miami, Florida 33131<br>Telephone: (305) 579-0500<br>Facsimile: (305) 579-0717<br>bbloom@gtlaw.com<br>grossmansm@gtlaw.com<br><br>*Counsel for the Debtors* |
| KILPATRICK STOCKTON LLP<br><br>By: _____<br>Todd C. Meyers<br>Sameer K. Kapoor<br>1100 Peachtree Street, Suite 2800<br>Atlanta, Georgia 30309-4530<br>Telephone: (404) 815-6500<br>Facsimile: (404) 815-6555<br>tmeyers@kilpatrickstockton.com<br>skapoor@kilpatricktockton.com<br><br>*Counsel for the Official Committee of Unsecured Creditors of BankUnited Financial Corp., et al.* | |

7

Agreed as of November ___, 2009.

| McDERMOTT WILL & EMERY LLP | GREENBERG TRAURIG, P.A. |
|---|---|
| By: _____<br>Geoffrey T. Raicht<br>340 Madison Avenue<br>New York, NY 10173<br>Telephone: (212) 547-5400<br>Facsimile: (305) 579-0717<br>graicht@mwe.com<br><br>-and-<br><br>Bruce J. Berman<br>201 South Biscayne Boulevard<br>Suite 2200<br>Miami, Florida 33131<br>Telephone: (305) 357-6530<br>Facsimile: (305)357-6500<br>bberman@mwe.com<br><br>*Counsel for Federal Deposit Insurance Corporation* | By: _____<br>Mark D. Bloom<br>Scott M. Grossman<br>1221 Brickell Avenue<br>Miami, Florida 33131<br>Telephone: (305) 579-0500<br>Facsimile: (305) 579-0717<br>bbloom@gtlaw.com<br>grossmansm@gtlaw.com<br><br>*Counsel for the Debtors* |
| KILPATRICK STOCKTON LLP<br><br>By: _____<br>Todd C. Meyers<br>Sameer K. Kapoor<br>1100 Peachtree Street, Suite 2800<br>Atlanta, Georgia 30309-4530<br>Telephone: (404) 815-6500<br>Facsimile: (404) 815-6555<br>tmeyers@kilpatrickstockton.com<br>skapoor@kilpatricktockton.com<br><br>*Counsel for the Official Committee of Unsecured Creditors of BankUnited Financial Corp., et al.* | |