UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| BankUnited Financial Corporation, *et al.*,[1] ) | Case No. 09-19940-LMI |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**DEBTORS' PRELIMINARY RESPONSE TO
MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION TO
ENFORCE THE ORDER GRANTING, AS MODIFIED, COMMITTEE'S MOTION
FOR DERIVATIVE STANDING TO INVESTIGATE, ASSERT AND PROSECUTE
CLAIMS AGAINST OFFICERS, DIRECTORS AND PREPETITION PROFESSIONALS**

**(Preliminary Hearing scheduled December 28, 2009 at 3:30 p.m.)**

Debtors, BankUnited Financial Corporation, BankUnited Financial Services, Incorporated, and CRE America Corporation (collectively, the **"Debtors"**), respectfully submit this Preliminary Response[2] to the *Motion of the Federal Deposit Insurance Corporation to Enforce the Order Granting, as Modified, Committee's Motion for Derivative Standing to Investigate, Assert and Prosecute Claims against Officers, Directors and Prepetition Professionals* (DE #373) (the **"Motion to Enforce"**) filed by the Federal Deposit Insurance Corporation, as Receiver (the **"FDIC"**) for BankUnited, FSB, and state:

1. In its Motion to Enforce, the FDIC takes the position that claims identified by the Official Committee of Unsecured Creditors (the **"Committee"**) against certain of the Debtors'

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is c/o Development Specialists, Inc., 200 South Biscayne Blvd., Suite 1818, Miami, FL 33131.

[2] The Debtors understand that the December 28, 2009 hearing on the Motion to Enforce will be a preliminary hearing to determine whether the Court can or should proceed to consider the merits of the Motion to Enforce at a later hearing. As such, the Debtors reserve the right to offer further briefing and argument on the issues should the Court decide at or following the preliminary hearing to consider the merits of the Motion to Enforce.

former officers and directors are sufficiently developed and ripe for this Court to determine, based upon the notice letters sent to those individuals (the "**Committee Notice Letters**"), whether those claims are property of the Debtors' bankruptcy estates which may be asserted by the Committee pursuant to the *Order Granting, as Modified, Committee's Motion for Derivative Standing to Investigate, Assert and Prosecute Claims against Officers, Directors and Prepetition Professionals* (DE #373) (the "**Derivative Standing Order**"), or instead belong to and may be asserted solely by the FDIC.

2. From almost the very outset of these cases, the Debtors have taken pains to point out to the Court that in addition to whatever other claims or rights it may assert against the estates the FDIC is, at bottom, a competing claimant against third parties who may have liability and be a source of recovery to the estates. The Motion to Enforce offers vivid proof of that assertion, as the FDIC would have this Court determine that the claims identified in the Committee Notice Letters belong to it rather than to the Debtors, shut down the Committee's efforts undertaken pursuant to the Derivative Standing Order, and thus eliminate the prospect of any recovery to the estates through litigation or settlement of those claims.

3. To whatever extent the ownership of the claims so identified may be ripe for such a determination, such is clearly not the case with respect to any of the other yet-unspecified claims retained by the Debtors against yet-unidentified third parties (the "**Retained Claims**"). At this stage of these Chapter 11 cases, the Retained Claims have neither been articulated nor developed, nor have the potential targets of such claims been placed on notice of the existence of such claims. Accordingly, should the Court determine to address the merits of the Motion to Enforce, the Debtors respectfully submit that any ruling on that Motion be *strictly and expressly limited* to the claims set forth in the Committee Notice Letters. Indeed, in order to preserve the

2

right of the Debtors to investigate and pursue the yet-unspecified Retained Claims, it is essential that any such ruling be narrowly tailored to avoid undue or unintended interference with the administration of the estates or impairment of property of the estates in derogation of Sections 541(a) and 362(a)(3) of the Bankruptcy Code .

WHEREFORE, the Debtors respectfully request that (a) in addressing and setting any final hearing on the Motion to Enforce, the Court clearly articulate that any such hearing shall be limited solely to the claims set forth in the Committee Notice Letters, and that nothing in any ruling with respect to those claims be intended to adjudicate the rights, limit the standing, or impair the ability of the Debtors to investigate and, if appropriate, pursue any of the Retained claims against any other parties, and (b) the Court grant such other and further relief as the Court deems just and proper.

Dated December 21, 2009.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
Counsel for the Debtors
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By: /s/ Mark D. Bloom
    MARK D. BLOOM
    Florida Bar No. 303836
    bloomm@gtlaw.com
    SCOTT M. GROSSMAN
    Florida Bar No. 0176702
    grossmansm@gtlaw.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on December 21, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                  /s/ Mark D. Bloom
                                                  MARK D. BLOOM

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- Johanna Armengol    Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

- Paul J. Battista    pbattista@gjb-law.com, gjbecf@gjb-law.com

- Bruce J Berman    bberman@mwe.com, wjanke@mwe.com;graicht@mwe.com

- Mark D Bloom    bloomm@gtlaw.com, phillipsj@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

- City of Homestead, FL    dgonzales@wsh-law.com

- City of Miramar, FL    dgonzales@wsh-law.com

- Stephen P Drobny    sdrobny@shutts.com, mvandenbosch@shutts.com

- Douglas R. Gonzales    dgonzales@wsh-law.com

- Scott M. Grossman    grossmansm@gtlaw.com, phillipsj@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

- Robert J Hauser    hauser@beasleylaw.net, lundstrom@beasleylaw.net;miles@beasleylaw.net

- Hollie N Hawn    hhawn@broward.org

- Brian W Hockett    bhockett@thompsoncoburn.com

- Peter H Levitt    plevitt@shutts-law.com

- Corali Lopez-Castro    clc@kttlaw.com, rcp@kttlaw.com

- Todd C Meyers    tmeyers@kilpatrickstockton.com

- Miami-Dade County Tax Collector    mdtcbkc@miamidade.gov

- Dennis A Nowak    dn@tewlaw.com, ag@tewlaw.com

- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

- Craig V Rasile    crasile@hunton.com, mtucker@hunton.com,mmannering@hunton.com,keckhardt@hunton.com,adeboer@hunton.com

- Patricia A Redmond    predmond@stearnsweaver.com, jmartinez@swmwas.com;rross@swmwas.com

- David Samole    das@kttlaw.com, pm@kttlaw.com;la@kttlaw.com;ycc@kttlaw.com

- Mark J Wolfson    mwolfson@foley.com, mgrettenberger@foley.com;jalmeida@foley.com

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Yale Scott Bogen
200 S Biscayne Blvd #1818
Miami, FL 33131

CC Arbitrage, Ltd
c/o Castle Creek Arbitrage LLC
111 West Jackson Blvd 20th Fl
Chicago, IL 60604

Jeffrey Chubak
1301 Avenue of the Americas
New York, NY 10019

Deborah K Curran
8101 Sandy Spring Rd #100
Laurel, MD 20707

Grace Davila-Perez
14721 SW 159 Place
Miami, FL 33196

Deutsche Bank Securities, Inc
60 Wall St
New York, NY 10005

Mark F Hebbeln
321 N Clark St #2800
Chicago, IL 60654

Highbridge International LLC
c/o Highbridge Capital Management LLC
9 West 57 St 27 Floor
New York, NY 10019

Hudson Bay Fund LP
c/o Charles Winkler
120 Broadway 40th Flr
New York, NY 10271

Hudson Bay Overseas LTD
c/o Charles Winkler
120 Broadway 40th Flr
New York, NY 10271

Imperial County Treasurer-Tax Collector
940 W Main St #106
El Centro, CA 92243

Sameer K. Kapoor
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530

Christina Kennedy
2 S. Biscayne Blvd #1900
Miami, FL 33131

Dennis S Klein
1775 I St NW #600
Washington, DC 20006

Corali Lopez-Castro
c/o Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon
9th Floor
Coral Gables, FL 33134

MPerial County Treasurer-Tax Collector
940 W Main St #106
El Centro, CA 92243

Manatee County Tax Collector
c/o Ken Burton, Jr
POB 25300
Bradenton, FL 34206

Maureen McGreevey
680 E Swedesford Rd
Wayne, PA 19087

Todd C Meyers
1100 Peachtree St #2800
Atlanta, GA 30309

Monumental Life Insurance Co
c/o Maureen Ocampo CFA
2049 Century Park East #330
Los Angeles, CA 90067

Jonathan Lee Riches
dba Bernard L. Madoff Invest. Sec. LLC
POB 14500 #40948018
Lexington, KY 40512

Edward G Salloom
255 Wildwood Ave
Worcester, MA 01603

Shutts & Bowen
201 S Biscayne Blvd #1500
Miami, FL 33131

Andrew I Silfen
1675 Broadway #25
New York, NY 10019

Michael C Sontag
550 Biltmore Way #700
Coral Gables, FL 33134

Claudia R Sullivan
255 Wildwood Ave
Worcester, MA 01603

Wendy H Zoberman
4280 Professional Center Dr #350
Palm Beach Gardens, FL 33410