UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.,*[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| Debtors. | / | (Jointly Administered) |

## DEBTORS' APPLICATION TO EMPLOY AND RETAIN
## DIAMOND McCARTHY LLP AS SPECIAL LITIGATION COUNSEL

Debtors, BankUnited Financial Corporation (**"BUFC"**), BankUnited Financial Services,

Incorporated (**"BUFS"**), and CRE America Corporation (collectively, **"Debtors"**), respectfully

request the entry of an order, pursuant to 11 U.S.C. §§ 327(e) and 328(a), and Federal Rule of

Bankruptcy Procedure 2014, authorizing the employment and retention of Diamond McCarthy

LLP ("**Diamond McCarthy**") as special litigation counsel to investigate and, if advisable, pursue

claims against certain prepetition non-insider professionals and other third parties, as well as

claims against BankUnited, a de novo federal savings association organized under the laws of the

United States and having its principal place of business in Coral Gables, Florida (**"New Bank"**),

the entity that acquired substantially all of the assets of BUFC's banking subsidiary, BankUnited,

FSB (the **"Bank"**) from the Federal Deposit Insurance Corporation as Receiver (the **"FDIC"**)

for the Bank, and other claims against third parties related to the FDIC's takeover of the Bank, as

set forth in more detail below.  In support of this Application, the Debtors rely on the Affidavit of

Richard I. Janvey, Esq. (the **"Janvey Affidavit"**) attached hereto as **Exhibit 1** and the facts and

circumstances set forth below.

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is c/o Development Specialists, Inc. 200 S. Biscayne Blvd., Suite 1818, Miami, Florida 33131.

## BACKGROUND

1.      The Debtors commenced these cases on May 22, 2009 by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108, with no trustee or examiner having been sought or appointed in these cases.  On May 29, 2009, the Office of the United States Trustee appointed an official committee of unsecured creditors (the **"Committee"**) (DE #33).

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

## RELIEF REQUESTED

3.      The Debtors seek to retain Richard I. Janvey, Esq., and Diamond McCarthy as special litigation counsel pursuant to 11 U.S.C. §§ 327(e) and 328(a), and Federal Rule of Bankruptcy Procedure 2014, based on their extensive experience in analyzing and prosecuting claims against professionals and their general expertise and reputation as attorneys.  The Debtors believe that Diamond McCarthy is well qualified to represent their interests and the interests of their estates in connection with the matters set forth below.

4.      Diamond McCarthy is a boutique law firm that focuses on the investigation, litigation, and cost-effective resolution of complex business disputes on a local, national, and international stage. Diamond McCarthy's trial practice encompasses the gamut of complex business matters including financial, banking, corporate securities, antitrust, environmental, real estate, intellectual property, oil & gas/energy, professional liability, insurance, partnership and fiduciary litigation.  In addition to complex and high stakes litigation, Diamond McCarthy also handles all aspects of business insolvency in venues throughout the world. Diamond McCarthy's

business insolvency practice encompasses everything from restructuring and creditor committee work to pre- and post-confirmation insolvency related litigation.

5.      The Debtors believe that Diamond McCarthy has the experience and qualifications necessary to represent them with respect to the matters set forth below, and believe that Diamond McCarthy's employment is in the best interest of their estates, creditors, and other parties in interest.

## SCOPE OF EMPLOYMENT

6.      The professional services that Diamond McCarthy is expected to render to the Debtors are set forth in the engagement letter attached hereto as **Exhibit 2**, and include the following:

- Investigation, analysis, and, if advisable, pursuit of claims against certain prepetition professionals, including PriceWaterhouseCoopers LLP, Paul, Hastings, Janofsky & Walker LLP, and other third parties, arising from BUFC's operations, the regulatory closure of and receivership for the Bank, and the Debtors' ensuing bankruptcy filings;[2] and

- Investigation, analysis, and, if advisable, pursuit of claims against New Bank and other third parties relating to the regulatory closure of and receivership for the Bank, New Bank's purchase of the Bank's assets from the FDIC, the Debtors' ensuing bankruptcy filings, and issues between and among BUFS, New Bank and other third parties.

7.      As special litigation counsel pursuant to 11 U.S.C. § 327(e), Diamond McCarthy's work will be limited to the matters set forth above. Accordingly, the services to be performed by Diamond McCarthy will not be duplicative of any bankruptcy-related work performed by the Debtors' general counsel, Greenberg Traurig, P.A. Likewise, Diamond

---

[2] Diamond McCarthy's proposed engagement as special litigation counsel does not include the pursuit of any claims as to which the Committee has been granted derivative standing pursuant to the Court's September 29, 2009 *Order Granting, as Modified, Committee's Motion for Derivative Standing to Investigate, Assert and Prosecute Claims against Officers, Directors and Prepetition Professionals* (DE #279).

McCarthy will coordinate with the Debtors' other professionals to ensure that its services are, to the maximum extent possible, complimentary to other professionals' services.

### DIAMOND McCARTHY DOES NOT HOLD OR REPRESENT
### ANY INTEREST ADVERSE TO THE DEBTORS AND THEIR ESTATES

8.      As set forth in greater detail in the Janvey Affidavit, Diamond McCarthy has undertaken a conflicts check that compares the names of: (a) the Debtors; (b) the Debtors' known affiliates; (c) the Debtors' present and former officers and directors; (d) the Debtors' creditors as listed on the creditor matrices for these cases; and (e) to the extent known, certain significant parties in interest in these cases, against a list of Diamond McCarthy's current and former engagements, clients and client affiliates.

9.      To the best of the Debtors' knowledge, based upon the Janvey Affidavit and except as may be set forth therein, Diamond McCarthy has determined that it does not hold or represent any interest adverse to these estates with respect to the matters on which it is to be engaged.

10.      To the best of the Debtors' knowledge, (i) Diamond McCarthy's connections with the estates, and the known parties that may be adverse on the matters within the scope of the special counsel engagement are disclosed in the Janvey Affidavit, and (ii) the Diamond McCarthy attorneys and other professionals who will work on this matter are not related to the United States Trustee for Region 21, or any person employed in the Office of the United States Trustee.  The Debtors understand that Diamond McCarthy will continue to supplement the Janvey Affidavit with additional disclosures, to the extent necessary.

### PROFESSIONAL COMPENSATION

11.      Bankruptcy Code Section 328(a) authorizes the employment of counsel for a special purpose on any reasonable terms and conditions of employment, including on a retainer,

on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. 11 U.S.C. § 328(a).

12.     Diamond McCarthy has advised the Debtors that the hourly rates applicable to the principal lawyers and legal assistants expected to provide services to the Debtors are:

| | |
|---|---|
| Richard Janvey, Partner | $610.00 per hour |
| Greg Taylor, Partner | $550.00 per hour |
| Trip Finley, Sr. Counsel | $550.00 per hour |
| Andrea Kim, Partner | $375.00 per hour |
| Cliff Walston, Partner | $325.00 per hour |
| Max Beatty, Associate | $250.00 per hour |
| Craig Boneau, Associate | $210.00 per hour |
| Tina Stone, Legal Assistant | $160.00 per hour |

The Debtors understand that the hourly rates set forth above are subject to periodic adjustment to reflect economic and other conditions.

13.     For this special counsel engagement, however, the Debtors propose to employ and compensate Diamond McCarthy in two phases.  First, Diamond McCarthy will perform an initial Litigation Analysis Book Report (the **"Book Report"**), at a flat rate of $150,000 (including expenses).[3]  In the event that Diamond McCarthy's professional fees and expenses during the Book Report phase exceed $150,000, Diamond McCarthy will not seek any additional compensation.  But if Diamond McCarthy's professional fees and expenses during the Book Report phase are less than $150,000, then the Debtors will be entitled to a refund of any unused portion of the $150,000 flat fee.

14.     The Book Report will include a detailed identification and analysis of potential claims available to the Debtors, as well as a discussion of case strategy and anticipated defenses.

---

[3] The Book Report will be confidential and subject to the attorney-client, work product and any other applicable privileges belonging to the Debtors.

The analysis will cover potential claims against relevant professionals and third parties that Diamond McCarthy is able to identify at this early stage of the proceedings.  The Book Report will be delivered to general counsel for the Debtors subject to a joint interest privilege with the Debtors' Unsecured Creditors Committee (the "Committee"), and shall become property of the Debtors' Estates.  Promptly upon receipt general counsel for the Debtors shall deliver a copy of the Book Report to counsel for the Committee, either in whole or redacted form as the Debtor and the Committee may agree.  In the event of any disagreement between the Debtors and Committee regarding the form of the Book Report as delivered to Committee counsel, the Committee may file a Motion under seal to be heard and considered by the Court *in camera*, upon notice only to the Debtors and the United States Trustee.

15.    Upon completion of the Book Report and Diamond McCarthy's presentation of its analysis and conclusions, Diamond McCarthy and the Debtors will then work together to arrive at a mutually agreeable fee arrangement for the prosecution of any claims.  The Debtors and Diamond McCarthy anticipate that Diamond McCarthy will prosecute any such claims on some contingent basis as the parties may negotiate and the Court may approve, consistent with Florida law.  The fee may be a hybrid involving substantially reduced hourly fees with a contingent payment based on success, and some claims may lend themselves to a full contingency.  It is also possible that Diamond McCarthy may propose different fees for different suits, so that the fee can be better tailored to the risks, potential rewards, and needs of individual cases and claims.  Between the Book Report phase of the engagement and the actual commencement of litigation under the contemplated fee arrangement, however, Diamond McCarthy will be compensated based upon its hourly rates set forth above in accordance with the terms of this Court's August 12, 2009 *Order Authorizing and Establishing Procedures for*

*Monthly Payment of Interim Compensation and Reimbursement of Expenses to Chapter 11 Professionals* (DE #181).

16.    Diamond McCarthy has neither requested nor received any retainer or other form of compensation for the proposed services to be rendered.  Other than as set forth herein, there is no proposed arrangement to compensate Diamond McCarthy.  Diamond McCarthy has not shared, nor agreed to share any compensation it may receive with any other party or person, other than with the shareholders, counsel and associates of Diamond McCarthy, or to share in or receive any compensation or fee with or from any other person in connection with these cases.

WHEREFORE, the Debtors respectfully request that the Court enter an Order authorizing the employment and retention of Diamond McCarthy LLP as special litigation counsel pursuant to 11 U.S.C. § 327(e) and 328(a), and granting such other and further relief as this Court deems just and proper.

Dated: February **16**, 2010

Respectfully submitted,

BankUnited Financial Corporation, et al.

By:_____

Name: Joseph J. Luzinski
Title:  Chief Restructuring Officer

7

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Mark D. Bloom
MARK D. BLOOM

## SERVICE LIST

### Electronic Mail Notice List

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case:

Johanna Armengol on behalf of U.S. Trustee Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

Paul J. Battista on behalf of Creditor Alfred Camner
pbattista@gjb-law.com, gjbecf@gjb-law.com

Bruce J Berman on behalf of Creditor Federal Deposit Insurance Corporation,
bberman@mwe.com, wjanke@mwe.com;graicht@mwe.com

Mark D Bloom on behalf of Debtor BankUnited Financial Corporation
bloomm@gtlaw.com, phillipsj@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

Shawn M Christianson on behalf of Creditor Oracle USA, Inc.
schristianson@buchalter.com

City of Homestead, FL
dgonzales@wsh-law.com

City of Miramar, FL
dgonzales@wsh-law.com

Stephen P Drobny on behalf of Debtor BankUnited Financial Corporation
sdrobny@shutts.com, mvandenbosch@shutts.com

Douglas R. Gonzales on behalf of Creditor City of Homestead, FL
dgonzales@wsh-law.com

Scott M. Grossman on behalf of Debtor BankUnited Financial Corporation
grossmansm@gtlaw.com, phillipsj@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com

Robert J Hauser on behalf of Creditor CF West Palm Office L.P.
hauser@beasleylaw.net, lundstrom@beasleylaw.net;miles@beasleylaw.net

Hollie N Hawn on behalf of Creditor Broward County Revenue Collector
hhawn@broward.org

Brian W Hockett on behalf of Interested Party BankUnited, FSB ("New Bank")
bhockett@thompsoncoburn.com

Peter H Levitt on behalf of Debtor BankUnited Financial Corporation
plevitt@shutts-law.com

Corali Lopez-Castro on behalf of Creditor Committee Official Committee of Unsecured
Creditors
clc@kttlaw.com, rcp@kttlaw.com

Todd C Meyers on behalf of Creditor Committee Official Committee of Unsecured Creditors
tmeyers@kilpatrickstockton.com, skapoor@kilpatrickstockton.com

Miami-Dade County Tax Collector
mdtcbkc@miamidade.gov

Dennis A Nowak on behalf of Interested Party Humberto Lopez
dn@tewlaw.com, ag@tewlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Craig V Rasile on behalf of Creditor U.S. Bank, N.A.
crasile@hunton.com,
mtucker@hunton.com,mmannering@hunton.com,keckhardt@hunton.com,adeboer@hunton.com

Patricia A Redmond on behalf of Interested Party BankUnited, FSB ("New Bank")
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;mmesones-mori@stearnsweaver.com

David Samole on behalf of Creditor Committee Official Committee of Unsecured Creditors
das@kttlaw.com, pm@kttlaw.com;la@kttlaw.com;ycc@kttlaw.com

Mark J Wolfson on behalf of Creditor Deutsche Bank National Trust Company
mwolfson@foley.com, mgrettenberger@foley.com;jalmeida@foley.com

**<u>Manual Notice List</u>**

The following is the list of parties who are not on the list to receive e-mail notice/service for this case, and are therefore being served by first class U.S. Mail, postage prepaid:

LIST ATTACHED

*MIA 181,037,944 v3 117136.010200*

### BankUnited Chapter 11
### NON-ECF SERVICE LIST

| | |
|---|---|
| Cede & Co.<br>P.O. Box 20<br>Bowling Green Station<br>New York, NY 10004-1408 | Wells Fargo Delaware Trust Company<br>Attn: Molly A. Breffitt<br>919 N. Market Street<br>Suite 1600<br>Wilmington, DE 19801 |
| U.S. Bank<br>1555 N. River Center Drive<br>Suite 300<br>Milwaukee, WI 53212 | Thomas M. Korsman, Vice President<br>Corporate Special Accounts Group<br>Wells Fargo Bank, N.A.<br>MAC N9311-110<br>625 Marquette Avenue<br>Minneapolis, MN 55479 |
| U.S. Bank<br>Attn: Earl Dennison, Acct. Admin.<br>Goodwin Square, 23rd Floor<br>225 Asylum Street<br>Hartford, CT 06103 | Stearns Weaver<br>Museum Tower<br>150 W. Flagler Street Suite 2200<br>Miami, FL 33130 |
| Geoffrey T. Raicht, Esq.<br>*Counsel for FDIC*<br>McDermott Will & Emery LLP<br>340 Madison Ave.<br>New York, N.Y. 10173-1922 | Dennis S. Klein, Esq.<br>*Co-Counsel for FDIC*<br>Hughes Hubbard & Reed LLP<br>1775 I Street N.W., Suite 600<br>Washington, D.C. 20006-2401 |
| Aviva L. Wernick, Esq.<br>*Local Counsel for FDIC*<br>Hughes Hubbard & Reed LLP<br>201 S. Biscayne Blvd., Suite 2500<br>Miami, FL 33131-4332 | Coffey Burlington<br>Office in the Grove Penthouse<br>2699 S. Bayshore Drive<br>Miami, FL 33133 |
| Tew Cardenas<br>Four Seasons Tower - 15th Floor<br>1441 Brickell Avenue<br>Miami, FL 33131-3439 | Bridget Schessler, Vice President<br>The Bank of New York Mellon<br>525 William Penn Place, 7th Floor<br>Pittsburgh, PA 15259 |
| Moses Marx<br>c/o Ross Martin, Esq.<br>Ropes & Gray, LLP<br>One International Place<br>Boston, MA 02110-2624 | Steven M. Cimalore<br>Wilmington Trust Company<br>Rodney Square North<br>1100 North Market Street<br>Wilmington, DE 19890-1615 |

| | |
|---|---|
| Susan D. Profant, CFCA, CLA, Paralegal<br>KEN BURTON, JR., Manatee County<br>Tax Collector<br>P.O. Box 25300<br>Bradenton, FL 34206-5300 | Jack Reise<br>Waterford Township General Employees<br>Retirement System<br>c/o Coughlin Stoia Geller et al<br>120 E. Palmetto Park Road Suite 500<br>Boca Raton, FL 33432 |
| Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114 | Internal Revenue Service<br>Department of Treasury<br>227 N. Borough St.<br>Tallahassee, FL 32301 |
| Internal Revenue Service<br>Insolvency Unit<br>7850 S.W. 6th Court<br>Mail Stop 5730<br>Plantation, FL 33324 | State of Florida<br>Department of Revenue<br>Bankruptcy Section<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 |
| Honorable R. Alexander Acosta<br>Attn: Civil Process Clerk<br>U.S. Attorney<br>99 NE Fourth Street<br>Miami, FL 33132 | Honorable Eric Holder<br>U.S. Attorney General<br>Office of the Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530 |
| Susan R. Sherrill-Beard<br>Senior Trial Counsel/Bankruptcy<br>U.S. Securities and Exchange Commission<br>Atlanta Regional Office<br>Suite 1000, 3475 Lenox Road, N.E.<br>Atlanta, GA 30326-1232 | David A. Lander, Esq.<br>Brian W. Hockett, Esq.<br>*Counsel for BankUnited (New Bank)*<br>Thompson Coburn LLP<br>One US Bank Plaza<br>St. Louis, Missouri 63101 |
| Allison H. Weiss, Esq.<br>Jeffrey Chubak, Esq.<br>*Counsel for Bank of New York Mellon*<br>DEWEY & LeBOEUF LLP<br>1301 Avenue of the Americas<br>New York, N.Y. 10019 | Andrew I. Silfen, Esq.<br>Leah M. Eisenberg, Esq.<br>*Counsel for Wilmington Trust Company*<br>ARENT FOX LLP<br>1675 Broadway<br>New York, N.Y. 10019 |
| Jeffrey N. Rothleder, Esq.<br>*Counsel for Wilmington Trust Company*<br>ARENT FOX LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20026 | Michael C. Sontag, Esq.<br>*Special Counsel to Debtors*<br>CAMNER LIPSITZ, P.A.<br>550 Biltmore Way, Suite 700<br>Coral Gables, FL 33134 |

| | |
|---|---|
| Wendy H. Zoberman, Esq.<br>*Lead Counsel for the Putative Class*<br>BERMAN DEVALERIO<br>4280 Professional Center Drive, Suite 350<br>Palm Beach Gardens, FL 33410 | Jonathan Lee Riches<br>dba Bernard L. Madoff Invest. Sec. LLC<br>POB 14500 #40948018<br>Lexington, KY 40512 |
| CC Arbitrage, Ltd<br>c/o Castle Creek Arbitrage LLC<br>111 West Jackson Blvd 20th Fl<br>Chicago, IL 60604 | Monumental Life Insurance Co<br>c/o Maureen Ocampo CFA<br>2049 Century Park East #330<br>Los Angeles, CA 90067 |
| Highbridge International LLC<br>c/o Highbridge Capital Management LLC<br>9 West 57 St 27 Floor<br>New York, NY 10019 | Hudson Bay Fund LP<br>Hudson Bay Overseas LTD<br>c/o Charles Winkler<br>120 Broadway 40th Flr<br>New York, NY 10271 |
| Deutsche Bank Securities, Inc<br>60 Wall St<br>New York, NY 10005 | Mark F. Hebbeln, Esq.<br>Harold L. Kaplan, Esq.<br>*Counsel for Deutsche Bank National Trust Company*<br>Foley & Lardner LLP<br>321 North Clark Street, Suite 2800<br>Chicago, IL 60654-5313 |
| Edward G Salloom, Jr.<br>Claudia R. Sullivan<br>255 Wildwood Ave<br>Worcester, MA 01603 | Christina M. Kennedy, Esq.<br>*Local Counsel for Deutsche Bank National Trust Company*<br>Foley & Lardner LLP<br>2 Biscayne Blvd., Suite 1900<br>Miami, FL 33131 |
| Grace Davila-Perez<br>14721 SW 159 Place<br>Miami, FL 33196 | Maureen A. McGreevey, Esq.<br>Counsel for SunGard Availability Services<br>680 E. Swedesford Rd<br>Wayne, PA 19087 |
| Imperial County Treasurer-Tax Collector<br>940 West Main Street, Suite 106<br>El Centro, CA 92243 | Deborah K Curran, Esq.<br>Counsel for McCabe Wiesberg & Conway LLC<br>8101 Sandy Spring Road, Suite 100<br>Laurel, MD 20707 |

| | |
|---|---|
| Kathryn R. Norcross, Senior Counsel<br>Sonya L. Levine, Counsel-Legal Division<br>*Of Counsel to FDIC*<br>Federal Deposit Insurance Corporation<br>Legal Division<br>3501 Fairfax Drive, VS-D<br>Arlington, VA 22226 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*, | ) | Case No. 09-19940-LMI |
| | ) | |
| Debtors. | / | (Jointly Administered) |

## AFFIDAVIT OF RICHARD I. JANVEY OF DIAMOND MCCARTHY, LLP

Affiant, Richard I. Janvey of New York, New York, a Partner of Diamond McCarthy, LLP ("**Diamond McCarthy**"), first being duly sworn, states and deposes as follows:

1.      I am an attorney admitted to practice in the State of New York, and a Partner of the law firm of Diamond McCarthy, 620 Eighth Avenue, 39th Floor, New York, New York 10018. This Affidavit is submitted in support of the "Application for Order to Retain Diamond McCarthy, LLP as Special Litigation Counsel ("**Attorneys**") for the Debtors and Debtor-in-Possession" (hereinafter, the "**Debtors**") in these Chapter 11 Cases pursuant to Code § 327(a) and in compliance with Code §§ 329 and 504 and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure.

2.      Diamond McCarthy has conducted a conflicts check that compares the names of: (a) the Debtors; (b) the Debtors' known affiliates; (c) the Debtors' present and former officers and directors; (d) the Debtors' creditors as listed on the creditor matrices for these cases; and (e) to the extent known, certain significant parties in interest in these cases, against a list of Diamond McCarthy's current and former engagements, clients and client affiliates. Neither I nor any attorney at the law firm of Diamond McCarthy has any connection with the Debtors, creditors,

## EXHIBIT 1

major equity security holders, attorneys, accountants or advisors or any other party in interest in

these Debtors' Chapter 11 Cases, except:

A.    Diamond McCarthy has been adverse to PriceWaterhouseCoopers, LLC., on various matters within the last five years;

B     Diamond McCarthy has been adverse to the FDIC on various matters within the last five years;

C.    Diamond McCarthy has worked with, and is currently adverse to, Debtor's counsel Greenberg Traurig, PA; and

D.    Diamond McCarthy has engaged or worked with Development Specialists, Inc. ("**DSI**"), the Chief Restructuring Officer's firm, and its principals within the last five years in the following matters:

- *In re Dreier LLP*, United States Bankruptcy Court for the Southern District of New York.  Sheila M. Gowan, a partner of Diamond McCarthy, is the Chapter 11 Trustee of Dreier LLP and retained DSI as financial advisor for the Trustee.  Diamond McCarthy are the attorneys for the Trustee.

- Geoffrey L. Berman, Vice President of DSI, serves as Post-Confirmation Liquidating Trustee for USA Commercial Mortgage Trust under the Estate Administration and Liquidating Trust Agreement, pending in the United States Bankruptcy Court for the District of Nevada.  Diamond McCarthy serves the Post-Confirmation Trustee as lead Special Counsel.

- Diamond McCarthy is Special Litigation Counsel to Debtor and the Official Committee of Creditors in *In re Appalachian Fuels LLC, et al.*, pending in the United States Bankruptcy Court for the Eastern District of Kentucky.  In that case, DSI has been retained as a consulting expert by the Official Committee with respect to forensic investigations. Geoffrey L. Berman of DSI was the Liquidating Trustee of Horizon Natural Resource, the predecessor in interest to Appalachian Fuels.

- *Syntax-Brillian Corporation, et al.* pending in the United States Bankruptcy Court, District of Delaware. Diamond McCarthy is Special Counsel to Geoffrey L. Berman, Vice President of DSI, who is the Liquidating Trustee.

2

- Bradley Sharp and Brian Calvert, officers of DSI were retained as testifying and consulting experts, respectively, on behalf of the Joint Official Liquidators in the Food Holdings Limited and Dairy Holdings Limited litigations against Bank of America, *et al.*, which are pending in the United States Court for the Southern District of New York. Diamond McCarthy represents the Joint Official Liquidators.

- Diamond McCarthy engaged Messrs. Sharp and Calvert of DSI as testifying and consulting experts, respectively, on behalf of RaboBank Netherlands, a Dutch banking cooperative, in connection with litigations between RaboBank and National Westminster Bank of London, England.   There were parallel proceedings in London, England and the State and Federal courts in California.

- Diamond McCarthy was Special Litigation Counsel to Jeffrey Beck as Post-Confirmation Liquidating Trustee for Southeast Banking Corporation, which was pending in the United States District Court for the Southern District of Florida, Miami Division.  William A. Brandt Jr., the Chief Executive Officer of DSI, served as one of the several Chapter 7 Trustees. After the completion of Mr. Brandt's service as Trustee, Diamond McCarthy was retained by Mr. Beck to provide litigation services to the estate.  Diamond McCarthy and Mr. Brandt, as Trustee, were potentially adverse to each other in connection with disputes that had arisen between Messrs. Beck and Brandt in their respective official capacities and which disputes were resolved.

None of these relationships constitute a conflict or a lack of disinterestedness.

3.      Therefore, the Attorneys do not represent any interest adverse to that of the Debtors or the Debtors' estate in the matters upon which the Debtors seek to retain the Attorneys, and the Attorneys are "disinterested persons" within the meaning of Code § 101(14). Neither I nor any other attorney at Diamond McCarthy are connected in any way with any Bankruptcy Judge of the Southern District of Florida or the U.S. Trustee or any assistant U.S. Trustee assigned to this Chapter 11 case so as to render the appointment of the attorneys inappropriate under Rule 5002(b).

3

**STATEMENT UNDER SECTION 329 OF THE BANKRUPTCY CODE AND UNDER RULE 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

4.      The Attorneys have not entered into any agreements, expressed or implied, with any other party in interest in these cases (i) for the purpose of sharing or fixing fees or other compensation to be paid to any such party in interest or its attorneys for services rendered in connection therewith, (ii) for payment of such compensation from the assets of the estates in excess of the compensation allowed by this Court pursuant to the applicable provisions of the Bankruptcy Code, and (iii) for payment of compensation in connection with these cases other than in accordance with the applicable provisions of the Bankruptcy Code.

5.      The Attorneys intend to seek for compensation for professional services rendered in connection with this Chapter 11 Case and for reimbursement of expenses in accordance with the provisions of their retention agreement as set forth in the Motion and the exhibits thereto.

_____
RICHARD I. JANVEY

Sworn to before me this
9th day of February, 2010

_____
Notary Public
NANCY SULLIVAN
Notary Public, State of New York
No. 01SU4742078
Qualified In Suffolk County
Commission Expires March 30, 20 11

4

# DIAMOND McCARTHY LLP
### Attorneys & Counselors

The New York Times Building | 620 Eighth Avenue 39th Floor | New York, NY 10018 | Phone: 212.430.5400 | Fax: 212.430.5499

February 9, 2010

Writer's Direct Dial Number
212-430-5401

E-Mail Address
rjanvey@diamondmccarthy.com

Mr. Joseph J. Luzinski
Chief Restructuring Officer
Bank United Financial Corporation
c/o Development Specialists, Inc.
200 South Biscayne Boulevard, Suite 1818
Miami, Florida 33131

Re:    In re BankUnited Financial Corporation, *et al.*
Chapter 11 Case No. 09-19940 (LMI),
Pending in the United States Bankruptcy Court for the
for the Southern District of Florida (Miami)

Dear Joe:

Thank you for engaging us to represent BankUnited Financial Corporation, BankUnited Financial Services, Inc. and CRE America Corporation (collectively, "BUFC" or the "Company") as special litigation counsel relating to claims BUFC may have against its accounting/auditor, non-insider professional and other third parties arising out of its financial collapse, as well as an analysis of claims the Company may have against "New" BankUnited ("New Bank"), the entity that acquired substantially all of the assets of BankUnited, FSB (the "Bank"), from the FDIC, as well as claims against other third parties relating to the regulatory closure of and receivership for the Bank. We appreciate the confidence you have shown in Diamond McCarthy LLP ("the Firm"), and we look forward to representing you in this matter.

It is our practice to specify our engagement arrangements with new clients and that is the purpose of this letter and the attached *Additional Terms of Engagement*. If you have any questions about this letter, the *Additional Terms of Engagement*, or any aspect of the engagement or our relationship, please contact me immediately.

We have agreed that Diamond McCarthy LLP will represent BUFC in investigating and analyzing claims arising from its operations and financial collapse – including specifically claims against PriceWaterhouseCoopers LLP, Paul Hastings Janofsky & Walker LLP, New Bank and other third parties that may have caused harm to the estate. Because we are to serve as special litigation counsel and not as BUFC's general counsel or BUFC's general bankruptcy counsel, please note that by engaging us to represent the company in this matter, you have not engaged us to represent the company generally or in any other specific matter.

**EXHIBIT 2**

In conducting a conflict check, we did not come across any matters that create a conflict.

I will assist with project coordination and will be one of your point people for information regarding this representation. Greg Taylor will be the lead attorney for this engagement. We expect that Trip Finley, Andrea Kim, Cliff Walston, Max Beatty and Craig Boneau will also work on the matter, and other attorneys and legal assistants may participate in the representation from time to time to bring to bear particular expertise or efficiencies. We look forward to an active, collaborative working relationship with you, BUFC and its bankruptcy counsel, and we will, of course, keep you informed of significant events in the matter's progress and respond to your questions.

We generally charge for our services based upon the time and effort devoted to the matter and the hourly rates of the lawyers and legal assistants that work on the representation. Our standard hourly rates for the principal lawyers and legal assistants we expect to work on this matter are:

| | | |
|---|---|---|
| Richard Janvey | Partner | $610.00 |
| Greg Taylor | Partner | $550.00 |
| Trip Finley | Sr. Counsel | $550.00 |
| Andrea Kim | Partner | $375.00 |
| Cliff Walston | Partner | $325.00 |
| Max Beatty | Associate | $250.00 |
| Craig Boneau | Associate | $210.00 |
| Tina Stone | Legal Assistant | $160.00 |

We review our billing rates annually and generally revise them effective October 1 of each year. I trust that you will feel free to call me with any billing questions.

For the initial Litigation Analysis Book Report (the "Book Report") stage of our engagement, we have agreed to do so at a flat rate of $150,000.00 payable upon approval of the retention by the Bankruptcy Court. In the event our work for professional services during the Book Report Phase exceeds $150,000, we will not seek any additional compensation. Further, if our fees are less than $150,000, then BUFC will be entitled to a refund of any unused portion of the flat rate. The Book Report will include a detailed identification and analysis of potential claims available to the Debtors, as well as a discussion of case strategy and anticipated defenses. Our analysis will cover potential claims against auditors, lawyers and other professionals, as well as any claims against other third parties we are able to identify at this early stage of the proceedings. The Book Report will be delivered to general counsel for the Debtors subject to a joint interest privilege with the Debtors' Unsecured Creditors Committee (the "Committee"), and shall become property of the Debtors' Estates. Promptly upon receipt, general counsel for the Debtors shall deliver a copy of the Book Report to counsel for the Committee, either in whole or redacted form as the Debtors and the Committee may agree.

*Mr. Joseph J. Luzinski*
*January 22, 2010*
*Page 3*

It is the parties' intention that upon completion of the Book Report and presentation of our analysis and conclusions, we will work together to arrive at a mutually agreeable fee arrangement for prosecution of any claims. At this point, we anticipate prosecuting any such claims on some contingent basis as the parties may negotiate and the Court may approve, consistent with Florida law. The fee may be a hybrid involving substantially reduced hourly fees with a contingent payment based on success, and some claims may lend themselves to a full contingency. It also is possible that we may propose different fees for different suits, so that we can better tailor the fee to the risks, potential rewards and needs of individual cases and claims.

It is expressly understood that between the Book Report Stage and the actual commencement of litigation (and a written amendment to this engagement approved by the Bankruptcy Court) we will be paid based upon the hourly rates as set forth above. It is also understood that payment of all hourly fees, and the hourly portion of any hybrid fee, will be made upon application to the Bankruptcy Court based upon the fee application procedures in place in this case

If you have any questions about any of the above or the *Additional Terms of Engagement*, please call me. If this letter and the *Additional Terms of Engagement* accurately reflect our agreement, please sign the enclosed copy of this letter and return it to me. Thank you again for the opportunity to represent BUFC in this matter.

Very truly yours,

DIAMOND MCCARTHY LLP

Richard I. Janvey

*Effective as January 21, 2010*

*AGREED AND ACCEPTED:*

**BANK UNITED FINANCIAL CORPORATION**

By: Joseph Luzinski
Its: Chief Restructuring Officer
Date: 2/16/10

196708-1

DIAMOND MCCARTHY LLP
_____

### ADDITIONAL TERMS OF ENGAGEMENT

These are the *Additional Terms of Engagement* referred to in our engagement letter. Because they are an integral part of our agreement to provide legal services, we ask that you review this document carefully and retain it for your files. If you have any questions after reading it, please contact us promptly.

### Who Will Provide the Legal Services?

In most cases, one attorney will be your principal contact. From time to time, that attorney may delegate parts of your work to other lawyers or to legal assistants or nonlegal professionals in the firm. For example, we do this in order to involve those with special knowledge or experience in an area and to provide service to you in a timely and efficient manner.

### The Scope of the Representation

As lawyers, we undertake to provide representation and advice on the legal matters for which we are engaged, and it is important that we both have a clear understanding of the legal services that the firm has agreed to provide. In our engagement letter with you, we specify the matter in which we will provide representation and the scope of the services we will provide. If there are any questions about the terms of engagement, including the scope of the representation that we are to provide in the matter, please raise those questions promptly with your principal contact at the firm.

We cannot guarantee the outcome of any matter. Any expression of our professional judgment regarding your matter or the potential outcome is, of course, limited by our knowledge of the facts and based on the law at the time of expression. It is also subject to any unknown or uncertain factors or conditions beyond our control.

### Who Is Our Client?

It is our policy to represent only the person or entity identified in our engagement letter and not any affiliates. For example, unless otherwise specifically stated in our engagement letter, if you are a corporation or partnership, our representation does not include any parents, subsidiaries, employees, officers, directors, shareholders, or partners of the corporation or partnership, or commonly owned corporations or partnerships; if you are a trade association, our representation excludes members of the trade association; if you are an individual, our representation does not include your employer, partners, spouse, siblings, or other family members.

### Your Cooperation

To enable us to provide effective representation, you agree to: (1) disclose to us, fully and accurately and on a timely basis, all facts and documents that are or might be material or that we

196708-1

Diamond McCarthy LLP

may request, (2) keep us apprised on a timely basis of all developments relating to the representation that are or might be material, (3) attend meetings, conferences, and other proceedings when it is reasonable to do so, and (4) otherwise cooperate fully with us.

**Our Relationships With Others**

Our law firm represents many companies and individuals. In some instances, the applicable rules of professional conduct may limit our ability to represent clients with conflicting or potentially conflicting interests. Those rules of conduct often allow us to exercise our independent judgment in determining whether our relationship with one client prevents us from representing another. In other situations, we may be permitted to represent a client only if the other clients consent to that representation.

If a controversy unrelated to the subject matter of the representation develops between you and any other client of the firm, we will follow the applicable rules of professional responsibility to determine whether we may represent either you or the other client in the unrelated controversy. In making this determination, we will consider your agreement to the Conflicts of Interest provisions in these *Additional Terms of Engagement*.

In addition to our representation of other companies and individuals, we also regularly represent lawyers and law firms. As a result, opposing counsel in the matter may be a lawyer or law firm that we may represent now or in the future. Likewise, opposing counsel in the matter may represent our firm now or in the future. Further, we have professional and personal relationships with many other attorneys, often because of our participation in bar associations and other professional organizations. We believe that these relationships with other attorneys do not adversely affect our ability to represent any client and, in some circumstances, may enhance our representation. Your acceptance of our engagement letter means you consent to any such relationships between our firm and other lawyers or law firms, even counsel who is representing a party that is adverse to you in the matter that is the subject of this engagement or in some other matter.

**Conflicts of Interest**

Increasingly, conflict of interest is a concern for lawyers and their clients today. We attempt to identify actual and potential conflicts at the outset of any engagement, and may request that you sign a conflict waiver before we accept an engagement from you. Occasionally, other clients or prospective clients may ask us to seek a conflict waiver from you so that we can accept an engagement on their behalf. Please do not take such a request to mean that we will represent you less zealously; rather, that we take our professional responsibilities to all clients and prospective clients very seriously.

Unfortunately, conflicts sometimes arise or become apparent after work begins on an engagement. When that happens, we will do our best to address and resolve the situation in the manner that best serves the interests of all of our affected clients.

196708-1

DIAMOND MCCARTHY LLP

Because we are a large firm, we may be asked to represent someone whose interests may be adverse to yours. We are accepting this engagement on the understanding that our representation of you will not preclude us from accepting any other engagement from any existing or new client provided that (i) such engagement is not substantially related to the subject matter of any services we are providing to you and (ii) in accepting such other engagement we would not impair the confidentiality of proprietary, sensitive or otherwise confidential communications you have made to us.

**How We Set Our Fees**

The basis for determining our fee for legal services is set forth in the engagement letter itself. If you are unclear about the basis for determining your fee, please contact the attorney responsible for your representation.

Clients frequently ask us to estimate the fees and other charges they are likely to incur in connection with a particular matter. We are pleased to respond to such requests whenever possible with an estimate based on our professional judgment. This estimate always carries the understanding that, unless we agree otherwise in writing, it does not represent a maximum, minimum, or fixed-fee quotation. The ultimate cost frequently is more or less than the amount estimated.

**Charges For Other Expenses And Services**

As an adjunct to providing legal services, we may incur and pay a variety of charges on your behalf or charge for certain ancillary support services. Whenever we incur such charges on your behalf or charge for such ancillary support services, we will bill them to you as part of your monthly invoice. Accordingly, our invoices usually will include amounts, not only for legal services rendered, but also for other expenses and services. Examples include charges for photocopying, postage, facsimiles, long-distance telephone calls, travel and conference expenses, delivery charges, computerized research, and facsimile and other electronic transmissions. Outside expenses will generally be billed at cost, while some in-house expenses (*e.g.*, copying, telecopying, computer services and in-house research) will include a reasonable allocation of overhead. In appropriate cases, reimbursable expenses will also include overtime charges for secretaries and other staff.

Subject to approval by the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"), you authorize us to retain third-parties, such as consultants, experts and investigators, as may be necessary to the representation. Although we advance third-party disbursements in reasonable amounts, we will ask you to pay directly larger third-party invoices (usually those over $200). Because we often have ongoing professional relationships with the persons who render such services, we ask that you pay such bills promptly and send us notice of your payment.

196708-1

DIAMOND MCCARTHY LLP

We generally make and retain copies of all documents generated or received by us in the course of your representation. Should you request documents from us at the conclusion of our representation of you (other than your original documents), you agree that we may generate copies for our files at your expense, including both the reproduction charges and professional fees for time expended in reviewing files to be returned to you.

**Billing Arrangements and Terms of Payment**

We will bill you on a regular basis, normally each month, for both fees and other charges. Payment of our fees and other charges is subject to Bankruptcy Court approval, upon our filing of periodic fee applications and pursuant to the Bankruptcy Court's interim compensation procedures.

Any withdrawal from representation must be approved by the Bankruptcy Court.

If the representation will require a concentrated period of activity, such as a trial, arbitration, or hearing, subject to Bankruptcy Court approval, we reserve the right to require the payment of all amounts then owing to us and the payment to us of a deposit for the fees and expenses we estimate will be incurred in preparing for and completing the trial, arbitration, or hearing, as well as arbitration fees likely to be assessed. If you fail to timely pay any additional deposit requested, we will have the right to cease performing further work and withdraw from the representation.

Payment of our fees and costs is not contingent on the ultimate outcome of our representation.

**Termination**

Because our firm has been engaged to provide legal services in connection with the representation in the matter as specifically defined in our engagement letter, the attorney-client relationship terminates upon our completion of our services related to the representation in the matter. After completion of the representation, however, changes may occur in the applicable laws or regulations that could affect your future rights and liabilities in regard to the matter. Unless we are actually engaged after the completion of the representation to provide additional advice on such issues, the firm has no continuing obligation to give advice with respect to any future legal developments that may relate to the matter.

If you later retain us to perform further or additional services, our attorney-client relationship will be subject to the terms of engagement agreed to at that time; in the absence of any specific agreement, these *Additional Terms of Engagement* shall apply to the further or additional representation.

We look forward to the opportunity to complete our representation of you in the specified matter. You may, however, terminate our representation at any time, with our without cause, by notifying us in writing. We will return your papers and other property to you promptly upon receipt of your request for those materials unless they are appropriately subject to a lien. You agree that we

196708-1

DIAMOND McCARTHY LLP

will own and retain our own files pertaining to the matter or case, including, for example, firm administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, and internal lawyer's work product such as drafts, notes, internal memoranda, and legal and factual research including investigative reports, prepared by or for the internal use of lawyers.

Your termination of our services will not affect your responsibility for payment of legal services rendered and other charges incurred before termination and in connection with an orderly transition of the matter, subject to Bankruptcy Court approval.

**Document Retention**

At the conclusion of the representation, we generally return to the client the client's original documents and any other documents that are specifically requested to be returned. As to any original documents so returned, we may elect to keep, at our expense, a copy of the documents in our stored files. Should you request other documents from us at the conclusion of our representation of you, you agree that we may generate copies for our files at your expense, including both the reproduction charges and professional fees for time expended in reviewing files to be returned to you.

At the close of any matter, we usually send the pertinent parts of our files in that matter to a storage facility for storage at our expense. However, we do not store voluminous papers at our expense. The attorney closing the file will determine what part of the file is sent to storage and how long we will maintain the files in storage. Documents we choose not to store will be returned to you or destroyed.

**Disclaimer**

By signing the engagement letter or otherwise indicating your acceptance of the engagement letter, you acknowledge that Diamond McCarthy LLP has made no promises or guarantees to you about the outcome of the representation, and nothing in these terms of engagement shall be construed as such a promise or guarantee. Either at the commencement or during the course of the representation, we may express opinions or beliefs about the matter or various courses of action and the results that might be anticipated. Any expressions on our part concerning the outcome of the representation, or any other legal matters, are based on our professional judgment and are not guarantees.

**Our Professional Responsibility**

The code of professional responsibility to which we are subject lists several types of conduct or circumstances that require or allow us to withdraw from representing a client. These include, for example, nonpayment of fees or charges, misrepresentation or failure to disclose material facts, action contrary to our advice, and conflict of interest with another client.

196708-1

DIAMOND MCCARTHY LLP

We try to identify in advance and discuss with our clients any situation that may lead to our withdrawal. If withdrawal ever becomes necessary, we give our client written notice as soon as practicable.

Under rules of the Texas Supreme Court and the State Bar of Texas, we advise our clients of the contents of the Texas Lawyer's Creed, a copy of which is enclosed. In addition, we advise clients that the State Bar of Texas investigates and prosecutes complaints of professional misconduct against attorneys licensed in Texas. A brochure entitled *Attorney Complaint Information* is available at all of our offices and is likewise available upon request. A client that has any questions about State Bar's disciplinary process should call the Office of the General Counsel of the State Bar of Texas at 1-800-932-1900 toll free.

**Modification Of Our Agreement**

The engagement letter and these *Additional Terms of Engagement* reflect our entire agreement on the terms of this engagement. These written terms of engagement are not subject to any oral agreements or understandings, and any change in those terms can only be made in writing signed by both Diamond McCarthy LLP and you, and approved by the Bankruptcy Court.

**In Conclusion**

We look forward to a long and mutually satisfying relationship with you. Again, if at any time you have a question or concern, please feel free to bring it to the attention of your principal contact at our firm.

196708-1

### THE TEXAS LAWYER'S CREED — A Mandate for Professionalism

*The Texas Supreme Court and the Texas Court of Criminal Appeals adopted this Creed, with the requirement that lawyers advise their clients of its contents when undertaking representation.*

I am a lawyer; I am entrusted by the People of Texas to preserve and improve our legal system. I am licensed by the Supreme Court of Texas. I must therefore abide by the Texas Disciplinary Rules of Professional Conduct, but I know that Professionalism requires more than merely avoiding the violation of laws and rules. I am committed to this Creed for no other reason that it is right.

**I.    OUR LEGAL SYSTEM.** A lawyer owes to the administration of justice personal dignity, integrity, and independence. A lawyer should always adhere to the highest principles of professionalism. I am passionately proud of my profession. Therefore, "My word is my bond." I am responsible to assure that all persons have access to competent representation regardless of wealth or position in life. I commit myself to an adequate and effective pro bono program. I am obligated to educate my clients, the public, and other lawyers regarding the spirit and letter of this Creed. I will always be conscious of my duty to the judicial system.

**II.    LAWYER TO CLIENT.** A lawyer owes to a client allegiance, learning, skill, and industry. A lawyer shall employ all appropriate means to protect and advance the client's legitimate rights, claims, and objectives. A lawyer shall not be deterred by any real or imagined fear of judicial disfavor or public unpopularity, nor be influenced by mere self-interest. I will advise my client of the contents of this Creed when undertaking representation. I will endeavor to achieve my client's lawful objectives in legal transactions and in litigation as quickly and economically as possible. I will be loyal and committed to my client's lawful objectives, but I will not permit that loyalty and commitment to interfere with my duty to provide objective and independent advice. I will advise my client that civility and courtesy are expected and are not a sign of weakness. I will advise my client of proper and expected behavior. I will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that I abuse anyone or indulge in any offensive conduct. I will advise my client that we will not pursue conduct which is intended primarily to harass or drain the financial resources of the opposing party. I will advise my client that we will not pursue tactics which are intended primarily for delay. I will advise my client that we will not pursue any course of action which is without merit. I will advise my client that I reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect my client's lawful objectives. A client has no right to instruct me to refuse reasonable requests made by other counsel. I will advise my client regarding the availability of mediation, arbitration, and other alternative methods of resolving and settling disputes.

**III.    LAWYER TO LAWYER.** A lawyer owes to opposing counsel, in the conduct of legal transactions and the pursuit

of litigation, courtesy, candor, cooperation, and scrupulous observance of all agreements and mutual understandings. Ill feelings between clients shall not influence a lawyer's conduct, attitude, or demeanor toward opposing counsel. A lawyer shall not engage in unprofessional conduct in retaliation against other unprofessional conduct. I will be courteous, civil, and prompt in oral and written communications. I will not quarrel over matters of form or style, but I will concentrate on matters of substance. I will identify for other counsel or parties all changes I have made in documents submitted for review. I will attempt to prepare documents which correctly reflect the agreement of the parties. I will not include provisions which have not been agreed upon or omit provisions which are necessary to reflect the agreement of the parties. I will notify opposing counsel, and, if appropriate, the Court or other persons, as soon as practicable, when hearings, depositions, meetings, conferences or closings are canceled. I will agree to reasonable requests for extensions of time and for waiver of procedural formalities, provided legitimate objectives of my client will not be adversely affected. I will not serve motions or pleadings in any manner that unfairly limits another party's opportunity to respond. I will attempt to resolve by agreement my objections to matters contained in pleadings and discovery requests and responses. I can disagree without being disagreeable. I recognize that effective representation does not require antagonistic or obnoxious behavior. I will neither encourage nor knowingly permit my client or anyone under my control to do anything which would be unethical or improper if done by me. I will not, without good cause, attribute bad motives or unethical conduct to opposing counsel nor

bring the profession into disrepute by unfounded accusations of impropriety. I will avoid disparaging personal remarks or acrimony towards opposing counsel, parties and witnesses. I will not be influenced by any ill feeling between clients. I will abstain from any allusion to personal peculiarities or idiosyncrasies of opposing counsel. I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed. I will promptly submit orders to the Court. I will deliver copies to opposing counsel before or contemporaneously with submission to the court. I will promptly approve the form of orders which accurately reflect the substance of the rulings of the Court. I will not attempt to gain an unfair advantage by sending the Court or its staff correspondence or copies of correspondence. I will not arbitrarily schedule a deposition, Court appearance, or hearing until a good faith effort has been made to schedule it by agreement. I will readily stipulate to undisputed facts in order to avoid needless costs or inconvenience for any party. I will refrain from excessive and abusive discovery. I will comply with all reasonable discovery requests. I will not resist discovery requests which are not objectionable. I will not make objections nor give instructions to a witness for the purpose of delaying or obstructing the discovery process. I will encourage witnesses to respond to all deposition questions which are reasonably understandable. I will neither encourage nor permit my witness to quibble about words where their meaning is reasonably clear. I will not seek Court intervention to obtain discovery which is clearly improper and not discoverable. I will not seek sanctions or disqualification unless it is necessary for

protection of my client's lawful objectives or is fully justified by the circumstances.

**IV.    LAWYER AND JUDGE.** Lawyers and judges owe each other respect, diligence, candor, punctuality, and protection against unjust and improper criticism and attack. Lawyers and judges are equally responsible to protect the dignity and independence of the Court and the profession. I will always recognize that the position of judge is the symbol of both the judicial system and administration of justice. I will refrain from conduct that degrades this symbol. I will conduct myself in court in a professional manner and demonstrate my respect for the Court and the law. I will treat counsel, opposing parties, the Court, and members of the Court staff with courtesy and civility. I will be punctual. I will not engage in any conduct which offends the dignity and decorum of proceedings. I will not knowingly misrepresent, mischaracterize, misquote or miscite facts or authorities to gain an advantage. I will respect the rulings of the Court. I will give the issues in controversy deliberate, impartial and studied analysis and consideration. I will be considerate of the time constraints and pressures imposed upon the Court, Court staff and counsel in efforts to administer justice and resolve disputes.