IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| BankUnited Financial Corporation, *et al.*, | Case No. 09-19940-LMI |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION TO DEBTORS' APPLICATION TO EMPLOY AND RETAIN ERNST & YOUNG LLP AS TAX SERVICES PROVIDER FOR THE DEBTORS, *NUNC PRO TUNC* TO JANUARY 14, 2010**

The Federal Deposit Insurance Corporation (the "FDIC"), by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection") to the Application to Employ and Retain Ernst & Young LLP ("E&Y") as Tax Services Provider for the Debtors, *Nunc Pro Tunc* to January 14, 2010 (the "Application"). In support of its Limited Objection, the FDIC respectfully states as follows:

1.  The above-captioned debtors and debtors in possession (the "Debtors") seek to retain E&Y as their tax services provider *nunc pro tunc* to January 14, 2010. E&Y intends to perform a variety of services for the Debtors including, among other things, advice and analysis related to tax sharing agreements and net operating loss carryback and carryforward implications. In addition, the Debtors highlight that due to the "potentially significant value of the Debtors' tax attributes, the Debtors requested that E&Y commence work as of January 14,

2010, to begin evaluating the Debtors' tax attributes and preparing the FY 2008 tax returns." Application at ¶ 7.

2. The Debtors and the FDIC are parties to an "Income Tax Allocation Agreement" effective as of December 31, 1997. In addition, and as previously disclosed to this Court (*see* Doc. 339, at 3), the Debtors and the FDIC dispute the ownership of anticipated tax refunds and net operating loss carryback and carryforwards that may be due the Debtors and/or BankUnited FSB (collectively, the "Refunds"). Indeed, this Court has previously approved a stipulation among the Debtors and the FDIC for the establishment of a tax escrow account to hold any Refunds pending resolution of the dispute over ownership (Doc. 378). Thus, since the beginning of this case, the Debtors and the FDIC have acknowledged that a conflict exists as it relates to title to the Refunds. The Debtors seek to engage E&Y to provide them with advice and analysis with respect to these very issues.

3. As described in the affidavit of John M. Taylor in support of the Application (the "Affidavit"), E&Y has provided in the past, and intends to provide in the future, services to the FDIC. See Affidavit, ¶¶ 14-15. The Affidavit states that the Debtors have consented to E&Y's retention, despite E&Y's past and potentially future services rendered to the FDIC. Id. at ¶ 15. However, no party has sought a waiver from or the consent of the FDIC in order for E&Y to perform the requested work on behalf of the Debtors. Indeed, to the extent that any conflicts of interest currently exist or will occur in the future, whether such conflicts are actual or potential, the FDIC has not waived any such conflicts of interest nor does it consent to the Debtors' retention of E&Y.

- 3 -

4. The FDIC has consistently advised the Debtors that it believes that the FDIC and the Debtors should work cooperatively to maximize the amount of any Refunds available to the Debtors or BankUnited, FSB, including joint retention of accountants (on behalf of *both* sides: the Debtors, for themselves, and FDIC, as receiver for the bank) to achieve that objective. Apparently, the Debtors disagree, having rejected this offer.

5. Such rejection would seem, necessarily, the product of Debtors' belief that there is some conflict between them and FDIC in seeking the Refunds. However that conflict can only arise after Refunds are received, in connection with their allocation. Thus, if E&Y were engaged solely to prepare consolidated returns, there would be no conflict, and E&Y would be in a position to work to maximize Refunds for the benefit of the party or parties to which receipts are allocated. On the other hand, by retaining E&Y to prepare returns only for the Debtors, thus separating tax filings for entities that previously filed on a consolidated basis, the Debtors can only complicate the process, exacerbate the expense, and potentially threaten the objective of maximizing total Refunds. This necessarily places E&Y in a direct conflict by reason of its relationship with the FDIC and places the Debtors in the position of potentially failing to meet their fiduciary obligation to the estates' creditors to the extent that gross recovery of Refunds is diminished.

6. The FDIC has never been asked to waive nor does it have any reason to waive any rights arising from any actual or potential conflict of interest in the performance of E&Y's services for the Debtors or any of them, all of which rights are expressly reserved.

MIA 358589-1.084080.0013

## CONCLUSION

WHEREFORE, the FDIC respectfully requests that this Court acknowledge this Limited Objection and grant any relief to which the FDIC may be justly entitled.

Dated: February 26, 2010

Respectfully Submitted,

McDERMOTT WILL & EMERY LLP

By: /s/ *Bruce J. Berman*
Bruce J. Berman
Fla. Bar # 159280
201 South Biscayne Boulevard, Suite 2200
Miami, FL 33131-4336
Tel.: 305.358.3500
Fax.: 305.347.6500

and
Geoffrey T. Raicht
340 Madison Avenue
New York, New York 10173-1922
Tel.: 212.547.5400
Fax.: 212.547.5444

Counsel for the Federal Deposit Insurance Corporation

## CERTIFICATE OF SERVICE

      I hereby certify that on February 26, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        By:   /s/ Bruce J. Berman
                                             Bruce J. Berman

### Service List for Case 09-19940-LMI

## Electronic Mail Notice List

The following is the list of parties who receiving this email:

**Johanna Armengol** on behalf of U.S. Trustee, Office of the US Trustee
Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

**Paul J. Battista** on behalf of creditor Alfred Camner
pbattista@gjb-law.com; gjbecf@gjb-law.com

**Bruce J Berman** on behalf of Creditor Federal Deposit Insurance Corporation
bberman@mwe.com, wjanke@mwe.com, graicht@mwe.com, knorcross@fdic.gov, slevine@fdic.gov

**Mark D Bloom** on behalf of Debtor BankUnited Financial Corporation
bloomm@gtlaw.com, phillipsj@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

**Shawn M Christianson** on behalf of Creditor Oracle USA, Inc.
schristianson@buchalter.com

**Stephen P Drobny** on behalf of Debtor BankUnited Financial Corporation
sdrobny@shutts.com, mvandenbosch@shutts.com

**Douglas R. Gonzales** on behalf of Creditors City of Homestead, FL and City of Miramar, FL
dgonzales@wsh-law.com

**Scott M. Grossman** on behalf of Debtor BankUnited Financial Corporation
grossmansm@gtlaw.com, phillipsj@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

**Robert J Hauser** on behalf of Creditor CF West Palm Office L.P.
hauser@beasleylaw.net, lundstrom@beasleylaw.net;miles@beasleylaw.net

**Hollie N Hawn** on behalf of Creditor Broward County Revenue Collector
hhawn@broward.org

**Brian W Hockett** on behalf of Debtor BankUnited
bhockett@thompsoncoburn.com

**Peter H Levitt** on behalf of Debtor BankUnited Financial Corporation
plevitt@shutts-law.com

**Corali Lopez-Castro** on behalf of Official Committee of Unsecured Creditors
clc@kttlaw.com, rcp@kttlaw.com

**Todd C Meyers** on behalf of Official Committee of Unsecured Creditors
tmeyers@kilpatrickstockton.com, skapoor@kilpatrickstockton.com

**Miami-Dade County Tax Collector**
mdtcbkc@miamidade.gov

**Dennis A Nowak** on behalf of Interested Parties Humberto L. Lopez and Ramiro A. Ortiz
dn@tewlaw.com, ag@tewlaw.com

**Office of the US Trustee**
USTPRegion21.MM.ECF@usdoj.gov

**Craig V. Rasile** on behalf of Creditor U.S. Bank, N.A.
crasile@hunton.com, mtucker@hunton.com, mmannering@hunton.com, keckhardt@hunton.com, adeboer@hunton.com

**Patricia A Redmond** on behalf of Interested Party BankUnited, FSB ("New Bank")
predmond@swmwas.com, jmartinez@swmwas.com, rross@swmwas.com

**David Samole** on behalf of Official Committee of Unsecured Creditors
das@kttlaw.com, pm@kttlaw.com;la@kttlaw.com;ycc@kttlaw.com

**Mark J Wolfson** on behalf of Creditor Deutsche Bank National Trust Company
mwolfson@foley.com, mgrettenberger@foley.com;jalmeida@foley.com

**Dennis S. Klein** on behalf of FDIC
klein@hugheshubbard.com

**Joseph Luzinski**, Chief Restructuring Officer
jluzinski@dsi.biz

## Manual Notice List

The following is the list of parties who are not on the list to receive e-mail notice/service for this case, and are therefore being served by first class U.S. Mail, postage prepaid:
SEE ATTACHED

## NON-ECF SERVICE LIST

Yale Scott Bogen
200 S Biscayne Blvd #1818
Miami, FL 33131

CC Arbitrage, Ltd
c/o Castle Creek Arbitrage LLC
111 West Jackson Blvd 20th Fl
Chicago, IL 60604

Jeffrey Chubak
Dewey & LeBoeuf
1301 Avenue of the Americas
New York, NY 10019-6092

Deborah K Curran
8101 Sandy Spring Rd #100
Laurel, MD 20707

Grace Davila-Perez
14721 SW 159 Place
Miami, FL 33196

Deutsche Bank Securities, Inc
60 Wall St
New York, NY 10005

Development Specialists, Inc.
200 S. Biscayne Blvd , Suite 1818
Miami, FL 33131-2329

Mark F Hebbeln
321 N Clark St #2800
Chicago, IL 60654

Highbridge International LLC
c/o Highbridge Capital Management LLC
9 West 57 St 27 Floor
New York, NY 10019

Hudson Bay Fund LP
Hudson Bay Overseas LTD
c/o Charles Winkler
120 Broadway 40th Flr
New York, NY 10271

Sameer K. Kapoor
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530

Imperial County Treasurer-Tax Collector
940 W Main St #106
El Centro, CA 92243

Christina Kennedy
2 Biscayne Blvd #1900
Miami, FL 33131

Dennis S Klein
1775 I St NW #600
Washington, DC 20006

Corali Lopez-Castro
c/o Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134

MPerial County Treasurer-Tax Collector
940 W Main St #106
El Centro, CA 92243

Manatee County Tax Collector
c/o Ken Burton, Jr
POB 25300
Bradenton, FL 34206

Maureen McGreevey
680 E Swedesford Rd
Wayne, PA 19087

Todd C Meyers
1100 Peachtree St #2800
Atlanta, GA 30309

Monumental Life Insurance Co
c/o Maureen Ocampo CFA
2049 Century Park East #330
Los Angeles, CA 90067

Jonathan Lee Riches
dba Bernard L. Madoff Invest. Sec. LLC
POB 14500 #40948018
Lexington, KY 40512

Edward G Salloom
255 Wildwood Ave
Worcester, MA 01603

Shutts & Bowen
201 S Biscayne Blvd #1500
Miami, FL 33131

Andrew I Silfen
1675 Broadway #25
New York, NY 10019

Michael C Sontag
550 Biltmore Way #700
Coral Gables, FL 33134

Claudia R Sullivan
255 Wildwood Ave
Worcester, MA 01603

Wendy H Zoberman
4280 Professional Center Dr #350
Palm Beach Gardens, FL 33410