

**ORDERED in the Southern District of Florida on March 01, 2010.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.,*[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| Debtors. | / | (Jointly Administered) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF DIAMOND McCARTHY LLP AS SPECIAL LITIGATION COUNSEL**

On March 1, 2010, the Court conducted a hearing on the *Debtors' Application to Employ and Retain Diamond McCarthy LLP as Special Litigation Counsel* (the **Application"**) filed by Debtors, BankUnited Financial Corporation (**"BUFC"**), BankUnited Financial Services, Incorporated (**"BUFS"**), and CRE America Corporation (collectively, the **"Debtors"**) (DE #450), in which the Debtors seeks authority to retain and employ Diamond

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is c/o Development Specialists, Inc. 200 S. Biscayne Blvd., Suite 1818, Miami, Florida 33131.

McCarthy LLP ("**Diamond McCarthy**") as special litigation counsel with respect to the following matters (the "**Matters**"):

    A.    Investigation, analysis, and, if advisable, pursuit of claims against certain prepetition professionals, including PriceWaterhouseCoopers LLP, Paul, Hastings, Janofsky & Walker LLP, and other third parties, arising from the Debtors' operations, the regulatory closure of and receivership for BUFC's banking subsidiary, BankUnited, FSB (the "**Bank**"), and the Debtors' ensuing bankruptcy filings; and

    B.    Investigation, analysis, and, if advisable, pursuit of claims against BankUnited, a de novo federal savings association organized under the laws of the United States and having its principal place of business in Coral Gables, Florida ("**New Bank**"), the entity that acquired substantially all of the assets of the Bank from the Federal Deposit Insurance Corporation as Receiver (the "**FDIC**") for the Bank, and other third parties relating to the regulatory closure of and receivership for the Bank, New Bank's purchase of the Bank's assets from the FDIC, the Debtors' ensuing bankruptcy filings, and issues between and among BUFS, New Bank and other third parties.

Upon consideration of the Application and *Affidavit of Richard I. Janvey, Esq.* (the "**Janvey Affidavit**") attached thereto, the Court finds that Diamond McCarthy does not hold or represent any interest adverse to the Debtors or their estates with respect to the matters as to which Diamond McCarthy is to be employed; Diamond McCarthy has disclosed any connections with parties in interest in the case as required by Fed. R. Bankr. P. 2014; proper notice of the Application has been provided to all parties entitled to notice thereof; and the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest. It is therefore

**ORDERED** that:

    1.    The Application is GRANTED.

    2.    The Debtors are authorized to retain and employ Diamond McCarthy as special litigation counsel with respect to the Matters, nunc pro tunc to January 21, 2010.

3. Diamond McCarthy's engagement as special litigation counsel will consist of two phases. First, Diamond McCarthy will perform an initial Litigation Analysis Book Report (the **"Book Report"**), at a flat rate of $150,000 (including expenses), which amount the Debtors are authorized to pay to Diamond McCarthy without further notice, hearing or order. Diamond McCarthy shall, however, create and maintain contemporaneous time records for its work during the Book Report phase as if it were retained on an hourly basis. In the event that Diamond McCarthy's professional fees and expenses during the Book Report phase exceed $150,000, Diamond McCarthy will not seek any additional compensation. But if Diamond McCarthy's professional fees and expenses during the Book Report phase are less than $150,000, then the Debtors will be entitled to a refund of any unused portion of the $150,000 flat fee.

4. The Book Report will be delivered to general counsel for the Debtors subject to a joint interest privilege with the Debtors' Unsecured Creditors Committee (the **"Committee"**), and shall become property of the Debtors' Estates. Promptly upon receipt general counsel for the Debtors shall deliver a copy of the Book Report to counsel for the Committee, either in whole or redacted form as the Debtor and the Committee may agree. In the event of any disagreement between the Debtors and Committee regarding the form of the Book Report as delivered to Committee counsel, the Committee may file a Motion under seal to be heard and considered by the Court *in camera*, upon notice only to the Debtors and the United States Trustee.

5. Upon completion of the Book Report and Diamond McCarthy's presentation of its analysis and conclusions, Diamond McCarthy and the Debtors will then work together to arrive at a mutually agreeable fee arrangement for the prosecution of any claims, which fee arrangement will be subject to Court approval. Between the Book Report phase of the

engagement and the actual commencement of litigation under the contemplated fee arrangement, however, Diamond McCarthy will be compensated based upon its hourly rates set forth in the Application and in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's Local Rules, the guidelines established by the Office of the United States Trustee for the Southern District of Florida, and any other applicable procedures and orders of the Court, including the Court's August 12, 2009 *Order Authorizing and Establishing Procedures for Monthly Payment of Interim Compensation and Reimbursement of Expenses to Chapter 11 Professionals* (DE #181).

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by:
Mark D. Bloom, Esq.
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, FL 33131
Telephone:  (305) 579-0500
Facsimile:   (305) 579-0717
E-mail:bloomm@gtlaw.com

*(Attorney Bloom shall serve a conformed copy of this Order upon all interested parties and shall file a certificate of service.)*

MIA 181,049,584 v4 117136.010200