Case 09-19940-LMI    Doc 533    Filed 04/01/10    Page 1 of 7



# ORDERED in the Southern District of Florida on April 01, 2010.

*Laurel M. Isicoff, Judge*
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re | Chapter 11 |
| BankUnited Financial Corporation, *et al.*,[1] | Case No. 09-19940-LMI |
| _____Debtors._____ / | (Jointly Administered) |

### ORDER (I) AUTHORIZING AND APPROVING SALE OF TIME SHARE INTEREST FREE AND CLEAR OF LIENS AND OTHER MONETARY INTERESTS; (II) AUTHORIZING AND APPROVING RENTAL OF TIME SHARE INTEREST; AND (III) APPROVING FORM AND MANNER OF NOTICE OF SALE

This case came before the Court for hearing on March 31, 2010, upon CRE America Corporation's (**"CRE"**) *Motion to (I) Authorize and Approve Sale of Time Share Interest Free and Clear of Liens and Other Monetary Interests, (II) Authorize and Approve Rental of Time Share, and (III) Approve Form and Manner of Notice of Sale* (DE # 506) (the **"Time Share Sale**

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is c/o Development Specialists, Inc., 200 South Biscayne Blvd., Suite 1818, Miami, FL 33131.

MIA 181,136,653v3

**Motion**") seeking (i) authority to sell the Time Share[2] free and clear of liens and other monetary interests upon further notice to creditors, all interested parties and interested purchasers, and subject to higher and better offers; (ii) authority to rent the Time Share; and (iii) approval of the form of Notice of Sale, as modified on the record at the hearing. Upon consideration of the Time Share Motion, the representations of counsel, and the record in this case, the Court makes the following findings of fact:

A.    This Court has jurisdiction to consider the Time Share Sale Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

B.    The filing and service of the Time Share Sale Motion and notice of the hearing thereon afforded all creditors and parties in interest with sufficient notice and an opportunity to object to the relief sought by the Time Share Sale Motion, is reasonable under the circumstances, and constitutes due and adequate notice in accordance with Federal Rules of Bankruptcy Procedure 2002 and 6004. No further notice is required for the Court to grant the relief requested in the Time Share Sale Motion.

C.    CRE has demonstrated a good, sufficient and sound business purpose and justification for selling and renting the Time Share, and the proposed procedures for the sale and rental of the Time Share are fair, reasonable, and in the best interests of CRE's estate and its creditors.

D.    The bidding procedures set forth in the Sale Notice are fair and reasonable, and in the best interests of CRE's estate and its creditors.

E.    CRE may sell the Time Share free and clear of all liens and monetary interests of any entity other than CRE's estate in the Time Share pursuant to 11 U.S.C. § 363(f) because

---

[2] Capitalized terms used but not otherwise defined shall have the meaning set forth in the Time Share Sale Motion.

MIA 181,136,653v3

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. Holders of liens or monetary interests, if any, who did not object to the Time Share Sale Motion are deemed to have consented to the sale pursuant to 11 U.S.C. § 363(f)(2).

Accordingly, pursuant to 11 U.S.C. § 363, it is **ORDERED** that:

1. The Time Share Sale Motion is granted.

2. CRE is authorized to rent the Time Share without further notice (other than prior notice to the Committee), hearing or order, on the terms and conditions set forth in the Time Share Sale Motion, or any better terms.

3. CRE is authorized to sell the Time Share on the terms and conditions set forth in the Time Share Sale Motion and this Order.

4. The Sale Notice in the form attached hereto as **Exhibit A** is approved.

5. The bidding procedures contained in the Sale Notice and paragraph 6 of this Order are approved.

6. Upon locating a suitable and qualified purchaser for the Time Share, CRE shall first provide notice to the Committee, and then file and serve the Sale Notice on all creditors and interested parties in CRE's bankruptcy case, as well as any other party known by CRE or Corcoran to have expressed an interest in purchasing the Time Share. The Sale Notice shall set forth the name of the proposed purchaser, date and time for the closing of the sale, and a deadline of two business days before the closing for any interested party to submit a higher and better

offer. If no higher and better offer is received by CRE, then the Time Share shall be sold to the proposed purchaser. If a higher and better offer is received, CRE will conduct an auction among the proposed purchaser and any other interested purchaser submitting a timely higher and better offer and a deposit in an amount not less than the amount of any deposit submitted by the proposed purchaser, and will sell the Time Share to the purchaser submitting the highest and best offer for the Time Share.

7. All known liens and other monetary interests in the Time Share shall be paid by CRE at the closing of the sale of the Time Share from the sale proceeds, without further notice, hearing or Court order.

8. CRE's Chief Restructuring Officer, Joseph J. Luzinski, is authorized to execute any and all documents necessary to effectuate the relief granted in this Order.

9. After closing of the sale of the Time Share, CRE shall file with the Court the statement required by Federal Rule of Bankruptcy Procedure 6004(f)(1).

10. Notwithstanding Fed. R. Bankr. P. 6004(h), this Order will take effect immediately upon entry.

11. The Court retains jurisdiction to construe, interpret and enforce this Order, and to resolve any disputes hereunder.

###

Submitted by:

Mark D. Bloom, Esq.
Scott M. Grossman, Esq.
GREENBERG TRAURIG, P.A.
Attorneys for CRE America Corporation
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
bloomm@gtlaw.com
grossmansm@gtlaw.com

*(Attorney Bloom is directed to serve a conformed copy of this Order on all parties entitled to service and to file with the Court a Certificate of Service).*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re | Chapter 11 |
| BankUnited Financial Corporation, *et al.*,[1] | Case No. 09-19940-LMI |
| Debtors.    / | (Jointly Administered) |

**NOTICE OF SALE OF TIME SHARE INTEREST
FREE AND CLEAR OF LIENS AND OTHER MONETARY INTERESTS**

TO ALL CREDITORS OF CRE AMERICA CORPORATION, OTHER PARTIES IN INTEREST, AND INTERESTED PURCHASERS:

NOTICE IS HEREBY GIVEN that on [date and time] at [location of closing] (the **"Closing"**), Debtor, CRE America Corporation (**"CRE"**) will sell a 4/52 ownership interest as tenant-in-common with other owners in the "Club Unit" known as Club Unit 1035 (the **"Time Share"**), in the Fifth and Fifty-Fifth Residence Club, a/k/a St. Regis Residence Club New York (the **"Residence Club"**) located in the building known as the Fifth and Fifty-Fifth Condominium located at Two East 55th Street, New York, New York, free and clear of liens and other monetary interests, to [proposed purchaser] (the **"Purchaser"**) for a total cash purchase price of [$ price] (the **"Purchase Price"**), pursuant to the terms of the Purchase and Sale Agreement attached hereto, but subject to higher and better offers.

PLEASE TAKE FURTHER NOTICE that:

The Purchaser is a disinterested third party, good faith purchaser, and not an insider of CRE or its affiliated Debtors, BankUnited Financial Corporation and BankUnited Financial Services, Inc., and that, after due and adequate marketing of the Time Share, CRE believes that the Purchase Price is adequate, subject to higher and better offers.

EXHIBIT A

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is c/o Development Specialists, Inc., 200 South Biscayne Blvd., Suite 1818, Miami, FL 33131.

PLEASE TAKE FURTHER NOTICE that:

Any party desiring to submit a higher and better offer for the Time Share must submit a written offer in writing, along with a deposit in an amount not less than the deposit submitted by the Purchaser as set forth in the Purchase and Sale Agreement, not later than 4:00 p.m. on [two business days before the closing date set forth above] (the **"Competing Bid Deadline"**) to:

> CRE America Corporation
> c/o Joseph J. Luzinski, Chief Restructuring Officer
> Development Specialists, Inc.
> 200 S. Biscayne Blvd., Suite 1818
> Miami, Florida 33131
> jluzinski@dsi.biz

If CRE receives a higher and better offer by the Competing Bid Deadline, CRE will conduct an auction at the Closing among the Purchaser and any competing bidders that have submitted a competing bid by the Competing Bid Deadline, and will sell the Time Share to the highest bidder. If CRE does not receive any higher and better offer by the Competing Bid Deadline, then CRE will sell the Time Share to the Purchaser at the Closing, as set forth above.

Blank copies of the purchase and sale contract for the Time Share may be obtained from Counsel for CRE: Scott M. Grossman, Esq., Greenberg Traurig, P.A., 1221 Brickell Avenue, Miami, Florida, 33131; Telephone: (305) 579-0500, email: grossmansm@gtlaw.com, or from CRE, c/o Development Specialists, 200 S. Biscayne Blvd., Suite 1818, Miami, Florida 33131, Telephone: (305) 374-2717, Attn. Yale Scott Bogen, email ybogen@dsi.biz.

DATED: _____, 2010.

MIA 181,113,509v4

2