**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| BankUnited Financial Corporation, *et al.*,[1] | ) | |
| | ) | Case No. 09-19940-LMI |
| Debtors. | ) | |
| | ) | (Jointly Administered) |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS OF BANKUNITED FINANCIAL CORPORATION AND RELATED**
**DEBTORS TO DEBTORS' THIRD MOTION TO EXTEND EXCLUSIVE**
**PERIODS TO FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF**

The Official Committee of Unsecured Creditors of the above-captioned Debtors (the "Committee") submits to this Court its limited objection (the "Limited Objection") to the Debtors' Third Motion to Extend Exclusive Periods to File a Plan and Solicit Acceptances Thereof (the "Third Extension Motion"), and as grounds therefor, shows this Court as follows:

**BACKGROUND**

1.      Pursuant to the Agreed Interim Order Extending Debtors' Exclusive Periods to File and Solicit Acceptances of Chapter 11 Plan Pending Hearing on Exclusivity Motion [Docket No. 545], the exclusive period within which only the Debtors may file a Chapter 11 plan (the "Exclusive Filing Period") was extended from April 19, 2010, through and including the entry of an Order granting or denying the Third Extension Motion, which is currently scheduled to be heard on Thursday, May 6, 2010.

---

[1] The debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335) (collectively, the "Debtors").

US2008 1236876.3

2.       On March 30, 2010, the Debtors filed the Third Extension Motion [Docket No. 526] seeking an extension of the Exclusive Filing Period for a period of 90 days from the date the Debtors file their consolidated tax return for their 2008 fiscal year (which ended September 30, 2009), and an extension of the period within which to obtain acceptances of such plan (the "Exclusive Solicitation Period"; together with the Exclusive Filing Period, the "Exclusive Periods") for a period of 60 days from the end of the newly established Exclusive Filing Period.

## LIMITED OBJECTION

3.       While the Committee does not at this time oppose reasonable extensions of the Exclusive Periods, the Committee respectfully submits that any extension of the Exclusive Filing Period should be granted only for a certain finite period of time, e.g., 90 days from when the Exclusive Filing Period was to expire, as opposed to 90 days from when the Debtors file their tax returns for FY 2008.  As stated in the Third Extension Motion, the relief sought by the Debtors is without prejudice to the Debtors' ability to seek additional extensions of the Exclusive Periods. Because the Debtors can seek further extensions of the Exclusive Periods, there is no reason to base any such extension upon an act that is solely within the control of the Debtors.[2] Furthermore, basing an extension of the Exclusive Periods in the fashion requested by the Debtors could cause the Exclusive Periods to be extended beyond the time allowed under the Bankruptcy Code.  See 11 U.S.C. § 1121(d)(2) (the period within which only the debtor can file a plan may not be extended beyond a date that is 18 months after the petition date and the period within which the debtor must obtain acceptance of such plan may not be extended beyond a date that is 20 months after the petition date).  Accordingly, the Committee requests that the Exclusive Filing Period be extended to a date that is 90 days from May 6, 2010, and the

---

[2] Of course, this is not to suggest that the Debtors would delay filing their tax returns for that purpose.

Exclusive Solicitation Period be extended to a date that is 60 days after the expiration of the Exclusive Filing Period.

4.    In further response to the Third Extension Motion, the Committee does not believe that certain of the justifications offered by the Debtors for the requested extensions are valid.  In particular, the Committee disagrees with any implication that the issues presented by the proof of claim filed by the FDIC must be resolved in order to file and confirm a plan. However, because the Committee <u>at this time</u> believes that the Debtors' contention that an extension of the Exclusive Periods is necessary while they continue to attempt to realize the value of their net operating loss carryforwards through a plan of reorganization, standing alone, is a valid justification for the requested extensions, the Committee does not oppose extensions of the Exclusive Periods, subject to the modification requested above.

5.    The Committee further reserves the right to seek to shorten the Exclusive Periods for any reason, including without limitation if the Committee believes that the Debtors are not working expeditiously to realize the value of their net operating loss carryforwards or it becomes apparent that the benefits of accomplishing such goal combined with the likelihood thereof are outweighed by other concerns.

WHEREFORE, the Committee respectfully requests that this Court (a) sustain this Limited Objection; (b) grant extensions of the Exclusive Periods, but only for the fixed periods of time set forth above; and (c) grant such other and further relief as is appropriate under the circumstances.

Dated:  April 26, 2010

I HEREBY CERTIFY that the undersigned attorney is appearing pro hac vice in this matter pursuant to the Court's order of June 14, 2009 [D.E. #92].

KILPATRICK STOCKTON LLP

 /s/ Todd C. Meyers
Todd C. Meyers
Georgia Bar No. 503756
Sameer K. Kapoor
Georgia Bar No. 407525
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4530
(404) 815-6500 (Telephone)
(404) 815-6555 (Facsimile)
tmeyers@kilpatrickstockton.com
skapoor@kilpatrickstockton.com

and

KOZYAK TROPIN & THROCKMORTON, P.A.

Corali  Lopez-Castro, Esq.
Florida Bar No. 863830
2525 Ponce De Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800 (Telephone)
(305) 372-3508 (Facsimile)
clc@kttlaw.com

Counsel for the Official Committee of Unsecured Creditors of BankUnited Financial Corporation, *et al.*

- 4 -

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on April 26, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on parties listed below via electronic mail.

/s/ Todd C. Meyers
Todd C. Meyers

<u>Debtor's Counsel</u>
Mark D Bloom
Email: bloomm@gtlaw.com

<u>Chief Restructuring Officer</u>
Joseph Luzinski
Email: jluzinski@dsi.biz

<u>United States Trustee</u>
Johanna Armengol
Email: Johanna.Armengol@usdoj.gov

US2008 1236876.3