**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
*Miami Division*
**www.flsb.uscourts.gov**

In re:                                                          **Chapter 11**

**BANKUNITED FINANCIAL CORP.,**[1]

                                                                **Case No. 09-19940-LMI**
et al.,                                                         **(Jointly Administered)**
                    Debtors.

_____/

**SUMMARY OF FIFTH INTERIM FEE APPLICATION OF DEVELOPMENT**
**SPECIALISTS, INC. FOR ACTUAL AND NECESSARY SERVICES RENDERED AND**
**FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES**
**INCURRED FOR THE PERIOD OCTOBER 1, 2010  THROUGH JANUARY 31, 2011**

1.   Name of Applicant:                                 Development Specialists, Inc.

2.   Role of Applicant:                                 Financial Advisor

3.   Name of Certifying Professional:                   Yale S. Bogen

4.   Date case filed:                                   May 22, 2009

5.   Date of application for employment:                June 10, 2009

6.   Date of order approving employment:                June 30, 2009 (nunc pro tunc to
                                                        June 2, 2009)

7.   If debtor's counsel, date of Disclosure of Compensation   N/A
form.

8.   Date of this application:                          February 25, 2011

9:   Dates of services covered:                         October 1, 2010 through
                                                        January 31, 2011

---

[1] The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is c/o Development Specialists, Inc., 200 S. Biscayne Boulevard, Suite 1818, Miami, Florida, 33131.

**Fees…**

11.  Total fee requested for this period (From Exhibit 1)    $  37,369.50[2]

12.  Balance remaining in fee retainer account, not yet    ($      0.00)
     awarded

13.  Fees paid or advanced for this period, by other sources    ($      0.00)

14.  **Net amount of fee requested for this period**    **$  37,369.50[3]**


**Expenses…**

15.  Total expense reimbursement requested for this period    $    1,244.73

16.  Balance remaining in expense retainer account, not yet    ($      0.00)
     received

17.  Expenses paid or advanced for this period, by other    ($      0.00)
     sources

18.  **Net amount of expense reimbursements requested**    **$    1,244.73[3]**
     **for this period**

19.  Gross award requested for this period (#11 + #15)    $    38,614.23

20.  **Net award requested for this period (#14 + #18)**    **$    38,614.23[3]**

21.  **If FINAL Fee Application, amounts of net awards**    **N/A**
     **requested in interim Applications but not previously**
     **awarded (total from History of Fees and Expenses,**
     **following:**

22.  **Final fee and expense award requested (#20 + #21)**    **N/A**

---

[2]  The total time expended for fee application preparation is approximately 4.0 hours and the corresponding compensation requested is approximately $1,580.00.  Allowance for such time is not requested in this application but will be sought in a subsequent fee application.

[3]  Includes $3,041.50 for fees and $103.96 for expenses relating to time and expenses incurred during January 2011, invoiced on February 21, 2011 and which, consistent with the Court's August 12, 2009 Order Authorizing and Establishing Procedures for Monthly Payment of Interim Compensation and Reimbursement of Expenses to Chapter 11 Professionals (DE #181) should be paid at the beginning of March 2011 in the amount of $2,433.20 for fees and $103.96 for expenses. See History of Fees and Expenses for detail.

<u>History of Fees and Expenses</u>

1.      Date, sources, and amounts of retainers received

|   | <u>Date</u> | <u>Sources</u> | <u>Amounts</u> | <u>For fees or costs?</u> |
|---|---|---|---|---|

NONE

2.      Dates, sources, and amounts of third party payments received:

|   | <u>Date</u> | <u>Sources</u> | <u>Amounts</u> | <u>For fees or costs?</u> |
|---|---|---|---|---|

NONE

3.      Prior fee and expenses:

|   | **<u>Prior Fee Award</u>** | **<u>Prior Expenses Award</u>** |
|---|---|---|

**First Interim Application…**

| | Prior Fee Award | Prior Expenses Award |
|---|---|---|
| Dates covered by First Application: | June 2, 2009 through September 30, 2009 | |
| Amount Requested: | $148,669.50 | $ 2,312.35 |
| Amount Awarded: | $118,935.60 | $ 2,312.35 |
| Amount of Retainer Authorized to Use: | N/A | N/A |
| Amount Awarded Net of Retainer: | $118,935.60 | $ 2,312.35 |
| Date of First Award: | December 1, 2009 | |
| Amount Actually Paid: | $118,935.60 | $ 2,312.35 |
| Amount Requested and not Awarded: | $ 29,733.90 | $       0.00 |
| Amount Requested and not Awarded and Deferred to Final Fee App. | $ 29,733.90 | $       0.00 |

**Second Interim Application…**

Dates covered by Second Application: October 1, 2009 through January 31, 2010

| | | |
|---|---|---|
| Amount Requested: | $ 94,422.00 | $ 1,025.51 |
| Amount Awarded: | $ 75,537.60 | $ 1,025.51 |
| Amount of Retainer Authorized to Use: | N/A | N/A |
| Amount Awarded Net of Retainer: | $ 75,537.60 | $ 1,025.51 |
| Date of Second Award: | | |
| Amount Actually Paid: | $ 75,537.60 | $ 1,025.51 |
| Amount Requested and not Awarded: | $ 18,884.40 | $ 0.00 |
| Amount Requested and not Awarded and Deferred to Final Fee App. | $ 48,618.30 | $ 0.00 |

**Third Interim Application…**

Dates covered by Third Application: February 1, 2010 through May 31, 2010

| | | |
|---|---|---|
| Amount Requested: | $ 65,420.00 | $ 1,220.00 |
| Amount Awarded: | $ 52,336.00 | $ 1,220.00 |
| Amount of Retainer Authorized to Use: | N/A | N/A |
| Amount Awarded Net of Retainer: | $ 52,336.00 | $ 1,220.00 |
| Date of Second Award: | | |
| Amount Actually Paid: | $ 52,336.00 | $ 1,220.00 |
| Amount Requested and not Awarded: | $ 13,084.00 | $ 0.00 |
| Amount Requested and not Awarded and Deferred to Final Fee App. | $ 61,702.30 | $ 0.00 |

**Fourth Interim Application…**

Dates covered by Fourth Application: June 1, 2010 through September 30, 2010

| | | | |
|---|---|---|---|
| Amount Requested: | $ 58,717.50 | $ | 613.17 |
| Amount Awarded: | $ 46,974.00 | $ | 613.17 |
| Amount of Retainer Authorized to Use: | N/A | | N/A |
| Amount Awarded Net of Retainer: | $ 46,974.00 | $ | 613.17 |
| Date of Second Award: | | | |
| Amount Actually Paid: | $ 46,974.00 | $ | 613.17 |
| Amount Requested and not Awarded: | $ 11,743.50 | $ | 0.00 |
| Amount Requested and not Awarded and Deferred to Final Fee App. | $ 73,445.80 | $ | 0.00 |

4.     Summary of monthly invoices submitted for payment:

| Time Period | Fees Requested | Fees Paid | Expenses Requested | Expenses Paid | Status |
|---|---|---|---|---|---|
| 10/01/2010 to 10/31/2010 | $19,940.50 | $15,952.40 | $232.88 | $232.88 | DSI has received payment of 80% of the fees requested and 100% of the expenses requested for this period |
| 11/01/2010 to 11/30/2010 | $10,161.00 | $8,128.80 | $ 71.27 | $71.27 | DSI has received payment of 80% of the fees requested and 100% of the expenses requested for this period. |
| 12/01/2010 to 12/31/2010 | $ 4,226.50 | $ 3,381.20 | $836.62 | $836.62 | DSI has received payment of 80% of the fees requested and 100% of the expenses requested for this period. |
| 01/01/2011 to 01/31/2011 | $ 3,041.50 | | $103.96 | | Absent any objection, DSI expects to receive payment of 80% of the fees requested and 100% of the expenses requested for this period on or after March 1, 2011. |
| **Total** | **$37,369.50** | **$27,462.40** | **$1,244.73** | **$1,140.77** | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
*Miami Division*
**www.flsb.uscourts.gov**

In re:                                                    **Chapter 11**

**BANKUNITED FINANCIAL CORP.,**[4]          **Case No. 09-19940-LMI**
et al.,                                                      **(Jointly Administered)**

              Debtors.

_____/

**FIFTH INTERIM FEE APPLICATION FOR DEVELOPMENT SPECIALISTS, INC. FOR**
**ACTUAL AND NECESSARY SERVICES RENDERED AND FOR REIMBURSEMENT OF**
**ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR**
**THE PERIOD OCTOBER 1, 2010  THROUGH JANUARY 31, 2011**

DEVELOPMENT SPECIALISTS, INC. ("Applicant" or "DSI"), financial advisor to the

Debtors and Debtors-in-Possession, BankUnited Financial Corporation ("BUFC"), BankUnited

Financial Services, Inc. ("BUFS") and CRE America Corp. ("CRE") (collectively, the "Debtors"),

hereby submits its Fifth Application for Allowance of Interim Compensation and Reimbursement of

Expenses for the period of October 1, 2010 through January 31, 2011 ("Fee Application"), for

professional services rendered in these Chapter 11 proceedings. This Application is filed pursuant to

11 U.S.C. §330 and Bankruptcy Rule 2016, and meets all of the requirements set forth in the

Guidelines incorporated in Local Rule 2016-1(B)(1). The exhibits attached to this Application

pursuant to those Guidelines are as follows:

Exhibits "1-A" and "1-B" – Summary Professional and Paraprofessional Time.

_____

[4] *See* Note 1

Exhibit "2" – Summary of Requested Reimbursement of Expenses

Exhibit "3" – The Applicant's complete time records, in chronological order, by activity code category, for the time period covered by this Application. The requested fees are itemized in increments of one-tenth of an hour and each entry includes a detailed narrative of the activity for which compensation is sought.

As explained more fully below, Applicant believes that the requested compensation of $37,369.50 for the fifth interim period is reasonable upon consideration of the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), as made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir. 1977).

## I.    BACKGROUND

1.      On May 22, 2009 ("Petition Date"), the Debtors filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2.      The Debtors are operating their business and managing their affairs as debtors and debtors in possession pursuant to 11 U.S.C. §§1107(a) and 1108; no trustee or examiner has been sought or appointed in these cases.

3.      On May 29, 2009, the Office of the United States Trustee appointed an official committee of unsecured creditors (D.E. #33).

4.      BUFC is a former unitary savings and loan holding company of BankUnited, FSB ("Old Bank") that is incorporated in the State of Florida and formerly headquartered in Coral Gables, Florida. BUFC is the 100% owner of (i) CRE, which holds a timeshare interest in certain real property; and (ii) BUFS, which was organized in 1997 for the purpose of selling annuities and other insurance and securities products.

7

5.     Following several unsuccessful attempts to raise Old Bank's capital levels in accordance with Office of Thrift Supervision ("OTS") mandates, on May 21, 2009, the OTS closed Old Bank and appointed the Federal Deposit Insurance Corporation ("FDIC") as Receiver for Old Bank. The FDIC, as Receiver for Old Bank, entered into a Purchase and Assumption Agreement with a group of investors who invested in a new depository institution, BankUnited, a de novo federal savings association organized under the laws of the United States and having its principal place of business in Coral Gables, Florida ("New Bank"), for the purchase of Old Bank's assets. All of the former officers and employees of Old Bank then terminated their relationship with Old Bank or the Debtors and either took positions at New Bank or pursued other opportunities.

6.     On June 30, 2009 ("Authorization Date"), Applicant was authorized to provide financial, management and consulting services to the Debtors, *nunc pro tunc* to June 2, 2009 (D.E. #126).

7.     Since its appointment, DSI has assisted the Debtors and Joseph J. Luzinski, the Chief Restructuring Officer ("CRO") with (a) the preparation of its periodic statements and schedules for the Office of the United States Trustee ("OUST"), (b) continuing analysis of the Debtors' assets, (c) overseeing the preparation of the Debtors' amended tax returns and responding to requests of the Internal Revenue Service and tax service providers, (d) review of documents provided by Old Bank and the FDIC, (e) supported litigation efforts, (f) assisted in the preparation of the fiscal 2009 original and amended income tax returns and tax planning and (g) continuing review of claims.

8.     As part of the analysis of their assets, DSI has assisted the Debtors and CRO to analyze opportunities to monetize the value on the real property timeshare owned by CRE and

review of various other assets recorded at historical values in the books and records of the Debtors as well as working with counsel on preference matters.

9.      DSI continues to work with the Debtors, CRO and Debtors' counsel to analyze the Debtors' assets, assist in tax planning strategies and preparation and to develop a strategy for further monetization of assets. Furthermore, DSI has also analyzed claims, prepared various preference analyses and met with the CRO and his counsel to discuss the collection of various avoidable payments, the objections to claims and the development of the Debtors' plan of reorganization and disclosure statement.

10.      This Application is for time incurred by DSI to provide management and restructuring services to the Debtors and to support the CRO. DSI is not duplicating efforts of the CRO.

## II.  SUMMARY OF SERVICES

11.      The following summaries highlight the major areas in which services were rendered by Applicant during the Application Period. Detailed entries by category of the services rendered by DSI during the Application Period are attached as referenced in the summary of this Application and noted on Exhibit "3".

12.      Fee Application / Client Billing.      DSI prepared monthly billing reports and the third interim application for compensation and reimbursement of expenses. DSI spent a total of 8.5 hours at a total cost of $3,357.50 in connection with the preparation of fee applications and client billing, as more fully described in Exhibit "3" attached hereto and incorporated herein by reference.

13.      Attend Court Hearings / Review Pleadings. DSI reviewed pleadings as necessary to support the needs of the Debtors, CRO and Debtors' counsel.  DSI spent a total of 2.5 hours at a

total cost of $987.50 in connection with attendance at court hearings and review of pleadings, as more fully described in Exhibit "3" attached hereto and incorporated herein by reference.

14.    <u>Accounting / Auditing</u>, DSI reviewed various invoices and fee applications as well as performing reconciliations relating to same. In addition, DSI reviewed statements from the estate's investments in various partnerships and assisted in providing information for SEC reporting. DSI spent a total of 14.5 hours at a total cost of $5,727.50 in connection with accounting and auditing, as more fully described in Exhibit "3" attached hereto and incorporated herein by reference.

15.    <u>Plan of Reorganization / Disclosure Statement.</u> DSI worked with the CRO and counsel to review outstanding matters relating to the development and filing of the plan of reorganization and disclosure statement including reviewing comments from counsel. DSI spent a total of 3.1 hours at a total cost of $1,224.50 in connection with the development of the plan of reorganization and disclosure statement, as more fully described in Exhibit "3" attached hereto and incorporated herein by reference.

16.    <u>Monthly Bankruptcy / Semi-Annual Reports.</u>  DSI prepared and reviewed the Debtors' monthly operating reports to be submitted to the OUST, adjusted accounting records and values for assets held by the Debtors and reconciled the accounts. DSI spent a total of 8.7 hours at a total cost of $3,436.50 in connection with the preparation of the monthly operating reports, as more fully described in Exhibit "3" attached hereto and incorporated herein by reference.

17.    <u>Claims Analysis / Objections.</u> DSI reviewed payments to be made to claimants and prepared a detailed analysis of filed and scheduled claims and worked with Debtors' counsel on the reconciliation of claims. DSI spent a total of 30.9 hours at a total cost of $13,281.50 in connection

with claims analysis, as more fully described in Exhibit "3" attached hereto and incorporated by reference.

18.    <u>Tax Issues.</u>    DSI worked with the tax preparer and advisors in order to file the annual tax returns and reviewed and analyzed the Debtors' current tax position including discussions with counsel. DSI also attended meetings with Debtors' counsel and tax preparer to review and comment on the completed tax returns and tax position. DSI spent a total of 8.2 hours at a total cost of $3,239.00 in connection with tax matters, as more fully described in Exhibit "3" attached hereto and incorporated by reference.

19.    <u>Employee Benefits / Pension / Insurance.</u>    DSI contacted the third-party representative to determine the disposition of certain funds and review invoicing from the representative. DSI spent a total of 0.2 hours at a total cost of $79.00 in connection with the analysis of employee benefits, pension and insurance, as more fully described in Exhibit "3" attached hereto and incorporated herein by reference.

20.    <u>Litigation Support.</u>    DSI assisted the Debtors and the CRO in analyzing vendors and electronic tools, discussed with Debtors' counsel and reviewed pleadings regarding litigation matters relating to the FDIC and provided information to the CRO and Debtors' counsel to assist in litigation matters. DSI spent a total of 12.6 hours at a total cost of $4,930.50 relating to litigation support issues, as more fully described in Exhibit "3" attached hereto and incorporated herein by reference.

21.    <u>Officer and Director Issues.</u>    DSI attended the November 2010 meeting of the Board of Directors. DSI spent a total of 1.4 hours at a total cost of $553.00 relating to officer and director issues, as more fully described in Exhibit "3" attached hereto and incorporated herein by reference.

22.    <u>BUFC – CRE America Corporation.</u>  DSI researched notifications relating to the underlying asset of the Debtor and discussed issues relating to the underlying asset with the CRO. DSI spent a total of 1.2 hours at a total cost of $474.00 relating to CRE matters, as more fully described in Exhibit "3" attached hereto and incorporated herein by reference.

23.    <u>BUFC – BankUnited Financial Services.</u> DSI followed-up on commission checks received. DSI spent a total of 0.2 hours at a total cost of $79.00 relating to BUFS matters, as more fully described in Exhibit "3" attached hereto and incorporated herein by reference.

24.    During the Application period, DSI staff persons expended a total of 92.0 hours in this matter for total fees at the standard hourly rates charged by such persons in effect at the time such services were rendered, in the amount of $37,369.50.  The blended billable rate for these activities is $406.19 per hour.   Attached, as Exhibit "1-B" is a summary of the compensation incurred by timekeeper by category.

28.    During the Application period, DSI staff persons incurred actual, reasonable and necessary expenses in the amount of $1,244.73 in connection with the administration of these matters.  Attached, as Exhibit "2" is a summary of disbursements and expenses incurred by the CRO and DSI during the Application period.   The actual, reasonable and necessary expenses include, without limitation the following:

> <u>Travel.</u>  Reasonable and necessary travel expenses incurred by DSI are charged to the client with a high standard of care.  DSI maintains firm policies with respect to business travel.  Airfares are booked at the lowest economy fare available at the time of booking. Occasionally business circumstances dictate that one must travel at the last minute.  In these situations it is sometimes not possible to book discount fares.  Hotel accommodations and meals are charged to clients when on that client's business.  Hotel and meal charges are of general business travel quality.  Miscellaneous charges for rental cars, parking, tolls, and taxicabs are charged on a direct cost basis.

> <u>Photocopy and Postage</u>.  These charges are incurred when necessary for the duplication of records and documents by DSI for distribution to counsel and parties in interest.  DSI maintains billing systems to charge each client only for the photocopy charges

directly related to the estate.  The current rate for photocopy charges is $.15 per copy.  If cost effective, DSI will utilize outside copy services for large copy jobs.  If an outside service is utilized, the cost is charged to the client on a direct basis without any markup.

Telephone and Telecopier.  DSI charges the client for reasonable and necessary charges associated with long distance calls and the long distance charges for telecopy transmissions.  DSI maintains billing systems to charge each client only for the charges directly related to the estate.  DSI does not charge clients for any mark up on telephone charges or telecopier charges.

Overnight Delivery Service.  DSI utilizes overnight delivery services to expedite the administration of the estate.  These services are kept to a minimum by the use of the US Postal service, the telecopier and electronic mail.  However, on some occasions it is necessary to utilize overnight services.  Postage and other delivery costs are charged to the client without any markup.

Outside Vendors.  It is necessary on occasion to utilize outside vendors to provide goods and services to the client.  DSI maintains a policy that the cost of any third party service provided to an estate be charged at cost, without any markup.

29.    Members of DSI who worked on this particular project have extensive experience in bankruptcy matters, fiduciary issues and complex business bankruptcy matters.  Attached, as Exhibit "4," is background information on the various members of DSI who worked on this particular matter.

30.    The Applicant shall cause to have served copies of this Fee Application with Exhibits upon the Debtors, the United States Trustee, and counsel for the Committee of Unsecured Creditors and shall cause to have served notice of the filing of the Fee Application and notice of the hearing on the Fee Application upon all parties requesting service of papers in these Chapter 11 cases pursuant to Bankruptcy Rule 2002 (a) (7).

### III.  FACTORS TO BE CONSIDERED

31.    The Applicant believes that the requested fee of $37,369.50 for 92.0 hours worked is reasonable considering the twelve factors enumerated in Johnson v. Georgia Highway Express, Inc.,

488 F.2d 714 (5th Circuit 1974), made applicable to bankruptcy proceedings by <u>In re First Colonial Corp. of America</u>, 544 F.2d 1291 (5th Cir. 1977), as follows:

32.    <u>Time and labor required</u>.  DSI has devoted not less than 92.0 hours of time on this matter during the period covered under the Fee Application.  When reviewed individually as to each one of the tasks described above, or collectively as a whole, the time expended by the Applicant has been reasonable and efficient to accomplish the needs of the case.

33.    <u>The novelty and difficulty of the services rendered</u>.  Many of the services provided by DSI in its role are complex and required extensive review of documents and correspondence, as well as the exercise of skill and application of knowledge of bankruptcy, complex negotiations, strategy, litigation, preference matters and creditor issues.

34.    <u>The skill requisite to perform professional services properly</u>. In order to properly perform the services rendered for the benefit of the Debtors, DSI was required to draw upon substantive business knowledge in the fields of bankruptcy, business and negotiating skills.

35.    <u>The preclusion of other employment</u>.  DSI is aware of no other employment that was precluded as a result of accepting this case.  It is important to note, however, that DSI committed a significant amount of time and labor, which otherwise would have been dedicated to other on-going bankruptcy and non-bankruptcy matters.

36.    <u>The customary fee</u>.  The rates charged by DSI, as set forth in the individual time summaries, are well within the range charged by such professionals in Florida of similar skill and reputation.  Indeed, DSI submits that the "blended" billable rate of $406.19 per hour, for the period covered under the Fee Application, for the professionals working on these cases is reasonable in comparison with rates customarily charged for similar cases.

37.    <u>Time limitations imposed by the case</u>.  Internal and external deadlines for this matter have required DSI to move quickly and to work diligently during the Application Period to meet the critical deadlines imposed by this case.  These time pressures often created the need for the staff members of DSI to devote all, or substantially all of their time within a given period to this case, in order to minimize the number of professionals involved and the attendant expense to the estate.

38.    <u>Time limitations imposed by the client or other circumstances</u>.  DSI has worked diligently with counsel, the committee of unsecured creditors and its advisors and the Office of the United States Trustee in order to maximize the return to creditors as quickly and efficiently as possible.

39.    <u>The experience, reputation, and abilities of the Applicant</u>.  DSI is a management-consulting firm specializing in reorganization and insolvency matters.   The experience, reputation, and ability of DSI are well known throughout the United States.  DSI currently has numerous other matters pending in various districts across the United States and in various other cases within the Southern District of Florida.

40.    <u>The undesirability of this case</u>.  DSI does not find it undesirable to complete its role in these cases, or any case in any form of bankruptcy proceeding, based upon the understanding that reasonable compensation would be awarded for fees and expenses incurred during the course of the matter.

41.    <u>The nature and length of DSI's professional relationship with the client</u>.  DSI has no prior relationship with the Debtors other than what was disclosed in the Rule 2014 Affidavit.

42.    <u>Awards in similar cases</u>.  Under the Bankruptcy Code, the applicable legal standard for determining reasonable final compensation is set forth in 11 U.S.C. § 330(a), which states that reasonable compensation shall be based on the nature, extent, and value of such services, time spent

on such services, and the cost of comparable services, other than in a case under the Bankruptcy Code, and reimbursement for actual and necessary expenses incurred.

43.    <u>The amount involved and the results obtained</u>. The Applicant has been successful in maintaining the Debtors' compliance with the Bankruptcy Code and Court orders concerning the administration of these Chapter 11 cases as well as meeting deadlines by the third parties.

## IV.  <u>MANNER OF PAYMENT</u>

44.    DSI has been involved in this case for a period of approximately 20 months.  This interim fee request and expense reimbursement is more particularly described and noted in the Summary of Interim Fee Application and Case Information exhibits.  DSI has received monthly payments from the Debtors equal to 80% of its fees and 100% of reimbursable expenses for the period of October 1, 2010 through December 31, 2010 and expects to receive payment for the month of January 2011, all in accordance with Orders of this Court. DSI did not receive any retainer of funds.

45.    DSI states that the expenses awarded in connection with this Application were paid, or will be paid as they relate to expenses for January 2011, from the estates and notes to the Court that the estates have sufficient funds on hand to pay these expenses.

46.    No agreement or understanding exists between DSI and any other person for the sharing of compensation received or to be received for services rendered on behalf of the estates in connection with these proceedings, except as permitted under 11 U.S.C. § 504.

47.    Finally, DSI is well aware of the custom and practice in this District of retaining a partial "holdback" of fees pending a final award or further interim awards in a Chapter 11 case. In seeking the allowance, award and payment of fees and reimbursement of expenses in this Fifth

Interim Application, DSI defers entirely to the judgment and discretion of the Court with respect to the imposition and amount of any such holdback.

WHEREFORE, Development Specialists, Inc., requests that upon due consideration of the foregoing facts and circumstances, the Court enter an Order: (a) granting this Fifth Interim Application; (b) allowing and awarding $37,369.50 in fees for services rendered and $1,244.73 for reimbursement of expenses incurred during the period covered by this Application; and (c) affording such other and further relief as may be fair and reasonable under the circumstances.

RESPECTFULLY SUBMITTED this 25th day of February 2011.

Yale Scott Bogen
DEVELOPMENT SPECIALISTS, INC.
200 S. Biscayne Boulevard, Suite 1818
Miami, Florida 33131-2329
TELEPHONE: (305) 374-2717
FACSIMILE:  (305) 374-2718

17

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Mark D. Bloom
MARK D. BLOOM

## SERVICE LIST

### Electronic Mail Notice List

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case:

- Vincent F Alexander    vfa@kttlaw.com, lf@kttlaw.com
- Johanna Armengol    Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
- Paul J. Battista    pbattista@gjb-law.com, gjbecf@gjb-law.com
- Mark D. Bloom    bloomm@gtlaw.com, MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com;reisinoa@gtlaw.com
- Mark D. Bloom    bloomm@gtlaw.com, MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com;reisinoa@gtlaw.com
- Shawn M Christianson    schristianson@buchalter.com
- City of Homestead, FL    dgonzales@wsh-law.com
- City of Miramar, FL    dgonzales@wsh-law.com
- John R. Dodd    doddj@gtlaw.com, miaecfbky@gtlaw.com;mialitdock@gtlaw.com
- Stephen P. Drobny    sdrobny@shutts.com, mvandenbosch@shutts.com
- Douglas R. Gonzales    dgonzales@wsh-law.com
- Scott M. Grossman    grossmansm@gtlaw.com, jacksont@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com
- Scott M. Grossman    grossmansm@gtlaw.com, jacksont@gtlaw.com; MiaLitDock@gtlaw.com;FTLLitDock@GTLaw.com;miaecfbky@gtlaw.com
- Robert J Hauser    hauser@beasleylaw.net, lundstrom@beasleylaw.net;miles@beasleylaw.net
- Hollie N Hawn    hhawn@broward.org
- Brian W Hockett    bhockett@thompsoncoburn.com

- Christina M Kennedy    ckennedy@foley.com
- Jeffrey T. Kucera    jeffrey.kucera@klgates.com,
  maxine.lewis@klgates.com;;miamidocketing@klgates.com
- Peter H Levitt    plevitt@shutts-law.com
- Corali Lopez-Castro    clc@kttlaw.com, rcp@kttlaw.com
- Todd C Meyers    tmeyers@kilpatrickstockton.com,
  rrahman@kilpatrickstockton.com;lcanty@kilpatrickstockton.com
- Miami-Dade County Tax Collector    mdtcbkc@miamidade.gov
- Dennis A. Nowak    dnowak@fowler-white.com, agrage@fowler-white.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Geoffrey T Raicht    graicht@mwe.com,
  rrodriguez@mwe.com;nhazan@mwe.com;
  kotero@mwe.com;wjanke@mwe.com;akratenstein@mwe.com;trodriguez@mwe.
  com
- Craig V Rasile    crasile@hunton.com,
  mtucker@hunton.com,mmannering@hunton.com,adeboer@hunton.com
- Patricia A Redmond    predmond@stearnsweaver.com,
  jrivera@stearnsweaver.com; rross@stearnsweaver.com;mmesones-
  mori@stearnsweaver.com
- David Samole    das@kttlaw.com, mc@kttlaw.com;ycc@kttlaw.com
- Michael C Sontag    msontag@clplaw.net
- Jonathan C. Vair    jvair@stearnsweaver.com, cgraver@stearnsweaver.com;
  tcotter@stearnsweaver.com;rross@stearnsweaver.com;
  mmesones-mori@stearnsweaver.com
- Mark J Wolfson    mwolfson@foley.com, btanner@foley.com;jhayes@foley.com

## Manual Notice List

Bridget Schessler, VP
The Bank of New York Mellon
525 William Penn Place
7th Floor
Pittsburgh, PA 15259

MIA 181,729,448v2

# EXHIBIT 1-A

### Summary of Professional and Paraprofessional Time
### Total per Indivdual for this Period Only

**ATTACHMENT TO FIFTH INTERIM FEE APPLICATION**

BANKUNITED FINANCIAL CORPORATION, et al.
Case No. 09-19940-LMI
October 1, 2010 through January 31, 2011

| Name of Professional Person | Position of the Applicant/ Year of Admittance/ Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Fees |
|---|---|---|---|---|
| Yale S. Bogen | Consultant | $395.00 | 64.8 | $25,596.00 |
| Clare M. Pierce | Vice President/ Consultant | $435.00 | 26.9 | 11,701.50 |
| M. Chris Adams | Consultant | $240.00 | 0.3 | 72.00 |
| **TOTALS** | | | **92.0** | **$37,369.50** |
| **BLENDED RATE:**     **$406.19** | | | | |

# EXHIBIT 1-B

## Summer of Professional and Paraprofessional Time
## by Activity Code Catergory for this Time Period Only

BANKUNITED FINANCIAL CORPORATION. et al.
Case No. 09-19940-LMI
October 1, 2010 through January 31, 2011

| Activity Category/ Name | Total Hours | Total Fees |
|---|---|---|
| Fee Application / Client Billing | | |
| Yale S. Bogen | 8.5 | $3,357.50 |
| Activity Subtotal: | 8.5 | $3,357.50 |
| Attend Court Hearings / Review Pleadings | | |
| Yale S. Bogen | 2.5 | $987.50 |
| Activity Subtotal: | 2.5 | $987.50 |
| Accounting / Auditing | | |
| Yale S. Bogen | 14.5 | $5,727.50 |
| Activity Subtotal: | 14.5 | $5,727.50 |
| Plan of Reorganization / Disclosure Statement | | |
| Yale S. Bogen | 3.1 | $1,224.50 |
| Activity Subtotal: | 3.1 | $1,224.50 |
| Monthly Bankruptcy / Semi-Annual Reports | | |
| Yale S. Bogen | 8.7 | $3,436.50 |
| Activity Subtotal: | 8.7 | $3,436.50 |
| Claims Analysis / Objections | | |
| Yale S. Bogen | 4.0 | $1,580.00 |
| Clare M. Pierce | 26.9 | 11,701.50 |
| Activity Subtotal: | 30.9 | $13,281.50 |

| Activity Category/<br>Name | Total Hours | Total Fees |
|---|---|---|
| Tax Issues | | |
| Yale S. Bogen | 8.2 | $3,239.00 |
| Activity Subtotal: | 8.2 | $3,239.00 |
| Employee Benefits / Pension / Insurance | | |
| Yale S. Bogen | 0.2 | $79.00 |
| Activity Subtotal: | 0.2 | $79.00 |
| Litigation Support | | |
| Yale S. Bogen | 12.3 | $4,858.50 |
| M. Chris Adams | 0.3 | 72.00 |
| Activity Subtotal: | 12.6 | $4,930.50 |
| Officer and Director Issues | | |
| Yale S. Bogen | 1.4 | $553.00 |
| Activity Subtotal: | 1.4 | $553.00 |
| BUFC – CRE America Corporation | | |
| Yale S. Bogen | 1.2 | $474.00 |
| Activity Subtotal: | 1.2 | $474.00 |
| BUFC – BankUnited Financial Services | | |
| Yale S. Bogen | 0.2 | $79.00 |
| Activity Subtotal: | 0.2 | $79.00 |
| **TOTALS** | **92.0** | **$37,369.50** |

# EXHIBIT 2

## Summary of requested Reimbursement of Expenses

BANKUNITED FINANCIAL CORPORATION. et al.
Case No. 09-19940-LMI
October 1, 2010 through January 31, 2011

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Postage | | $59.93 |
| Long Distance Phone | | 727.72 |
| Photocopy Charge | (1,793 @ $0.15) | 268.95 |
| Other Office (check stock) | | 102.70 |
| Overnight Delivery | See Summary | 85.43 |
| **TOTAL** | | **$1,244.73** |

BANKUNITED FINANCIAL CORPORATION
SUMMARY OF OVERNIGHT/MESSENGER EXPENSES

| DATE | RECIPIENT | AMOUNT |
|------|-----------|--------|
| 10/06/2010 | MORRISON BROWN | $17.10 |
| 12/28/2010 | T. MEYERS | 18.54 |
| 12/28/2010 | C. ZUCKER | 20.12 |
| 12/28/2010 | C. CASTRO | 16.21 |
| 12/28/2010 | M. FARRA | 13.46 |
| | TOTAL | $85.43 |

# EXHIBIT 3

BankUnited Financial Corporation and Subsidiaries

|            |     |                                                                                                                                                                                                                                                                                                                                 | HOURS |
|------------|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|
| 10/04/2010 | YSB | Review expenses for September 2010 and e-mail comments to Joe Luzinski.                                                                                                                                                                                                                                                          | 0.10  |
| 10/05/2010 | YSB | Review response from Joe Luzinski regarding expenses for September 2010 and e-mail to Chris DePaul requesting documentation.                                                                                                                                                                                                      | 0.10  |
|            | YSB | Review supporting documentation for September 2010 expenses and e-mail same and comments to Joe Luzinski; review response from Joe Luzinski and e-mail to Chris DePaul requesting correction; review updated expenses and forward same to Susan Ryan for further processing.                                                        | 0.20  |
| 10/07/2010 | YSB | Review draft time records for September 2010 and telephone call and e-mail to Paula Fela to inform her that August is still included in the report and to provide other comments; review final time records and summary reports; e-mail reports to Susan Ryan requesting that she prepare the final application for September 2010. | 0.40  |
| 10/08/2010 | YSB | Review application prepared by Susan Ryan of monthly fees and reimbursement of expenses for September 2010; correct as necessary; compile report and e-mail to Scott Grossman for further processing.                                                                                                                             | 0.40  |
|            | YSB | E-mail September 2010 monthly invoice to Paula Fela and Chris DePaul and request reports needed for the interim fee application.                                                                                                                                                                                                  | 0.10  |
| 10/15/2010 | YSB | E-mail to Paula Fela reminding her to send the time records in order to prepare the fee application.                                                                                                                                                                                                                             | 0.10  |
| 10/21/2010 | YSB | E-mails with Scott Grossman regarding fee application.                                                                                                                                                                                                                                                                           | 0.10  |
| 10/22/2010 | YSB | Work on fee application; discussion with Scott Grossman regarding application; e-mail draft application to Chris DePaul for review; request additional reports from Paula Fela in order to complete fee application; review response from Chris DePaul to her review of the draft fee application and update accordingly; e-mail final draft of the fee application to Joe Luzinski and Scott Grossman. | 3.50  |
| 10/23/2010 | YSB | Review comments from Scott Grossman to his review of the draft fee application; update fee application and finalize; e-mail final fee application to Maribel Fortanez for filing; e-mail final fee application to Chris DePaul and Paula Fela.                                                                                       | 0.50  |
| 11/02/2010 | YSB | Initial review of time records for October 2010; e-mail to Steve Kellogg regarding time entry and                                                                                                                                                                                                                                |       |

BankUnited Financial Corporation and Subsidiaries                    02/21/2011

|  |  |  | HOURS |  |
|---|---|---|---|---|
|  |  | requesting clarification; review response from Steve Kellogg and e-mail comments to time records to Paula Fela. | 0.30 |  |
|  | YSB | Review expenses for October 2010 and e-mail approval to Chris DePaul; review time records for October 2010 and e-mail comments to Paula Fela. | 0.30 |  |
| 11/03/2010 | YSB | Review e-mail from Paula Fela providing the final time records for October 2010; e-mail time records to Susan Ryan requesting that she prepare the monthly application. | 0.10 |  |
| 11/10/2010 | YSB | Review final monthly application for fees and reimbursement for expenses for October 2010 and approve same; forward application to Scott Grossman for noticing; forward application to Susan Ryan, Paula Fela and Chris DePaul. | 0.40 |  |
| 12/03/2010 | YSB | E-mails to Paula Fela and Chris DePaul requesting time records and expenses in order to prepare the monthly request for fees and reimbursement of expenses. | 0.10 |  |
| 12/06/2010 | YSB | Review expenses for November 2010 and e-mail comments to Chris DePaul. | 0.10 |  |
| 12/09/2010 | YSB | Review time records for November 2010; e-mail comments to Paula Fela. | 0.30 |  |
|  | YSB | E-mail time records for November 2010 to Susan Ryan requesting that she prepare the monthly application for fees. | 0.10 |  |
| 12/10/2010 | YSB | Review draft and final application for fees and expenses for November 2010; compile report and e-mail same to Scott Grossman for circulation. | 0.40 |  |
| 01/14/2011 | YSB | E-mail to Paula Fela and Chris DePaul requesting December time and expenses. | 0.10 |  |
|  | YSB | Review time records for December 2010 and e-mail comments to Paula Fela. | 0.20 |  |
| 01/17/2011 | YSB | Review December 2010 expenses and provide comments to Chris DePaul; forward expenses to Susan Ryan; request from Paula Fela the final time records for December 2010 and review same; e-mail time records to Susan Ryan and request that she prepare the monthly application for fees and expenses. | 0.20 |  |
| 01/18/2011 | YSB | Review monthly fee application for December 2010 as prepared by Susan Ryan and update as needed; e-mail final application to Scott Grossman for noticing. | 0.30 |  |
| 01/20/2011 | YSB | Review e-mail from Scott Grossman as to the timing of the next fee application. | 0.10 |  |
|  |  | Fee Application/Client Billing | 8.50 | 3,357.50 |
| 10/02/2010 | YSB | Review BUFC's motion for enlargement of time. | 0.10 |  |
| 10/08/2010 | YSB | Review Amended Rule 26(a) (1) disclosures in the FDIC matter as forwarded by Scott Grossman and provide comments to Scott Grossman; review comments made by Mark Bloom and Joe Luzinski regarding their |  |  |

BankUnited Financial Corporation and Subsidiaries

| | | | HOURS | |
|---|---|---|---|---|
| | | review, and review follow-up e-mail from Scott Grossman regarding filing of disclosures. | 0.30 | |
| 10/10/2010 | YSB | Review the FDIC's Second Amended Disclosures. | 0.20 | |
| 10/20/2010 | YSB | Review filed copies of the monthly operating report as forwarded by Maribel Fortanez. | 0.10 | |
| 10/25/2010 | YSB | Review filed fee applications for DSI and Morrison Brown. | 0.30 | |
| | YSB | Review filed fee application for Greenberg Traurig. | 0.20 | |
| 10/30/2010 | YSB | Review e-mail from Scott Grossman regarding the filing of the notice of the fee applications and review notice. | 0.10 | |
| 11/09/2010 | YSB | Review Agreed Order Extending Deadlines in the Amended Complaint in the FDIC matter. | 0.10 | |
| | YSB | Review filed Supplemental Brief in Opposition of Motion for Order of Automatic Stay Does Not Apply as provided by Scott Grossman. | 0.10 | |
| 11/10/2010 | YSB | Review Order Granting Motion to File Under Seal Supplemental Applications. | 0.10 | |
| 11/11/2010 | YSB | Review e-mail from Scott Grossman providing notice of monthly fee application. | 0.10 | |
| 11/19/2010 | YSB | Review e-mail from Scott Grossman providing notice of cancellation of November 29th hearing on FDIC matter. | 0.10 | |
| 11/21/2010 | YSB | Review Notice of Appearance by Jeff Kucera for Camden Asset Management. | 0.10 | |
| 11/28/2010 | YSB | Review draft motion for summary judgment relating to the capital maintenance claim. | 0.40 | |
| 12/23/2010 | YSB | Review confirmation from Scott Grossman as to the filing of the monthly operating reports. | 0.10 | |
| 01/03/2011 | YSB | Review motion to approve fourth extension of chief restructuring officer. | 0.10 | |
| | | Attend Court Hrgs/Rev Pleadgs | 2.50 | 987.50 |
| 10/02/2010 | YSB | Review and approve invoice from RR Donnelley. | 0.10 | |
| | YSB | Review September 2010 statement from Malta Hedge Fund as forwarded by Mark Bloom. | 0.10 | |
| 10/04/2010 | YSB | Review preliminary statement from Malta Hedge Fund as received from Joe Luzinski and compare to statement received from Mark Bloom to confirm that they are the same. | 0.10 | |
| 10/06/2010 | YSB | Review e-mail from Scott Grossman providing letter from U.S. Bank as to interest rate set on debentures. | 0.10 | |
| 10/07/2010 | YSB | Conference call with Lynn Fowler, Mike Farra, Mark Bloom, Todd Meyers, Scott Grossman and Ken Zuckerbrot regarding tax and plan matters. | 0.60 | |

BankUnited Financial Corporation and Subsidiaries

|            |     |                                                                                                                                                                                                          | HOURS |
|------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|
| 10/08/2010 | YSB | Review e-mail from Scott Grossman to various recipients providing the copy of the monthly application of fees and reimbursements for expenses for DSI.                                                     | 0.10  |
| 10/09/2010 | YSB | Review mid-year statement from SOAM Partners as forwarded by Joe Luzinski.                                                                                                                                | 0.10  |
|            | YSB | Review e-mail from Todd Meyers, as forwarded by Joe Luzinski, regarding payment for June fees and expenses; research and reconcile payments; e-mail response to Joe Luzinski.                               | 0.30  |
| 10/10/2010 | YSB | Review response from Joe Luzinski regarding correction to payment made to Kilpatrick Stockton for June time and expenses; e-mail to Susan Ryan requesting payment; update professional fee schedule.       | 0.30  |
| 10/11/2010 | YSB | Review e-mails between Joe Luzinski and Todd Meyers regarding additional check to pay fees.                                                                                                               | 0.10  |
| 10/17/2010 | YSB | Review e-mail from Bradley Bennett of Gleacher & Company requesting a call back; research and forward e-mail and comments to Joe Luzinski.                                                                 | 0.20  |
| 10/18/2010 | YSB | Review invoice from RR Donnelley and approve for payment.                                                                                                                                                | 0.10  |
| 10/19/2010 | YSB | Review September 2010 Malta Hedge Fund statement as forwarded by Mark Bloom.                                                                                                                              | 0.10  |
| 10/20/2010 | YSB | Calculate quarterly disbursements for each debtor and provide check request for quarterly fees to Susan Ryan.                                                                                             | 0.20  |
|            | YSB | Prepare spreadsheets for reporting of Form 8K and e-mail same to Lorne Cantor for further processing.                                                                                                     | 0.40  |
| 10/23/2010 | YSB | Review and respond to e-mail from Joe Luzinski regarding payment of professional fees and Board of Directors' fees.                                                                                        | 0.10  |
|            | YSB | Review professional fee statements for September 2010 and prepare payment analysis; e-mail to Susan Ryan requesting that she prepare the checks for the professional fees on November 1st provided there are no objections. | 0.30  |
| 10/27/2010 | YSB | Prepare schedule of payments to be made to Directors; update schedule for previous payment; provide schedule and check request to Susan Ryan for further processing.                                       | 0.30  |
| 10/28/2010 | YSB | E-mails with Joe Luzinski, Mark Bloom and Scott Grossman regarding meeting to review case status.                                                                                                        | 0.10  |
|            | YSB | E-mails with Joe Luzinski, Scott Grossman and Mark Bloom regarding meeting to discuss case status.                                                                                                        | 0.10  |
| 11/01/2010 | YSB | Reviews statement from Malta Hedge Fund as forwarded by Joe Luzinski.                                                                                                                                     | 0.10  |
| 11/03/2010 | YSB | Prepare for and attend status meeting with Joe Luzinski, Mark Bloom and Scott Grossman.                                                                                                                   | 3.00  |

BankUnited Financial Corporation and Subsidiaries                    02/21/2011

|            |     |                                                                                                                                                                                              | HOURS |
|------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|
| 11/10/2010 | YSB | E-mail to Scott Grossman to follow up on noticing of application for fees and expenses, continue the status meeting and the motion for the virtual data room.                                    | 0.10  |
| 11/11/2010 | YSB | Review various notices received relating to New BankUnited and e-mail same to Scott Grossman requesting follow-up; review comments from Joe Luzinski as to passing the notices on to New BankUnited's counsel; forward notices to Bill Knight as New BankUnited. | 0.30  |
| 11/12/2010 | YSB | Call with Scott Grossman to discuss plan of reorganization, motion to employ Epiq for the virtual data room, FDIC matters, preferences and other related issues.                                | 0.50  |
| 11/16/2010 | YSB | Review invoice from RR Donnelley, approve same, and provide check request to Susan Ryan.                                                                                                        | 0.10  |
|            | YSB | Review statement from Malta Hedge Fund as sent by Mark Bloom.                                                                                                                                   | 0.10  |
| 11/21/2010 | YSB | Review e-mail from Kathy May regarding the fact that she will be out of the office and provide alternate contact information.                                                                    | 0.10  |
|            | YSB | Review e-mail from Joe Luzinski forwarding e-mail from AST and respond accordingly to Joe Luzinski.                                                                                             | 0.10  |
| 11/22/2010 | YSB | Review statement from Malta Hedge Fund as forwarded by Joe Luzinski.                                                                                                                           | 0.10  |
| 11/24/2010 | YSB | Review invoice from AST and discuss same with Susan Ryan including outstanding amount; e-mail to Lorne Cantor regarding invoice from AST and requesting alternate vendor.                        | 0.20  |
| 11/28/2010 | YSB | E-mail to Susan Ryan approving the AST invoice and requesting payment along with requesting follow up with the vendor as to the outstanding amount.                                             | 0.10  |
| 11/29/2010 | YSB | Review e-mail from Joe Luzinski regarding monthly fee applications and respond accordingly; e-mail to Emilio Escandon regarding monthly application of fees for Morrison Brown.                  | 0.10  |
|            | YSB | Follow-up e-mails with Emilio Escandon regarding invoice for November 2010.                                                                                                                    | 0.10  |
| 11/30/2010 | YSB | E-mails with Joe Luzinski regarding status of professional fee payments.                                                                                                                       | 0.10  |
| 12/01/2010 | YSB | Review e-mail from Mark Bloom including attachment of the November statement for Malta Hedge Fund.                                                                                              | 0.10  |
|            | YSB | E-mails and telephone call with Susan Ryan regarding status of professional fee payments.                                                                                                      | 0.10  |
| 12/02/2010 | YSB | Update professional fee schedule for fourth quarter 2010; review monthly application of fees and expenses for professionals and prepare check request; provide check request to Susan Ryan for further processing. | 0.50  |
|            | YSB | Review completed checks for professional fees as prepared by Susan Ryan and approve same.                                                                                                       | 0.10  |

BankUnited Financial Corporation and Subsidiaries

|  |  |  | HOURS |
|---|---|---|---|
|  | YSB | Prepare Excel reports for filing of the Form 8-K and e-mail same to Lorne Cantor. | 0.40 |
| 12/06/2010 | YSB | Review Morrison Brown application for fees and expenses for October 2010 as sent by Joe Luzinski and respond to comments from Joe Luzinski. | 0.20 |
|  | YSB | Review and respond to e-mail from Lorne Cantor regarding meeting to discuss payment of fees. | 0.10 |
| 12/07/2010 | YSB | Review e-mail from Scott Grossman to the creditors' committee regarding payment of professional fees for November 2010. | 0.10 |
|  | YSB | Discussion with Lorne Cantor and Omar (no last name) in the accounting department to reconcile the latest payment made to Greenberg Traurig; e-mail comments to Joe Luzinski regarding same. | 0.30 |
| 12/08/2010 | YSB | Review e-mail from Lorne Cantor to Joe Luzinski regarding status of Form 8-K. | 0.10 |
| 12/16/2010 | YSB | Review November 2010 statement from Malta Hedge Fund; update QuickBooks for change in value. | 0.20 |
| 12/20/2010 | YSB | Review professional fees for November 2010 as forwarded by Joe Luzinski; prepare schedule of payments and e-mail same and comments to Susan Ryan for further processing. | 0.40 |
| 12/21/2010 | YSB | Review checks prepared for payment to professionals. | 0.20 |
| 12/22/2010 | YSB | Prepare report for the filing of the Form 8K and e-mail same to Lorne Cantor for further processing. | 0.20 |
| 12/27/2010 | YSB | Review e-mail from Joe Luzinski providing questionnaire from Sandler O'Neill as to the investment in Malta Hedge Fund and other comments; review questionnaire and respond accordingly to Joe Luzinski. | 0.20 |
| 12/28/2010 | YSB | Review e-mail from Joe Luzinski to Lorne Cantor providing information sent by Sandler O'Neill concerning Malta Hedge Fund and requesting assistance in completing form. | 0.10 |
| 01/03/2011 | YSB | Review invoice from RR Donnelley and approve same; provide invoice to Susan Ryan for further processing. | 0.10 |
|  | YSB | Review statements from JP Morgan Chase and provide same to Susan Ryan for archiving. | 0.10 |
|  | YSB | Telephone call with Scott Grossman regarding open matters including St. Regis, Tew Cardenas and the virtual data room among other matters. | 0.20 |
| 01/04/2011 | YSB | Review statement from Malta Hedge Fund as forwarded by Joe Luzinski. | 0.10 |
|  | YSB | E-mail to M. Zlotta at Aurelius Capital responding to his previous question on the balance sheet. | 0.10 |
| 01/06/2011 | YSB | Review e-mail from Joe Luzinski regarding renewal of the annual report and e-mail comments to Joe Luzinski. | 0.10 |

BankUnited Financial Corporation and Subsidiaries                    02/21/2011

|  |  |  |  | HOURS |
|---|---|---|---|---|
| 01/14/2011 | YSB | Review statement from Malta Hedge Fund as forwarded by Joe Luzinski. | | 0.10 |
| 01/16/2011 | YSB | Review e-mail from Joe Luzinski providing correspondence from AST and review information; respond accordingly to Joe Luzinski as to the purpose of such correspondence. | | 0.20 |
| 01/17/2011 | YSB | Review invoice from RR Donnelley, approve and provide to Susan Ryan in order to prepare check. | | 0.10 |
| 01/18/2011 | YSB | E-mails with Joe Luzinski regarding the timing for the next fee application. | | 0.10 |
| | YSB | Review e-mail from Scott Grossman providing notice of the December 2010 fee request. | | 0.10 |
| 01/23/2011 | YSB | Review requests for professional fees for December 2010 and prepare schedule of payment and payment request for Susan Ryan; review attendance at meetings of the Board of Directors and prepayment payment request for Susan Ryan in order to pay for the fourth quarter 2010 attendance. | | 0.40 |
| 01/25/2011 | YSB | Review e-mail from Joe Luzinski providing the fourth quarter 2010 statement from SOAM Capital Partners and review statement. | | 0.10 |
| | YSB | Review e-mail from Mark Bloom providing a statement from SOAM Capital Partners and compare statement to the one received from Joe Luzinski to ensure that they are the same. | | 0.10 |
| 01/27/2011 | YSB | Prepare schedules for the Form 8K filing and e-mail schedules to Lorne Cantor requesting that he process the filing. | | 0.40 |
| | | Accounting/Auditing | | 14.50 | 5,727.50 |
| 10/06/2010 | YSB | Review series of e-mails from Scott Grossman, Todd Meyers, Ken Zuckerbrot and others as to the status of a conference call to discuss the Plan of Reorganization; respond accordingly to Scott Grossman. | | 0.20 |
| 10/30/2010 | YSB | Review letter from Joe Luzinski to all debtholders requesting contact. | | 0.10 |
| 11/06/2010 | YSB | Review e-mail from Mark Bloom containing a fee proposal from an investment banker. | | 0.10 |
| 11/07/2010 | YSB | Review e-mail from Mark Bloom providing detail of response from noteholder to request for information. | | 0.10 |
| 11/10/2010 | YSB | Review e-mail from Mark Bloom regarding information in a similar case and compare to matters in current case. | | 0.10 |
| 11/11/2010 | YSB | Review draft plan of reorganization and provide comments to Scott Grossman. | | 1.50 |
| 11/17/2010 | YSB | Review letter from counsel to the Benedictine Sisters of Perpetual Adoration regarding their holdings and response to letter sent to senior note holders. | | 0.10 |

BankUnited Financial Corporation and Subsidiaries

|  |  |  | HOURS |  |
|---|---|---|---|---|
| 11/21/2010 | YSB | Review latest draft of the plan of reorganization and e-mail comments to Mark Bloom. | 0.40 |  |
|  | YSB | Review e-mail from Mark Bloom regarding comments from Todd Meyers as to comments to the Plan of Reorganization. | 0.10 |  |
|  | YSB | Review e-mail from Scott Grossman providing comments to plan of reorganization by creditors committee counsel and review related response from Scott Grossman. | 0.20 |  |
|  | YSB | Review e-mail from Mark Bloom providing confirmation of senior debt holder, St. Mary's School. | 0.10 |  |
| 12/11/2010 | YSB | Review e-mails from Mark Bloom, Ken Zuckerbrot and Todd Meyers regarding Scott Grossman's call with the SEC regarding the plan of reorganization. | 0.10 |  |
|  |  | Plan of Reorg./Disclosure Stmt | 3.10 | 1,224.50 |
| 10/20/2010 | YSB | Prepare monthly operating reports for September 2010; provide reports to Joe Luzinski for review and further processing; compile signed reports and e-mail same to Scott Grossman for review and filing. | 1.70 |  |
| 11/28/2010 | YSB | Begin preparation of the monthly operating report; e-mails to Susan Ryan and Joe Luzinski regarding report and bank reconciliation. | 0.30 |  |
| 12/02/2010 | YSB | Prepare monthly operating reports; discussions with Susan Ryan regarding bank reconciliations; provide monthly operating reports to Joe Luzinski for review and signature. | 1.80 |  |
|  | YSB | Obtain signed monthly operating reports from Joe Luzinski; compile pages; e-mail monthly operating reports to Scott Grossman and Maribel Fortanez for filing. | 0.20 |  |
| 12/20/2010 | YSB | Begin preparation of the monthly operating report. | 0.50 |  |
| 12/21/2010 | YSB | Complete monthly operating report for November 2010; reconcile balance sheet accounts; provide monthly operating reports to Joe Luzinski for further processing. | 1.50 |  |
| 12/22/2010 | YSB | Discussion with Joe Luzinski regarding the monthly operating reports; compile signed reports and e-mail same to Scott Grossman for review and filing; review e-mail from Scott Grossman providing his approval and confirming that he will file the reports. | 0.40 |  |
| 01/10/2011 | YSB | Begin working on monthly operating report for December 2010. | 1.00 |  |
| 01/20/2011 | YSB | Finalize December 2010 monthly operating reports and provide drafts to Joe Luzinski for review and approval. | 0.60 |  |
| 01/26/2011 | YSB | E-mails with Susan Ryan regarding status of the monthly operating report. | 0.10 |  |
| 01/27/2011 | YSB | Compile signature pages for the monthly operating reports and forward completed reports to Scott Grossman. | 0.50 |  |

BankUnited Financial Corporation and Subsidiaries                    02/21/2011

                                                                 HOURS

| | | | | |
|---|---|---|---|---|
| 01/28/2011 | YSB | Review e-mail and related attachments from Maribel Fortenez regarding filing of the monthly operating reports. | 0.10 | |
| | | Monthly Bktcy/Semi-Annual Rpts | 8.70 | 3,436.50 |
| 10/01/2010 | CMP | Review the claims register for completeness and consistency of claims objections, prepare letters to creditors where there is insufficient documentation or where the claim appears to be a bank claim, prepare a cover e-mail and send the file to Joe Luzinski, Yale Bogen, Scott Grossman and Aaron Honnaker. | 6.80 | |
| 10/02/2010 | YSB | Review e-mail from Clare Pierce regarding claim from the State of Kentucky for tax filings and respond accordingly to Clare Pierce. | 0.10 | |
| | YSB | Review claims analysis prepared by Clare Pierce and research outstanding matters; e-mail comments to Joe Luzinski, Clare Pierce, Scott Grossman and Aaron Honnaker. | 0.40 | |
| 10/05/2010 | CMP | Additional claims review work based on an e-mail received from Scott Grossman. | 4.30 | |
| 10/11/2010 | YSB | Review e-mail from Mark Bloom, as forwarded by Joe Luzinski, regarding classes and amounts of claim in preparation for the Board meeting; analyze claims database as prepared by Clare Pierce and e-mail data to Joe Luzinski. | 0.50 | |
| 10/18/2010 | CMP | Prepare claims summary for Mark Bloom for today's conference call with the Board of Directors. | 3.20 | |
| | YSB | Review withdrawal of claim by Riverside County and new proof of claim; e-mail to Clare Pierce regarding claims; follow-up e-mails to Clare Pierce regarding physical location of the debtor. | 0.20 | |
| 10/19/2010 | CMP | Prepare analysis of claims for plan negotiation purposes, discussions with Scott Grossman (2) regarding the bonds and related classes and assign class numbers to claims based on several e-mails Scott forwarded from other Greenberg attorneys who have analyzed the situation. | 4.30 | |
| | YSB | Review e-mail from Clare Pierce to claimant Riverside County regarding amended claim; review response from Riverside County and related supporting documentation. | 0.30 | |
| 10/20/2010 | CMP | Telephone call with Scott Grossman regarding the claims report for the conference call today and go through all of the "Z" claims with Scott to be sure they are properly classified, research the Trust III proof of claim. | 2.40 | |
| | YSB | Review e-mail from Clare Pierce regarding the updated claims analysis by class. | 0.10 | |
| 10/23/2010 | YSB | Review address list of locations provided by Riverside County for their claim as provided by Clare Pierce and respond accordingly to Clare Pierce. | 0.10 | |

BankUnited Financial Corporation and Subsidiaries

| | | | HOURS |
|---|---|---|---|
| 10/25/2010 | CMP | Review one of three CDs of information provided by AT&T and its related subsidiaries that support their proof of claim. | 1.30 |
| 10/26/2010 | CMP | Continue reviewing the CDs received from AT&T with support for their proofs of claim. | 3.20 |
| 10/27/2010 | YSB | Conference call with Ken Zuckerbrot, Lorne Cantor, Scott Grossman and Mark Bloom to discuss handling calls from equity creditors. | 0.50 |
| | YSB | Conversation with Joe Luzinski to go over call held earlier today to discuss handling calls from equity creditors. | 0.30 |
| 10/30/2010 | YSB | Review e-mail from Clare Pierce regarding the AT&T claim. | 0.10 |
| 11/01/2010 | CMP | Review status of claims and call with Aaron Honnaker regarding setting up a conference call to prepare claims objections. | 0.30 |
| 11/03/2010 | YSB | Discussion with Clare Pierce regarding status of claims analysis and obtain latest claims register review of the claims register. | 0.30 |
| 11/09/2010 | CMP | E-mail exchange with Aaron Honaker regarding the claims objections and arrange call for Thursday morning. | 0.20 |
| 11/19/2010 | CMP | Review claims register with Aaron Honaker (.5), call to American Home Assurance claim #79 regarding our request that they amend their claim (.3) and prepare summary e-mail to the BankUnited team regarding status of claims and that we are now ready to prepare objections (.1). | 0.90 |
| 11/21/2010 | YSB | Review e-mail from Clare Pierce to Aaron Honaker regarding claims schedule and objections and review latest claims schedule. | 0.20 |
| | YSB | Review e-mail from Joe Luzinski providing the claims database from Clare Pierce and respond accordingly to Joe Luzinski. | 0.10 |
| 12/27/2010 | YSB | Review e-mail from Joe Luzinski providing additional filed claims to Clare Pierce and review claims; review follow-up e-mails between Joe Luzinski and Clare Pierce as to the status of the claims objections. | 0.20 |
| 01/04/2011 | YSB | Review e-mail from Joe Luzinski forwarding e-mail from Frank Ruggiero of American Stock Transfer Company; telephone call with Frank Ruggiero to discuss outstanding invoice; e-mail to Joe Luzinski, Scott Grossman and Lorne Cantor providing background and request input. | 0.30 |
| 01/05/2011 | YSB | Review e-mail from Joe Luzinski responding to my e-mail about a possible claim from American Stock Transfer Company and requesting input from Scott Grossman and Lorne Cantor. | 0.10 |
| 01/16/2011 | YSB | E-mail to Scott Grossman and Lorne Cantor regarding | |

BankUnited Financial Corporation and Subsidiaries

|            |     |                                                                                                                                                                                                                                                                                                                                      | HOURS |           |
|------------|-----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|-----------|
|            |     | issue with American Stock Transfer and requesting their input.                                                                                                                                                                                                                                                                        | 0.10  |           |
| 01/18/2011 | YSB | Review e-mails from Scott Grossman and Joe Luzinski regarding the claim of American Stock Transfer.                                                                                                                                                                                                                                    | 0.10  |           |
|            |     | Claims Analysis/Objections                                                                                                                                                                                                                                                                                                            | 30.90 | 13,281.50 |
| 10/02/2010 | YSB | Review e-mail from Mark Bloom regarding his and Scott Grossman's call with counsel to the FDIC regarding motion to enlarge time for relief of stay relating to tax filings.                                                                                                                                                            | 0.10  |           |
|            | YSB | Review follow-up e-mail from Ken Zuckerbrot, Todd Meyers, Mark Bloom, Lynn Fowler and Mike Farra regarding tax return filing.                                                                                                                                                                                                          | 0.10  |           |
| 10/05/2010 | YSB | E-mails with Joe Luzinski regarding status of amended tax returns.                                                                                                                                                                                                                                                                    | 0.10  |           |
|            | YSB | Conference call with Greenberg Traurig, Joe Luzinski, JH Cohn and Kirkpatrick Stockton regarding filing of amended tax return and motion by FDIC for relief from stay; follow-up conversations with Joe Luzinski, Ken Zuckerbrot, Mark Bloom and Scott Grossman regarding filing amended returns.                                      | 0.80  |           |
| 10/06/2010 | YSB | Review e-mail from Scott Grossman including additional statement to be attached to the amended tax returns; review additional e-mails from Joe Luzinski, Mike Farra and Todd Meyers regarding amended tax returns.                                                                                                                      | 0.20  |           |
|            | YSB | Review e-mail from Mike Farra including amended tax returns for prior years; review response from Lynn Fowler agreeing to the amended returns.                                                                                                                                                                                         | 0.20  |           |
| 10/18/2010 | YSB | Confirm with Joe Luzinski the letter from the IRS regarding the approval of the tax refund; review e-mails between Joe Luzinski and Mark Bloom as to the letter.                                                                                                                                                                        | 0.10  |           |
| 10/29/2010 | YSB | Prepare for calls to review issues relating to tax returns prepared by Morrison Brown as compared to the tax returns prepared by the FDIC including pre-meeting with Emilio Escandon, Scott Grossman and Mike Farra, meeting with same and FDIC and FDIC's counsel and follow-up call with Emilio Escandon, Mike Farra and Scott Grossman to recap earlier meeting; follow-up call with Scott Grossman to discuss related matters to the reconciliation of the tax returns. | 1.20  |           |
| 10/30/2010 | YSB | Review e-mails from Scott Grossman recapping the tax call yesterday and review attachments to the e-mail; review follow-up response from Ken Zuckerbrot; e-mail additional comments to Scott Grossman and Joe Luzinski.                                                                                                                 | 0.40  |           |
| 11/01/2010 | YSB | Conference call with Joe Luzinski, Scott Grossman, Mark Bloom, Mark Leeds, Ken Zuckerbrot, Emilio Escandon and Mike Farra to discuss the return prepared by the FDIC.                                                                                                                                                                   | 1.00  |           |
| 11/02/2010 | YSB | Review e-mail from Emilio Escandon regarding his review of the supporting entries to the FDIC tax                                                                                                                                                                                                                                      |       |           |

BankUnited Financial Corporation and Subsidiaries

|  |  |  | HOURS |  |
|---|---|---|---|---|
|  |  | return and review additional supporting documentation. | 0.30 |  |
|  | YSB | Conference call with Joe Luzinski, Mark Bloom, Scott Grossman, Mike Farra, Mark Leeds, Ken Zuckerbrot and Emilio Escandon to further discuss the FDIC tax return, changes needed to the filed tax returns and to the FDIC return and to discuss other related matters. | 0.80 |  |
| 11/07/2010 | YSB | Review e-mail from Mark Bloom to Emilio Escandon and Mike Farra regarding the allocation of the tax refund and the net operating loss calculation under various scenarios. | 0.10 |  |
| 11/10/2010 | YSB | Review letter from counsel to the FDIC to Judge Isicoff regarding tax status. | 0.30 |  |
| 11/15/2010 | YSB | Review e-mail from Scott Grossman providing a copy of the hearing notice for Friday, November 29th, regarding the FDIC letter to Judge Isicoff and follow-up e-mail from Mark Bloom; reply to series of e-mails regarding a conference call to discuss same. | 0.20 |  |
| 11/19/2010 | YSB | Conference call with Emilio Escando, Mike Farra, Mark Bloom, Scott Grossman, Bill Siegel and Ken Zuckerbrot regarding the FICA tax matter and related issues. | 1.00 |  |
| 11/21/2010 | YSB | Review statement from Malta Hedge Fund regarding 2010 tax estimate and forward same to Emilio Escandon along with additional comments. | 0.10 |  |
| 11/28/2010 | YSB | Review e-mail and attachments from Ken Zuckerbrot regarding the PFF Financial case and his comments to same. | 0.30 |  |
| 12/02/2010 | YSB | Review e-mail from Mark Bloom regarding informing the Court about filing a consolidated tax return; forward e-mail to Joe Luzinski to determine if any additional work is necessary. | 0.10 |  |
| 12/10/2010 | YSB | Discussion with Joe Luzinski regarding meeting for Monday to review tax returns with the FDIC. | 0.10 |  |
| 12/11/2010 | YSB | Review series of e-mails from Mark Bloom, Ken Zuckerbrot, Mike Farra, Mark Leeds and Emilio Escandon, as well as a host of others, regarding call with the FDIC and setting up a meeting with the FDIC to review the tax return. | 0.20 |  |
| 01/17/2011 | YSB | Prepare Forms 1099 and review same with Susan Ryan. | 0.40 |  |
| 01/27/2011 | YSB | Review e-mail from Mike Farra regarding his meeting with the FDIC and review of the 2009 tax return. | 0.10 |  |
|  |  | Tax Issues | 8.20 | 3,239.00 |
| 10/23/2010 | YSB | Review e-mails from Andrew Newman regarding participants' funds in the deferred compensation plan and respond accordingly to Andrew Newman as to the payout of the funds and the single invoice still remaining to be paid; review invoice to be paid. | 0.20 |  |

BankUnited Financial Corporation and Subsidiaries                    02/21/2011

| | | | HOURS | |
|---|---|---|---|---|
| | | Employee Ben./Pension/Insur. | 0.20 | 79.00 |

| | | | |
|---|---|---|---|
| 10/15/2010 | YSB | Review e-mail from Mark Bloom requesting documentation from the Joint Committee on Taxation approving the request for refund relating to the September 2008 tax return; telephone call with Susan Ryan requesting the documentation; review documentation found by Susan Ryan relating to same and respond accordingly; telephone call with Mark Bloom and Bill Siegel regarding the motion for summary judgment. | 0.40 |
| 10/21/2010 | YSB | Review related case of Dewey Financial and FDIC and e-mails to Scott Grossman and Mark Bloom to obtain case information and how it relates to the debtor; review response from Mark Bloom. | 0.30 |
| | YSB | Review numerous e-mails from Scott Grossman, Mark Bloom and Todd Meyers regarding the preference action against the FDIC; research information and respond accordingly. | 0.50 |
| | YSB | Review response from Mark Bloom regarding tax receipt and downstream of funds; follow-up response to Mark Bloom regarding same. | 0.10 |
| 10/22/2010 | YSB | Review e-mail from John Dodd to confirm certain tax amounts related to the FDIC's amended complaint. | 0.10 |
| | YSB | Review the draft response to the FDIC's amended motion and confirm information; discussion with Scott Grossman regarding same; review follow-up comments from Todd Meyers; follow-up e-mails to Scott Grossman and John Dodd confirming additional information; further e-mails with Maribel Fortanez regarding the draft response and related declaration. | 1.10 |
| 10/23/2010 | YSB | Review and respond to e-mail from Emilio Escandon confirming his agreement with the tax amounts in the response to the FDIC's motion. | 0.10 |
| | YSB | Review final and filed response to FDIC's motion for relief from stay as forwarded by Scott Grossman. | 0.20 |
| | YSB | Research issue relating to preference given to BankUnited, FSB for tax refunds and e-mail comments to Joe Luzinski, Mark Bloom and Scott Grossman. | 0.80 |
| 10/29/2010 | YSB | Review e-mail from Mark Bloom regarding information needed relating to tax refunds as it relates to the FDIC matter. | 0.10 |
| 10/30/2010 | YSB | Review e-mail from Bill Brandt regarding Baker and McKenzie suit in another matter and how that may relate to the current matter. | 0.10 |
| 11/03/2010 | YSB | Telephone conversation with Chris Adams regarding the status of the virtual data room. | 0.20 |
| 11/05/2010 | YSB | Review e-mail from Mark Bloom regarding scheduling order in the FDIC matter and his comments to same. | 0.20 |
| 11/07/2010 | YSB | Review e-mail from Mark Bloom to John Dodd regarding filing the motion to amend the scheduling order on the summary judgment motion with the FDIC. | 0.20 |

BankUnited Financial Corporation and Subsidiaries

|  |  |  |  | HOURS |  |
|---|---|---|---|---|---|
| 11/09/2010 | YSB | Review draft supplemental brief regarding FDIC standing to file competing tax return and related declaration by Mike Farra; e-mail to Mark Bloom and Scott Grossman regarding status of filing final brief. | 0.40 |  |  |
| 11/13/2010 | YSB | Review e-mail from Mark Bloom regarding letter to Judge Isicoff from counsel to the FDIC relating to their position on the tax filing and review the letter attached to the e-mail. | 0.20 |  |  |
| 11/19/2010 | MCA | Call with Bill McCabe to discuss status of data room project and next steps. | 0.30 |  |  |
| 11/24/2010 | YSB | Review e-mail from Jesse Stellato regarding capital maintenance issue; review files for supporting documentation and e-mail same to Jesse Stellato; follow-up telephone calls and e-mails with Jesse Stellato regarding documentation for capital maintenance plan. | 4.50 |  |  |
| 11/28/2010 | YSB | Review and respond to e-mail from Chris Adams regarding status of virtual data room. | 0.10 |  |  |
|  | YSB | E-mail to Scott Grossman and Aaron Honaker regarding review of documents relating to capital maintenance. | 0.10 |  |  |
|  | YSB | E-mail to Scott Grossman requesting a status on the motion for the virtual data room. | 0.10 |  |  |
|  | YSB | Continue review of documents relating to capital maintenance plan. | 1.80 |  |  |
| 12/02/2010 | YSB | E-mail to Scott Grossman regarding motion to approve Epiq for the virtual data room. | 0.10 |  |  |
|  | YSB | Follow-up e-mails with Scott Grossman regarding the motion to employ Epiq Systems for the virtual data room. | 0.10 |  |  |
| 12/06/2010 | YSB | Review e-mail from Jesse Stellato regarding capital maintenance issue and the amended complaint against the FDIC. | 0.10 |  |  |
| 12/07/2010 | YSB | Review and respond to e-mail from Scott Grossman regarding preparation of motion to employ Epiq Systems for the virtual data room. | 0.10 |  |  |
| 12/12/2010 | YSB | Review e-mail from Joe Luzinski regarding agenda for meeting of the Board of Directors and review response from Mark Bloom. | 0.10 |  |  |
| 12/22/2010 | YSB | Review e-mails from Joe Luzinski and Mark Bloom regarding extension to respond to interrogatories by the FDIC. | 0.10 |  |  |
| 01/26/2011 | YSB | Review e-mail from Scott Grossman regarding document production from PricewaterhouseCoopers. | 0.10 |  |  |
|  |  | Litigation Support | 12.60 | 4,930.50 |  |
| 11/16/2010 | YSB | Attend, telephonically, Board of Directors' meeting. | 1.30 |  |  |
| 12/09/2010 | YSB | Review e-mail from Mark Bloom regarding meeting of the Board of Directors and respond to invitation to attend. | 0.10 |  |  |

BankUnited Financial Corporation and Subsidiaries

| | | | HOURS | |
|---|---|---|---|---|
| | | Officer and Director Issues | 1.40 | 553.00 |
| 12/21/2010 | YSB | Research for notice from St. Regis regarding selection of dates for 2011; e-mail to Joe Luzinski to determine if he has received any notices from St. Regis regarding same. | 0.10 | |
| | YSB | Review response from Joe Luzinski regarding notices from St. Regis. | 0.10 | |
| 12/22/2010 | YSB | E-mail to Scott Grossman requesting he contact counsel for St. Regis inquiring on why we have not been contacted to secure dates for 2011. | 0.10 | |
| | YSB | Review response from Scott Grossman stating that he will look through his contacts in order to provide me with the contact information for St. Regis Club. | 0.10 | |
| 12/23/2010 | YSB | Review e-mail from Scott Grossman providing contact information for the St. Regis; voice mail message to operations manager at St. Regis to inquire about confirming dates for 2011. | 0.10 | |
| 01/10/2011 | YSB | Voice mail message to Douglas Hayes of St. Regis Club in order to reserve weeks for 2011. | 0.10 | |
| | YSB | Telephone call with Katie Johnson of St. Regis to discuss reservations for 2011. | 0.20 | |
| 01/24/2011 | YSB | Meet with Joe Luzinski regarding status of calls with St. Regis and choosing dates for 2011. | 0.30 | |
| | YSB | Forward e-mail from St. Regis regarding 2011 dates for timeshare to Joe Luzinski. | 0.10 | |
| | | BUFC - CRE America Corporation | 1.20 | 474.00 |
| 01/03/2011 | YSB | Review commission check and supporting documentation and provide same to Susan Ryan for further processing. | 0.10 | |
| 01/17/2011 | YSB | Review commission checks and provide same to Susan Ryan for depositing. | 0.10 | |
| | | BUFC - Bank United Fncl. Svcs. | 0.20 | 79.00 |
| | | FOR THE FOREGOING PROFESSIONAL SERVICES RENDERED: | 92.00 | 37,369.50 |

RECAPITULATION

| CONSULTANT | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| C. M. Pierce | 26.90 | $435.00 | $11,701.50 |
| Y. S. Bogen | 64.80 | 395.00 | 25,596.00 |
| M. C. Adams | 0.30 | 240.00 | 72.00 |

TOTAL CURRENT WORK                                    37,369.50

BALANCE DUE                                          $37,369.50

# EXHIBIT 4

## YALE S. BOGEN

## PROFESSIONAL QUALIFICATIONS

A consultant in DSI's Miami Office, Yale Bogen has over 20 years of both U.S. and international business, financial, consulting, and auditing experience.  Mr. Bogen's experience with DSI encompasses a wide range of skills including business restructuring and recapitalization, expert witness analysis and other litigation support, investigation of financial fraud and asset concealment, preference analysis, going concern entity and other asset sales, claims analysis and collection of domestic and international accounts receivable, among others.  Prior to joining DSI, Mr. Bogen held a number of senior level positions, including Senior Manager of Ernst & Young's Internal Audit Outsourcing service line, where he managed internal audit departments, provided mergers and acquisition support, developed policies and procedures, and oversaw forensic accounting projects.

Mr. Bogen is a Certified Public Accountant in the State of Florida and a member of the American Institute of Certified Public Accountants, the Florida Institute of Public Accountants and the Institute of Internal Auditors.  He holds a Bachelor of Business Administration, a Master of Professional Accountancy and a Master of Business Administration, all from the University of Miami.  Mr. Bogen is also a Certified Insolvency and Restructuring Advisory.

**Background & Achievements:**

- Appointed Plan Trustee of the Solar Creditor Liquidating Trust, the post-confirmation trust of Solar Cosmetics Labs, Inc. and Solar Packaging Corp.
- Led efforts to discover hidden assets, including valuable jewelry and artwork, in the Abraham Gosman bankruptcy
- Supervised successful recapitalization of a health and beauty care product distributor with over $40 million in revenue, including full recovery by its secured lender
- Coordinating activities in administering the estates of the Coudert Brothers and Dreier LLP law firms
- Managed preference actions for PL Liquidation Corp., recovering more than five times the amount expected and oversees case administration
- Coordinating American Moulding and Millwork wind down, including asset sales and preference and claims analysis; efforts led to payment in full to secured lender

# CLARE M. PIERCE

# PROFESSIONAL QUALIFICATIONS

Ms. Pierce has been providing financial and management consulting services since 1986 in Miami, Florida and around the United States. She is an accountant and businesswoman with experience in a variety of engagements involving financial analysis, preparation of business plans and long-range financial planning, crisis management, negotiating, administrative operations, forecasting, and forensic accounting.  Ms. Pierce has performed consulting and turnaround services on behalf of businesses in out-of-court restructurings, and as Debtors-In-Possession. She has advised secured lenders, post-confirmation plan trustees, federal and state court receivers and assignees under assignment for the benefit of creditors and has provided interim management services to two long term health care providers, a fragrance manufacturer, and fuel a tank manufacturer.

Her industry experience includes, but is not limited to, manufacturing, telecommunications, retail, finance and banking, television, marketing and healthcare.

Ms. Pierce's investigative accounting experience includes exposing "Ponzi" schemes, thefts of assets, financial statement fraud, securities fraud, and telemarketing fraud. She has provided assistance to prosecuting and plaintiffs' attorneys in connection with civil or criminal trials arising from these matters.

Since joining *DSI*'s Miami office in 1994, Ms. Pierce has been involved in a number of significant engagements, including, the crafting of an exit strategy and the sale of one of the largest independent distributors of business telephone systems. This resulted in full payment to the secured lender and a substantial distribution to the unsecured creditors. She has participated in the evaluation of the operating structure of many retail companies to identify areas of excess costs to improve cash flows, and the development of a business model for a sub-prime lender to manage its loan portfolio and business operations and ultimately emerge from Chapter 11 Reorganization.

She was a member of the Litigation and Corporate Recovery Group for Price Waterhouse before joining *DSI*. Ms. Pierce received a Bachelor of Arts degree in Accounting from the University of South Florida.

Ms. Pierce is licensed in the State of Florida as a Certified Public Accountant.  She is also a member of the American Institute of Certified Public Accountants, the Florida Institute of Certified Public Accountants, the American Bankruptcy Institute, and the Association of Insolvency and Restructuring Advisors

# <u>M. CHRISTOPHER ADAMS</u>

# <u>PROFESSIONAL QUALIFICATIONS</u>

Christopher Adams joined DSI's headquarters in Chicago in January of 2009.  Mr. Adams is a Certified Public Accountant and a member of the Tennessee Society of CPAs.

Prior to joining DSI, Mr. Adams worked with Citadel Solutions, a subsidiary of Citadel Investment Group and was responsible for the financial reporting and analysis for a group of hedge funds with over US$2 billion in assets under management.

Before Citadel, Mr. Adams was a senior accountant with Ernst & Young and has auditing experience across the healthcare, retail, and manufacturing sectors.  Mr. Adams also served as senior analyst on several M&A due diligence engagements with Ernst & Young's Transaction Advisory Services group prior to joining Citadel.

Mr. Adams received his Bachelors of Science from the University of Kentucky with a major in Accounting.  Mr. Adams was active in several student organizations and completed two internships while at the University of Kentucky, including an internship with the Los Angeles office of PricewaterhouseCoopers.

# EXHIBIT 5

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
*Miami Division*
**www.flsb.uscourts.gov**

In re:                                          **Chapter 11**

**BANKUNITED FINANCIAL CORP.,**[1]          **Case No. 09-19940-LMI**
et al.,                                         **(Jointly Administered)**
                        Debtors.

                                                **Objection Deadline:**
_____/

**CERTIFICATION OF FIFTH INTERIM FEE APPLICATION OF DEVELOPMENT SPECIALISTS, INC. FOR ACTUAL AND NECESSARY SERVICES RENDERED AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD OCTOBER 1, 2010 THROUGH JANUARY 31, 2011**

# CERTIFICATION

1.     I have been designated by Development Specialists, Inc. (the "Applicant") as the professional with responsibility in this case for compliance with the "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the "Guidelines").

2.     I have read the Applicant's application for compensation and reimbursement of expenses (the "Application"). The Application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the Application.

---

[1] The Debtors are the following three (3) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is c/o Development Specialists, Inc., 200 S. Biscayne Boulevard, Suite 1818, Miami, Florida, 33131

3.      The fees and expenses sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4.      In seeking reimbursement for the expenditures described on Exhibit 2, the Applicant is seeking reimbursement only for the actual expenditure and has not marked up the actual cost to provide a profit or recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Applicant has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5.      In seeking reimbursement for any service provided by a third party, the Applicant is seeking reimbursement only for the amount actually paid by the Applicant to the third party.

6.      The following are the variances with the provisions of the Guidelines, the date of each court order approving the variance, and the justification for the variance.

          NONE

RESPECTFULLY SUBMITTED this 25$^h$ day of February 2011.

Yale Scott Bogen
DEVELOPMENT SPECIALISTS, INC.
200 S. Biscayne Boulevard, Suite 1818
Miami, Florida 33131-2329
TELEPHONE:(305) 374-2717
FACSIMILE:  (305) 374-2718