UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*,[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SUMMARY OF FIFTH INTERIM FEE APPLICATION OF
GREENBERG TRAURIG, P.A., AS GENERAL COUNSEL FOR DEBTORS**

1. Name of applicant: Greenberg Traurig, P.A.

2. Role of applicant: Counsel for Debtors

3. Name of certifying professional: Mark D. Bloom, Esq.

4. Date case filed: May 22, 2009

5. Date of application for employment: June 5, 2009 (DE #40)

6. Date of order approving employment: June 9, 2009 (DE #62 – Interim Order); July 1, 2009 (DE #130 – Final Order)

7. If debtor's counsel, date of Disclosure of Compensation form: August 10, 2009 (DE #175)

8. Date of this application: February 25, 2011

9. Dates of services covered: October 1, 2010 – January 31, 2011

10. If case is chapter 7, amount trustee has on hand: n/a

Fees...

| | | |
|---|---|---|
| 11. Total fee requested for this period (from Exhibit 1)[2] | **$ 646,009.00**[3] | |
| 12. Balance remaining in fee retainer account, not yet awarded | $ | 0.00 |
| 13. Fees paid or advanced for this period, by other sources | $ | 0.00 |

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is c/o Development Specialists, Inc., 200 South Biscayne Blvd., Suite 1818, Miami, Florida 33131.

[2] Pursuant to the Court's August 12, 2009 Order Authorizing and Establishing Procedures for Monthly Payment of Interim Compensation and Reimbursement of Expenses to Chapter 11 Professionals (DE #181) (the "Interim Compensation Procedures Order"), this fee application sets forth all fees and expenses incurred from October 1, 2010 through January 31, 2011. As of the date of this application, Greenberg Traurig, in accordance with the Interim Compensation Procedures Order, has submitted four invoices to the Debtors for the periods ending October 31, 2010; November 30, 2010; December 31, 2010, and January 31, 2011. See History of Fees and Expenses below for full details.

[3] Of this amount, $445,681.60, representing 80% of the fees incurred and billed through December 2010 has been paid, and the additional amount of $71,125.60, representing 80% of the fees incurred and billed in January 2011, may be paid pursuant to the Interim Compensation Procedures Order.

| | | |
|---|---|---|
| 14. **Net amount of fee requested for this period** | | **$ 646,009.00** |
| Expenses... | | |
| 15. Total expense reimbursement requested for this period | $ | **12,225.53**[4] |
| 16. Balance remaining in expense retainer account, not yet received | $ | 0.00 |
| 17. Expenses paid or advanced for this period, by other sources | $ | 0.00 |
| 18. **Net amount of expense reimbursements requested for this period** | **$** | **12,225.53** |
| 19. Gross award requested for this period (#11 + #15) | | $ 657,030.81 |
| 20. **Net award requested for this period** (#14 + #18) | | $ 657,030.81 |

---

[4] $10,254.16, representing 100% of the expenses incurred and billed through December 31, 2010, has been paid and the additional requested amount of $1,971.37, representing 100% of the expenses incurred and billed in January 2011 may be paid pursuant to the Interim Compensation Procedures Order.

**History of Fees and Expenses**

1.      Dates, sources, and amounts of retainers received

By Order dated July 1, 2009 (DE #130), the Court approved Greenberg Traurig's request to transfer an unapplied balance of $7,954.59 that it held in a trust account in connection with certain pre-petition services rendered to BUFC in matters unrelated to these bankruptcy cases, to a separate trust account to be held as a retainer for postpetition services rendered in these Chapter 11 cases, and to be applied against the first fees awarded to Greenberg Traurig in these bankruptcy cases.  The funds have since been transferred as directed, and applied to the first fees awarded to Greenberg Traurig in these bankruptcy cases, per Court order dated December 1, 2009 (DE #391).

2.      Dates, sources, and amounts of third party payments received: n/a

3.      Prior fee and expense awards:

First interim application:

| | |
|---|---|
| Dates covered by first application: | May 27, 2009 - September 30, 2009 |
| Amount of fees requested: | $951,959.25 |
| Amount of expenses requested: | $ 19,668.88 |
| Amount of fees awarded: | $761,567.40 |
| Amount of expenses awarded: | $19,668.88 |
| Amount of fee retainer authorized to be used: | $7,954.59 |
| Amount of expense retainer authorized to be used: | n/a |
| Fee award, net of retainer: | $753,612.81 |
| Expense award, net of retainer: | $19,668.88 |
| Date of first award: | December 1, 2009 |
| Amount of fees actually paid: | $761,567.40 |
| Amount of expense reimbursement actually paid: | $19,668.88 |
| Amount of fees requested but not yet awarded ("holdback"): | $190,391.85 |
| Amount of expenses requested but not yet awarded ("holdback"): | $0.00 |

Second interim application:

| | |
|---|---|
| Dates covered by first application: | October 1, 2009 - January 31, 2010 |
| Amount of fees requested: | $630,733.50 |
| Amount of expenses requested: | $ 9,304.67 |
| Amount of fees awarded: | $504,587.04 |
| Amount of expenses awarded: | $9,304.67 |
| Amount of fee retainer authorized to be used: | n/a |

| | |
|---|---|
| Amount of expense retainer authorized to be used: | n/a |
| Fee award, net of retainer: | $504,587.04 |
| Expense award, net of retainer: | $9,304.67 |
| Date of first award: | April 1, 2010 |
| Amount of fees actually paid: | $504,587.04 |
| Amount of expense reimbursement actually paid: | $9,304.67 |
| Amount of fees requested but not yet awarded ("holdback"): | $126,146.46 |
| Amount of expenses requested but not yet awarded ("holdback"): | $0.00 |

Third interim application:

| | |
|---|---|
| Dates covered by first application: | February 1, 2010 - May 31, 2010 |
| Amount of fees requested: | $768,921.75 |
| Amount of expenses requested: | $ 14,779.83 |
| Amount of fees awarded: | $615,137.40 |
| Amount of expenses awarded: | $14,779.83 |
| Amount of fee retainer authorized to be used: | n/a |
| Amount of expense retainer authorized to be used: | n/a |
| Fee award, net of retainer: | $768,921.75 |
| Expense award, net of retainer: | $14,779.83 |
| Date of first award: | August 19, 2010 |
| Amount of fees actually paid: | $615,137.40 |
| Amount of expense reimbursement actually paid: | $14,779.83 |
| Amount of fees requested but not yet awarded ("holdback"): | $153,784.35 |
| Amount of expenses requested but not yet awarded ("holdback"): | $0.00 |

Fourth interim application:

| | |
|---|---|
| Dates covered by first application: | June 1, 2010 - September 30, 2010 |
| Amount of fees requested: | $728,455.25 |
| Amount of expenses requested: | $ 10,725.03 |
| Amount of fees awarded: | $582,764.20 |
| Amount of expenses awarded: | $10,725.03 |
| Amount of fee retainer authorized to be used: | n/a |
| Amount of expense retainer authorized to be used: | n/a |
| Fee award, net of retainer: | $582,764.20 |
| Expense award, net of retainer: | $10,725.03 |
| Date of first award: | December 6, 2010 |
| Amount of fees actually paid: | $582,764.20 |

|  |  |
|---|---|
| Amount of expense reimbursement actually paid: | $10,725.03 |
| Amount of fees requested but not yet awarded ("holdback"): | $145,691.05 |
| Amount of expenses requested but not yet awarded ("holdback"): | $0.00 |

4.    Summary of monthly invoices submitted for payment (during the time period covered by this fee application):

| Time Period | Fees Requested | Fees Paid | Expenses Requested | Expenses Paid | Status |
|---|---|---|---|---|---|
| 10/01/2010 – 10/31/2010 | $263,420.50 | $210,736.40 | $3,588.49 | $3,588.49[5] | GT has received payment of 80% of the fees requested and 100% of the expenses requested for this period |
| 11/01/2010 – 11/30/2010 | $226,155.50 | $180,924.40 | $2,844.50 | $2,844.50 | GT has received payment of 80% of the fees requested and 100% of the expenses requested for this period |
| 12/01/2010 – 12/31/2010 | $67,526.00 | $54,020.80 | $3,821.17 | $3,821.17 | GT has received payment of 80% of the fees requested and 100% of the expenses requested for this period |
| 01/01/2010 – 01/31/2010 | $88,907.00 |  | $1,971.37 |  | Absent any objection, GT expects to receive payment of 80% of the |

[5] As noted in Greenberg Traurig's Fourth Interim Fee Application, Greenberg Traurig's monthly billing statement for July 2010 contained a $1,203.72 expense reimbursement that should not have been billed to these estates. Greenberg Traurig therefore deducted that amount of expenses sought for approval in its Fourth Interim Fee Application, and applied a credit in the amount of $1,203.72 on the October 2010 fee statement to account for that deduction.

| | | | | | |
|---|---|---|---|---|---|
| | | | | | fees requested and 100% of the expenses requested for this period, on or after March 1, 2011 |
| **Total** | **$646,009.00** | **$445,681.60** | **$12,225.53** | **$10,254.16** | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*,[6] | ) | Case No. 09-19940-LMI |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FIFTH INTERIM FEE APPLICATION OF
GREENBERG TRAURIG, P.A., AS GENERAL COUNSEL FOR DEBTORS**

GREENBERG TRAURIG, P.A. (hereinafter "Greenberg Traurig" or "Applicant"), counsel to the Debtors and Debtors-in-Possession, BankUnited Financial Corporation ("BUFC"), BankUnited Financial Services, Incorporated ("BUFS"), and CRE America Corporation ("CRE") (collectively, the "Debtors"), files this Fifth Application (the "Application") for the allowance, award and payment of interim compensation for services rendered and reimbursement of expenses incurred in these Chapter 11 proceedings. This Application is filed pursuant to 11 U.S.C. §330 and Bankruptcy Rule 2016, and meets all of the requirements set forth in the Guidelines incorporated in Local Rule 2016-1(B)(1). The exhibits attached to this Application pursuant to those Guidelines are as follows:

Exhibits "1-A" and "1-B"- Summary of Professional and Paraprofessional Time.

Exhibit "2" - Summary of Requested Reimbursements of Expenses.

Exhibit "3" - The Applicant's complete time records, in chronological order, by activity code category, for the time period covered by this Application. The requested fees are itemized in increments of one-tenth of an hour, and each entry includes a detailed narrative of the activity for which compensation is sought.

---

[6] *See* note 1.

As explained more fully below, Applicant believes that the requested compensation of $646,009.00 for the fifth interim period is reasonable upon consideration of the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), as made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977).

## I.  RETENTION OF APPLICANT, DISCLOSURE OF COMPENSATION AND REQUESTED AWARD

By Interim Order entered on June 9, 2009 (DE #40) and Final Order entered on July 1, 2009 (DE #62), the Court authorized the retention of Greenberg Traurig as general counsel for the Debtors, with compensation to be conditioned on approval by this Court.  Pursuant to the Court's Interim Compensation Procedures Order, Greenberg Traurig submits this Fifth Application seeking the interim allowance, award and payment of $646,009.00 for services rendered and $11,021.81 for reimbursement of expenses incurred during the period from October 1, 2010 through January 31, 2011 (the "Application Period").

## II.  CASE BACKGROUND

The Debtors commenced these cases on May 22, 2009 (the "Petition Date") by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108; no trustee or examiner having been sought or appointed in these cases.  On May 29, 2009, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") (DE # 33).

BUFC is a former unitary savings and loan holding company of BankUnited, FSB ("Old Bank") incorporated in the State of Florida and formerly headquartered in Coral Gables, Florida. BUFC is also the 100% owner of (i) CRE, which holds a timeshare interest in certain real

property located in New York City; and (ii) BUFS, which was organized in 1997 for the purpose of selling annuities, mutual funds and other insurance and securities products.[7]

Following several unsuccessful attempts to raise Old Bank's capital levels in accordance with mandates issued by the Office of Thrift Supervision ("OTS"), on May 21, 2009 the OTS closed Old Bank and appointed the Federal Deposit Insurance Corporation (the "FDIC") as its Receiver.  In that capacity, the FDIC thereupon entered into a Purchase and Assumption Agreement with a group of investors who created a new depository institution, BankUnited, a de novo federal savings association organized under the laws of the United States and having its principal place of business in Coral Gables, Florida ("New Bank"), for the purchase of Old Bank's assets and assumption of certain liabilities.  All of the former officers and employees of Old Bank then terminated their relationship with Old Bank or the Debtors and either took positions at New Bank or pursued other opportunities.

### III.    DESCRIPTION AND SUMMARY OF SERVICES PERFORMED

This Application seeks compensation only for services rendered and expenses incurred in connection with the performance of duties prescribed by the Bankruptcy Code or pursuant to Orders of this Court, and relates only to these bankruptcy cases and the related matters for which Greenberg Traurig has been engaged.  None of the services or expenses set forth herein were rendered or incurred in connection with any other matter.  The professional services and related expenses for which Greenberg Traurig requests allowance, award and payment of compensation

---

[7] BUFC is also the parent and 100% owner of other subsidiary entities which have not sought relief in this or any other Court, and appear at this juncture not to have any meaningful asserts.  One of those non-debtor subsidiaries, BU Corporation ("BU Realty"), is a co-Plaintiff in the litigation commenced in this Court and the District Court against the FDIC and more fully described in this Application.  Greenberg Traurig has neither sought nor received any compensation from BU Realty or any other source in connection with that litigation or any other matter relating to these cases.

and reimbursement of expenses have been substantially beneficial to the Debtors, the Chapter 11 estates and their creditors, and necessary to the administration of these cases.

As these cases have progressed, the major issues for the Debtors have been distilled down to

(1) litigation with the FDIC over: approximately $49 million in anticipated tax refunds; the preservation and potential utilization of other tax attributes (including hundreds of millions of dollars in net operating losses); the FDIC's $1.467 billion proofs of claim which, if allowed as a claim entitled to priority under Section 507(a)(9) of the Bankruptcy Code would eliminate any recovery to bondholders and general unsecured creditors; and the Debtors' $414 million claim against the Receivership of Old Bank (the "Receivership"); and

(2) the related efforts to formulate a Chapter 11 plan – and locate an investor for a transaction to be consummated under such a plan – which could provide substantial additional value to creditors over and above liquidation value.

Toward these principal objectives, during the Application Period Greenberg Traurig devoted substantial resources to litigation with the FDIC, as well as efforts to formulate a Chapter 11 plan and locate an investor for a transaction to be consummated under a plan, including detailed analysis of complex tax and bankruptcy issues related thereto.  Greenberg Traurig advised the Debtors, their Board of Directors (the "Board"), and their Chief Restructuring Officer, Joseph J. Luzinski (the "CRO"), communicated and negotiated with the Committee's counsel (and, to a lesser extent, its financial advisors), with respect to the foregoing matters and other matters described below and in the attached Exhibits.  A detailed recitation of each and every item of professional services that Greenberg Traurig performed during the Application Period would unduly burden the Court.  The following Summary is therefore

intended to highlight the major areas in which services were rendered. The specific services rendered by Greenberg Traurig are itemized and described in the Exhibits annexed hereto.[8]

**BANKUNITED CHAPTER 11** (117136.010200): This category relates primarily to general corporate and other matters, including the multitude of corporate governance issues addressed in these cases, and includes 38.10 hours for a fee of $20,633.00. From the inception of these cases and the unusual circumstance of a reconstitution of the Board at a post-petition meeting of shareholders, Greenberg Traurig has been required to render services and provide advice beyond that which is customary in a Chapter 11 case. In particular, as a result of these and other circumstances the Office of the United States Trustee understandably required that the CRO report and be accountable to an active and engaged Board and not act as a *de facto* trustee without such customary Board oversight and supervision. In compliance with this requirement, and as displayed repeatedly to the Court, the resulting services have included, among other things, preparation for and attendance at multiple Board meetings (including the customary preparation of agendas; drafting of minutes, corporate resolutions, and memoranda for the Board; and compliance with other formalities of corporate governance); and ongoing advice to and communication with the Board and various directors on issues arising in these cases.

**CHAPTER 11 PLAN** (117136.010300): This category relates primarily to planning the structure of and drafting a Chapter 11 plan of reorganization centered around an equity infusion transaction with a third party, and issues related thereto. Greenberg Traurig has devoted an increasing amount of time to the process of formulating a plan structure and drafting the Chapter 11 plan that was filed on November 22, 2010 (the "Plan"), including 173.20 hours resulting in

---

[8] Certain of the descriptions in the attached invoices have been redacted to protect confidential litigation strategy, the names of certain professionals who were interviewed but not retained, and other confidential information. Upon request and proper showing by a party in interest, un-redacted invoices may be provided to the Court for in camera review.

fees of $100,039.00 during the Application Period. The services performed included, but were not limited to, analysis of several predicate issues for formulation of the Plan, including identifying classes of claims and potential holders of certain securities that could facilitate the implementation of the Plan; addressing the complex interplay of the oft-conflicting bankruptcy and tax issues that shape the outline of the Plan; drafting the Plan; communicating with Committee professionals with respect to the Plan; and significant efforts meeting with multiple investment bankers and seeking out potential investors for a transaction to be implemented under the Plan.

**EMPLOYEE BENEFITS (117136.010400):** This category relates primarily to employee benefits and related issues, and involves the expenditure of only .90 hours resulting in fees of $441.00. The services performed included, but were not limited to communications regarding benefit plans and their treatment under the Plan.

**PROFESSIONAL RETENTION AND FEES (117136.010700):** This category relates primarily to professional retention and fee application issues, and involves the expenditure of 102.60 hours resulting in fees of $40,405.00. The services performed included, but were not limited to, obtaining an extension of the CRO's engagement; extending the engagement of special litigation counsel Diamond McCarthy; retaining another special litigation consultant under seal; and communications and negotiations with proposed investment bankers.

In addition, Greenberg Traurig engaged in the routine but required preparation of monthly fee statements, a fourth interim fee application, and orders awarding fourth interim fees for all estate professionals; and review of monthly fee statements and fourth interim fee applications filed by other estate professionals. Of the 102.60 hours expended in this category during the Application Period, only approximately 13.80 hours, resulting in fees of $4,709.00,

were expended by Greenberg Traurig preparing its own interim fee application for the prior interim period.

**SECURITIES MATTERS (117136.010800):** This category relates primarily to securities matters and involves the expenditure of 8.10 hours resulting in fees of $2,735.00.  The services performed included, but were not limited to, communications regarding Florida corporate law matters and subordination issue relating to Wilmington Trust; review of Securities Position reports delivered by DTC relating to Senior Debt ownership; and preparation of monthly Forms 8-K and other related documents.

**TAX MATTERS (117136.010900):** This category relates primarily to analysis and preservation of the Debtors' potentially lucrative tax attributes for the benefit of the estates and creditors.  The complexity of these issues – many of which appear to be issues of first impression in this or any other bankruptcy court – and their potentially significant value to the Debtors' estates required the expenditure of 240.60 hours, resulting in fees of $182,506.00.  As noted in prior fee applications, through Greenberg Traurig's efforts and that of the Debtors' tax accountants, Morrison, Brown, Argiz & Farra, LLP, in consultation with the Committee's professionals, the Debtors filed a fiscal year 2008 tax return and related refund claim, which reported a $3,752,688,436 net operating loss and claimed a refund of $42,552,226 for taxes paid in fiscal years 2003, 2005, and 2006.[9]  During the Application Period, Greenberg Traurig expended significant resources in litigation with the FDIC over the rights of the FDIC, if any, to file a competing return, as well as the FDIC's "standing" before the IRS with respect to such return.  This litigation raised complex issues of tax and bankruptcy law requiring extensive analysis by Greenberg Traurig's senior tax and bankruptcy shareholders.  In addition, Greenberg

---

[9] As explained below, the FDIC has asserted a claim to all or a portion of this refund and other tax attributes of the Debtors.

Traurig spent substantial time in continued efforts to maximize the value of the Debtors' tax attributes, and in seeking out investment bankers and potential Plan investors.

In addition to the foregoing efforts related to tax returns and maximizing the value of tax attributes, Greenberg Traurig also called repeatedly on the expertise of its tax attorneys in connection with the Debtors' ongoing litigation with the FDIC over the competing claims to the projected $49 million tax refund.  The significant tax issues in this litigation required extensive tax research and analysis relating to tax sharing agreements, bank holding company bankruptcies, and related issues.

**FDIC CLAIMS** **(117136.011000):**  This category relates primarily to the litigation -- and, more recently, attempted settlement -- of FDIC claims and issues related to the closure of Old Bank, the FDIC Receivership, OTS and certain New Bank issues related thereto, and involves activities which are both significant to and customary in cases involving failed bank holding companies.  During the Application Period Greenberg Traurig expended 598.30 hours in this category, resulting in fees of $256,745.00.

Closely related to the Tax Matters category discussed above, Greenberg Traurig expended substantial resources during the Application Period in litigation with the FDIC in both this Court and the United States Court of Appeals for the Eleventh Circuit.  This litigation involves not only the complex tax controversies discussed above, but also includes the Debtors' pursuit of a novel issue on appeal to the Eleventh Circuit as to whether the failure of the FDIC to disallow the Debtors' $414 million claim against the Receivership, and provide notice of such disallowance as required by statute, results in the allowance of that claim, as well as several counts of the Debtors' adversary proceeding complaint against the FDIC on the substantive merits of the components of that claim.

The FDIC litigation further includes the Debtors' objection to the FDIC's alleged capital maintenance claims that comprise the bulk of their approximately $1.467 billion proofs of claim, the successful resolution of which is essential to the prospect of any recovery by general unsecured creditors.   During the Application Period, Greenberg Traurig devoted substantial resources to research and analysis of arguments in support of the Debtors' entitlement to approximately $49 million in tax refunds, and drafting of a motion for summary judgment and reply brief on that issue.  Greenberg Traurig also prepared during the Application Period a draft motion for summary judgment on the Debtors' objection to the FDIC's alleged capital maintenance claims, which if allowed under 11 U.S.C. § 507(a)(9), would eliminate any recovery at all for unsecured creditors in these cases.

**CLAIMS (117136.011100):** This category relates primarily to claims, creditor inquiries, and notice to creditors, and involved 47.80 hours resulting in fees of $15,026.50.  The services performed included, but were not limited to, review and analysis of filed claims and potential objections thereto.

**MEETING OF CREDITORS (117136.011200):** This category relates primarily to issues relating to the first meeting of creditors under Section 341 of the Bankruptcy Code, as well as to ongoing communications with the professionals retained by the Committee on a variety of issues relating to the conduct and administration of these cases.  During the fifth interim period 20.40 hours were expended in matters related to this category, resulting in fees of $12,465.00.  The services performed included, but were not limited to, communications with Committee professionals regarding multiple case issues, including, but not limited to, FDIC litigation, tax related issues, plan issues, potential investment bankers and investors, and the

sharing of documents with the Committee and the FDIC pursuant to the document sharing agreements approved by the Court earlier in these cases (the "Document Sharing Agreements").

**CASE ADMINISTRATION (117136.011300):**  This category relates to general case administration matters and certain other matters that either do not fall within any of the other categories or tasks encompassing multiple categories of work that could not be easily broken down into separate categories.   During the fifth interim period Greenberg Traurig expended 24.10 hours in matters related to this category, resulting in fees of $12,572.50.   The services performed included but were not limited to, preparation, planning for, and attendance at hearings and meetings involving multiple categories of work hereunder; review and analysis of numerous pleadings, operating reports, and other documents; communications regarding multiple case issues, including, but not limited to New Bank document exchange, Plan issues, tax issues, FDIC issues, and numerous other miscellaneous case issues.

**ASSET ANALYSIS (117136.11500):**  This category relates primarily to initial and ongoing asset analysis and efforts to monetize assets and recover funds for the estates, a series of tasks which required the devotion of 1.60 hours for fees of $996.00.   The services performed included, but were not limited to, communications regarding potential preference analysis and recoveries; scheduling CRE time share weeks and contacting residence club regarding same; and review and analysis of decision in Committee adversary proceeding regarding ownership of D&O claims.

**LITIGATION MATTERS (117136.011600):**  This category relates to general litigation matters not otherwise encompassed by the other categories, and includes responding to third party summonses and subpoenas received by the Debtors.   During the fifth interim period 4.40 hours were expended in matters related to this category, resulting in fees of $1,445.00.   The

services performed included, but were not limited to, review of various litigation related documents against BUFC and New Bank; review of documents to be produced pursuant to the Document Sharing Agreements; preparation of a privilege log; and analysis of issues regarding a data room service provider.

## VI.    FACTORS TO BE CONSIDERED

**The Time and Labor Required:** The detailed time records of services rendered, attached hereto as Exhibit "3", show that the professionals and paraprofessionals of Greenberg Traurig have devoted 1,260.10 hours of time in the representation of the Debtors during the Application Period.  In circumstances where the expertise and judgment of an attorney were not required, responsibilities were delegated to paralegals.  The services rendered were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed.  Greenberg Traurig submits that whether viewed individually as to each of the tasks or collectively as a whole, the time expended and fees incurred during the fifth interim period have been reasonable and efficient to accomplish the needs of these cases.

**The Novelty and Difficulty of the Services Rendered:** Greenberg Traurig assisted the Debtors in addressing a number of complex legal and business issues raised in these Chapter 11 cases, requiring in-depth knowledge of banking, bankruptcy, corporate and securities, insurance, litigation, and tax law, which have required the exercise of skill by experienced counsel in these various disciplines.  Particularly during the Application Period, Greenberg Traurig rendered services with respect to novel and difficult issues of tax, banking, and bankruptcy law that arose under the unique facts of this case, including entitlement to approximately $49 million in tax refunds; the FDIC's alleged capital maintenance claims which, if allowed, would eliminate any

recovery at all to unsecured creditors; and the Debtors' continuing efforts to monetize their tax attributes in order to generate additional value for their estates.

**The Skill Requisite to Perform the Services Properly:** Greenberg Traurig has been able to draw upon resources within the firm to provide the legal services rendered to the Debtors in the multiple areas of law recited in the preceding paragraph.

**The Preclusion of Other Employment by the Professional Due to the Acceptance of the Case:** Greenberg Traurig is aware of no other employment which was precluded as a result of its accepting these cases.

**The Customary Fee:** The rates charged by the participating attorneys and paralegals as set forth in Exhibits "1-A" and "1-B" are within the range charged by such professionals of similar skill and reputation in their respective jurisdictions and their respective fields of practice. The blended billable rate of $512.66 per hour for the professionals and paraprofessionals working on these cases during the Application Period is consistent with rates customarily charged by Greenberg Traurig for similar cases, and reflects the necessity to involve many of the more senior attorneys within the firm's relevant practice areas, particularly with respect to certain complex tax and bankruptcy issues relating to bank holding companies and failed bank receiverships. In all instances care has been taken to avoid duplication of effort, and much of the work initially performed by senior attorneys has gradually been delegated to more junior shareholders and associates billing at lower hourly rates.

**Whether the Fee is Fixed or Contingent:** The Applicant's compensation in these matters is subject to and contingent upon approval of the Court, a factor which militates in favor of an award of fees in the amount requested. The amount requested is consistent with the fees

that the Applicant would charge its clients in other cases in which fees are payable on a monthly basis without the requirement of application to and approval by any court.

**Time Limitations Imposed by the Client or Other Circumstances:** The immediate nature of matters involved in these cases have required Greenberg Traurig's attorneys to devote a substantial amount of their time to handling matters concerning the Chapter 11 estates. In the course of providing the services covered in this Application, Greenberg Traurig attorneys consistently responded to the Debtors' needs on an expedited basis, and continue to work diligently for the benefit of the Debtors, their estates and their creditors.

**The Experience, Reputation, and Ability of the Professional:** Greenberg Traurig is an established law firm having substantial experience in the areas of bankruptcy, litigation, tax, regulatory, business and commercial law, all of which are necessarily required in the representation of corporate and commercial debtors in cases of the scope and complexity of these.

**The Undesirability of the Case:** Greenberg Traurig does not find it undesirable to represent the Debtors in these cases or any other reputable party in any form of bankruptcy proceeding, based upon the understanding that reasonable compensation will be awarded for fees and expenses incurred during the course of representation.

**The Nature and Length of the Professional Relationship of the Client:** Greenberg Traurig was retained for purposes of representing the Debtors in these Chapter 11 proceedings five days after the cases were filed. Prior to that engagement Greenberg Traurig had served in only a limited capacity as counsel to BUFC in connection with certain capitalization efforts described in the retention papers previously filed with the Court.

13

**Awards in Similar Cases:** The amount requested by the Applicant is reasonable in terms of awards in cases of similar magnitude and complexity.  The compensation which the Applicant requests comports with the mandate of the Bankruptcy Code, which directs that services be evaluated in light of comparable services performed in non-bankruptcy cases in the community. The fees requested by the Applicant reflect an average hourly rate of approximately $512.66 during the Application Period.  Considering the results obtained thus far in the case and the complexity of the issues addressed during the period covered by this Application, this rate is entirely appropriate.

Finally, Greenberg Traurig is well aware of the custom and practice in this District of retaining a partial "holdback" of fees pending a final award or further interim awards in a Chapter 11 case.  In seeking the allowance, award and payment of fees and reimbursement of expenses in this Fifth Interim Application Greenberg Traurig defers to the judgment and discretion of the Court with respect to the imposition and amount of such holdback.

WHEREFORE, Greenberg Traurig requests that upon due consideration of the foregoing facts and circumstances, the Court enter an Order: (a) granting this Fifth Interim Application; (b) allowing and awarding up to $646,009.00 in fees for services rendered and $12,225.53 for reimbursement of expenses incurred during the period covered by this Application, or such other amount as the Court may determine is appropriate on an interim basis; (c) directing that such interim allowance, award and payment operate without prejudice to the right of Greenberg Traurig to seek, and of any interested party to object to, the further interim and final award of additional compensation and reimbursement of expenses in these cases; and (d) affording such other and further relief as may be fair and reasonable under the circumstances.

Dated February 25, 2011.                    Respectfully submitted,

                                            GREENBERG TRAURIG, P.A.
                                            Counsel for the Debtors
                                            333 Avenue of the Americas
                                            Miami, Florida 33131
                                            Telephone: (305) 579-0500
                                            Facsimile: (305) 579-0717

                                            By: /s/ Mark D. Bloom
                                                MARK D. BLOOM
                                                Florida Bar No. 303836
                                                bloomm@gtlaw.com
                                                SCOTT M. GROSSMAN
                                                Florida Bar No. 0176702
                                                grossmansm@gtlaw.com

## CERTIFICATION

1.      I have been designated by Greenberg Traurig, P.A. (the "Applicant") as the professional with responsibility in this case for compliance with the "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the "Guidelines").

2.      I have read the Applicant's application for compensation and reimbursement of expenses (the "Application"). The Application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the Application.

3.      The fees and expenses sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4.      In seeking reimbursement for the expenditures described on Exhibit 2, the Applicant is seeking reimbursement only for the actual expenditure and has not marked up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Applicant has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5.      In seeking reimbursement for any service provided by a third party, the Applicant is seeking reimbursement only for the amount actually paid by the Applicant to the third party.

6.     The following are the variances with the provisions of the Guidelines, the date of each court order approving the variance, and the justification for the variance: none.

Dated February 25, 2011.                    Respectfully submitted,

GREENBERG TRAURIG, P.A.
Counsel for the Debtors
333 Avenue of the Americas
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By: /s/ Mark D. Bloom
    MARK D. BLOOM
    Florida Bar No. 303836
    bloomm@gtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 /s/ Mark D. Bloom
 MARK D. BLOOM

## SERVICE LIST

### Electronic Mail Notice List

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case:

- Vincent F Alexander     vfa@kttlaw.com, lf@kttlaw.com
- Johanna Armengol     Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
- Paul J. Battista     pbattista@gjb-law.com, gjbecf@gjb-law.com
- Mark D. Bloom     bloomm@gtlaw.com, MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com;reisinoa@gtlaw.com
- Mark D. Bloom     bloomm@gtlaw.com, MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com;reisinoa@gtlaw.com
- Shawn M Christianson     schristianson@buchalter.com
- City of Homestead, FL     dgonzales@wsh-law.com
- City of Miramar, FL     dgonzales@wsh-law.com
- John R. Dodd     doddj@gtlaw.com, miaecfbky@gtlaw.com;mialitdock@gtlaw.com
- Stephen P. Drobny     sdrobny@shutts.com, mvandenbosch@shutts.com
- Douglas R. Gonzales     dgonzales@wsh-law.com
- Scott M. Grossman     grossmansm@gtlaw.com, jacksont@gtlaw.com;MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com
- Scott M. Grossman     grossmansm@gtlaw.com, jacksont@gtlaw.com; MiaLitDock@gtlaw.com;FTLLitDock@GTLaw.com;miaecfbky@gtlaw.com
- Robert J Hauser     hauser@beasleylaw.net, lundstrom@beasleylaw.net;miles@beasleylaw.net
- Hollie N Hawn     hhawn@broward.org
- Brian W Hockett     bhockett@thompsoncoburn.com
- Christina M Kennedy     ckennedy@foley.com

18

- Jeffrey T. Kucera    jeffrey.kucera@klgates.com,
  maxine.lewis@klgates.com;;miamidocketing@klgates.com
- Peter H Levitt    plevitt@shutts-law.com
- Corali Lopez-Castro    clc@kttlaw.com, rcp@kttlaw.com
- Todd C Meyers    tmeyers@kilpatrickstockton.com,
  rrahman@kilpatrickstockton.com;lcanty@kilpatrickstockton.com
- Miami-Dade County Tax Collector    mdtcbkc@miamidade.gov
- Dennis A. Nowak    dnowak@fowler-white.com, agrage@fowler-white.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Geoffrey T Raicht    graicht@mwe.com, rrodriguez@mwe.com;nhazan@mwe.com;
  kotero@mwe.com;wjanke@mwe.com;akratenstein@mwe.com;trodriguez@mwe.com
- Craig V Rasile    crasile@hunton.com,
  mtucker@hunton.com,mmannering@hunton.com,adeboer@hunton.com
- Patricia A Redmond    predmond@stearnsweaver.com, jrivera@stearnsweaver.com;
  rross@stearnsweaver.com;mmesones-mori@stearnsweaver.com
- David Samole    das@kttlaw.com, mc@kttlaw.com;ycc@kttlaw.com
- Michael C Sontag    msontag@clplaw.net
- Jonathan C. Vair    jvair@stearnsweaver.com, cgraver@stearnsweaver.com;
  tcotter@stearnsweaver.com;rross@stearnsweaver.com;
  mmesones-mori@stearnsweaver.com
- Mark J Wolfson    mwolfson@foley.com, btanner@foley.com;jhayes@foley.com

**Manual Notice List**

Bridget Schessler, VP
The Bank of New York Mellon
525 William Penn Place
7th Floor
Pittsburgh, PA 15259

*MIA 181,729,448v2*

## Summary of Professional and
## Paraprofessional Time Total
## per Individual for this Period Only

| Name | Title | Year Licensed | Hours | Rate | Fees |
|------|-------|---------------|-------|------|------|
| Kenneth N. Zuckerbrot (NY) | Shareholder | 1968 | 116.40 | $875.00 | $101,850.00 |
| Mark D. Bloom (FL) | Shareholder | 1980 | 31.30 | $825.00 | $25,822.50 |
| Mark H. Leeds (NY) | Shareholder | 1984 | 36.50 | $800.00 | $29,200.00 |
| Mark D. Bloom (FL) | Shareholder | 1980 | 175.30 | $785.00 | $137,610.50 |
| Elliot H. Scherker (FL) | Shareholder | 1975 | 0.30 | $665.00 | $199.50 |
| Michael J. Maimone (DE) | Shareholder | 1997 | 30.00 | $620.00 | $18,600.00 |
| Kelly A. Terrible (DE) | Shareholder | 1996 | 9.20 | $580.00 | $5,336.00 |
| Carl A. Fornaris (FL) | Shareholder | 1993 | 3.00 | $575.00 | $1,725.00 |
| Scott M. Grossman (FL) | Shareholder | 1999 | 16.70 | $550.00 | $9,185.00 |
| Scott M. Grossman (FL) | Shareholder | 1999 | 173.60 | $525.00 | $91,140.00 |
| William R. Siegel (FL) | Shareholder | 1999 | 3.60 | $525.00 | $1,890.00 |
| Elliot B. Kula (FL) | Shareholder | 1994 | 39.80 | $495.00 | $19,701.00 |
| Lorne S. Cantor (FL) | Shareholder | 1999 | 6.80 | $495.00 | $3,366.00 |
| Mindy B. Leathe (FL) | Shareholder | 1995 | 0.90 | $490.00 | $441.00 |
| Lorne S. Cantor (FL) | Shareholder | 1999 | 62.70 | $475.00 | $29,782.50 |
| William R. Siegel (FL) | Shareholder | 1999 | 29.50 | $475.00 | $14,012.50 |
| Michael R. Einig (FL) | Shareholder | 2009 | 1.50 | $325.00 | $487.50 |
| John R. Dodd (FL) | Associate | 2007 | 42.00 | $400.00 | $16,800.00 |
| Joshua M. Samek (FL) | Associate | 2007 | 0.60 | $375.00 | $225.00 |
| John R. Dodd (FL) | Associate | 2007 | 46.10 | $365.00 | $16,826.50 |
| Gregory E. Stuhlman (DE) | Associate | 2005 | 37.90 | $360.00 | $13,644.00 |
| Aaron P. Honaker (FL) | Associate | 2008 | 180.30 | $325.00 | $58,597.50 |
| Joshua M. Samek (FL) | Associate | 2007 | 6.50 | $325.00 | $2,112.50 |
| Brooke R. Hardy (GA) | Associate | 2007 | 1.60 | $290.00 | $464.00 |
| Jesse Stellato (FL) | Associate | 2009 | 128.80 | $240.00 | $30,912.00 |
| Edilsa Ruiz (FL) | Associate | 2009 | 10.30 | $230.00 | $2,369.00 |
| **Totals for Professional** | | | **1,191.20** | | **$632,299.50** |

| Name | Title | | Hours | Rate | Fees |
|------|-------|---|-------|------|------|
| Jeremy M. Dale (FL) | Law Clerk/JD | | 1.70 | $230.00 | $391.00 |
| Victoria A. Santini (FL) | Paralegal | | 3.90 | $225.00 | $877.50 |
| Elizabeth C. Thomas (DE) | Paralegal | | 0.10 | $220.00 | $22.00 |
| Debra E. Palmisano (FL) | Paralegal | | 1.30 | $210.00 | $273.00 |
| Barry A. Dotson (FL) | Paralegal | | 1.20 | $205.00 | $246.00 |
| Maribel R. Fontanez (FL) | Paralegal | | 5.20 | $205.00 | $1,066.00 |
| Debra E. Palmisano (FL) | Paralegal | | 2.30 | $200.00 | $460.00 |
| Maribel R. Fontanez (FL) | Paralegal | | 53.20 | $195.00 | $10,374.00 |
| **Totals for Paraprofessional** | | | **68.90** | | **$13,709.50** |

**Exhibit 1-A**

| Total Hours/Fees | 1,260.10 | $646,009.00 |
| Blended Average Hourly Rate | | $512.66 |

Notes:  Firm rates were increased in January 2011.

Exhibit 1-A

# Summary of Profesional and Paraprofessional Time by Activity Code Category for this Time Period Only

| | Hours | Rate | Fees |
|---|---|---|---|
| **Activity Code 117136.010200: BankUnited Chapter 11** | | | |
| Mark D. Bloom (FL) | 5.00 | $825.00 | $4,125.00 |
| Mark D. Bloom (FL) | 7.20 | $785.00 | $5,652.00 |
| Scott M. Grossman (FL) | 0.10 | $550.00 | $55.00 |
| Scott M. Grossman (FL) | 5.70 | $525.00 | $2,992.50 |
| Lorne S. Cantor (FL) | 6.80 | $495.00 | $3,366.00 |
| Lorne S. Cantor (FL) | 5.20 | $475.00 | $2,470.00 |
| Aaron P. Honaker (FL) | 2.10 | $325.00 | $682.50 |
| Edilsa Ruiz (FL) | 2.50 | $230.00 | $575.00 |
| Jeremy M. Dale (FL) | 0.80 | $230.00 | $184.00 |
| Debra E. Palmisano (FL) | 0.30 | $210.00 | $63.00 |
| Maribel R. Fontanez (FL) | 2.40 | $195.00 | $468.00 |
| **Totals for Activity Code 117136.010200: BankUnited Chapter 11** | **38.10** | | **$20,633.00** |
| **Activity Code 117136.010300: Chapter 11 Plan** | | | |
| Mark D. Bloom (FL) | 11.20 | $825.00 | $9,240.00 |
| Mark D. Bloom (FL) | 36.30 | $785.00 | $28,495.50 |
| Scott M. Grossman (FL) | 7.70 | $550.00 | $4,235.00 |
| Scott M. Grossman (FL) | 58.80 | $525.00 | $30,870.00 |
| Lorne S. Cantor (FL) | 53.80 | $475.00 | $25,555.00 |
| Joshua M. Samek (FL) | 4.30 | $325.00 | $1,397.50 |
| Jeremy M. Dale (FL) | 0.90 | $230.00 | $207.00 |
| Maribel R. Fontanez (FL) | 0.20 | $195.00 | $39.00 |
| **Totals for Activity Code 117136.010300: Chapter 11 Plan** | **173.20** | | **$100,039.00** |
| **Activity Code 117136.010400: Employee Benefits** | | | |
| Mindy B. Leathe (FL) | 0.90 | $490.00 | $441.00 |
| **Totals for Activity Code 117136.010400: Employee Benefits** | **0.90** | | **$441.00** |
| **Activity Code 117136.010700: Professional Retention and Fees** | | | |
| Mark D. Bloom (FL) | 18.60 | $785.00 | $14,601.00 |
| Scott M. Grossman (FL) | 0.70 | $550.00 | $385.00 |
| Scott M. Grossman (FL) | 21.80 | $525.00 | $11,445.00 |

**Exhibit 1-B**

| | Hours | Rate | Fees |
|---|---|---|---|
| John R. Dodd (FL) | 2.50 | $400.00 | $1,000.00 |
| Aaron P. Honaker (FL) | 10.90 | $325.00 | $3,542.50 |
| Jesse Stellato (FL) | 0.20 | $240.00 | $48.00 |
| Maribel R. Fontanez (FL) | 4.30 | $205.00 | $881.50 |
| Maribel R. Fontanez (FL) | 43.60 | $195.00 | $8,502.00 |
| **Totals for Activity Code 117136.010700: Professional Retention and Fees** | **102.60** | | **$40,405.00** |

### Activity Code 117136.010800: Securities Matters

| | Hours | Rate | Fees |
|---|---|---|---|
| Mark D. Bloom (FL) | 0.50 | $825.00 | $412.50 |
| Lorne S. Cantor (FL) | 1.50 | $475.00 | $712.50 |
| Joshua M. Samek (FL) | 0.60 | $375.00 | $225.00 |
| Joshua M. Samek (FL) | 2.20 | $325.00 | $715.00 |
| Debra E. Palmisano (FL) | 1.00 | $210.00 | $210.00 |
| Debra E. Palmisano (FL) | 2.30 | $200.00 | $460.00 |
| **Totals for Activity Code 117136.010800: Securities Matters** | **8.10** | | **$2,735.00** |

### Activity Code 117136.010900: Tax Matters

| | Hours | Rate | Fees |
|---|---|---|---|
| Kenneth N. Zuckerbrot (NY) | 116.40 | $875.00 | $101,850.00 |
| Mark D. Bloom (FL) | 0.70 | $825.00 | $577.50 |
| Mark H. Leeds (NY) | 36.50 | $800.00 | $29,200.00 |
| Mark D. Bloom (FL) | 31.40 | $785.00 | $24,649.00 |
| Scott M. Grossman (FL) | 1.10 | $550.00 | $605.00 |
| Scott M. Grossman (FL) | 12.90 | $525.00 | $6,772.50 |
| William R. Siegel (FL) | 3.60 | $525.00 | $1,890.00 |
| Lorne S. Cantor (FL) | 0.90 | $475.00 | $427.50 |
| William R. Siegel (FL) | 29.50 | $475.00 | $14,012.50 |
| John R. Dodd (FL) | 4.90 | $365.00 | $1,788.50 |
| Michael R. Einig (FL) | 1.50 | $325.00 | $487.50 |
| Barry A. Dotson (FL) | 1.20 | $205.00 | $246.00 |
| **Totals for Activity Code 117136.010900: Tax Matters** | **240.60** | | **$182,506.00** |

### Activity Code 117136.011000: FDIC Claims

| | Hours | Rate | Fees |
|---|---|---|---|
| Mark D. Bloom (FL) | 12.60 | $825.00 | $10,395.00 |
| Mark D. Bloom (FL) | 61.20 | $785.00 | $48,042.00 |
| Elliot H. Scherker (FL) | 0.30 | $665.00 | $199.50 |
| Michael J. Maimone (DE) | 30.00 | $620.00 | $18,600.00 |
| Kelly A. Terribile (DE) | 9.20 | $580.00 | $5,336.00 |
| Carl A. Fornaris (FL) | 3.00 | $575.00 | $1,725.00 |

**Exhibit 1-B**

| | Hours | Rate | Fees |
|---|---|---|---|
| Scott M. Grossman (FL) | 3.80 | $550.00 | $2,090.00 |
| Scott M. Grossman (FL) | 63.70 | $525.00 | $33,442.50 |
| Elliot B. Kula (FL) | 39.80 | $495.00 | $19,701.00 |
| John R. Dodd (FL) | 39.50 | $400.00 | $15,800.00 |
| John R. Dodd (FL) | 41.00 | $365.00 | $14,965.00 |
| Gregory E. Stuhlman (DE) | 37.90 | $360.00 | $13,644.00 |
| Aaron P. Honaker (FL) | 134.90 | $325.00 | $43,842.50 |
| Brooke R. Hardy (GA) | 1.60 | $290.00 | $464.00 |
| Jesse Stellato (FL) | 114.00 | $240.00 | $27,360.00 |
| Elizabeth C. Thomas (DE) | 0.10 | $220.00 | $22.00 |
| Maribel R. Fontanez (FL) | 0.50 | $205.00 | $102.50 |
| Maribel R. Fontanez (FL) | 5.20 | $195.00 | $1,014.00 |
| **Totals for  Activity Code 117136.011000: FDIC Claims** | **598.30** | | **$256,745.00** |

**Activity Code 117136.011100: Claims**

| | Hours | Rate | Fees |
|---|---|---|---|
| Mark D. Bloom (FL) | 0.60 | $785.00 | $471.00 |
| Scott M. Grossman (FL) | 0.30 | $550.00 | $165.00 |
| Scott M. Grossman (FL) | 2.10 | $525.00 | $1,102.50 |
| John R. Dodd (FL) | 0.20 | $365.00 | $73.00 |
| Aaron P. Honaker (FL) | 29.70 | $325.00 | $9,652.50 |
| Jesse Stellato (FL) | 14.60 | $240.00 | $3,504.00 |
| Maribel R. Fontanez (FL) | 0.30 | $195.00 | $58.50 |
| **Totals for  Activity Code 117136.011100: Claims** | **47.80** | | **$15,026.50** |

**Activity Code 117136.011200: Meeting of Creditors**

| | Hours | Rate | Fees |
|---|---|---|---|
| Mark D. Bloom (FL) | 0.90 | $825.00 | $742.50 |
| Mark D. Bloom (FL) | 10.00 | $785.00 | $7,850.00 |
| Scott M. Grossman (FL) | 2.20 | $550.00 | $1,210.00 |
| Scott M. Grossman (FL) | 3.40 | $525.00 | $1,785.00 |
| Victoria A. Santini (FL) | 3.90 | $225.00 | $877.50 |
| **Totals for  Activity Code 117136.011200: Meeting of Creditors** | **20.40** | | **$12,465.00** |

**Activity Code 117136.011300: Case Administration**

| | Hours | Rate | Fees |
|---|---|---|---|
| Mark D. Bloom (FL) | 0.40 | $825.00 | $330.00 |
| Mark D. Bloom (FL) | 9.40 | $785.00 | $7,379.00 |
| Scott M. Grossman (FL) | 0.60 | $550.00 | $330.00 |
| Scott M. Grossman (FL) | 3.70 | $525.00 | $1,942.50 |
| Lorne S. Cantor (FL) | 1.30 | $475.00 | $617.50 |

Exhibit 1-B

|  | Hours | Rate | Fees |
|---|---|---|---|
| Edilsa Ruiz (FL) | 7.80 | $230.00 | $1,794.00 |
| Maribel R. Fontanez (FL) | 0.40 | $205.00 | $82.00 |
| Maribel R. Fontanez (FL) | 0.50 | $195.00 | $97.50 |
| **Totals for Activity Code 117136.0113300: Case Administration** | **24.10** | | **$12,572.50** |

**Activity Code 117136.011500: Asset Analysis**

|  | Hours | Rate | Fees |
|---|---|---|---|
| Mark D. Bloom (FL) | 0.60 | $785.00 | $471.00 |
| Scott M. Grossman (FL) | 1.00 | $525.00 | $525.00 |
| **Totals for Activity Code 117136.011500: Asset Analysis** | **1.60** | | **$996.00** |

**Activity Code 117136.011600: Litigation Matters**

|  | Hours | Rate | Fees |
|---|---|---|---|
| Scott M. Grossman (FL) | 0.20 | $550.00 | $110.00 |
| Scott M. Grossman (FL) | 0.50 | $525.00 | $262.50 |
| Aaron P. Honaker (FL) | 2.70 | $325.00 | $877.50 |
| Maribel R. Fontanez (FL) | 1.00 | $195.00 | $195.00 |
| **Totals for Activity Code 117136.011600: Litigation Matters** | **4.40** | | **$1,445.00** |

**Total All Activity Codes**

|  | Hours | Rate | Fees |
|---|---|---|---|
|  | **1,260.10** | | **$646,009.00** |

Exhibit 1-B

## Summary of Requested Reimbursement of Expenses
## for this Time Period Only

| Description | Quantity | Cost | Total |
|---|---|---|---|
| 1. **Filing Fees** | | | **$0.00** |
| 2. **Process Service Fees** | | | **$0.00** |
| 3. **Witness Fees** | | | **$0.00** |
| 4. **Court Reporter Fees and Transcripts** | | | **$53.40** |
| 5. **Lien and Title Searches** | | | **$0.00** |
| 6. Photocopies | | | **$2,750.63** |
| ( 1 ) In-house copies | 14,262 | $2,139.30 | |
| ( 2 ) Outside Copying | | $611.33 | |
| 7. Postage | | | **$712.04** |
| 8. **Overnight Delivery Charges** | | | **$70.69** |
| 9. **Outside Courier/Messenger Services** | | | **$101.00** |
| 10. **Long Distance Telephone Charges** | | | **$11.05** |
| 11. **Long Distance Fax Transmissions** | | | **$0.00** |
| 12. **Computerized Research** | | | **$6,300.89** |
| ( 2 ) Westlaw | | $6,120.57 | |
| ( 3 ) PACER | | $134.44 | |
| ( 4 ) LexisNexis | | $45.88 | |
| 13. **Out-of-Southern-District-of-Florida Travel** | | | **$1,177.46** |
| ( 1 ) Transportation | | $713.64 | |
| ( 2 ) Lodging | | $133.72 | |
| ( 3 ) Meals | | $330.10 | |
| ( 4 ) Parking | | $0.00 | |
| 14. **Other Permissible Expenses (must specify and justify)** | | | **$1,048.37** |
| ( 1 ) Meals | | $244.58 | |
| ( 2 ) Parking | | $15.00 | |
| ( 3 ) Conference Calls | | $338.60 | |
| ( 4 ) DTC Document Production Fee | | $0.00 | |
| ( 5 ) Binding | | $4.00 | |
| ( 6 ) Imaging | | $180.00 | |
| ( 7 ) Supplies | | $0.00 | |
| ( 8 ) Court Call | | $0.00 | |
| ( 9 ) PACER | | $23.19 | |
| (10) Color Copies | | $3.00 | |
| (11) Pxy Manual Orders | | $240.00 | |
| **Total Expenses Reimbursement Requested** | | | **$12,225.53** |

**Exhibit 2**