

**ORDERED in the Southern District of Florida on April 20, 2011.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BankUnited Financial Corporation, *et al.*,[1] | ) | Case No. 09-19940-LMI |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER GRANTING DEBTORS' APPLICATION TO EMPLOY AND
RETAIN STRUCTURED CAPITAL SOLUTIONS AS INVESTMENT ADVISOR**

On April 11, 2011, the Court conducted a hearing on the *Application to Employ and Retain Structured Capital Solutions as Investment Advisor* (DE #802) (the **"Application"**) filed by Debtors, BankUnited Financial Corporation, BankUnited Financial Services, Incorporated, and CRE America Corporation (collectively, the **"Debtors"**), seeking authority to employ and retain Structured Capital Solutions, LLC (**"SCS"**) as an investment advisor.

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is c/o Development Specialists, Inc., 200 South Biscayne Blvd., Suite 1818, Miami, FL 33131.

Upon consideration of the Application, the Agreement to Provide Transaction Services attached thereto as Exhibit A (the **"SCS Agreement"**), and the Declaration of Mark G. McTigue attached thereto as Exhibit B (the **"McTigue Declaration"**), the Court finds that SCS does not hold or represent any interest adverse to the Debtors or their estates; SCS has disclosed any connections with parties in interest in the case as required by Fed. R. Bankr. P. 2014; proper notice of the Application has been provided to all parties entitled to notice thereof; and the relief requested in the Application is in the best interest of the Debtors' estates, their creditors and other parties in interest.  It is therefore

**ORDERED:**

1. The Application is GRANTED.

2. The SCS Agreement is APPROVED.

3. Pursuant to 11 U.S.C. §§ 327(a) and 328(a), the Debtors are authorized to employ and retain SCS as investment advisor in accordance with the terms set forth in the Application.

4. In the event that SCS brings to the Debtors a potential counterparty (an **"SCS-Counter-Party"**) for an equity investment transaction to be consummated pursuant to a confirmed Chapter 11 plan (the **"Transaction"**), and the Debtors close such a Transaction with such SCS Counter-Party on or before December 31, 2011 (or such later date as extended by agreement of the Debtors, the Official Committee of Unsecured Creditors (the **"Committee"**) and the SCS Counter-Party), the Debtors are authorized to pay to SCS a fee equal to 15% of all amounts distributed to all holders of allowed pre-petition claims against BUFC (**"BUFC Creditors"**) in respect of securities issued to such BUFC Creditors (except to the extent such amounts would have been distributed to BUFC Creditors in a liquidation of BUFC) in any Transaction as and when amounts are distributed on any such securities.  Pursuant to 11 U.S.C.

§ 328(a), however, the Court may allow compensation different from the compensation provided for herein after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

5. In addition, and notwithstanding anything to the contrary set forth in the SCS Agreement, the Debtors are authorized to pay to SCS an advance payment of $5,000 per calendar quarter, for four calendar quarters through December 31, 2011, for reimbursement of documented reasonable out-of-pocket travel and hotel expenses incurred for travel from New York City in connection with the Transaction (the **"SCS Expenses"**). The first quarterly SCS Expense payment shall be made immediately upon entry of this Order. All subsequent payments are to be made on the first business day of each successive calendar quarter. At the end of each calendar quarter, SCS will present to the Debtors, the Committee, and the Office of the United States Trustee, an itemized report listing and describing its expenses for that quarter in reasonable detail. If the amount of actual expenses per calendar quarter is less than the $5,000 advance payment (the **"Expense Difference"**), the next quarterly $5,000 SCS Expense payment advanced by the Debtors will be reduced by the Expense Difference from the previous calendar quarter.

6. Nothing in this Order excuses any party from complying with federal securities laws.

7. This Order shall not be construed as court approval of any Transaction and is not a determination as to the confirmability of any plan of reorganization to be proposed in these cases, and all rights of creditors and parties in interest are reserved with respect to any such Transaction and plan.

# # #

Submitted by:

Scott M. Grossman, Esq.
Greenberg Traurig, P.A.
Counsel for the Debtors
401 East Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
Telephone:  (954) 765-0500
Facsimile:   (954) 765-1477
E-mail:  grossmansm@gtlaw.com

*(Attorney Grossman shall serve a conformed copy of this Order upon all interested parties and shall file a certificate of service.)*

*MIA 181,825,333v2*

3