# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA

www.flsb.uscourts.gov

Chapter 11

In re:

Case No. 09-19940-LMI

BANKUNITED FINANCIAL
CORPORATION, *et al.*,[1]

Debtors.                                    Jointly Administered

_____ /

### MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER (I) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE COMMITTEE'S FIRST AMENDED JOINT PLAN OF LIQUIDATION, (II) SCHEDULING A HEARING AND ESTABLISHING CERTAIN NOTICE  AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF THE COMMITTEE'S FIRST AMENDED JOINT PLAN OF LIQUIDATION; AND (III) GRANTING CERTAIN RELATED RELIEF

The Official Committee of Unsecured Creditors of the above-captioned Debtors (the

"Committee"), hereby moves this Court (the "Motion") pursuant to sections 105, 1125, 1126,

and 1128 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order

(a) establishing procedures for the solicitation and tabulation of votes to accept or reject the

Official Committee of Unsecured Creditors' First Amended Joint Plan of Liquidation Under

Chapter 11 of the Bankruptcy Code [ECF No. 827] (as may be amended or supplemented from

time to time, the "Amended Committee Plan");[2] including (i) fixing the Voting Record Date (as

---

[1]    The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): BankUnited Financial Corporation, a Florida corporation (7773); CRE America Corporation, a Florida corporation (0049); and BankUnited Financial Services, Incorporated, a Florida corporation (8335). The address of each of the Debtors is c/o Development Specialists, Inc., 200 S. Biscayne Blvd., Suite 1818, Miami, Florida 33131.

[2]    The Amended Committee Plan amends the Official Committee of Unsecured Creditors Joint Plan of Liquidation [ECF No. 811] (the "Original Committee Plan"), filed on April 11, 2011.

defined below) for the purpose of determining which holders of Claims[3] in the Voting Classes (as defined below) are entitled to vote to accept or reject the Amended Committee Plan and the amount of each voting holder's Claim against the Debtors for voting purposes, (ii) approving the form and procedures for distribution of the Solicitation Packages (as defined below), including the Disclosure Statement for the Official Committee of Unsecured Creditors' First Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code [ECF No. 829] (as may be amended or supplemented, the "Amended Committee Disclosure Statement"),[4] and (iii) approving the form of Ballots (as defined below) and establishing procedures for voting to accept or reject the Amended Committee Plan; (b) scheduling a hearing on confirmation of the Amended Committee Plan (the "Confirmation Hearing") and fixing the time and manner to object to confirmation of the Amended Committee Plan; and (c) granting such other and further relief as the Bankruptcy Court may deem just and proper.

## STATUS OF THE CASE

1.      On May 22, 2009 (the "Petition Date"), the Debtors filed voluntary petitions with the Bankruptcy Court under chapter 11 of the Bankruptcy Code.

2.      The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made.

3.      On May 29, 2009, the United States Trustee for the Southern District of Florida (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code [ECF No. 33].

---

[3]     All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Amended Committee Plan.

[4]     The Amended Committee Disclosure Statement amends the Disclosure Statement for the Official Committee of Unsecured Creditors' Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code [ECF No. 812] (the "Original Committee Disclosure Statement"), filed on April 11, 2011.

US2008 2416928.12

4.      On April 11, 2011, the Committee filed the Original Committee Plan and the Original Committee Disclosure Statement.

5.      On May 6, 2011, the Committee filed an Amended Committee Plan and Amended Committee Disclosure Statement.

6.      Also on May 6, 2011, consistent with the Order (I) Setting Hearing to Consider Approval of Amended Committee Disclosure Statement; (II) Setting Deadline For Filing Objections to Amended Committee Disclosure Statement; and (III) Directing Plan Proponent to Serve Notice [ECF No. 816] (the "Disclosure Statement Hearing Order"), the Committee served copies of the Amended Committee Plan, Amended Committee Disclosure Statement and the Disclosure Statement Hearing Order.  See Aff. of Service [ECF No. 833].

7.      The Bankruptcy Court has scheduled a hearing on the Amended Committee Disclosure Statement for June 6, 2011.

## JURISDICTION

8.      The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

9.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

10.      The statutory bases for the relief requested herein are sections 105(a), 502, 1123(a), 1124, 1125, 1126, and 1128 of the Bankruptcy Code, Rules 2002, 3003, 3016, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3017-1, 3018-1 and 3020-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules").

## BACKGROUND TO THE MOTION

11.      As set forth above, a hearing to consider the Amended Committee Disclosure Statement has been scheduled for June 6, 2011 and all objections thereto must be filed no later

than May 30, 2011.  Although the Committee filed a single joint plan of liquidation, the

Amended Committee Plan does not contemplate the substantive consolidation of the Debtors'

estates, and the treatment of claims (the "Claims") and interests (the "Interests") under the

Amended Committee Plan applies to each Debtor separately, as described in the Amended

Committee Plan.

12.     Under the Amended Committee Plan, holders of Claims and Interests entitled to

vote to accept or reject the Amended Committee Plan (collectively, the "Voting Classes") are

limited to:  (a) with respect to BUFC, Class 3 (FDIC Priority Claims), Class 4 (Senior Notes

Claims), Class 5 (BUFC General Unsecured Claims) and Class 6 (Subordinated Notes Claims);

(b) with respect to BUFS, Class 2 (BUFS General Unsecured Claims) and Class 3 (BUFS Stock

Interests); and (c) with respect to CRE, Class 1 (CRE General Unsecured Claims) and Class 2

(CRE Stock Interests).

13.     The Committee is not seeking votes from holders of Claims in certain classes

because such Claims are Unimpaired (collectively, the "Unimpaired Classes").  The Unimpaired

Classes are comprised of (a) with respect to BUFC, Class 1 (BUFC Secured Claims) and Class 2

(Non-FDIC Priority Claims); and (b) with respect to BUFS, Class 1 (BUFS Secured Claims).

The holders of such Claims are conclusively presumed to have accepted the Amended

Committee Plan pursuant to section 1126(f) of the Bankruptcy Code and thus are not entitled to

vote on the Amended Committee Plan.[5]

14.     The Committee is not seeking votes from holders of Interests of BUFC in Class 7

(BUFC Preferred Stock Interests) and Class 8 (BUFC Common Stock Interests) (the "Deemed

---

[5]     Consistent with section 1123(a)(1) of the Bankruptcy Code, the Amended Committee Plan also designates two
categories of Claims that are receiving distributions under the Plan but that are unclassified (the "Unclassified
Claims").  The Unclassified Claims include: (i) Administrative Claims, and (ii) Priority Tax Claims.   The
holders of Unclassified Claims shall be considered one of the Non-Voting Classes (as defined below).

Rejecting Classes," together with the Unclassified Claims, and Unimpaired Classes, the

"Non-Voting Classes") because those Interests are Impaired under the Amended Committee Plan

and the holders of such Interests shall neither receive nor retain any property under the Amended

Committee Plan on account of such Interests, and thus are deemed to have rejected the Amended

Committee Plan and are not entitled to vote to accept or reject the Amended Committee Plan.

## **RELIEF REQUESTED**

15.    By this Motion, the Committee respectfully requests entry of an order,

substantially in the form attached hereto as Exhibit A (the "Solicitation Procedures Order"):

(a) establishing the procedures for solicitation and tabulation of votes to accept or reject the

Amended Committee Plan, including (i) fixing the Voting Record Date for the purpose of

determining which holders of Claims and Interests in the Voting Classes are entitled to vote to

accept or reject the Amended Committee Plan and the amount of each voting holder's Claim or

Interest against the Debtors for voting purposes, (ii) approving the form and procedures for

distribution of the Solicitation Packages, including the Amended Committee Disclosure

Statement, and (iii) approving the form of Ballots and establishing procedures for voting to

accept or reject the Amended Committee Plan; (b) scheduling the Confirmation Hearing and

fixing the time and manner to object to confirmation of the Amended Committee Plan; and (c)

granting such other and further relief as the Bankruptcy Court may deem just and proper.

16.    Given the number of dates and events that are implicated by this Motion, the

Committee believes it is appropriate and helpful to provide the Bankruptcy Court and other

interested parties with an overview of the schedule it believes is necessary.  Set forth below is a

chart of the various dates and events that are relevant and necessary to the process of confirming

the Amended Committee Plan.  The Committee is aware that the dates set forth below are, in

some instances, set by the Local Rules and further established automatically by the Bankrutpcy

US2008 2416928.12

Court following approval of a disclosure statement through Local Form LF-32B, the Order (I) Approving Disclosure Statement; (II) Setting Hearing on Confirmation of Plan; (III) Setting Hearing on Fee Applications; (IV) Setting Various Deadlines; and (V) Describing Plan Proponent's Obligations (the "Form Local Order").

17.    In light of this local practice, while the Committee, pursuant to the Motion, requests a specific date for certain of the events that otherwise would be set forth the Form Local Order, the order attached hereto does not establish those dates but, rather, refers to the Form Local Order.  For example, while the Committee, pursuant to this Motion, seeks to establish a specific date for the Confirmation Hearing, the Solicitation Procedures Order attached hereto merely refers to the Form Local Order for the specific date of the Confirmation Hearing. Importantly, each date set forth below either:  (a) reflects the deadline explicitly established by the Disclosure Statement Hearing Order; or (b) meets or exceeds the amount of notice contemplated by applicable Local Rules, Bankruptcy Rules and the Form Local Order.

18.    The Committee has indicated the applicable rule(s) or order for a particular deadline in the column marked "Applicable Rule or Order" and also has explained how the proposed date is in compliance with such rule or order in the column marked "Date Calculation." The column marked "Anticipated Date" specifies the actual date proposed for a particular event. In the column marked "Implementation," the Committee has specified which order will implement the specific date for an event:  the Disclosure Statement Hearing Order, the Solicitation Procedures Order attached hereto or the Form Local Order.  To the extent the Bankruptcy Court determines that other dates are appropriate for any particular event, the Committee believes there is sufficient flexibility in the proposed process to extend (or if

US2008 2416928.12

necessary, reduce) the length of time for any particular event.  The requested time line is as follows:

| Event | Applicable Rule or Order | Date Calculation | Anticipated Date | Implementation |
|---|---|---|---|---|
| Disclosure Statement Objection Deadline | Disclosure Statement Hearing Order | Explicitly Provided. | May 30, 2011 | Disclosure Statement Hearing Order |
| Disclosure Statement Hearing | Disclosure Statement Hearing Order | Explicitly Provided. | June 6, 2011 | Disclosure Statement Hearing Order |
| Voting Record Date | Bankruptcy Rule 3017(d), 3018(a) (date of entry of order approving disclosure statement, absent cause shown) | Date of Disclosure Statement Hearing. | June 6, 2011 | Solicitation Procedures Order |
| Solicitation Commencement Date | Form Local Order (at least 40 days before confirmation hearing) | Five business days after entry of order approving Disclosure Statement and 59 days before Confirmation Hearing. | June 13, 2011 | Form Local Order |
| Claims Objection/Estimation Deadline[6] | Form Local Order (at least 40 days before confirmation hearing) | 40 days before Confirmation Hearing. | July 2, 2011 | Form Local Order |
| Deadline to File | N/A | 14 days before | July 14, 2011 | Solicitation |

---

[6]    The Committee requests that the Claims Objection/Estimation Deadline, as set forth in this Motion, and as derived from the Form Local Order, be limited solely to objections to claims for purposes of voting on the Amended Committee Plan.  Objections not related to voting on the Amended Committee Plan (i.e., substantive objections to the merits of a particular claim) are governed by the terms of the Amended Committee Plan, which provides that the bar date for objecting to Claims against the Debtors shall be six (6) months after the Effective Date of the Amended Committee Plan; provided, however, that the Plan Administrator (as defined in the Amended Committee Plan) may seek additional extensions of this date from the Bankruptcy Court for cause shown.

7

| 3018 Motions | | the Voting Deadline. | | Procedures Order |
| Plan Supplement Filing Deadline | N/A | Five business days before Plan Objection Deadline. | July 21, 2011 | Solicitation Procedures Order |
| Plan Objection Deadline | Form Local Order (14 days before confirmation hearing); Local Rule 3020-1(A) (same) | 45 days after Solicitation Commencement Date and 14 days before Confirmation Hearing. | July 28, 2011 | Form Local Order |
| Voting Deadline | Form Local Order (14 days before confirmation hearing); Local Rule 3018-1(B) (same) | 45 days from Solicitation Commencement Date and 14 days before Confirmation Hearing. | July 28, 2011 | Form Local Order |
| Hearing to consider all 3018 Motions | N/A | Seven days before the Confirmation Hearing. | August 4, 2011 | Solicitation Procedures Order |
| Deadline to File Confirmation Affidavit and Response to any Plan Objections | Form Local Order (three business days before confirmation hearing); Local Rule 3020-1(B) (same) | Three business days before Confirmation Hearing. | August 8, 2011 | Form Local Order |
| Deadline to File Voting Report | Form Local Order (three business days before confirmation hearing) | Three business days before Confirmation Hearing. | August 8, 2011 | Form Local Order |
| Confirmation Hearing | N/A | 14 days after Voting Deadline. | August 11, 2011 | Form Local Order |

US2008 2416928.12

19.    Also summarized below are the exhibits to the proposed Solicitation Procedures Order, of which the Committee seeks the Bankruptcy Court's approval and which are referenced throughout this Motion:

| Document | Exhibit Number |
|---|---|
| Voting Ballots | Exhibit A |
| Master Ballots | Exhibit B |
| Notice of Unimpaired Class Non-Voting Status | Exhibit C |
| Notice of Deemed Rejecting Class Non-Voting Status | Exhibit D |
| Publication Notice | Exhibit E |

## I.    ESTABLISHING SOLICITATION AND NOTICE PROCEDURES

### A.    Fixing a Voting Record Date

20.    Bankruptcy Rule 3017(d) provides that, for the purpose of soliciting votes in connection with the confirmation of a plan of reorganization, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered *or another date fixed by the court, for cause, after notice and a hearing*."  Fed. R. Bankr. P. 3017(d) (emphasis added). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

21.    Both Bankruptcy Rules contemplate that the record date will usually be the date on which the order approving the disclosure statement is entered, while recognizing that in some circumstances a different date will be appropriate. The Committee understand that the registrars of the Debtors' public securities, and the Voting Agent in these cases, need advance notice to enable those responsible for assembling ownership lists of the publicly-traded debt and equity securities and other claims to prepare such lists as of a date certain.  Accurate lists often cannot be prepared retroactively as to ownership on a prior date.

22.     Accordingly, the Committee proposes that the Bankruptcy Court exercise its authority under the Bankruptcy Rules to establish the scheduled date for the hearing on the Amended Committee Disclosure Statement, currently anticipated to be on or about June 6, 2011, as the voting record date (the "Voting Record Date") for purposes of determining the holders of Claims and Interests in the Voting Classes entitled to receive Solicitation Packages and thereby vote to accept or reject the Amended Committee Plan, and the holders of Claims and Interests in the Non-Voting Classes that shall receive either a Notice of Deemed Rejecting Class Non-Voting Status or Notice of Unimpaired Class Non-Voting Status (each as defined below), as applicable. Each holder of a Claim in a Voting Class shall only be entitled to vote to accept or reject the Amended Committee Plan in the Allowed amount of such Claim as of the Voting Record Date.

**B.      Approving Solicitation Packages and Non-Voting Notices and Procedures for Distribution Thereof to the Voting Classes and Non-Voting Classes**

**i.      Solicitation Packages and Non-Voting Packages**

23.     Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes and providing adequate notice of the hearing on the confirmation of a plan.  In particular, Bankruptcy Rule 3017(d) provides that:

> Upon approval of a disclosure statement, — except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders—the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (i) the plan or a court-approved summary of the plan;
>
> (ii) the disclosure statement approved by the court;
>
> (iii) notice of the time within which acceptances and rejections of the plan may be filed; and

US2008 2416928.12

(iv) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

24.     In accordance with the requirements of Bankruptcy Rule 3017(d), after the Bankruptcy Court has approved the Amended Committee Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, the Committee proposes to distribute or cause to be distributed to holders of Claims and Interests in the Voting Classes solicitation packages (the "Solicitation Packages") consisting of:

a.     a CD-ROM containing the Amended Committee Disclosure Statement, together with the Amended Committee Plan and other exhibits annexed thereto;[7]

b.     a copy of the Solicitation Procedures Order, as entered, excluding the Exhibits annexed thereto;

c.     a Ballot[8] (each as defined below) together with a pre-paid return envelope; and

---

[7]     The Disclosure Statement and Plan, including exhibits, are in excess of 150 pages.  Accordingly, to reduce administrative costs associated with printing and mailing such large documents, the Committee proposes to serve the Disclosure Statement and Plan (including exhibits) via CD-ROM.  This procedure has been approved in other chapter 11 cases.  See, e.g., In re Merisant Worldwide, Inc., Case No. 09-10059 (PJW) (Bankr. D. Del. Oct. 23, 2009), In re Buffets Holdings, Inc., Case No. 08-10141 (Bankr. D. Del. Dec. 16, 2008); In re The Bombay Co., Inc., Case No. 07-44084 (Bankr. N.D. Tex. July 3, 2008); In re Levitt and Sons, LLC, Case No. 07-19845 (Bankr. S.D. Fla. December 29, 2008); In re Calpine Corp., Case No. 05-60200 (Bankr. S.D.N.Y. September 26, 2007); In re Inland Fiber Group, LLC, Case No. 06-10884 (Bankr. D. Del. Sept. 26, 2006); In re Delta Air Lines, Inc., Case No. 05-17923 (Bankr. S.D.N.Y. February 7, 2007); In re Adelphia Commc'ns Corp., Case No. 02-41729 (Bankr. S.D.N.Y. October 17, 2006); In re Enron Corp., Case No. 01-16034 (Bankr. S.D.N.Y. January 9, 2004).  However, any party receiving the CD-ROM may also request, at the expense of the Debtors' estates, hard copies of the Disclosure Statement, together with the Plan and other exhibits annexed thereto, from the Voting Agent (as defined below).

[8]     Consistent with securities industry practices in bankruptcy solicitations, Master Ballots will be distributed to Voting Nominees (as defined below) in Class 4 (Senior Notes Claims) and Class 6 (Subordinated Notes Claims) of BUFC after the Solicitation Packages have been distributed to the Beneficial Owners (as defined below) in those Classes.

US2008 2416928.12

d.    such other materials as the Bankruptcy Court may direct or approve (including a copy of the Form Local Order), including supplemental solicitation materials the Committee may file with the Bankruptcy Court, which shall be provided in hard copy form.

25.    Further, the Committee proposes to distribute to each holder of Claims or Interests in the Non-Voting Classes a package (a "Non-Voting Package") consisting of:

a.    a copy of the appropriate form of Non-Voting Notices (as defined below); and

b.    a copy of the Form Local Order.

26.    The Committee expects that it will be able to commence distribution of the Solicitation Packages[9] and Non-Voting Packages, as appropriate, no later than the date that is five business days after the entry of the Solicitation Procedures Order (the "Solicitation Commencement Date") to all holders of Claims and Interests, including all holders of Unclassified Claims.  To avoid duplication and reduce expense, the Committee proposes that a creditor who has more than one Claim against one or more of the Debtors in one or more Voting Class should receive only one Solicitation Package and one Ballot in the aggregate amount of all of its Claims within each Class.

27.    With respect to any transferred Claim, the Committee proposes that the transferee will be entitled to receive a Solicitation Package and vote to accept or reject the Amended Committee Plan on account of the transferred Claim only if:  (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn

---

[9]    The record holders of BUFC's debt securities will be provided with ample copies of, and instructions to forward, the appropriate Solicitation Packages to the Beneficial Owners of such debt securities.  Upon written request, record holders will be reimbursed by BUFC's estate for reasonable, actual, and necessary expenses incurred in connection with such distribution.  The procedure proposed for distribution of the appropriate Solicitation Packages to the Beneficial Owner of BUFC's securities is described below.

statement of the transferor supporting the validity of the transfer.  In the event a Claim is transferred after the transferor has submitted a Ballot, the transferee of such Claim shall also be bound by any vote (and the consequences thereof) made on the Ballot by the holder as of the Voting Record Date of such transferred Claim.

28.     In addition, to the extent that the following parties have not otherwise been sent a Solicitation Package, as of the Solicitation Commencement Date, the Committee will commence distribution of the:  (a) Amended Committee Disclosure Statement, together with the Amended Committee Plan and other exhibits attached thereto; and (b) Solicitation Procedures Order, excluding exhibits attached thereto, to:  (i) the Debtors; (ii) counsel to the Debtors; (iii) the members of the Committee; (iv) the Office of the United States Trustee; (v) the indenture trustee for each series of senior and subordinated debt; (vi) the Securities Exchange Commission; (vii) the Internal Revenue Service; (viii) the Federal Deposit Insurance Corporation, in its capacity as receiver for BankUnited, FSB; and (ix) those parties requesting notice pursuant to Bankruptcy Rule 2002.

### ii.     Delivery of Ballots to Voting Classes

29.     As described above, as part of the Solicitation Packages, the Committee will deliver or cause to be delivered Ballots to all holders of Claims or Interests in the Voting Classes that are entitled to vote on the Amended Committee Plan.  Holders of Claims arising from the beneficial ownership of Senior Notes or Trust Preferred Subordinated Debentures will receive Ballots without the voting amount of their Claims pre-printed on their Ballots.  Holders of Claims or Interests not arising from the beneficial ownership of Senior Notes or Trust Preferred Subordinated Debentures, including Claims in (a) Class 3 and Class 5 of BUFC; (b) Class 2 and Class 3 of BUFS; and (c) Class 1 and Class 2 of CRE, will receive Ballots with the voting amount of their Claims preprinted on the Ballots based on the following:

a.   unless otherwise provided in these tabulation rules, a Claim or Interest will be deemed temporarily "Allowed" for voting purposes only in an amount equal to:  (i) if no Proof of Claim has been timely filed in respect of such claim, the liquidated, non-contingent, undisputed amount of such Claim as set forth in the Debtors' schedules of assets and liabilities or statements of financial affairs (as amended or modified, the "<u>Schedules</u>"); (ii) if a Proof of Claim has been timely filed in respect of such Claim, the amount for which the Proof of Claim has been filed with the Bankruptcy Court; or (iii) the number of BUFS Stock Interests or CRE Stock Interests held by a Holder;

b.   if a Claim is listed in the Schedules as contingent, unliquidated, disputed, or in the amount of $0.00, and a Proof of Claim for such Claim was not either (i) filed by the applicable bar date for the filing of Proofs of Claim established by the Bankruptcy Court, or (ii) deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline, such Claim is disallowed for voting purposes only;

c.   with regard to any Claim for which a Proof of Claim has been timely filed and has not been disallowed, unless identified by the Voting Agent as being filed for an amount that is wholly contingent, unliquidated, disputed, not specified or provided in a form other than U.S. Dollars, any such Claim that has been filed in the amount of $0.00 is disallowed for voting purposes only;

d.   with regard to any Claim for which a Proof of Claim has been timely filed and has not been disallowed, if the amount of such Claim is identified by the Voting Agent as being filed for an amount that is wholly contingent, unliquidated, disputed, not specified, or provided in a form other than U.S. Dollars, unless such Claim has otherwise been temporarily allowed for voting purposes by the Bankruptcy Court, such Claim is temporarily allowed for voting purposes only in the amount of $1.00;

e    if a Claim is deemed Allowed in accordance with the Amended Committee Plan, such Claim will be temporarily allowed for voting purposes in the deemed Allowed amount set forth in the Amended Committee Plan;

f.   if a Claim has been estimated or otherwise allowed for voting purposes by order of the Bankruptcy Court, such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Bankruptcy Court;

g.   notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims in a particular Voting Class (whether against the same or multiple Debtors), shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in Voting

US2008 2416928.12

Class, regardless of whether the Debtors, the Committee or any other party in interest has objected to such duplicate Claims; and

h.    if the Committee files an objection or requests an estimation (or if the Debtors file an objection or request an estimation) to a Claim, for purposes of voting on the Amended Committee Plan, by the day that is at least forty (40) days before the Confirmation Hearing, currently estimated to be on or before July 2, 2011, such Claim shall be temporarily disallowed for voting purposes only to the extent and in the manner as may be set forth in such objection or request.

30.    In addition, to ensure that solicitation materials are served in sufficient quantities and upon the appropriate parties with respect to the Senior Notes and the Trust Preferred Subordinated Debentures, the Committee proposes that the Bankruptcy Court instruct the Indenture Trustees  to provide the Voting Agent, no later than three (3) business days prior to the Solicitation Commencement Date, with the following information for each issuance for which it serves as indenture trustee: (1) the names, addresses, and holdings of all registered holders as of the Voting Record Date; and (2) a securities position report as of the Voting Record Date from The Depository Trust Company.

        **iii.**    **Delivery of Notice of Unimpaired Class Non-Voting Status to Holders of Unimpaired Claims and Unclassified Claims**

31.    As set forth above, certain classes of Claims are designated Unimpaired under the Amended Committee Plan and, therefore, are conclusively presumed to accept the Amended Committee Plan. See 11 U.S.C. § 1126(f).  These classes include Class 1 and Class 2 of BUFC and Class 1 of BUFS.  Because sending a Solicitation Package to such holders would represent an unnecessary cost to the Debtors' estates, the Committee proposes to mail, or cause to be mailed, by the Solicitation Commencement Date to each holder in the Unimpaired Classes at the appropriate address, as required by Bankruptcy Rule 2002(g), a Non-Voting Package consisting of:  (a) a copy of a notice of unimpaired class non-voting status, substantially in the form attached to the proposed Solicitation Procedures Order as Exhibit C (the "Notice of Unimpaired

<u>Class Non-Voting Status</u>"); and (b) a copy of the Form Local Order.  In addition, holders of Unclassified Claims will receive the same Non-Voting Package as holders of Claims and Interests in the Unimpaired Classes.

<strong>iv. Delivery of Notice of Deemed Rejecting Class Non-Voting Status</strong>

32. Pursuant to the terms of the Amended Committee Plan, the Deemed Rejecting Classes (a) shall neither receive nor retain any property on account of their Interests; (b) are Impaired under the Amended Committee Plan; and (c) are thus presumed to have rejected the Amended Committee Plan.  Because sending a Solicitation Package to such Interest holders is unnecessary and would represent an unnecessary cost to the Debtors' estates, the Committee proposes to mail, or cause to be mailed, by the Solicitation Commencement Date to each holder in the Deemed Rejecting Classes at the appropriate address, as required by Bankruptcy Rule 2002(g), a Non-Voting Package consisting of:  (a) a copy of a notice of deemed rejecting class non-voting status, substantially in the form attached to the proposed Solicitation Procedures Order as <u>Exhibit D</u> (the "<u>Notice of Deemed Rejecting Class Non-Voting Status</u>" and collectively with the Notice of Unimpaired Class Non-Voting Status, the "<u>Non-Voting Notices</u>"); and (b) a copy of the Form Local Order.

33. In addition, any party wishing to obtain a copy of either or both of the Amended Committee Disclosure Statement and Plan can do so by accessing the documents on the internet, free of charge, at <u>www.dm.epiq11.com/BankUnited</u> or by contacting Epiq Bankruptcy Solutions (the "<u>Voting Agent</u>") (a) by first class mail, personal delivery, or overnight courier, at BankUnited Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017 or (b) by telephoning the Voting Agent at (646) 282-2400, to obtain a copy of the documents at the expense of the Debtors' estates.

US2008 2416928.12

**v.**    **Undeliverable or Returned Solicitation Packages and Notices**

34.    The Committee has provided notice of the hearing to consider the Amended Committee Disclosure Statement to all creditors and potential creditors in these cases by sending them a copy of the Disclosure Statement Hearing Order.  Some of the Disclosure Statement Hearing Orders may be returned by the United States Postal Service as undeliverable.  The Committee believes that it would be costly and wasteful to distribute Solicitation Packages or Non-Voting Packages to the same addresses to which undeliverable Disclosure Statement Hearing Orders were distributed.  Therefore, the Committee seeks the Bankruptcy Court's approval for a departure from the strict notice rule, excusing the Committee from distributing Solicitation Packages or Non-Voting Packages to those entities listed at such addresses if the Committee is unable to obtain accurate addresses for such entities before the Solicitation Commencement Date but after having exercised good faith efforts to locate a more current address.  Further, if the Committee sends Solicitation Packages or Non-Voting Packages, which are deemed undeliverable, and, in good faith, cannot obtain more current addresses, the Committee seeks to be excused from attempting to re-deliver Solicitation Packages or Non-Voting Packages to such entities.  The Committee submits that good cause exists for implementing the aforementioned notice and service procedures.

35.    The Committee believes that the proposed solicitation procedures described herein comport with due process and the requirements of Bankruptcy Rule 3017, Local Rule 3017-1(B) and section 1125 of the Bankruptcy Code and should be approved.

US2008 2416928.12

C.    **Approving Forms of Ballots and Master Ballots and Establishing Procedures for Voting on the Amended Committee Plan**

i.    **Approving Forms of Ballots and Master Ballots and Distribution Thereof and Related Issues**

36.    Bankruptcy Rule 3017(d) requires the plan proponent to mail a form of ballot to "creditors and equity security holders entitled to vote on the plan." Similarly, Local Rule 3017-1(B)(2) requires that the plan proponent "serve a ballot in the form required by Local Rule 3018-1 on all creditors and equity security holders entitled to vote on the plan." The Committee proposes to distribute to certain creditors, as described below, one or more Ballots (and the instructions attached thereto) and/or Master Ballots (and the instructions attached thereto) substantially in the forms annexed to the Solicitation Procedures Order as Exhibits A and B, respectively. The forms for the Ballots are based upon Official Form No. 14, but have been modified (consistent with the requirements of Local Rule 3018-1) to address the particular aspects of these chapter 11 cases and to include certain additional information that the Committee believes is relevant and appropriate for each of the Voting Classes. The appropriate Ballots, along with return envelopes addressed to the Ballot Tabulation Center at BankUnited Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017, will be distributed to holders of Claims in the Voting Classes that are entitled to vote to accept or reject the Amended Committee Plan.[10] Holders in the Non-Voting Classes will not receive a Ballot.

37.    In addition, with respect to the Beneficial Owners (as defined below) in Class 4 (Senior Notes Claims) and Class 6 (Subordinated Notes Claims) of BUFC, the Committee proposes to deliver Solicitation Packages, including Ballots, to record holders of such Claims,

---

[10]    Return envelopes included in packages to Beneficial Owners of BUFC's securities may be addressed to the Voting Nominee.

including, without limitation, representatives such as brokers, banks, commercial banks, transfer agents, trust companies, dealers, or other agents or nominees (collectively, the "Voting Nominees").  Each Voting Nominee will receive a Master Ballot[11] and be entitled to receive reasonably sufficient numbers of Solicitation Packages, including sufficient Ballots, to distribute to the beneficial owners of the Claims represented by the Voting Nominee (collectively, the "Beneficial Owners").  Upon written request, BUFC's estate shall reimburse each Voting Nominee's reasonable and customary out-of-pocket expenses associated with the distribution of the Solicitation Packages to the Beneficial Owners of such Claims, the tabulation of the Ballots and completion of Master Ballots.

38.    The Committee proposes that the Voting Nominees be required to forward a Solicitation Package to each Beneficial Owner in Class 4 (Senior Notes Claims) and Class 6 (Subordinated Notes Claims) of BUFC entitled to vote on the Amended Committee Plan so that each Beneficial Owner may vote to accept or reject the Amended Committee Plan.  The Solicitation Packages sent by the Voting Nominees to the Beneficial Owners shall include a return envelope.  Beneficial Owners should return their completed Ballots to the Voting Nominee so that it is received, at the latest, five (5) business days prior to the Voting Deadline (as defined below), currently estimated to be on or about July 21, 2011, or such other deadline as may be established by the Voting Nominee, so that the Voting Nominee has enough time to process the Ballots and summarize the results on the Master Ballot and submit the Master Ballot to the Voting Agent so that it is actually received by the Voting Agent on or before the Voting Deadline.

---

[11]    In accordance with customary procedures, Master Ballots will be distributed to the appropriate Voting Nominees after the initial distribution of the Solicitation Packages.

39.     The Committee believes these solicitation procedures adequately recognize the complex structure of the securities industry; will enable the Committee to transmit voting materials to the holders in Class 4 (Senior Notes Claims) and Class 6 (Subordinated Notes Claims) in BUFC; and will afford the Beneficial Owners of these securities a fair and reasonable opportunity to vote.

### ii.     Establishing a Voting Deadline for the Receipt of Ballots

40.     Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which the holders of claims or interests may accept or reject a plan.  Moreover, the Local Rules and the Form Local Order require that ballots accepting or rejecting a chapter 11 plan shall be filed with the court at least fourteen (14) days before confirmation hearing.  See Local Rule 3018-1(B).  The Committee will use its reasonable efforts to commence solicitation no later than the Solicitation Commencement Date.

41.     Based on this schedule, the Committee respectfully requests that the Bankruptcy Court establish the date that is at least forty-five (45) days from the Solicitation Commencement Date and no less than fourteen (14) days before the Confirmation Hearing, currently estimated to be on or about July 28, 2011, as the deadline by which all Ballots and Master Ballots must be properly executed, completed, delivered to, and actually received by the Voting Agent (the "Voting Deadline").  Ballots and Master Ballots must be returned to the Voting Agent by first class mail, personal delivery, or overnight courier, at BankUnited Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017.  The proposed Voting Deadline is approximately fifty (50) days after the anticipated entry of the Solicitation Procedures Order approving the Amended Committee Disclosure Statement and approximately forty-five (45) days after the Solicitation Commencement Date (the "Solicitation Period").  The Committee submits that the Solicitation Period is a sufficient period within which

20

holders of Clams in Voting Classes that are entitled to vote can make an informed decision on

whether or not to accept or reject the Amended Committee Plan.

### iii.    **Approval of Procedures for Vote Tabulation**

### a.    **Continuation of Epiq Bankruptcy Solutions, LLC as Voting Agent and Subscription Agent**

42.    Pursuant to an order of the Bankruptcy Court, entered on October 2, 2009 [ECF

No. 283] (the "Epiq Retention Order"), the Debtors and the Committee jointly retained Epiq

Bankruptcy Solutions, LLC ("Epiq") to serve as, among other things, the noticing and balloting

agent on behalf of, and at the direction of, the Debtors and the Committee.  Pursuant to the terms

of the Epiq Retention Order, Epiq, or its agents (collectively, the "Voting Agent"), will perform,

on behalf of the Debtors and/or the Committee, all services relating to the solicitation of votes on

the Amended Committee Plan, including, without limitation:

> prepare and serve notices in these Chapter 11 cases, including, if required .
> . . [n]otices of any hearings on a disclosure statement and confirmation of a
> plan of reorganization; and . . . provide such other claims processing,
> noticing and related administrative services as may be requested from time
> to time by the Debtors or the Committee.

See Joint Motion to Authorize Employment and Retention of Epiq Bankruptcy Solutions, LLC as

Noticing, Balloting, and Committee Website Agent at 5 - 6 [ECF No. 265].

### b.    **Ballot Tabulation**

43.    The Committee proposes that each holder of a Claim or Interest within a Voting

Class be entitled to vote the amount of such Claim or Interest as is held as of the Voting Record

Date, subject to section I.B(ii) of this Motion.

44.    The Committee further proposes that if any party wishes to have its Claim

allowed for purposes of voting on the Amended Committee Plan in a manner that is inconsistent

with the Ballot it received or if any party that did not receive a Ballot wishes to have its Claim

temporarily allowed for voting purposes only, such party must serve on counsel to the Committee, counsel to the Debtors, and the U.S. Trustee and file with the Bankruptcy Court, on or before the date that is fourteen (14) days before the Voting Deadline, currently anticipated to be on or about July 14, 2011, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion").  A 3018 Motion must set forth with particularity the amount and classification of which such party believes its Claim should be allowed for voting purposes, and the evidence in support of its belief.  In respect of any timely filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline and unless the Committee and the party have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event a party did not receive a Ballot, such party shall not have a Ballot counted at all.  The Committee proposes that the Bankruptcy Court establish that date that is seven (7) days before the Confirmation Hearing, currently anticipated to be on or about August 4, 2011, as the date for a hearing to consider all 3018 Motions.

45.     Holders of Claims that do not receive pre-printed amounts on their Ballots do not need to file a 3018 Motion.

46.     The Committee also requests that the Bankruptcy Court determine that the following types of Ballots will not be counted by the Voting Agent in determining whether the Amended Committee Plan has been accepted or rejected:

   a.     any Ballot that is otherwise properly completed, executed and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Amended Committee Plan, or that indicates both an acceptance and rejection of the Amended Committee Plan;

   b.     any Ballot received after the Voting Deadline, in the Committee's sole discretion;

c.    any Ballot containing a vote that the Bankruptcy Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

d.    any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

e.    any Ballot cast by a person or entity that does not hold a Claim or Interest in a Voting Class;

f.    any unsigned or non-original Ballot; and

g.    any Ballot transmitted to the Voting Agent by facsimile or other electronic means, in the Committee's sole discretion.

47.    In addition, the Committee proposes that the Bankruptcy Court determine that the following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a.    the method of delivery of Ballots to be sent to the Voting Agent is at the election and risk of each creditor or shareholder, but such delivery will be deemed made only when the original, executed Ballot is <u>actually</u> <u>received</u> by the Voting Agent;

b.    if multiple Ballots are received from an individual creditor or shareholder with respect to the same Claims or Interests prior to the Voting Deadline, the last dated Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior received Ballot;

c.    the Committee, in its sole discretion, subject to contrary order of the Bankruptcy Court, may waive any defect in any Ballot at any time, including failure to timely submit such Ballot, either before or after the close of voting, and without notice.  Except as provided below, unless the Ballot being furnished is timely received by the Voting Agent on or prior to the Voting Deadline, the Committee may, in its sole discretion, reject such Ballot as invalid and, therefore, decline to utilize it in connection with confirmation of the Amended Committee Plan;

d.    after the Voting Deadline, no vote may be withdrawn without the prior consent of the Committee;

e.    subject to any contrary order of the Bankruptcy Court, the Committee reserves the absolute right to reject any and all Ballots not proper in form;

f.    unless waived or as ordered by the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Committee (or the Bankruptcy Court) determines, and unless otherwise ordered by the Bankruptcy Court, delivery of such Ballots

will not be deemed to have been made until such irregularities have been cured or waived; and

g. neither the Committee, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any of them incur any liability for failure to provide such notification. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted.

**c.  Master Ballot Tabulation**

48.    With respect to the tabulation of Master Ballots cast by Voting Nominees, the Committee proposes that the Bankruptcy Court determine that the amount that will be used to tabulate acceptance or rejection of the Amended Committee Plan will be the principal amount held by the Beneficial Owners of the Senior Notes Claims or the Subordinated Notes Claims as of the Voting Record Date (the "Voting Record Amount"); provided, however, that the Voting Agent may adjust the principal amount voted to reflect the applicable Claim amount as of the Voting Record Date.  The Committee proposes that the following additional rules apply to the tabulation of Master Ballots cast by Voting Nominees:

a. votes cast on behalf of a Beneficial Owner by a Voting Nominee will be applied against the positions held by such Beneficial Owner in the applicable Senior Notes Claim or Subordinated Notes Claim as of the Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Voting Record Amount of such securities held by such Voting Nominee;

b. to the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees;

c. to the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Amended Committee Plan in the same proportion as the votes to accept and reject the Amended Committee Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security;

24

    d.    where a Beneficial Owner holds its Senior Notes or Trust Preferred Subordinated Debentures through more than one Voting Nominee, it must execute a separate Class 4 (Senior Notes Claim) or Class 6 (Subordinated Notes Claim) Ballot for each block of securities. However, such holder must vote all of its Claims in each Class in the same manner, to either accept or reject the Amended Committee Plan.  Accordingly, if such holder returns more than one Ballot to more than one Voting Nominee voting different Claims within each Class under the Amended Committee Plan and the Ballots are not voted in the same manner, as reflected on such separate Master Ballots, such votes will not be counted;

    e.    Multiple Master Ballots may be completed by a single Voting Nominee and delivered to the Voting Agent, and such votes will be counted, except to the extent that such votes are inconsistent with or duplicative of other Master Ballots. In such case, the last Master Ballot received by the Voting Agent before the Voting Deadline will supersede and revoke and previously received Master Ballot; and

    f.    Each Beneficial Owner will be deemed to have voted the full amount of its Claim.

49.    Similar procedures have been approved in other chapter 11 cases. See, e.g., In re Merisant Worldwide, Inc., Case No. 09-10059 (PJW) (Bankr. D. Del. Oct. 23, 2009); In re Linens Holding Co., Case No. 08-10832 (CSS) (Bankr. D. Del. Jan. 26, 2009); In re Buffets Holdings, Inc., Case No. 08-10141 (MFW) (Bankr. D. Del. Dec. 16, 2008).  The Committee submits that such procedures provide for a fair and equitable voting process.

## II.    SETTING THE CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF THE AMENDED COMMITTEE PLAN

### A.    Setting the Confirmation Hearing

50.    Bankruptcy Rule 3017(c) provides:

On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

51.    In accordance with Bankruptcy Rule 3017(c) and in view of the Committee's proposed solicitation schedule outlined herein, the Committee requests that, subject to the

Bankruptcy Court's calendar, the date that is fourteen (14) days from the proposed Voting

Deadline, currently anticipated to be on or about August 11, 2011, be set as the date for the

Confirmation Hearing.  Such date will give the Committee sufficient time to solicit votes to

accept or reject the Amended Committee Plan and to notify the required parties of the

Confirmation Hearing Date.[12]  The Committee also requests that the Bankruptcy Court order that

the Confirmation Hearing may be continued from time to time without further notice to creditors

or other parties in interest.

### B.    Publication Notice of the Confirmation Hearing

52.    Local Rule 3017-1(B) requires that the Form Local Order (providing, among

other things, notice of the date of the Confirmation Hearing and the deadline to object thereto) be

served on parties in interest no later than forty (40) days before the date set for the Confirmation

Hearing.  In accordance with the Local Rules, the Committee intends to provide all known

creditors, parties filing a notice of appearance in these cases, governmental units having an

interest in these cases, indenture trustees and equity interest holders, each as of the Voting

Record Date, with a copy of the Form Local Order as soon as practicable after it is made

available by the Bankruptcy Court.  The Committee intends to send the Form Local Order

contemporaneously with the Solicitation Packages, and will thus provide more than forty (40)

days notice of the time fixed for filing objections to the Amended Committee Plan and the

Confirmation Hearing.

53.    Because the above-described procedure already is established by Local Rule, no

additional relief is necessary with respect to providing notice by mail to known parties.

However, in light of the size of these chapter 11 cases, the Committee believes that additional

---

[12]    All responses to objections to the Plan and the Confirmation Affidavit shall be due on the date that is three
business days before the Confirmation Hearing, currently anticipated to be on or about August 8, 2011.

26

relief is necessary to allow the Committee to provide publication notice of the Objection

Deadline and the Confirmation Hearing to persons who will not otherwise receive the Form

Local Order.  In particular, the Committee seeks permission, pursuant to Bankruptcy

Rule 2002(1), which permits the Bankruptcy Court to "order notice by publication if it finds that

notice by mail is impracticable or that it is desirable to supplement notice," to supplement the

foregoing notice procedures by publishing the Publication Notice of the Committee's

Confirmation Hearing, substantially in the form annexed to the proposed Solicitation Procedures

Order as Exhibit E, in the national editions of The Wall Street Journal and USA Today and the

local edition of the Miami Herald, not less than twenty (20) days before the Objection Deadline

(as defined below).  The Committee submits that the foregoing procedures will provide adequate

notice of the Confirmation Hearing and, accordingly, requests that the Bankruptcy Court approve

such notice as adequate.

### C.   Establishing Procedures for the Filing of Objections to Confirmation of the Amended Committee Plan

54.     Local Rule 3020-1(A) requires that objections to confirmation of a plan (the "Plan

Objection Deadline") must be filed at least fourteen (14) days before any confirmation hearing.

Based upon the schedule the Committee has proposed, the Committee anticipates that fourteen

(14) days before the Confirmation Hearing will fall on or about July 28, 2011.  While the

Committee does not seek any alteration to the Plan Objection Deadline, as established by Local

rule 3020-1(A), the Committee believes that certain procedures will be useful in connection with

any objections to confirmation of the Amended Committee Plan.

55.     In particular, the Committee requests that the Bankruptcy Court direct that any

objection to the confirmation of the Amended Committee Plan (a) be made in writing; (b) state

the name and address of the objecting party and the nature of the Claim or Interest of such party;

(c) state with particularity the legal and factual basis and nature of any objection to the Amended

Committee Plan; and (d) be filed with the Bankruptcy Court, together with proof of service, and

served so that they are received on or before the Objection Deadline by the following parties:

Counsel to the Official Committee of Unsecured Creditors

Todd C. Meyers, Esq.
Robbin S. Rahman, Esq.
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4530
Telephone:  (404) 815-6500
Fax:  (404) 815-6555

-and-

Corali Lopez-Castro, Esq.
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce De Leon, 9th Floor
Miami, Florida  33134
Telephone:  (305) 372-1800
Fax:  (305) 372-3508

Counsel for the Debtors and Debtors in Possession

Mark D. Bloom, Esq.
GREENBERG TRAURIG, P.A.
333 Avenue of the Americas (333 S.E. 2nd Avenue)
Miami, Florida  33131
Telephone: (305) 579-0500
Fax: (305) 579-0717

- and –

Scott M. Grossman, Esq.
GREENBERG TRAURIG, P.A.
401 East Las Olas Blvd., Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 765-0500
Fax:  (954) 765-1477

The United States Trustee

Johanna P. Armengol, Esq.

US2008 2416928.12

Trial Attorney
Office of the U.S. Trustee
51 SW First Avenue
Room 1204
Miami, FL 33130

56.     The Committee further proposes that it, or any party supporting the Amended

Committee Plan, be afforded an opportunity to file a response to any objection to confirmation of

the Amended Committee Plan by no later than the day that is three (3) business days before the

Confirmation Hearing, currently anticipated to be on or about August 8, 2011, at 4:00 p.m.

(prevailing Eastern Time) (the "Objection Response Date").  The Committee will also file its

Confirmation Affidavit, as defined in the Form Local Order, and including any motions,

memorandums of law or other related pleadings, on or before the Objection Response Date.

## NO PRIOR REQUEST

57.     The Committee has not previously sought the relief requested herein from this or

any other Court.

## NOTICE

58.     Notice of this Motion has been provided to:  (a) the Debtors; (b) counsel to the

Debtors; (c) the members of the Committee; (d) the Office of the United States Trustee; (e) the

indenture trustee for each series of senior and subordinated debt; (f) the Federal Deposit

Insurance Corporation, in its capacity as receiver for BankUnited, FSB; (g) the Securities

Exchange Commission; (h) the Internal Revenue Service; and (i) those parties requesting notice

pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the

Committee submits that no other or further notice is necessary.

US2008 2416928.12

WHEREFORE, the Committee respectfully requests that this Court enter an order

granting (a) the relief requested herein, and (b) such other and further relief as is just and proper.

Dated:  May 20, 2011                Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


/s/ Todd C. Meyers
Todd C. Meyers
(Admitted *Pro Hac Vice)*
Robbin S. Rahman
(Ga. No. 592151)
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
(404) 815-6500 (Telephone)
(404) 815-6555 (Facsimile)

-and-

KOZYAK TROPIN & THROCKMORTON, P.A.


/s/ Corali Lopez-Castro
Corali Lopez-Castro, Esq.
Florida Bar No. 863830
2525 Ponce De Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800 (Telephone)
(305) 372-3508 (Facsimile)